1  GARY G. KREEP (CA Bar No. 066482)
   NATHANIEL J. OLESON (CA Bar No. 276695)
2  UNITED STATES JUSTICE FOUNDATION
   932 "D" Street, Suite 3
3  Ramona, California 92065
   Tel: (760) 788-6624
4  Fax: (760) 788-6414
   usjf@usjf.net
5  njoleson@gmail.com

6  Attorneys for Plaintiff,
   Gary A. Stein

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  SERGEANT GARY A. STEIN, United States    )   Case No.: **'12 CV 0816 H    BGS**
                                             )
11  Marine Corps, Camp Pendleton, California 92055; )   **COMPLAINT FOR DECLARATORY AND**
                                             )   **INJUNCTIVE RELIEF**
12                              Plaintiff,)
                                             )
13                      v.                    )
                                             )
14  COLONEL C.S. DOWLING, Commander,          )
                                             )
15  Weapons and Field Training Battalion, Camp )
                                             )
16  Pendleton, California 92055; RAY MABUS,   )
                                             )
17  SECRETARY OF THE UNITED STATES            )
                                             )
18  NAVY, The Pentagon, Washington, D.C.;     )
                                             )
19  UNITED STATES DEPARTMENT OF               )
                                             )
20  DEFENSE, The Pentagon, Washington, D.C.;  )
                                             )
21  UNITED STATES OF AMERICA; and             )
                                             )
22  BRIGADIER GENERAL DANIEL YOO.             )
                                             )
23                          Defendants.)
                                             )
24  _____

25

                                1

          COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Gary A. Stein ("STEIN"), through his undersigned counsel, brings this action against the above named defendants, in their official capacities, for declaratory and injunctive relief, alleging as follows:

**NATURE OF THIS ACTION**

1. This is an action for declaratory and injunctive relief to enjoin an imminent attempt to discharge a good Marine in retaliation for the proper exercise of his First Amendment rights. Though the First Amendment may operate differently in the military and civilian contexts, the military must still respect a service member's freedom of speech. Sergeant Gary Stein has served with honor in the Marine Corps, and he has spoken on matters of public concern in his capacity as a private citizen. Taken in their full context, his statements are protected by the First Amendment to the United States Constitution, as interpreted and applied by both civilian and military courts. Nonetheless, Defendants are attempting to railroad him out of the Marine Corps, with an Other Than Honorable discharge, on extremely short notice, depriving Plaintiff of (a) his liberty without due process of law; (b) his right that Defendants comply with their own rules, regulations, and procedures; and (c) his rights of full American citizenship as promised by Department of Defense Directive 1344.10 ("DOD Directive 1344.10"). Defendants have left Plaintiff with no choice but to seek this Court's intervention to prevent a grave injustice.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action under 28 U.S.C. Section 1331.

3. The Court has power to grant declaratory and injunctive relief pursuant to 5 U.S.C. § 702, Federal Rule of Civil Procedure 65, and 28 U.S.C. § 2201.

4. The Court has personal jurisdiction over Defendants.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(e), because events giving rise to this action occurred within this district.

**PARTIES**

6. STEIN is a member of the Armed Forces of the United States, being an enlisted Marine

2
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   in good standing with the United States Marine Corps, having served for almost nine years in the Marine

2   Corps, since July 15, 2003, and having attained the rank of Sergeant on May 1, 2008. STEIN wishes, and

3   intends, to reenlist in the Marine Corps, when his current term of service expires, on July 28, 2012, and he

4   had previously requested an extension of his current term until June 28, 2013, which is currently pending.

