**ATTACHMENT A**

```
           UNITED STATES MARINE CORPS
         WEAPONS AND FIELD TRAINING BATTALION
           MARINE CORPS RECRUIT DEPOT SAN DIEGO
                 EDSON RANGE, BOX 555181
            CAMP PENDLETON, CALIFORNIA 92055-5181
```

IN REPLY REFER TO:
1900
S-1
21 Mar 12

From: Commanding Officer, Weapons and Field Training Battalion, Marine Corps Recruit Depot San Diego, CA
To:   Sergeant Gary A. Stein, USMC, 0101/6842

Subj: NOTIFICATION OF ADMINISTRATIVE SEPARATION PROCEEDINGS

Ref:  (a) MCO P1900.16F (MARCORSEPMAN)

Encl: (1) Purpose and Scope of the Naval Discharge Review Board (NDRB) and Board for Correction Naval Records (BCNR)
      (2) Acknowledgement of Respondent's Rights

1. You are hereby notified that I intend to recommend to the Separation Authority that you be discharged from the U.S. Marine Corps per paragraph 6210.6 of reference (a) by reason of misconduct, specifically commission of serious offenses.

2. The bases for this recommendation are as follows: (1) that on or about 1 March 2012, you allegedly made statements regarding the President of the United States that are prejudicial to good order and discipline, as well as service discrediting in violation of Article 134, UCMJ; (2) from on or about November 2010 to the present you allegedly created, administered, and provided content to a Facebook page, as well as other online media sources, in violation of DoD Directive 1344.10.

3. The least favorable characterization of service which you may receive is Under Other Than Honorable Conditions characterization of service. Although the Commanding General, Marine Corps Recruit Depot, San Diego will make the final determination of characterization if you are separated, I am recommending that you be given a Other Than Honorable Conditions characterization of service.

4. As a result of these separation proceedings, you have the following rights:

    a. You have the right to consult with qualified counsel prior to electing or waiving any of your rights. It is in your best interest to do so prior to waiving any of your rights.

    b. You have the right to request a hearing before an Administrative Separation Board per paragraph 6304 of reference (a).

    c. You have the right to present written statements to the Commanding General in rebuttal to this proposed separation in lieu of having a hearing.

    d. You have the right to obtain copies of documents that will be forwarded to the Commanding General supporting this proposed separation. Classified documents shall be summarized.

    e. You have the right to waive any of these rights after being afforded an opportunity to consult with counsel.

5. Should you request a hearing before an Administrative Discharge Board, you would be afforded the following rights:

    a. To appear in person before such a board or be represented by counsel if you are confined by civilian authorities.

    b. To be represented by military counsel, appointed of your choice, if available.

    c. To be represented by civilian counsel if you desire at your own expense.

    d. To challenge voting members of the board or the legal advisor, if any, for cause only.

    e. To testify on your own behalf, subject to the provisions of Article 31, UCMJ (Compulsory self-incrimination Prohibited).

    f. At any time during the proceedings you or your counsel may submit written or recorded matter for consideration by the board.

    g. You or your counsel may call witnesses on your behalf.

    h. You or your counsel may question any witness who appears before the board.

    i. You or your counsel may present argument prior to the board closing the hearing for deliberation on the finding and recommendations.

    j. Upon written request to the Commanding Officer, to be provided with a copy of the report of the board and the endorsement.

    k. Failure to appear without good cause at a hearing constitutes waiver of your right to be present at the hearing.

    l. You have the right to make a sworn or unsworn statement.

    m. You have the right to examine evidence presented by the board, to cross examine witnesses appearing before the board, to submit evidence before the board, and to present final argument before the board.

    n. Failure to respond after being afforded a reasonable opportunity to consult with counsel constitutes waiver of the rights in paragraphs 6304.1d to 1m of reference (a).

6. If you are separated before you complete your active duty service requirement incurred because you received advanced education assistance, bonuses, or special pays, you may be required to reimburse the U.S. Government on a pro-rated basis for the unserved portion of the active service requirement.

7. Due to being recommended for administrative separation, you understand that if you are serving in the pay grade of E-4 or above and you are administratively separated with an other than honorable characterization of service, you will be administratively reduced to pay grade E-3, such reduction to become effective upon separation.

8. Information on the Purpose and Scope of the Naval Discharge Review Board and Board for Correction of Naval Records is provided to you as an enclosure.

9. You are directed to respond in writing to this notice no later than two (2) working days after this notification by completing and returning the enclosure. Failure to respond by the prescribed time constitutes a waiver of your rights.

