**ATTACHMENT F**



P.O. Box 87131
San Diego, CA 92138-7131
T/ 619-232-2121
F/ 619-232-0036
e-mail:  info@aclusandiego.org

March 30, 2012

Col. C. S. Dowling, USMC
Commanding Officer, Weapons and Field Training Battalion
Marine Corps Recruit Depot
San Diego, CA 92140

Lt. Col. Sean M. Sullivan, USMCR
Staff Judge Advocate, MCRD
3700 Chosin Ave., Building 12
San Diego, CA 92140

Capt. John W. Torresala, USMCR
Assistant Staff Judge Advocate, MCRD
3700 Chosin Ave., Building 12
San Diego, CA 92140

   Re:  AdSep Hearing, Sergeant Gary A. Stein

Dear Sirs:

I understand Colonel Dowling issued a Notification of Administrative Separation Proceedings to Sergeant Stein on March 21, 2012 and initially scheduled the hearing for March 31 and that the hearing has now been postponed only 5 days, to April 5.

The alleged grounds for separation appear to be based solely on Sergeant Stein's speech on matters of public concern.  The Notice therefore raises serious First Amendment issues, including but not limited to the constitutionality of DOD Directive 1344.10 as applied to Sergeant Stein's speech.  In light of the serious constitutional issues at stake, the ACLU strongly believes that 15 days is far less than sufficient time for Sergeant Stein and his counsel to prepare for the hearing and ensure the board is fully informed of all relevant matters.

Because of the significant First Amendment issues at stake, the ACLU is seriously considering becoming involved in this case.  In the meantime, I write to discuss relevant legal principles.  Above all else, the First Amendment protects speech that discusses the government's policies and conduct.  Speech "on issues of social and political concern … has been recognized as 'the core of what the First Amendment is designed to protect.'"  *United States v. Wilcox*, 66 M.J. 442, 446-47 (C.A.A.F. 2008).  As a result,

Colonel C.S. Dowling et al.
March 30, 2012
Page 2

"members of the military are not excluded from the protection granted by the First Amendment." *Parker v. Levy*, 417 U.S. 733, 758 (1974).  As the Army has recognized, "The right to express opinions on matters of public and personal concern is secured to soldier and civilian…." *Committee for GI Rights v. Callaway*, 518 F.2d 466, 470 (D.C. Cir. 1975) (quoting "Guidance on Dissent," AGAM-P, Headquarters, Department of the Army, 23 June 1969).

The First Amendment therefore protects speech in the military unless it "interferes with or prevents the orderly accomplishment of the mission or presents a clear danger to loyalty, discipline, mission, or morale of the troops." *Wilcox*, 66 M.J. at 448.  To violate Article 134, the government must show a "direct and palpable connection" between the "statements and the military mission." *Id.*  The statements must be taken in their full context. *Id.* at 447.

It is far from certain that Sergeant Stein's speech, which I understand in its full context amounted to a declaration that he would not follow unlawful orders, violated Article 134 as it has been interpreted and limited in light of the First Amendment.  Indeed, Article 90 itself requires obedience only to a "lawful command."  10 U.S.C. § 890.

For example, in *Wilcox*, the Court of Appeals for the Armed Forces struck down the Article 134 conviction of a servicemember who posted "an online profile containing … views in which the author identified himself as a 'US Army Paratrooper'" and expressed racist political views, as well as stating, "This government is not worth supporting in any of its components."  66 M.J. at 445.  According to the court, the First Amendment prohibited a conviction based on the message "expressed in his online profiles," without any evidence that "the communications either 'interfere[d] with or prevent[ed] the orderly accomplishment of the mission,' or 'present[ed] a clear danger to loyalty, discipline, mission, or morale of the troops.'"  *Id.* at 446, 449.

Moreover, here as in *Wilcox*, "it is pure speculation that the … views propounded on the Internet by a single person purporting to be a [Marine] either were viewed or would be viewed by other servicemembers or would be perceived by the public or a servicemember as an expression of [Marine Corps] or military policy."  *Id.* at 450.

*Wilcox* thus raises substantial questions whether Sergeant Stein's speech is protected by the First Amendment.  In light of these concerns, it is respectfully requested that you postpone the hearing for sufficient time to enable counsel to develop these issues for the board's full and informed consideration.

Sincerely,

David Loy
Legal Director