**ATTACHMENT H**



**Headquarters, U.S. Marine Corps**

MCO P1900.16F Ch 2
PCN 1020273002

# MARINE CORPS SEPARATION AND RETIREMENT MANUAL
# (SHORT TITLE: MARCORSEPMAN)

DISTRIBUTION STATEMENT A: Approved for public release; distribution is unlimited.



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
3000 MARINE CORPS PENTAGON
WASHINGTON, DC 20350-3000

```
                                            MCO P1900.16F Ch 2
                                            MMSR
                                            JUN 06 2007
```

MARINE CORPS ORDER P1900.16F Ch 2

From: Commandant of the Marine Corps
To:   Distribution List

Subj: CHANGE TWO TO THE MARINE CORPS SEPARATION AND RETIREMENT MANUAL (SHORT TITLE: MARCORSEPMAN)

Ref:  (a) Title 10, United States Code; chgs 2002-2007
      (b) SECNAVINST 1412.9B of 7 Feb 2006 (Continuation of LDO and CWO)
      (c) SECNAVINST 1820.2C of 25 Jan 2005 (Reserve Retirement)
      (d) SECNAVINST 1850.4E of 30 Apr 2002 (DoN Disability Evaluation)
      (e) SECNAVINST 1920.7B of 30 Jan 2006 (Active Duty Continuation)
      (f) SECNAVINST 1920.6C of 15 Dec 2005 (Admin Separation of Officers)

Encl: (1) New page inserts to MCO P1900.16F

1. Purpose. To transmit new page inserts to the basic Order.

2. Action.

    a. Remove present cover page and pages 1-2 thru 1-13, 1-15, 1-17, 1-18, 1-19, 1-21 thru 1-40, 1-42 thru 1-60, 2-1 thru 2-7, 2-9, 2-14 thru 2-17, 3-5, 3-6, 3-7, 3-9, 3-12 thru 3-16, 3-19, 3-21, 3-23, 3-26, 3-27, 4-2, 4-3, 4-7, 4-12, 5-1, 5-4 thru 5-9, 5-10 thru 5-13, 5-15 thru 5-17, 5-19, 5-22, 6-4, 6-11, 6-13, 6-14, 6-16 thru 6-21, 6-23, 6-26, 6-31 thru 6-33, 6-35 thru 6-38, 6-41 thru 6-43, 6-53 thru 6-54a, 6-56a, 6-59 thru 6-63, 6-66, 6-76, 6-77, 6-80, 6-86, 6-88, 6-89, 6-92 thru 6-96b, 6-99, 6-101, 6-102, 6-104 thru 6-107, 7-5, 7-7, 7-9 thru 7-11, 7-14, 7-15, 7-18, 7-19, 8-7, 8-8, 8-10, 8-13, 8-18, 8-32 thru 8-68, A-1 thru A-10, B-1 thru B-6a, B-8, B-9, F-2 thru F-4, G-5, I-1 thru I-4, J-4, and L-8 and replace with corresponding pages contained in the enclosure.

    b. Insert new pages 1-6a, 1-36a, 1-52a, 1-52b, 2-6a, 3-16a, 6-34a, and N-1 contained in the enclosure.

    c. Remove and discard present pages 1-10a, 1-18a, 1-26a, 8-67, 8-68 and B-4a.

3. Summary of Change. This change should be reviewed in its entirety. Important changes include the removal of the SPD codes and "For Official Use Only" stamps from Appendix A and the removal of the "For Official Use Only" stamps from Appendix I, thus making the Order available for unlimited distribution and public release. Index has been updated.

    a. Extensive changes were made to remove series designations. This is to allow the user to infer that the most recent version of an order (MCO, SECNAVINST, etc) is the required reference.

