LAURA E. DUFFY
United States Attorney
TOM STAHL
Assistant U.S. Attorney
Chief, Civil Division
California State Bar No. 078291
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7767
Facsimile: (619) 546-7754
Email: thomas.stahl@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEANT GARY A. STEIN,<br><br>    Plaintiff<br><br>    v.<br><br>COLONEL C. S. DOWLING, et al.,<br><br>    Defendants. | Case No.: 12cv0816 H (BGS)<br><br>SUPPLEMENTAL BRIEFING AS REQUESTED BY THE COURT |

During the hearing on Plaintiff's request for a Temporary Restraining Order, counsel for the Plaintiff suggested that the Administrative Separation hearing should be enjoined because the military as a whole had been enjoined from enforcing DOD Directive 1344.10 in situations implicating a servicemember's free speech rights under the First Amendment. They relied on the injunction issued by Judge Sporkin in <u>Rigdon et al. v. Perry et al.</u>, 962 F.Supp. 150 (D.D.C. 1997). The Court requested a response to this argument. For the reasons discussed below, the injunction entered by the district court in Rigdon is not applicable to the claims asserted in this case.

1. By its own terms, the injunction issued in 1997 by the district court in Rigdon does not apply here. In relevant part, the injunction stated:

> [D]efendants . . . are hereby ENJOINED from interpreting DoD Directive 1344.10, or any similar law or regulation, in a manner that prohibits **the plaintiffs** from exercising their free speech and free exercise rights under the First Amendment of the Constitution . . .

Rigdon, 962 F. Supp. at 166 (emphases added). Thus, pursuant to the plain language of the injunction, the only parties against whom the defendants were enjoined were the five plaintiffs in Rigdon: Air Force Chaplain Father Vincent Rigdon; Air Force Chaplain Rabbi Kaye; the Muslim American Military Association, which "consist[ed] of service members in all the branches of the Armed Services" at the time of the court's decision; and Navy Third Class Petty Officer Liam Downes and his wife, Karen Downes. Id. at 154-55 & n.5. Plaintiff here, who did not enter active military service until 2003, was not a plaintiff in Rigdon. Accordingly, Defendants here are not enjoined by the terms of the district court's order in Rigdon from applying DOD Directive 1344.10 to his particular case.

      This conclusion is reinforced by the narrow fact-specific analysis employed by the district court in Rigdon. Rather than construing the plaintiffs' claims broadly as presenting facial challenges to the relevant provisions, including DOD Directive 1344.10, the district court conducted a nuanced analysis of the evidence presented at summary judgment, in particular the nature of the specific speech made by the plaintiffs. On that basis, the court entered detailed findings as to the nature of the speech injuries alleged by those plaintiffs. Thus, rather than entering a broad injunction enjoining the defendants from ever enforcing DOD Directive 1344.10, the district court entered a narrow, fact-specific injunction that not only applied solely to the plaintiffs, but would apply to them only in particular circumstances. Specifically, the court made clear the subject-matter scope of the injunction: the defendants were enjoined from "interpreting DoD Directive 1344.10, or any similar law or regulation," in a way that would prevent plaintiffs from exercising their First Amendment rights, "in particular from urging [plaintiffs'] military congregants to communicate with Congress on passage of the Partial Birth Abortion Ban Act[.]" Rigdon, 962 F. Supp. at 166.

      Thus, the plain terms of the injunction in Rigdon make clear that it has no applicability to any case other than that before the court, much less this case.

      2. Substantively, even if the injunction the district court entered in Rigdon applied to Plaintiff's claims here, the instant case falls far outside the scope of that injunction. In interpreting the district court's injunction in order to define its scope, this Court "should construe the scope of [the] injunction in light of its purpose and history, in other words, 'what the decree was really designed to accomplish.'" Salazar v. Buono, 130 S. Ct. 1803, 1826 (2010) (Breyer, J., dissenting) (quoting Mayor of Vicksburg

v. Henson, 231 U.S. 259, 273 (1913). That task is simplified in this case because we know what the district court intended the injunction it entered to accomplish; its order explains that it was entered "[f]or the reasons stated in" the accompanying memorandum opinion. Rigdon, 962 F. Supp. at 165.

Cases alleging violations of the Free Speech Clause are necessarily fact-intensive, and Rigdon was no exception. The district court's opinion reflected a detailed and fact-intensive inquiry into the constitutionality of the particular interpretation of DoD Directive 1344.10 at issue in that case, "to prohibit active duty members of the Armed forces, including chaplains, from lobbying Congress or influencing others to lobby Congress," Rigdon, 962 F. Supp. at 157; as it had been applied, id. at 163-165 (finding that the defendants had not applied regulation in a viewpoint-neutral manner); to each of the plaintiffs in the case whose claims it found justiciable, id. at 164; in light of the particular justification proffered by the defendants, id. at 161; and the evidence in support of that justification that the defendants had offered, id. at 162.

