GARY G. KREEP (CA Bar No. 066482)
NATHANIEL J. OLESON (CA Bar No. 276695)
UNITED STATES JUSTICE FOUNDATION
932 "D" Street, Suite 3
Ramona, CA 92065
Tel: (760) 788-6624
Fax: (760) 788-6414
usjf@usjf.net

DAVID LOY (SBN 229235)
ACLU FOUNDATION OF SAN DIEGO &
   IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: (619) 232-2121
Fax: (619) 232-0036
davidloy@aclusandiego.org

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGEANT GARY A. STEIN,<br><br>              Plaintiff,<br><br>v.<br><br>COLONEL C.S. DOWLING, *et al.*,<br><br>              Defendants. | **Case No. 12-cv-0816 H (BGS)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER** |

On April 4, 2012, this Court denied Plaintiff's request for a temporary restraining order without prejudice.  Order Denying Plaintiff's Motion for Temporary Restraining Order Without Prejudice ("Order"), p. 16.

In support of its decision that Plaintiff not be prejudiced by the Court's denial, and in recognition that the Court "only had a limited time to review the matter," the Court "at a **minimum strongly** recommend[ed] that the military voluntarily provide Plaintiff's counsel a continuance of twenty-four hours or more to permit review of this Court's order" by the Ninth Circuit.  *Id.* (Emphasis added.)  In its haste to discharge Plaintiff, the military refused to make this accommodation, notwithstanding this Court's observation that:

> (a) "[t]his case was especially complicated because it implicates First Amendment rights, fundamental rights protected by the United States Constitution"; and
>
> (b) "[t]he Plaintiff has been in the United States Marines for nearly nine years, and the country owes Plaintiff and other Marines a debt of gratitude for their service."
>
> *Id.* at  2.

 In a further effort to encourage the military to delay the separation proceeding against Plaintiff, the Court suggested that Plaintiff "renew his request for continuance to the administrative board[,] question[ing] the government's insistence on proceeding so expeditiously after Plaintiff's nine years of service."  *Id.* at 16.  In response to this suggestion, Plaintiff requested a continuance, which was summarily denied.  The hearing went forward as scheduled on Thursday, April 5, 2012, beginning at 8:00 am, and lasting until approximately 11:00 pm.

**1. Demonstration of Disrespect for this Court.**

At the separation hearing, Plaintiff learned that Assistant United States Attorney, Tom Stahl, had conveyed this Court's requests to Major Houltz, the "neutral" Legal Advisor to the Administrative Separation Board, and that Major Houltz unilaterally, without asking the other two members of the board, refused to consider any continuance, and throughout the hearing made it clear that the Board was **not** going to "make a record for the federal court." The Legal

Advisor is required to be neutral, and can be challenged for impartiality. Plaintiff made such a challenge to Colonel Dowling, who summarily denied the request. Kreep Declaration, para. 2.

**2. Imposing Punishment for Seeking this Court's Review.**

Further, the fact that Plaintiff had sought relief in this Court was used by the prosecution to argue that Sargent Stein had behaved improperly. Kreep Declaration, para. 3. In short, the Court's deference shown to the military was not reciprocated by the separation board, to Plaintiff's prejudice, prompting this request for reconsideration of Plaintiff's motion for a temporary restraining order and preliminary injunction. Moreover, Defendants have acted to punish a United States Marine for having availed himself of the right to seek the protection of this Court.

**3. No examination of First Amendment claims.**

Throughout its Order, this Court assumed that, notwithstanding Plaintiff's Commanding Officer's "belated[] counsel[ing] on March 23, 2012, after initiating Plaintiff's administrative separation procedures on March 21, 2012,"[1] the Separation Board would carefully and judiciously examine Plaintiff's claims.

Thus, the Court ruled that "[f]or the Court to step in and decide as a preliminary matter that the Plaintiff's bare protected speech, unrelated to any violation of any military rule and regulation, would be premature." *Id.*, p. 6. Thus, the Court expressed its trust that the separation board would address "Plaintiff's counsel['s] constitutional arguments" that DoD Directive 1344.10 was not "narrowly tailored and not overly broad." *Id.* . For example, the directive makes a distinction between political and partisan communications. The Court stated that "the military should properly evaluate these contentions in the administrative separation proceedings." *Id.*, p. 8. This simply did not take place, as detailed in the Declaration of co-counsel Gary G. Kreep. Kreep Declaration, para. 15.

---

[1] Order, p. 6.

**4. Denial of fair hearing and notice.**

The Court believed that the separation board would "listen to counsel's arguments and evaluate the merits of the matter." Order, p. 16. Additionally, it was believed that the administrative separation proceeding would be conducted according to fair procedures and timely notice, having forewarned the military that if it "intentionally" denied Plaintiff a hearing without timely notice it could put Plaintiff's Due Process rights in jeopardy. Order, pp. 4-5. Not only did the military refuse to grant any continuance as strongly suggested by the Court, but it restricted voir dire, provided extensive prosecution documents to defense counsel for the first time during the hearing, limiting evidentiary objections, and barring all defense witnesses (including a retired Marine Corps Brigadier General called as an expert witness) from testifying as to the standard to determine what violated "good order and discipline" and "service discrediting" as well as whether plaintiff's conduct violated "good order and discipline" and was "service discrediting" — two of the most critical issues in this case. *See* Kreep Declaration, paras. 2, 5, 6, and 9.

**5. No Administrative Remedy.**

As the Court noted, Plaintiff need not exhaust administrative remedies if an administrative appeal would be futile. Order, p. 12. Such would be the case here. As the Court points out, Plaintiff could appeal his separation to the Convening Authority, in this case Colonel C.S. Dowling, a defendant in this case. Under applicable Marine Corps regulations, Plaintiff has no appeal rights of an adverse action, once taken by General Yoo. Order, pp. 4-7. Any subsequent proceedings before the Naval Board of Corrections (*see* Order p. 15) would be only an ancillary proceeding, after Plaintiff's final discharge from the Marine Corps, and based on the incomplete record developed without protection of his procedural rights, which simply cannot be relied upon. *See* Kreep Declaration, para. 16.

**6.    Conclusion**

For the reasons stated above, only the immediate issuance of a temporary restraining order will protect nine-year Marine Corps veteran plaintiff Gary A. Stein from suffering an

1  unjust and illegal separation from the U.S. Marine Corps and an "other than honorable"
2  discharge.

4  Dated: April 6, 2012                           Respectfully submitted,

5                                                 **s/David Loy**
                                                  David Loy
6                                                 Attorney for Plaintiff

7                                                 Of counsel:

8
9                                                 J. MARK BREWER
                                                  BREWER & PRITCHARD
                                                  Three Riverway, 18th Floor
10                                                Houston, TX 77056
                                                  Tel:  (713) 209-2910
11                                                Fax:  (713) 659-5302
                                                  brewer@bplaw.com
12
                                                  STEWART  RHODES
13                                                OATHKEEPERS
                                                  5130 S. Fort Apache Road.
14                                                Suite 215-160
                                                  Las Vegas, NV 89148
15                                                Tel:  (702) 353-0627
                                                  rhodeslegalwriting@gmail.com
16
                                                  WILLIAM J. OLSON
17                                                HERBERT W. TITUS
                                                  JOHN S. MILES
18                                                JEREMIAH L. MORGAN
                                                  WILLIAM J. OLSON, P.C.
19                                                370 Maple Avenue, West, #4
                                                  Vienna, Virginia 22180-5615
20                                                Tel: (703) 356-5070
                                                  Fax: (703) 356-5085
21                                                wjo@mindspring.com