GARY G. KREEP (CA Bar No. 066482)
NATHANIEL J. OLESON (CA Bar No. 276695)
UNITED STATES JUSTICE FOUNDATION
932 "D" Street, Suite 3
Ramona, CA 92065
Tel: (760) 788-6624
Fax: (760) 788-6414
usjf@usjf.net

DAVID LOY (SBN 229235)
ACLU FOUNDATION OF SAN DIEGO &
    IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Tel: (619) 232-2121
Fax: (619) 232-0036
davidloy@aclusandiego.org

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGEANT GARY A. STEIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COLONEL C.S. DOWLING, *et al.*,<br><br>　　　　　Defendants. | **Case No. 12-cv-0816 H (BGS)**<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF AS REQUESTED BY THE COURT** |

**INTRODUCTION**

At its April 4, 2012 hearing on Plaintiff's motion for a temporary restraining order, the Court asked for supplemental briefing on the applicability to this case of the injunction issued in Rigdon v. Perry, 962 F.Supp. 150 (D.D.C. 1997).  Order Denying Plaintiff's Motion for Temporary Restraining Order Without Prejudice ("Order"), p. 7.  On April 5, 2012, the government filed its supplemental brief.  Supplemental Briefing As Requested By The Court ("Govt. Br.").

The government in its brief casually dismisses Rigdon, taking nothing from its analysis and wholly discounting any application to this case.  The government correctly points out that "Plaintiff here … was not a plaintiff in Rigdon."  Govt. Br., p. 2.  The government also correctly notes that Rigdon was a "narrow fact-specific injunction that … applied solely to the plaintiffs [and] only in particular circumstances."  *Id*.  However, the government then mistakenly concludes that "Rigdon … has no applicability to … this case."  *Id*.

The government also argues that, if this Court chooses to apply Rigdon here, the facts of Plaintiff's case are sufficiently different as to warrant a different outcome.  *See id.*, pp. 3-4.  To the contrary, the facts of Rigdon are similar enough that the Rigdon analysis is highly instructive here.

**ARGUMENT**

**1.     Both Rigdon and Stein Involve DoD Directive 1344.10 and Article 134, UCMJ.**

In Rigdon, the government relied both on DoD Directive 1344.10 and the Article 134, UCMJ standard of "the good order and discipline of service members essential to military readiness and national defense.…"  *Id.* at 155.  In similar manner, the government relies upon DoD Directive 1344.10 along with vague claims that Plaintiff's statements "are prejudicial to good order and discipline, as well as service discrediting.…"  *See* Notification of Administrative Separation Proceedings, p. 1.

In Rigdon, the government attempted to use DoD 1344.10 to stifle Plaintiff's religious and political speech on the controversial political issue of partial-birth abortion.  Here too, the

government would prohibit Plaintiff from speaking about controversial political issues and candidates for public office.

**2.     Like <u>Rigdon</u>, Plaintiff Has Not Purported to Act with Any "Official Authority or Influence."**

In <u>Rigdon</u>, the court determined that the military chaplains had not used their "official authority or influence" because a chaplain "does not speak with 'official' authority when he speaks from the pulpit or in counseling." *Id.* at 158-59.  Even though the chaplains were acting as military chaplains, they were not acting in their "official capacity" as officers of the U.S. Armed Forces, and in no way "under the color of military authority." *Id.* at 160.

Here too, Plaintiff's statements were not made in any "official" capacity.  The government points to one statement of Plaintiff's in particular, in which Plaintiff was alleged to have stated on a Facebook posting that, as a Marine he "would not follow an unlawful order." In making this statement, Plaintiff was simply identifying himself as a Marine; he was not claiming to be acting under the authority or on behalf of the Marine Corps, and his statements would in no way lead any reader to believe that they bore the "official imprimatur of the military." *See* <u>Rigdon</u> at 161, fn. 8.  Thus, for the same reason that DoD Directive 1344.10 was found not to apply to the chaplains in <u>Rigdon</u>, it should not apply to Plaintiff here.

