# EXHIBIT B

## MARINE CORPS RECRUIT DEPOT SAN DIEGO
## WESTERN RECRUITING REGION

| | |
|---|---|
| UNITED STATES ) | ADMINISTRATIVE SEPARATION |
| ) | BOARD |
| v. ) | |
| ) | AFFIDAVIT OF MAJOR CHRISTIAN |
| STEIN, Gary A. ) | HUR |
| Sergeant ) | |
| U.S. Marine Corps ) | |
| XXX XX 0101 ) | (6 APR 12) |
| ) | |

I, Major Christian Hur, United States Marine Corps, hereby declare, under penalty of perjury, that the following facts are true:

1. I am currently assigned as the OIC of Civil and Administrative Law, Office of the Staff Judge Advocate, Marine Corps Recruit Depot San Diego. I am responsible for overseeing the processing of all involuntary administrative separations packages after the Administrative Separation Board has been held and renders its recommendations.

2. The Administrative Separation Board for Sergeant Gary A. Stein, USMC, met at Weapons and Field Training Battalion, Camp Pendleton, California, on 5 April 2012, pursuant to the Appointing Order of the Commanding Officer, Weapons and Field Training Battalion, Marine Corps Recruit Depot San Diego, dated 29 March 2012.

3. The Board made findings and established by majority vote, with no minority report, that all bases for separation pursuant to the notification provided to Sergeant Stein on 21 March 2012 were satisfied. The Board also recommended to the Commanding General, Marine Corps Recruit Depot San Diego, that Sergeant Stein be separated from the Marine Corps with a characterization as Other Than Honorable (OTH). See enclosure (1).

4. In accordance with Marine Corps Order 1900.16F, section 6308, the Administrative Law Section, Office of the Staff Judge Advocate, Marine Corps Recruit Depot San Diego, reviews all cases forwarded to the Separation Authority (the Commanding General, Marine Corps Recruit Depot San Diego) for action.

5. As part of the reviewed pursuant to section 6308, my office will ensure that Sergeant Stein's package is complete prior to any subsequent routing. Section 6320 of Marine Corps Order 1900.16F details those items that must be contained within the "record of proceedings".

6. Additional administrative requirements that are necessary prior to the Separation Authority making a final decision include (1) Transition Assistance Program classes for Sergeant Stein pursuant to section 4103.1. of Marine Corps Order 1700.24B (Marine Corps Personal Services Manual); and (2) mandatory medical evaluation, to include screening for Post Traumatic Stress Disorder and Traumatic Brain Injury pursuant to MARADMIN 328/10. Each of these requirements have their own independent timelines and scheduling that are not contained within Marine Corps Order 1900.16F and that further effect the time within which a separation may be completed.

7. Additionally, section 6309.c. of Marine Corps Order 1900.16F requires a "legal review" be conducted by a judge advocate or civilian attorney employed by the Navy or Marine Corps before action by the Separation Authority can occur. The legal review is also necessary when "the respondent identifies specific legal issues for consideration by the separation authority..." While Marine Corps Order 1900.16F does not identify a specific timeline for submission by the respondent of any legal

issues for review, I estimate that all the administrative and procedural requirements outlined above will be completed no earlier than 20 April 2012 and that Respondent will have until that time to submit any matters for consideration.

8. In accordance with section 6309.2., the Separation Authority's decision will be reduced to writing and if separation is ordered, the Respondent's command will have 20 days to ensure the Marine is physically separated in accordance with section 1007.5. of Marine Corps Order 1900.16F.

9. As a final means of redress, a discharged military member may petition the Board for the Correction of Naval Records (BCNR) pursuant to 10 U.S.C. § 1552. The BCNR is empowered to "correct any military record . . . when the Secretary considers it necessary to correct an error or remove an injustice." The BNCR's jurisdiction extends to claims of "constitutional, statutory and/or regulatory violations," as stated in 32 C.F.R. § 723.3(e)(4). The BCNR is empowered to consider the validity of a member's discharge and recommend appropriate relief, including reinstatement and back pay.

10. Respondent may also see redress from the Naval Discharge Review Board (NDRB) pursuant to 10 U.S.C. § 1553 and SECNAVINST 5815.3J. This Board does not have the power to recommend reinstatement, but it does retain the power to issue a different type of discharge and characterization of service. The NDRB can deem a discharge improper if there exists an error of fact, law, procedure, or discretion associated with the discharge at the time of issuance that has prejudiced the member as to the discharge. The NDRB can also deem a discharge to be inequitable if the policies and procedures under which the applicant was discharged differ in material


respects from those procedures currently applicable on a service-wide basis to similar discharges.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ 6 Apr 2012

C. P. HUR
MAJ, USMC