5         7.     Defendant C.S. Dowling ("DOWLING") is a colonel in the United States Marine Corps,

6   and serves as the Commanding Officer of the Weapons and Field Training Battalion, Marine Corps

7   Recruit Depot, San Diego, California. DOWLING is STEIN's commanding officer and the Convening

8   Authority with respect to STEIN and the Administrative Separation Board.

9         8.     Defendant Ray Mabus ("MABUS") is the Secretary of the United States Navy, one of the

10   military branches within the Defense Department in the United States Government, whose office is

11   charged by DOD Directive 1344.10, with the legally enforceable duty to "issue appropriate implementing

12   documents" for the purpose of enforcing DOD Directive 1344.10, with respect to service members of the

13   United States Marine Corps, and whose office has immediate supervision over DOWLING in ensuring

14   compliance with DOD Directive 1344.10..

15         9. Defendant, the United States Department of Defense ("DOD"), is a department of the

16   Executive Branch of the United States Government, which adopted, and is in charge of enforcing, the

17   UCMJ, and DOD Directive 1344.10.

18         10.     Defendant United States of America ("US") is a government entity supervising the

19   Armed Forces of the United States of America, and is the entity empowered to enforce sanctions for

20   knowing and willful violations of the law, and whose agents are responsible for regulating and enforcing

21   the UCMJ and DOD Directive 1344.10, including their enforcement as challenged herein by STEIN.

22         11.     Defendant Brigadier General Daniel Yoo ("YOO") is the Commanding General of U. S.

23   Marine Corps Depot, San Diego, and he exercises authority, as a result of that position, over the

24   separation of STEIN from service with the Marine Corps.

25         12.     All defendants are sued in their official capacity for declaratory and injunctive relief

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    pursuant to 5 U.S.C. § 702.

2                                **RELEVANT FACTS**

3         13.    During the period of 2010-2012, STEIN— through activities unconnected with his duties

4    as a U. S. Marine, and on his own personal time — and three other individuals, spoke, wrote, and

5    otherwise communicated with other private citizens in connection with a variety of matters of public

6    concern, including public policy issues. In so doing, STEIN expressed personal opinions on political

7    candidates and issues, but not as a representative of the Armed Forces of the United States. STEIN, and

8    the three other individuals, maintained an account on the computer social networking site known as

9    "Facebook" (hereinafter "Facebook page").

10        14.    In April, 2010, STEIN was approached by a representative of Chris Matthews, host of the

11   HARDBALL television program, about appearing on that show. He obtained permission from his

12   immediate superior, his Gunnery Sergeant, and made travel plans to so appear. On his way to appear on

13   the television program, he received a telephone call from Headquarters, Marine Corps, in Quantico,

14   Virginia, and he was ordered to return to his base. Subsequently, he was approached by his Chief Warrant

15   Officer concerning his Facebook page, because of the possibility that it could be construed as emanating

16   from military sources, rather than from private sources. STEIN took down his Facebook page while he

17   reviewed the matter. STEIN was urged by a Judge Advocate of the First Marine Expeditionary Force to

18   add a disclaimer to his Facebook page that all statements therein are personal views, not made in an

19   official capacity, and not representing the views of the U. S. Marine Corps, if he was going to leave the

20   page up. STEIN thereafter put the Facebook page that he hosted with three other individuals back up on

21   the Internet, adding thereon an appropriate disclaimer consistent with what he had been advised

22   concerning the permissible maintenance of a Facebook page. STEIN was not advised, at that time, nor at

23   any subsequent time, to take down the Facebook page, to remove it from the Internet, or to make any

24   further modifications thereto.

25        15.    From November, 2010, thru March 1, 2012, STEIN is alleged to have posted on his

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Facebook page various criticisms of Barack Obama, questions concerning the Obama Administration's policies, and critiques of John McCain, Ron Paul, Newt Gingrich, Rick Santorum, Mitt Romney, and others. However, STEIN did not disobey or advocate disobeying any particular order actually issued by any superior officer. Though some of the language he used in discussing certain hypothetical unlawful orders might have been viewed as intemperate, he subsequently clarified, repeatedly, and publicly, that he was only discussing the settled principle of military law that service members should not follow unlawful orders.