C. S. DOWLING

The Board for Correction of Naval Records, consisting of not less than three members, was established pursuant to 10 U.S.C. 1552, and considers all applications properly before it for the purpose of determining the existence of an error or an injustice, and to make appropriate recommendations to the Secretary of the Navy. Application may be made by the member or former member, or such other persons as the board determines to be competent for such purpose. The Board for Correction of Naval Records, unlike the NDRB, may review discharges awarded by a general court-martial. Other types of cases reviewed by this board include, but are not limited to those involving requests for physical disability retirement; the cancellation of a physical disability discharge, and substituting, in lieu thereof, retirement for disability; and increase in the percentage of physical disability; the removal of derogatory material from an official record; the review of nonjudicial punishment; and the restoration of rank, grade, or rating. Also, this board will review the case of a person who is in a Reserve component and who contends that the release from active duty should have been honorable, rather than under honorable conditions.

The law requires that application be filed with the Board for Correction of Naval Records within 3 years of the date of the discovery of the error or injustice. However, the board is authorized to excuse the fact that the application was filed at a later date if it finds it to be in the interest of justice to consider the application. The board is empowered to deny an application without a hearing if it determines that there is insufficient evidence to indicate the existence of probable material error or injustice to the respondent.

No application will be considered by this board until the applicant has exhausted all other effective administrative remedies afforded by existing law or regulations, and such other legal remedies as the board shall determine are practical and appropriately available to the applicant.

An application to the board for the correction of a record shall not operate as a stay of any proceedings being taken with respect to the person involved.

The board will consider the applicant's case on the basis of all the material before it, including but not limited to, the application for correction filed by the applicant, any documentary evidence filed in support of such applications, any brief submitted by or in behalf of the applicant, and all available pertinent records in the Department of the Navy. The applicant's service record is but one of the records which may be considered by the board.

In cases other than denied applications, the record of proceedings of the board will be forwarded to the Secretary of the Navy who will direct such actions as determined to be appropriate.

In connection with review of executed discharges by the Board for Correction of Naval Records, there is no law or regulation which provides that an unfavorable discharge may be changed to a more favorable discharge solely because of the expiration of period of time after discharge during which the respondent's behavior has been exemplary. To permit relief, an error or injustice must be found to have existed during the period of the enlistment in question and the respondent's good conduct after discharge, in an of itself, is not sufficient to warrant changing an unfavorable discharge to a more favorable type of discharge.

Applications for review and explanatory matter may be obtained by writing the Board for Correction of Naval Records, Department of the Navy, Washington, D.C. 20370.

The Navy Discharge Review Board (NDRB), consisting of five members, was established pursuant to 10 U.S.C. 1553 in order to review, on its own motion; or upon the request of any former member of the Navy or Marine Corps; or in the case of a deceased member or former member of the Navy or Marine Corps, upon the request of the surviving spouse, next of kin, or legal representative, or if incompetent by the member's guardian; the type and nature of final discharges in order to determine whether or not, under reasonable standards of naval law and discipline, the type and nature of the discharge should be changed, corrected, or modified, and if so, to decide what modification should be made. The board may also issue a new discharge in record with the facts presented to it.

The NDRB may review all final separations from the naval service, irrespective of the manner evidenced or brought about, except a discharge awarded by a general court-martial, or a discharge executed more than 15 years before date of review application. Such review is based on all available records of the Department of the Navy pertaining to the former member, and such evidence as may be presented or obtained by the board.

The NDRB has no authority to revoke any discharge; nor to reinstate any person in the military service subsequent to discharge; nor to recall any person to active duty; nor to waive prior disqualifying discharges to permit enlistment in the naval service or any other branch of the Armed Forces; nor to cancel enlistment contracts; nor to change, correct nor modify and document other than the discharge document; nor to change the reason for discharge from or to physical disability; nor to determine eligibility for veterans' benefits. The board may, at its discretion, record a recommendation for reenlistment as part

2

of its decision in any case; however, such recommendation is not binding upon the Commandant of the Marine Corps or upon the Secretary of the Navy.

Relevant and material facts germane to the former member concerned found by a general or special court-martial, or by a inquiry or board of investigation where the former member was in the status of a defendant or an interested party, as approved by the reviewing authorities, shall be accepted by the board as established facts in the absence of manifest error or unusual circumstances clearly justifying a different conclusion. Relevant and material facts stated in a specification to which the former member concerned pleaded guilty before a general or special court-martial, or where, upon being confronted by such a specification, the former member elected to request discharge for the good of the service, shall be accepted by the board as established facts in the absence of manifest error or unusual circumstances clearly justifying a different conclusion, or unless the former member shall show to board's satisfaction, or it shall otherwise appear, that arbitrary or coercive action was taken against the member at the time, which action was not apparent to the reviewing authority from the face of the record. The evidence before the board which may be considered in connection with a particular discharge document will normally be restricted to that which is relevant and material to the former member's particular term of Marine Corps service or during that term of Marine Corps service, or at the time of separation.  In order to warrant a change, correction, or modification of the original document evidencing separation from the Marine Corps, the former member concerned must show to the satisfaction of the board, or it must otherwise satisfactorily appear, that the original document was improperly or inequitably issued under standards of naval law and discipline existing at the time of the former member's original separation, or under such standards differing there from in the former member's favor which subsequent to separation, were made expressly retroactive to separations of the type and character had by the former member.