**DISTRIBUTION STATEMENT A: Distribution for public release; distribution is unlimited.**

MCO P1900.16F Ch 2

 b. Incorporation of SECNAVINST 1811.3M and SECNAVINST 1900.7G within this Order satisfies the requirements set forth by SECNAV to incorporate these directives at the service level for consolidation and cancellation of those SECNAVINST's.

 c. This change also incorporates one of the more significant changes made by the National Defense Authorization Act for Fiscal Year 2007 (Public Law 109-364) whereby the 75 percent cap used in the calculation of retired pay for members eligible for service retirements, was lifted.  There is no longer a cap on the percentage multiplier to be utilized in the computation of retired pay related to years of service.  Members retired by reason of disability are still capped at the 75 percent by law.

4. <u>Change Notation</u>.  Paragraphs denoted by an asterisk (*) contain Change 2 mandates.

5. <u>Filing Instructions</u>.  File this Change transmittal immediately following the front cover of the basic Order.

                R. S. COLEMAN
                Deputy Commandant for
                Manpower and Reserve Affairs

DISTRIBUTION: PCN 10202730002

   Copy to: 7000110 (55)

2

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 6

ENLISTED ADMINISTRATIVE SEPARATIONS

SECTION 3: ADMINISTRATIVE PROCEDURES
PART A: INITIATING COMMAND ACTION

6301. GENERAL. This section establishes the administrative procedures for separation and provides detailed procedures for administrative separation boards. In light of the unique nature and requirements of the Reserve component and problems inherent in contacting members of the SMCR and IRR, the Commander, MARFORRES may supplement these procedures and figures with procedures and figures that facilitate the separation process yet ensures fairness to Reserve Marines.

6302. INITIATION OF SEPARATION PROCESSING

1. When a Marine's performance or conduct falls within any of the reasons within section 2 and all required command attempts at leadership and rehabilitation of the Marine have been unsuccessful, the commanding officer should initiate separation processing, subject to the specific requirements found in this chapter. At the command level, the process involves identification of a particular case, notification to the Marine, and preparation of a recommendation to the separation authority with evidence supporting the recommendation. Marines must be processed for all reasons for which minimum criteria are met. However, separation authorities must choose the most appropriate reason when actually effecting the separation.

*2. A separation authority is not precluded from initiating separation processing for a Marine under his or her command. If a separation authority initiates separation processing, no recommendation from a subordinate commander is required, however, all other notification requirements shall be completed in compliance with this chapter.

*3. Notification letters and command recommendations will be signed personally by the commanding officer. During the commanding officer's official absence, such correspondences will be signed "Acting" by the officer temporarily succeeding to command. By direction signatures are not authorized. However, inspector-instructors and site commanders are authorized to sign notification letters and command letters of recommendation for discharge on behalf of Reserve commanding officers when the Reserve commanding officer is not available for signature, but concurs in the action or recommendation.

3. Before initiating separation processing the command should take the following steps as well as consulting the checklist at figure 6-2.

    a. Step One: Review limitations on separation. Review paragraph 6106 and determine if separation is precluded.

    b. Step Two: Determine the Marine's status. Determine precisely the status of the Marine since status and basis for separation can determine the separation authority, the nature of separation, and the rights afforded to the Marine.

        (1) Active Reserve (if Reserve SMCR or IRR; if SMCR obligor or non-obligor);

        (2) Amount of active and inactive service; and

        (3) Proximity to expiration of active service, current contract, obligated service, and eligibility for transfer to the FMCR or retirement.

6303                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

            (a) <u>Holding beyond release date</u>. A Marine may not be held on active duty involuntarily beyond his or her release date <u>for administrative discharge</u>. See paragraph 1008. Similarly, a member of the IRR or SMCR may not be held beyond ECC or EOS for administrative discharge.

            (b) <u>Marine eligible or within two years of eligibility for retirement or transfer to the FMCR</u>. See paragraph 6106 and 6307.

        (4) <u>Eligibility of SMCR Marine to transfer to the IRR</u>.

            (a) <u>Mandatory participants in the SMCR</u>. An SMCR member with a mandatory participation requirement ("obligor") may be retained <u>involuntarily</u> in the SMCR for administrative discharge. See MCRAAM paragraph 3301. Do NOT transfer such a Marine to the IRR without MARFORRES approval.