Beyond being fact specific, the injunction the district court entered upon the basis of its opinion was limited in scope in two ways relevant here. First, in prohibiting the defendants in Rigdon "from interpreting DoD Directive 1344.10, or any similar law or regulation, in a manner that prohibits the plaintiffs from exercising their free speech and free exercise rights under the First Amendment," 962 F. Supp. at 166, the district court was referring to the free speech and free exercise rights that it had analyzed, in detail, in its opinion.

Specifically, the freedom of speech question in Rigdon was limited to certain identified chaplains' right to lobby members of Congress, or encourage their congregants to do the same. See id., 962 F. Supp. at 163 ("The question remaining is whether the defendants' anti-lobbying restriction comports with the designated public forum doctrine."). This case is different, because Plaintiff is not alleged to have lobbied members of congress or encouraged others to do the same. Rather, he is alleged to, among other things, have made disrespectful statements about the Commander-in-Chief that were prejudicial to good order and discipline, especially because he indicated he would not follow the orders of the Commander-in-Chief.

In Rigdon, the district court specifically noted that the intended speech it found the plaintiffs in that case had been deprived of "ha[d] nothing to do with their role in the military" and that the plaintiffs

were "neither being disrespectful to the Armed Forces nor in any way urging their congregants to defy military orders." Id. at 165. Indeed, the D.C. Circuit subsequently explained that "Rigdon did not deal with actions alleged to be disrespectful to a superior officer . . . " Veitch v. England, 471 F.3d 124, 129 (D.C. Cir. 2006). Because this action does, it is beyond the scope of the injunction the district court entered in Rigdon.[1]

Second, nothing in the injunction the district court entered in Rigdon indicates that the injunction was intended to be systemic; indeed, it could not have been: "The scope of injunctive relief is dictated by the extent of the violation established," Califano v. Yamasaki, 442 U.S. 682, 702 (1979), because "[i]t is the role of courts to provide relief to claimants ... who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution." Lewis v. Casey, 518 U.S. 343, 349 (1996). Rather, the context of the injunction in Rigdon, and the fact-specific analysis upon which it was based, indicates that the district court intended the injunction it entered to be geographically and temporally limited to the case before him. See, e.g., Rigdon, 962 F. Supp. at 166 ("in particular" prohibiting defendants from prohibiting plaintiffs "from urging their military congregants to communicate with Congress on passage of the Partial Birth Abortion Ban").

---

[1] The district court's analysis in Rigdon, upon which its narrowly tailored injunction was based, is not controlling as to the alleged facts of this case for at least one other reason. In addressing the plaintiffs' free speech claims in Rigdon, the court applied the "forum analysis" test employed "'as a means of determining when the Government's interest in limiting the use of its property to its intended purpose outweighs the interest of those wishing to use the property for other purposes.'" Rigdon, 962 F. Supp. at 162-63 (quoting Cornelius v. NAACP Legal Defense & Educ. Fund, 473 U.S. 763, 800 (1985)). While the forum analysis test may (or may not) be the appropriate test for addressing some of Plaintiff's claims here, others – and perhaps all – of his factual assertions must be addressed under the balancing test set forth in the Supreme Court's decision in Pickering v. Board of Education of Township High School District 205, Will County, 391 U.S. 563 (1968). See Havekost v. U.S. Dep't of the Navy, 925 F.2d 316 (9th Cir. 1991) (applying Pickering to address contractor's wrongful discharge claim against Navy). As subsequently elaborated by the Supreme Court, the Pickering balancing test has four elements. First, the public employee must have been speaking on a matter of public concern. Connick v. Myers, 461 U.S. 138, 146-47 (1983). Second, the Court must balance the interests of the employee, "as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." Pickering, 391 U.S. at 568. Third, where necessary, the employee must prove that his speech was a substantial or motivating factor in his discharge. Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Finally, where necessary, the government employer must have an opportunity to prove it would have reached the same decision even absent the protected conduct. Id.

Thus, as a substantive matter, the claims asserted by Plaintiff here fall well outside any conceivable reading of the injunction in <u>Rigdon</u>.

DATED: April 5, 2012                     Respectfully submitted,

                                                    LAURA E. DUFFY
                                                    United States Attorney

                                                    s/ Tom Stahl

                                                    TOM STAHL
                                                    Assistant U.S. Attorney
                                                    Chief, Civil Division
                                                    Attorneys for Defendants