**3.     Both <u>Rigdon</u> and This Case Deserve the Same Level of Scrutiny.**

After determining that DoD Directive 1344.10 did not apply, the <u>Rigdon</u> court then "assum[ed] *arguendo*" that the Directive did apply to the military chaplains, but in that case finding that the Directive "violates the plaintiffs' rights under the … First Amendment." <u>Rigdon</u> at 160.

The <u>Rigdon</u> court determined that the prohibitions on the chaplains' speech "imposes a 'substantial burden' on chaplains' Free Exercise rights." *Id.* at 161.  While <u>Rigdon</u> was decided under the Religious Freedom Restoration Act, the First Amendment standard here is the same or even more strict.  Plaintiff's postings expressed opinions on political parties, candidates, and political issues, all of which lie at the core of the First Amendment's protections, as this Court has already determined: "This case implicates First Amendment

3

rights, fundamental rights protected by the United States Constitution." April 4, 2012 Order Denying Plaintiff's Motion for Temporary Restraining Order Without Prejudice, p. 2. Thus, the Marine Corps can place restrictions on Plaintiff's speech only if they serve a compelling interest, are narrowly tailored to achieve that interest, and by the least restrictive way. The restrictions on Plaintiff's speech here fail each of these two tests.

First, while the government here has claimed some vague interest in protecting "good order and discipline," it has "not shown how th[is] interest … [is] in any way furthered by the restriction on" Plaintiff's speech. *Id.* at 162. Moreover, as the court in Rigdon noted, the government pointed to no person or interest that would be harmed were the plaintiffs there allowed to engage in the protected speech. *Id.* at 165. Likewise, the government here has failed to demonstrate any concrete harm that will occur as a result of Plaintiff's speech. Instead, without any evidence whatsoever, the government nakedly asserts that Plaintiff's speech is "prejudicial to good order and discipline." The Rigdon court, however, soundly rejected this approach as "rank speculation," completely insufficient to support a compelling interest in "military readiness or efficiency [that] would be jeopardized by permitting" the speech. *Id.* at 164.

At his hearing on April 5, Plaintiff was prepared to offer the testimony of Brigadier General David M. Brahms (USMC, ret.) as an expert witnesses, to demonstrate that "good order and discipline" in fact would not be harmed by Plaintiff's speech. Yet the military tribunal refused to hear the testimony. See Kreep Affidavit, para 9.

Thus, the conclusion here is the same as in Rigdon, that "the compelling interests advanced by the military are outweighed by the … right to [Free Speech], especially because the defendants have failed to show how the speech restrictions as applied … advance these interests. *Id.* at 162.

**CONCLUSION**

In sum, Rigdon is not only relevant to this case, it is determinative, the military having completely failed here, as in Rigdon, to demonstrate any compelling interest in the suppression of Plaintiff's core political speech.

Dated: April 6, 2012                                Respectfully submitted,

                                                    **s/David Loy**
                                                    David Loy
                                                    Attorney for Plaintiff

Of counsel:

J. MARK BREWER
BREWER & PRITCHARD
Three Riverway, 18th Floor
Houston, TX 77056
Tel:  (713) 209-2910
Fax:  (713) 659-5302
brewer@bplaw.com

STEWART  RHODES
OATHKEEPERS
5130 S. Fort Apache Road.
Suite 215-160
Las Vegas, NV 89148
Tel:  (702) 353-0627
rhodeslegalwriting@gmail.com

WILLIAM J. OLSON
HERBERT W. TITUS
JOHN S. MILES
JEREMIAH L. MORGAN
WILLIAM J. OLSON, P.C.
370 Maple Avenue, West, #4
Vienna, Virginia 22180-5615
Tel: (703) 356-5070
Fax: (703) 356-5085
wjo@mindspring.com