16.     During the 17-month period, from November, 2010, through March 1, 2012, no attempt was made by any of STEIN's commanding officers, or any other Marine Corps officer, to restrict or correct STEIN's, and his friends', face book activities, including  comments about Barack Obama, and others, as candidates in the 2012 Presidential election, nor was there any effort by any defendant, or any person serving under any defendant, to modify or change the Facebook content, or to counsel or discuss said content in relation to STEIN's duties as a member of the Marine Corps, or otherwise to advise STEIN that his Facebook activities in any way prejudiced the good order and discipline of the Marine Corps.

17.     Instead, on March 21, 2012, STEIN was notified by his Commanding Officer, DOWLING, of the institution of Administrative Separation Proceedings, whereby DOWLING was recommending STEIN's discharge from the U.S. Marine Corps, because of alleged misconduct, as set forth in a Notification of Administrative Separation Proceedings dated 21 March 2012 [hereinafter "Notification"]. Attachment "A". As grounds for discharge, the Notification alleged only:

The bases for this recommendation are as follows: (1) that on or about 1 March 2012, you allegedly made statements regarding the President of the United States that are prejudicial to good order and discipline, as well as service discrediting in violation of Article 134, UCMJ; (2) from on or about November 2010 to the present you allegedly created, administered, and provided content to a Facebook page, as well as other online media sources, in violation of DOD Directive

1344.10. [*Id.*, p.1.]

18.     According to the Notification, DOWLING intended to recommend that STEIN receive a separation from service characterization of "Other Than Honorable Conditions" ("OTH"). An OTH characterization is the worst possible mark on a service member's record that can be imposed without the convening of a Court Martial Board. Moreover, it is the legal equivalent to the ineradicable stigma of a Bad Conduct Discharge, imposed in a sentence of a Court Martial, and divests the separated service member of substantially all veterans' benefits for his, or her, lifetime. Further, such a characterization could follow STEIN for the rest of his life, and impact his future ability to earn a livelihood.

19.     The Notification required STEIN to respond — in default of which his rights would be "waived" — within two working days, the absolute minimum time required by Section 6304.4 of the Marine Corps Separation and Retirement Manual ("MARCORSEPMAN"). Attachment "H." The Notification was served on STEIN during a period that the defendants knew that all Judge Advocates serving as defense counsel at STEIN's base were involved in annual legal training, and, thus, were unavailable to consult with him before his response was required to be filed.

20.     STEIN responded timely to the Notification, and defendants immediately scheduled a hearing for March 30, 2012 — just nine days after the Notification. Attachment "B." Defendants were aware that any members of the Judge Advocate able to serve as defense counsel were at a conference and could not begin work on STEIN's case until March 23, 2012, at the earliest.

21.     On March 23, 2012, STEIN's military attorney notified the hearing officer that he had a scheduling conflict on Friday, March 30, 2012. In response, by letter dated March 26, 2012, the hearing was delayed one day, until Saturday, March 31, 2012. On March 25, 2012, Plaintiff requested an additional one week in order to allow more adequate preparation for the hearing, but that request was summarily denied on March 26, 2012. Attachment "C."

22.     On March 26, 2012, STEIN retained, as civilian counsel, J. Mark Brewer, one of plaintiff's undersigned counsel, pursuant to MARCORSEPMAN, Section 6304.3(c). Attachment "H." On

6

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

March 27, 2012, STEIN's civilian counsel again requested an extension of the hearing date for 10 days. Attachment "I." On March 28, 2012, that request was denied, but the hearing date was adjourned to April 5, 2012, which is Maundy Thursday. Attachment "D."

23.     On March 30, 2012, STEIN's military attorney submitted to defendants a Request for Legal Ethics Opinion, which would respond to three questions relevant and necessary to the conduct and outcome of the Notification hearing:

"1. Has the Defense Department's Directive Number 1344.10 and other interpretative documents been modified to fully comply with the Order ... in *Rigdon v. Perry*, 963 F. Supp. 150, 164 (D.D.C. 1997)....