In connection with review of executed discharges by the NDRB there is no law or regulation which provides that an unfavorable discharge may be changed to a more favorable discharge solely because of the expiration of a period of time after discharge during which the respondent's behavior has been exemplary.  To permit relief, an error or injustice must be found to have existed during the period of the enlistment in question and the respondent's good conduct after discharge, in and of itself, is not sufficient to warrant changing an unfavorable discharge.

Applications for review and explanatory matter may be obtained by writing the Navy Discharge Review Board, Department of the Navy, Washington, D.C. 20370.

3

## STATEMENT OF THE INDIVIDUAL

I have been advised of the purpose and procedure for making application to the Board for Correction of Naval Records and the Navy Discharge Review Board.

_____  20120321
Signature / Date

_____  20120321
Witness / Date

4

```
                      UNITED STATES MARINE CORPS
                     WEAPONS AND FIELD TRAINING BATTALION
                       MARINE CORPS RECRUIT DEPOT SAN DIEGO
                            EDSON RANGE, BOX 555181
                       CAMP PENDLETON, CALIFORNIA 92055-5181
```

IN REPLY REFER TO:
1900
S-1
21 Mar 12

From: Sergeant Gary A. Stein, USMC
To:   Commanding Officer, Weapons and Field Training Battalion,
      Marine Corps Recruit Depot San Diego, CA

Subj: ACKNOWLEDGEMENT OF MY RIGHTS TO BE EXERCISED OR
      WAIVED DURING SEPARATION PROCEEDINGS

Ref:  (a) Notification of Administrative Separation Proceedings
      (b) MCO P1900.16F (MARCORSEPMAN)

1. ___ I acknowledge receipt of reference (a) notifying me of proceedings to discharge me by reason of misconduct, specifically commission of serious offenses pursuant to paragraph 6210.6 of reference (b).

2. ___ I understand that I am being recommended for separation with an other than honorable conditions characterization of service and that the least favorable characterization which I may receive is under other than honorable conditions. I understand that if I am administratively separated with an other than honorable characterization of service, I will be administratively reduced to lance corporal and such reduction to become effective upon separation.

3. In view of the above, I chose to execute to following rights:

    a. ___ I (have) (have not) consulted with counsel. I realize it is in my best interests to so prior to exercising or waiving any of my rights. My counsel's name is: ____TBD_____.

    b. ___ I (do) ~~(do not)~~ request a hearing before an Administrative Separation Board.

    c. ___ In lieu of a hearing, I (have) (have not) included written statements in rebuttal to this proposed separation.

    d. ___ I (do) ~~(do not)~~ desire to obtain copies of documents that will be forwarded to the (Separation Authority) supporting this proposed separation.

Subj: ACKNOWLEDGEMENT OF MY RIGHTS TO BE EXERCISED OR
WAIVED DURING SEPARATION PROCEEDINGS

4. If I requested a hearing before an Administrative Separation Board, I realize I have the following rights:

   a. _____ To be present or represented by counsel if I am confined by civil authorities.

   b. _____ To be represented by appointed military counsel, or counsel of my choice, if available.

   c. _____ To be represented by civilian counsel if I desire and at my own expense.

   d. _____ To challenge voting members of the board or legal advisor, I f any, for cause only.

   e. _____ To testify in my own behalf, subject to the provisions of article 31, UCMJ (Compulsory self-incrimination Prohibited).

   f. _____ At any time during the proceedings I or my counsel may submit recorded matter for consideration by the board.

   g. _____ I or my counsel may call witnesses on my behalf.

   h. _____ I or my counsel may question any witness who appears before the board.

   i. _____ I or my counsel may present argument prior to the board's closing the hearing for deliberation on findings and recommendations.

   j. _____ Upon written request to the (Convening Authority), to be provided with a copy of the report of the board and the endorsement.

   k. _____ Failure to appear without good cause at a hearing constitutes waiver of my rights to be present at the hearing.

   l. _____ I have the right to make a sworn or unsworn statement.

   m. _____ I have the right to examine evidence presented by the board and to submit evidence before the board.



2

Subj: ACKNOWLEDGEMENT OF MY RIGHTS TO BE EXERCISED OR WAIVED DURING SEPARATION PROCEEDINGS

n. _(S)_ That failure to respond after being afforded a reasonable opportunity to consult with counsel constitutes waiver of the rights in Para 6304.1d to 6304.1m of the reference.

5. _(S)_ I understand that if I am separated before I complete an active duty service requirement incurred because I received advance education assistance, bonuses, or special pays, I may be required to reimburse the U.S. Government on a pro rata basis for the unserved portion of the active service requirement.

6. _(S)_ I have read and fully understand the Purpose and Scope of the NDRB and BCNR.

_____  20120321        _____  20120321
Gary A. Stein            Date              Witness                  Date
Sgt, USMC

3