            (b) <u>Non-mandatory participants in the SMCR</u>. An SMCR member without a mandatory participation requirement ("non-obligor") and not subject to a separate written agreement to train (SWAT, MCRAAM paragraph 3102) CANNOT be retained <u>involuntarily</u> in the SMCR for administrative separation. See MCRAAM paragraph 3301.2b. If such a Marine facing administrative discharge requests transfer to the IRR, such transfer must be granted. The SMCR command must then contact MARFORRES (SJA) and MCRSC (Special Actions Division) so that MCRSC can initiate proceedings to separate the member from the IRR.

    c.  <u>Step Three: Review limitations on characterization</u>. Review paragraph 1004.4. Especially important are paragraphs 1004.4a and 1004.4b (prior service and pre-service activities) and 1004.4d (conduct in the civilian community by a reservist not in a duty status).

    d.  <u>Step Four: Identify the separation authority</u>. Review paragraph 6307.

    *e. <u>Step Five: Drug and alcohol dependency</u>. Evidence of alcohol or drug abuse/dependence requires that the respondent be screened at a SACC and provided treatment before the case is referred to a board or forwarded to the separation authority. See MCO P1700.24 series for evaluation, counseling, and treatment requirements.


6303. <u>NOTIFICATION PROCEDURES</u>

1. The procedures and requirements outlined in this paragraph are applicable under any specific reason for separation contained in section 2.

2. When a member is processed on the basis of multiple reasons for separation, the following guidelines apply to procedural requirements, limitations on characterization of service, or description of separations:

    a.  The requirements for each reason will be applied to the extent practicable.

    b.  If a reason for separation, stated in the notice of proposed action, requires processing under the Administrative Board procedure, process per paragraph 6304. See Table 6-2 for bases requiring administrative board procedures.

    c.  If more than one reason for separation is approved, the guidance on characterization that provides the greatest latitude may be applied.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                 6303

   d.  When there is any conflict between a specific requirement applicable to one reason and a general requirement applicable to another reason, the specific requirement shall be applied.

   e.  If a conflict in procedures cannot be resolved, the procedures most favorable to the respondent shall be used.

   f.  If the separation authority approves two or more bases for separation, the authority shall further indicate the primary single basis to appear on the member's DD Form 214.

*3.  Notification Requirements.  If there is evidence of alcohol or drug abuse/dependence, the respondent must be screened at a SACC and provided treatment before the case is referred to a board or forwarded to the separation authority.  Refer to MCO P1700.24 series for evaluation, counseling, and treatment requirements.

   a.  Notice.  A commanding officer must provide written notice to any Marine being recommended for separation.  Sample letters of notification and acknowledgment forms are provided in figure 6-2.  Commands may develop their own procedures; however, such written notice shall include the following:

      (1) Each of the specific reasons for separation in section 2 which forms the basis of the proposed separation, including the circumstances upon which each action is based and a reference to the applicable provisions of this chapter;

      (2) Whether the proposed separation could result in discharge, release from active duty to a Reserve component, transfer from the Selected Reserve to the IRR, release from custody or control of the naval services, or other form of separation;

      (3) The least favorable characterization of service or description of separation authorized for the proposed separation, and the characterization recommended by the commanding officer;

      (4) If the Marine is FMCR/Retired List eligible and has refused to request transfer to the FMCR/Retired List under paragraph 6106.3, the respondent's notification letter shall include a statement reflecting such refusal and acknowledging the respondent's understanding that, if separation is approved, he/she may lose all retainer/retired pay and benefits;

      (5) A statement of the Marine's right to obtain copies of documents that will be forwarded to the separation authority supporting the basis of the proposed separation.  Classified documents shall be summarized;

      (6) A statement of the Marine's right to submit statements;

      (7) A statement of the Marine's right to consult with counsel per paragraph 6303.3b, and a statement that it is in the Marine's best interest to consult with counsel before waiving any rights;

      *(8) A statement of the right to request an administrative board if the Marine has 6 or more years of total active and inactive service at the time of notification of separation proceedings;

      (9) A statement of the right to waive the rights afforded in paragraph 6303.3a(6) through 6303.3a(9), after being afforded a reasonable opportunity to consult with counsel and that failure to respond shall constitute a waiver of these rights;