"2. May an active duty, non-commissioned, U.S. Marine maintaining a Facebook web page bearing a clear disclaimer that all statements are personal views, not made in an official capacity and not representing the views of the Marine Corps, make statements thereon supporting or opposing either (i) a political party or (ii) a candidate for federal, state or local office or (iii) both?

"3. May such a Marine make statements critical of a candidate for political office when that candidate is also currently serving in office? Does a separate rule apply to criticisms of a candidate for political office serving as President of the United States?" [Attachment "E."]

24.     To date, there has been no response to the Request for a Legal Ethics Opinion.

25.     On March 30, 2012, STEIN, through counsel, reiterated his request to extend the hearing date until at least a date following a substantive response to the Request for a Legal Ethics Opinion. Attachment "F." STEIN's counsel was informed orally on that same day that the request was denied, and that the hearing on the Administrative Separation Proceedings would commence at 8 a.m., on Maundy Thursday, April 5, 2012.

26.      STEIN and newly-retained civilian co-counsel have had insufficient time to prepare for the hearing on the Notification, the results of which may severely prejudice STEIN with respect to his continued military career, future employment, and other important aspects of his life.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

27.     STEIN's repeated request for a 10-day extension of the date for a hearing on the Notification was and is reasonable and necessary, such an extension constituting the minimum amount of time necessary for his legal counsel to consult with STEIN, interview witnesses, review documents and Internet pages, gather and prepare hearing exhibits, and assist in STEIN's preparation to testify and present an adequate defense at the administrative separation hearing, which raises significant Constitutional issues far more complex than normally presented at a typical discharge hearing.

28.     The hearing scheduled for April 5, 2012, is premature, and should await a substantive response to STEIN's Request for Legal Ethics Opinion, which poses the very legal questions on which defendants have never provided clear written guidance to enlisted members of the Marine Corps, and yet must be resolved, expressly or implicitly, by the Administrative Separation Board, a Board being entirely comprised of non-lawyers, in ruling on the discharge of STEIN.

29.     Although DOD Directive 1344.10 paragraph 5.2 requires MABUS to issue implementing instructions, to determine the manner in which the DOD Directive will be applied to the Navy and Marine Corps, no such implementing instructions have been issued. ATTACHMENT "G."

30.     Although MARCORSEPMAN requires counseling of a Marine by defendants prior to proceeding to an Administrative Separation Board, no such counseling has occurred. ATTACHMENT "H."

31.     Plaintiff need not exhaust administrative remedies before pursuing this action because (a) those remedies do not provide an opportunity for adequate relief to prevent his imminent discharge; (b) he will suffer irreparable harm if compelled to pursue administrative relief; (c) administrative appeal would be futile; and/or (d) this action presents substantial constitutional questions.

## CLAIMS FOR RELIEF

## COUNT I

### (Failure Of Defendant Secretary Of Navy To Issue Required Implementing Instructions)

32.     Plaintiff hereby re-alleges and incorporates by reference each of the foregoing allegations

in paragraphs 1-31, as if set forth fully herein.

33.     DOD Directive 1344.5.2 requires that "the Secretaries of the military departments shall issue appropriate implementing documents for their respective departments." Such implementing documents are issued as Secretary of the Navy Instructions ("SecNavInstruct) or Operation Navy Instructions ("OpNavInstruct"), but a diligent search has failed to reveal any such instructions. These instructions are required so that each different military department tailors the application of the DOD Directive to that specific military department. MABUS having failed to carry out his duty to apply this DOD Directive to the particular needs of the Navy and the Marine Corps, means that this regulation may not be used as the basis for discipline against enlisted members of the U.S. Marine Corps.

### COUNT II

### (Violation Of MARCORSEPMAN Requirement To Counsel Plaintiff)

34. Plaintiff hereby re-alleges and incorporates by reference each of the foregoing allegations in paragraphs 1-33, as if set forth fully herein.