6303            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    (10) If the respondent is in civil confinement, absent without authority, in a Reserve component not on active duty, or upon transfer to the IRR, the relevant notification procedures in paragraph 6303.4 apply; and

    (11) The notification requirements outlined in this paragraph do not apply when the Marine is processed for separation by reason of the Convenience of the Government for disability and the character of service is based upon average proficiency and conduct markings.

  b. <u>Counsel</u>.  A respondent has the right to consult with a lawyer qualified counsel, or non-lawyer counsel before returning the acknowledgement of rights.  "Qualified Counsel" is a trial or defense counsel certified under Article 27b of the UCMJ, or a civilian attorney authorized to practice law.

    (1) A respondent has the right to consult with qualified counsel when the notification procedure is initiated, except when all of the following conditions are met:

      (a) The respondent is away from or deployed outside the United States, or attached to a vessel away from its overseas home port, or attached to a shore activity remote from judge advocate resources;

      (b) No qualified counsel is assigned and present at the vessel, unit, or activity; and

      (c) The commanding officer does not anticipate having access to qualified counsel from another vessel, unit, or activity, for at least the next 5 days if qualified counsel is assigned and present on another naval vessel, unit, or activity located in the same geographic area where the Marine's vessel, unit, or activity is located, or will be located within the next 5 days.  It is considered that, for purposes of this Manual, the commanding officer has access to qualified counsel unless that counsel is currently absent from duty station; i.e. leave, or TAD outside the immediate geographic area; and

      (d) The commanding officer determines that the requirements or needs of the Marine Corps warrant processing before qualified counsel will be available.

    (2) Non-lawyer counsel shall be appointed whenever qualified counsel is not available.  An appointed non-lawyer counsel shall be a commissioned officer with no prior involvement in the circumstances leading to the basis of the proposed separation, and no involvement in the separation process itself.  The non-lawyer counsel shall be encouraged to consult by telephone or by any other means with any available judge advocate regarding any legal issues relevant to the case.  When a non-lawyer counsel is appointed, the appointing letter shall contain an explanation by the commanding officer setting out in detail why qualified counsel is unavailable and why the requirements or needs of the Marine Corps warrant processing before qualified counsel will be available.  A copy of the appointing letter will be attached to each copy of the written notice of separation processing.

    (3) The Marine may also consult with a civilian counsel retained at the respondent's own expense.  The fact that a respondent indicates to the commanding officer that the respondent will be consulting, or has consulted with a civilian counsel does not relieve the obligation of the commanding officer to furnish military counsel.  Consultation with civilian counsel shall not delay orderly processing in accordance with this Manual.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                   6303

c. <u>Response</u>. The respondent shall be provided a reasonable period of time, but not less than 2 working days to respond to the notice. An extension may be granted upon a timely showing of good cause by the respondent. The respondent's selection as to each of the rights in paragraph 6303, shall be recorded and signed by the respondent and respondent's counsel, if counsel is not waived, subject to the following limitations:

(1) If notice by mail is authorized and the respondent fails to acknowledge receipt or submit a timely reply, that fact shall constitute a waiver of rights and an appropriate notation shall be recorded on a retained copy of the appropriate form.

(2) If the respondent declines to respond as to the selection of rights, such declination shall constitute a waiver of rights and an appropriate notation will be made on the form provided for respondent's reply. If the respondent indicates that one or more of the rights will be exercised, but declines to sign the appropriate form, the selection of rights will be noted and an appropriate notation as to the failure to sign will be made.

(3) The respondent's commanding officer shall forward a copy of the notice and the respondent's reply to the separation authority. Where appropriate, the commanding officer should also make recommendations to the separation authority, pursuant to paragraph 6106.2, as to the pay grade in which a respondent eligible for transfer to the Fleet Marine Corps Reserve/retired list should be allowed to transfer.