35.     MARCORSEPMAN states "When a Marine's performance or conduct falls within any of the reasons within section 2 [which includes the charge of misconduct brought against Plaintiff] and all required command attempts at leadership and rehabilitation of the Marine have been unsuccessful, the commanding officer should initiate separation processing, subject to the specific requirements found in this chapter." MARCORSEPMAN, Section 6302.

36.     MARCORSEPMAN Section 6105.1 states "that reasonable efforts at rehabilitation should be made before initiation of separation proceedings." No such reasonable efforts having been made, it is a violation of MARCORSEPMAN, and its policy and procedures, to have proceeded directly to involuntary separation procedures against STEIN. Such violation of Marine Corps policy and procedures violates Plaintiff's Constitutional right to due process under the Fifth Amendment to the United States Constitution.

//

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**COUNT III**

**(Violation of MARCORSEPMAN Requirement To Specify Basis For Proposed Separation, Violation of MARCORSEPMAN Right to Effective Assistance Of Civilian Counsel, Denial of Due Process And Right To Effective Assistance Of Counsel Under the Fifth Amendment To The U. S. Constitution)**

37.     Plaintiff hereby re-alleges and incorporates by reference each of the foregoing allegations in paragraphs 1-36, as if set forth fully herein.

38.     Defendants have failed to provide STEIN with a statement of the basis for separation as required by MARCORSEPMAN, Section 6304, and have refused to postpone the Notification hearing date to afford STEIN a reasonable period of time to consult with his military and newly-engaged civilian legal co-counsel, in accordance with MARCORSEPMAN Section 6303, to prepare an adequate case and defense in response to the charges set forth in the Notification, such failure and refusal constituting an unreasonable and unconstitutional deprivation of STEIN's right to due process under the Fifth Amendment to the U.S. Constitution, causing irreparable harm and injury to him.

**COUNT IV**

**(Denial Of First Amendment Rights)**

39.     Plaintiff hereby re-alleges and incorporates each of the foregoing allegations in paragraphs 1-38, above as if set forth fully herein.

40.      STEIN's activities, complained of in the Notification, did not violate Article 134, UCMJ, as construed by civilian and military courts in light of the First Amendment.

41.      STEIN's activities, complained of in the Notification, did not violate DOD Directive 1344.10. Even if they did, DOD Directive 1344.10 violates the First Amendment as applied to Plaintiff, because it is vague and/or overbroad, unconstitutionally restricts core political speech, and/or unlawfully discriminates, based on content or viewpoint of speech

42.     The statements made, and the activities conducted, by STEIN, which defendants contend

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

violate Article 134, UCMJ, and DOD Directive 1344.10, constitute statements and activities protected under the First Amendment to the United States Constitution, including, but not limited to, the freedom of speech, the freedom of the press, the freedom of assembly, and the right to petition the government for a redress of grievances.

43.   The United States District Court for the District of Columbia has determined that ambiguity and confusion in the DOD Directive implicates First Amendment rights. Defendants have failed to ensure that the DOD directive, as written, complies with, and is in this case is being interpreted consistent with, an injunction against DOD and the United States Navy by the United States District Court for the District of Columbia that was never appealed. See *Rigdon v. Perry*, 962 F. Supp. 150 (D.D.C. 1997).

44.   The restrictions against (a) speaking before a partisan political gathering, including any gathering that promotes a cause; and (b) participating in any "discussion" as an advocate for or against a cause, appear, to be content- and viewpoint-discriminatory. *See Rigdon v. Perry*, 962 F. Supp. 150, 164 (D.D.C. 1997).