4. <u>Additional Notification Requirements</u>

a. <u>Marine Confined by Civil Authorities</u>

(1) If separation proceedings under section 2 have been initiated against a respondent confined by civil authorities, the case may be processed in the absence of the respondent. When a board is appropriate or required, there is no requirement that the respondent be present at the board hearing. Rights of the respondent before the board can be exercised by counsel on behalf of the respondent.

(2) The following additional requirements apply:

(a) The notice shall contain the matter set forth in paragraph 6303 or 6304, as appropriate. The notice shall be delivered personally to the respondent or sent by certified mail, return receipt requested (or by an equivalent form of notice if such service is not available for delivery by U.S. Mail at an address outside the United States). If the member refuses to acknowledge receipt of notice, the individual who mails the notification shall prepare a Sworn Affidavit of Service by Mail which will be inserted on the document side of the member's service record together with PS Form 3800.

(b) If delivered personally, receipt shall be acknowledged in writing by the respondent. If the respondent does not acknowledge receipt or refuses to accept delivery, the person attempting delivery shall make an appropriate note on the form.

(c) The notice shall state that the action has been suspended until a specific date (not less than 30 days from the date of delivery) to give the respondent the opportunity to exercise the rights in the notice. If the respondent does not reply by such date, the separation authority shall treat the failure to respond as a waiver of rights and take appropriate

6303               MARINE CORPS SEPARATION AND RETIREMENT MANUAL

action. Once the respondent makes an election of rights, action need not remain suspended.

    (d) The name and address of the military counsel appointed for consultation shall be specified in the notice.

    (e) If the case involves entitlement to an administrative board, the respondent shall be notified that the board will proceed in the respondent's absence and that the case may be presented on respondent's behalf by counsel for the respondent.

  b. <u>Certain Members of Reserve Components</u>

    (1) Members of Reserve components not on active duty:

      (a) If separation proceedings under section 2 have been initiated against a member of a Reserve component not on active duty, the case may be processed in the absence of the member in the following circumstances:

        <u>1</u> At the request of the member;

        <u>2</u> If the member does not respond to the notice of proceedings on or before the suspense date provided therein; or

        <u>3</u> If the member fails to appear at a hearing without good cause.

      (b) The notice shall contain the matter set forth in paragraph 6303 or 6304, as appropriate.

      (c) If the action involves a transfer to the IRR, the member will be notified that the characterization of service upon transfer to the IRR will constitute the characterization of service upon discharge after completing the military service obligation unless the following conditions are met:

        <u>1</u> The member takes affirmative action to affiliate with the SMCR, and

        <u>2</u> The member satisfactorily participates as a member of the SMCR for a period of time which, when added to any prior satisfactory service during this period of obligated service, equals the period of obligated service.

    (2) Upon transfer to the IRR, the member will be notified of the following:

      (a) The characterization of service upon transfer from active duty or the SMCR to the IRR and that the characterization of service upon completion of the military service obligation in the IRR will be the same.

      (b) The date upon which the military service obligation will expire.

      (c) The date by which the member must submit evidence of satisfactory completion of the conditions set for in paragraph 6303.4b(1)(c).

    (3) If the member submits evidence of completion of the conditions specified in paragraph 6303.4b(1)(c), but the separation authority proposes to

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                    6304

discharge the member with a characterization of service as general (under honorable conditions), the notification procedure at paragraph 6303 shall be used. An administrative board is not required at this point notwithstanding the member's years of service.

    (4) If the member does not submit such information on or before the date specified in the notice, no further proceedings are required. The characterization of service is the same as the characterization of service upon transfer from active duty or the SMCR to the IRR.

    (5) The following requirements apply to the notice required in paragraphs 6303.4b(1) and 6311.3a:

       (a) Reasonable effort should be made to furnish copies of the notice to the member through personal contact by a representative of the command. A written acknowledgment of the notice shall be obtained.

       (b) If the member cannot be contacted or refuses to acknowledge receipt of the notice, the notice shall be sent by certified mail, return receipt requested (or by an equivalent form of notice, if such service is not available for delivery by U.S. Mail at an address outside the United States) to the most recent address furnished by the member as an address for receipt or forwarding of official mail. If the member refuses to acknowledge receipt of notice, the individual who mails the notification shall prepare a Sworn Affidavit of Service by Mail to be inserted on the document side of the member's service record together with PS Form 3800.

    (6) Per 10 U.S.C. 12685, no member of a Reserve component may be discharged under other than honorable conditions unless that member is separated under the approved findings of a board of commissioned officers. If a member of a Reserve component, as a respondent, is separated under the approved findings of an administrative board which had one or more members who were not commissioned officers, the respondent will be discharged under honorable conditions. Characterization may be under other than honorable conditions if the member consents to or waives administrative discharge proceedings or a court-martial or a board.

  c. <u>Reimbursement Requirement</u>. In those cases that may be subject to a reimbursement requirement for recoupment of advance education assistance costs, bonuses, or special pays, the respondent must be advised of such requirement before making a decision on an involuntary separation resulting from alleged misconduct. Failure to provide such advisement, however, shall not constitute grounds for avoiding a reimbursement requirement unless otherwise expressly provided by law or superior regulation.

6304. <u>ADMINISTRATIVE BOARD PROCEDURES</u>

1. <u>Notice</u>. If an administrative board is required, the member shall be notified in writing per the example in figure 6-3 by the member's commanding officer of the following matters:

  a. The basis of the proposed separation, including the circumstances upon which the action is based and reference to the applicable reason for separation.

  b. Whether the proposed separation could result in discharge, release from active duty to a Reserve component, transfer from the SMCR to the IRR,

6304                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

release from the custody and control of the Marine Corps, or other form of separation.

   c.  The least favorable characterization of service or description of separation authorized for the proposed separation.

   d.  The respondent's right to consult with counsel per paragraph 6304.3 and that it is in the Marine's best interest to consult with counsel before waiving any rights.

   e.  The right to obtain copies of documents that will be forwarded to the separation authority supporting the basis of the proposed separation. Classified documents may be summarized.

   f.  The respondent's right to request a hearing before an administrative board.

   g.  The respondent's right to present written statements to the separation authority in lieu of a hearing.

   h.  The respondent's right to representation at the administrative board by counsel per paragraph 6304.3.

   i.  The right to representation at the administrative board by civilian counsel at the respondent's own expense.

   j.  The right to appear in person before the board.

   k.  The right to make a sworn or unsworn statement before the board subject to the rights accorded under Article 31, UCMJ.

   l.  The right to challenge voting members of the board or the legal advisor for cause.

   m.  The right to examine evidence presented by the board, cross-examine witnesses appearing before the board, submit evidence before the board, and make a final argument before the board.

   n.  The right to waive the rights in paragraph 6304.1d through 6304.1m.

   o.  That failure to respond after being afforded a reasonable opportunity to consult with counsel constitutes a waiver of the rights in paragraph 6304.1d through 6304.1m, and

   p.  Failure to appear without good cause at a hearing constitutes waiver of the right to be present at the hearing.

2.  Additional Notice Requirements

   a.  If separation processing is initiated on the basis of more than one reason in section 2 and at least one basis for separation entitles the respondent to a hearing before an administrative separation board, the requirements of paragraph 6304.1 apply to all proposed reasons for separation.

   b.  If the respondent is in civilian confinement, absent without authority, in a Reserve component not on active duty, or upon transfer to the IRR, the relevant notification procedures in paragraph 6303.4, 6311.3a, and 6312 apply.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                     6304

    c. The notification requirements in paragraph 6303 shall be used when characterization of service as general (under honorable conditions) is authorized and the member is processed for separation by reason of Convenience of the Government or disability and the characterization is not based on proficiency and conduct markings.

    d. In those cases that may be subject to a reimbursement requirement for recoupment of advance education assistance costs, bonuses, or special pays, the respondent must be advised of such requirement before making a decision on an involuntary separation resulting from alleged misconduct. Failure to provide such advisement, however shall not constitute grounds for avoiding a reimbursement requirement unless otherwise expressly provided by law or superior regulation.

\*   e. If the respondent is serving in the pay grade of E-4 or above and to administratively separated with an other than honorable characterization of service, the respondent shall be administratively reduced to pay grade E-3, such reduction to become effective upon separation.

3. <u>Counsel</u>

    a. A respondent has the right to consult with counsel per paragraph 6303.3b, before electing or waiving any rights under paragraph 6304.1d through 6304.1m.

    b. If a hearing is requested, the respondent shall be represented by qualified counsel appointed by the convening authority, or by individual counsel of the respondent's own choice, if that counsel is determined to be reasonably available.

        (1) The member may request a qualified counsel who is assigned duties as defense counsel at the servicing command, or as defense counsel at the Navy or Marine Corps command at or nearest to the site of the Administrative Board, and within 100 miles of the board proceeding (using the Official Table of Distances). The determination of reasonable availability is within the discretion of the requested counsel's commanding officer; that decision is final.

        (2) Unless otherwise directed, appointment of a qualified counsel of a Marine's own choice relieves the previously assigned counsel. If respondent so requests in writing and if the interests of fair procedure so require, the convening authority may authorize the previously assigned counsel to continue to represent the Marine. Approval is within the discretion of the convening authority and that decision is final.

    c. The respondent shall have the right to consult with civilian counsel of the respondent's own choice and may be represented at the hearing by that or any other civilian counsel, all at the respondent's own expense. Exercise by the respondent of this right shall not waive any of the respondent's other rights to counsel. Consultation with civilian counsel shall not unduly delay administrative separation board proceedings. If undue delay appears likely, the convening authority may require the respondent to proceed without the desired civilian counsel. In this event, the convening authority will set forth the full circumstances in the record and will appoint available military counsel for the respondent or will permit the respondent to be represented by reasonably available military counsel of the respondent's choice.

6305                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    d. Nonlawyer counsel may not represent a respondent before an administrative separation board unless:

       (1) The respondent expressly declines appointment of counsel qualified under Article 27(b)(1) of the UCMJ and requests a specific nonlawyer counsel; or

       (2) The separation authority assigns nonlawyer counsel as assistant counsel.

4. <u>Response to Notice</u>.  The respondent shall be given a reasonable period of time, but not less than 2 working days, to respond to the notice.  An extension may be granted upon a timely showing of good cause.  The selection of the respondent as to each of the rights in paragraph 6304.1d through 6304.1m, and applicable provisions referenced in paragraph 6304.2, shall be recorded and signed by the respondent and respondent's counsel, subject to the following limitations:

    a. If notice by mail is authorized and the respondent fails to acknowledge receipt or submit a timely reply, that fact shall constitute a waiver of rights and a notation shall be recorded on a retained copy of the appropriate form.

    b. If the respondent declines to respond as to the selection of rights, such refusal shall constitute a waiver of rights and an appropriate notation will be made on the form provided for respondent's reply.  If the respondent indicates that one or more of the rights will be exercised, but declines to sign the appropriate form, a notation as to the failure to sign will be made.

5. <u>Waiver</u>.  A respondent entitled to an administrative board may request a conditional waiver after a reasonable opportunity to consult with counsel per paragraph 6304.3a.  A conditional waiver is a statement initiated by the respondent waiving the right to a hearing contingent upon receiving a favorable characterization of service, but normally no higher than general (under honorable conditions).

    a. Conditional waivers may be granted on a case-by-case basis per paragraph 6308.1b.

    b. Separation authorities may disapprove requests for conditional waivers per paragraph 6308.1b.  The separation authority may also delegate authority to disapprove requests for conditional waivers, regardless of basis, to the convening authority.  Those units which report to HQMC for discharge authority are hereby delegated the authority to disapprove requests for conditional waivers, regardless of the basis.

    c. In all cases in which the separation authority is CMC or the Secretary of the Navy, conditional waivers will be disapproved without referral to CMC unless the GCMCA (or convening authority for units which report to HQMC) specifically supports the requested waiver.

6305.  <u>COMMAND RECOMMENDATION</u>

1. Once the notification requirements contained in paragraph 6303 and 6304 have been met, and provided the commanding officer desires to continue separation processing, the commanding officer must forward the recommendation