45.   The Administrative Separation Board, which consists of three non-lawyers, is scheduled to decide novel and complex issues, concerning the application of existing DOD regulations to new modalities of social media, having a chilling effect on STEIN's First Amendment rights. Established written guidance being relied on by the government is ambiguous and contradictory. Accordingly, STEIN sought a Legal Ethics Opinion on March 30, 2012, which is now pending. Allowing the hearing to proceed on April 5, 2012, would deprive STEIN of the opportunity to seek such an Ethics Opinion to clarify his obligations, and to allow him an opportunity to follow that guidance, if it requires changes in the Facebook page, or other actions. Further, if the guidance from competent military authority demonstrates that STEIN's actions are permissible, it would allow for the termination of the Administrative Separation Board prior to hearing this case, and the withdrawal of any contemplated adverse action against STEIN.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

46.     Defendants' interpretation of Article 134, UCMJ, and DOD Directive 1344.10, together with their threatened discharge proceedings against STEIN, constitute an unlawful infringement and threatened abridgement of STEINs First Amendment rights, causing irreparable harm and injury to him.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully prays that this Court:

1.     Declare that the Defendant Secretary of the Navy has failed to issue required implementing regulations with respect to DOD Directive 1344.10.

2.     Declare that the threatened Notification procedure by defendants violates the Plaintiff's right to due process under military regulations, and under the Fifth Amendment to the United States Constitution.

3.     Declare that the provisions of Article 134, UCMJ, and DOD Directive 1344.10, as interpreted by defendants, violate the Plaintiff's rights under the First Amendment to the United States Constitution, and, when interpreted consistent with the First Amendment, were not violated by Plaintiff.

4.     Enter an order enjoining the defendants from proceeding with administrative separation proceedings against Plaintiff.

5.     In the alternative, enter an order enjoining the defendants from proceeding against plaintiff on the Notification until at least thirty (30) days after issuance of a written response to the requested Legal Ethics Opinion, until after the Secretary of the Navy has issued implementing regulations, and until after defendants have counseled with Plaintiff.

6.     Permanently enjoin and restrain defendants, their agents, and assistants from enforcing, executing, and otherwise applying the challenged provisions against Plaintiff in any respects in which the same may be found to violate the freedom of speech, freedom of the press, freedom of association, and freedom of petition guarantees of the United States Constitution;

7.     Award plaintiff costs and reasonable attorney's fees against defendants; and

8.     Grant and order such further relief as the Court may deem just and proper.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Dated: April 2, 2012

      Respectfully submitted,

_____

GARY G. KREEP (CA Bar No. 066482)
NATHANIEL J. OLESON (CA Bar No. 276695)
UNITED STATES JUSTICE FOUNDATION
932 "D" Street, Suite 3
Ramona, California 92065
Tel: (760) 788-6624
Fax: (760) 788-6414
usjf@usjf.net
njoleson@gmail.com

Attorneys for Plaintiff, Gary A. Stein

**Of Counsel:**

_____

J. MARK BREWER (TX Bar No. 02965010)
Brewer & Pritchard
Three Riverway, 18th Floor
Houston, TX 77056
Tel: (713) 209-2910
Fax: (713) 659-5302
brewer@bplaw.com

STEWART RHODES
OATHKEEPERS
5130 S. Fort Apache Road. Suite 215-160
Las Vegas, NV 89148
Tel: (702) 353-0627
rhodeslegalwriting@gmail.com

WILLIAM J. OLSON (VA Bar No. 15841)
HERBERT W. TITUS (VA Bar No. 41126)
JOHN S. MILES
JEREMIAH L. MORGAN
William J. Olson, P.C.
370 Maple Avenue, West, #4
Vienna, Virginia 22180-5615
Tel: (703) 356-5070
Fax: (703) 356-5085
wjo@mindspring.com
johnsmiles@hotmail.com

13

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

DAVID LOY (CA Bar No. 229235)
ACLU Foundation of San Diego & Imperial Counties
P.O. Box 87131
San Diego, CA 92138-7131
Tel:  619-232-2121
davidloy@aclusandiego.org

14

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF