GARY G. KREEP (CA Bar No. 066482)
NATHANIEL J. OLESON (CA Bar No. 276695)
UNITED STATES JUSTICE FOUNDATION
932 "D" Street, Suite 3
Ramona, California 92065
Tel: (760) 788-6624
Fax: (760) 788-6414
usjf@usjf.net
njoleson@gmail.com

Attorneys for Plaintiff,
Gary A. Stein

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEANT GARY A. STEIN, United States Marine Corps, Camp Pendleton, California 92055; <br><br>Plaintiff, <br><br>v. <br><br>COLONEL C.S. DOWLING, Commander, Weapons and Field Training Battalion, Camp Pendleton, California 92055; RAY MABUS, SECRETARY OF THE UNITED STATES NAVY, The Pentagon, Washington, D.C.; UNITED STATES DEPARTMENT OF DEFENSE, The Pentagon, Washington, D.C.; and UNITED STATES OF AMERICA; BRIGADIER GENERAL DANIEL YOO. <br><br>Defendants. | Case No.: <br><br>**DECLARATION OF GARY G. KREEP IN SUPPORT OF PRELIMINARY INJUNCTION** |

I, GARY G. KREEP, hereby declare as follows:

1. That I am the attorney for SERGEANT GARY A. STEIN ("STEIN"), Plaintiff herein; that I am admitted to practice before all Courts of this State; and that, if called upon to do so, I could, and would, competently testify as follows:

2. That I understand the United States Attorney's office has filed or will file in the record of this case the corrected Administrative Separation ("ADSEP") Board Transcript ("ASBT") from the April 5, 2012, Administrative Separation Board hearing, held regarding STEIN, which, as ASBT relates, I personally attended (although I am incorrectly identified as Mr. Rhodes on page 72); and that all references to ASBT in this declaration are from the original edition of the transcript, because the corrected transcript was not provided to my office until late in the day yesterday;

3. That the hearing was presided over by a three Marine Panel, over which the Senior member, Lt. Col. Hairston, presided, and that, due to numerous incidents of multiple persons speaking at the same time at various times during the hearing, the transcript may not be a complete record of the proceeding;

4. That, despite the representations made to this Court by Assistant U. S. Attorney Thomas Stahl ("STAHL") on April 4, 2012, neither Lt. Col. Hairston, nor the Convening Officer, Col. Dowling, were consulted as to the three requests for continuances of the ADSEP made by this Court to those individuals (ASBT, pages 14-16);

5. That the purportedly neutral legal advisor to the Panel Col. Houltz, acted, in effect, as a part of the prosecutorial legal team, and, instead of answering the questions of the Panel regarding legal advice, took over power of the Senior member, deciding objections to, and attempting to block, voir dire of both himself and of the Panel, contrary to the normal procedures of an ADSEP hearing (ASBT, pages 5, 7, 12, 16, 25-27, 29-30, 34-37, 85-86); refused to answer certain questions on the grounds that, "We're not going to sit here and build up a record for federal court. That's not what this hearing is about." (ASBT page 16); and even threatened a superior officer (Lt. Col. Atterbury, the supervising officer for the military legal team for STEIN) with removal from the hearing, when Lt. Col Atterbury objected to the

interference by Maj. Houltz in the voir dire (ASBT, pages 2, 27, 36-37);

6.  That, on the day of the hearing, STEIN's military legal team was served with approximately 1-1/2" of documentary evidence that the prosecution was submitting to the Panel that day that STEIN's legal team had never seen before, that a continuance was requested as a result, but that the request was denied (ASBT page 66-68, 75, 89-92 );

7.  That the prosecution admitted that the charges against STEIN did not warrant his separation from the Marine Corps, but argued that an "analogous" charge, which was not applicable to STEIN, as it only applied to Commissioned Officers, and not to Non-commissioned Officer, such as STEIN, should be applied to STEIN, so that he could be discharged from the Corps (ASBT pages 121-122, 273); but the proffered testimony, and submitted written statements, from multiple defense expert witnesses that contradicted this claim, and provided that the charges alleged against STEIN could not, as a matter of law, result in his discharge, was not allowed by Lt. Col. Hairston (ASBT 159-162, 225-226, 241-242, and the written statements of Brigadier General David Brahms, USMC (Ret.), Major Neil Ringlee, USMC (Ret.), and Lt. Col. Jeffrey Addicott (Army, Ret.), JD, LLM, SJD, copies of which are attached hereto and made a part hereof, marked as Exhibits "A," "B,", and "C," respectively;

8.  That the prosecution was allowed to ask their witnesses their opinions as to whether the alleged actions of STEIN contributed to a "breakdown of good order and discipline," but STEIN was denied the ability to present expert testimony to rebut the testimony (ASBT pages 145, 159-162, 166-167, 192, 225-226, 241-242 );

9.  That, off the record, Lt. Col. Hairston announced, in my presence, during the hearing, that the hearing would end at 17:00 hours, and re-commence the next day; that, as a result, due to the lateness of the day, and the fact that the prosecution had not yet completed examining their witnesses, STEIN's legal defense team started calling off the witnesses that they had on standby, ready to testify; subsequently, again off the record, Lt. Col. Harrison announced that the hearing would go until it ended

1 that day, even if it took until 23:00, which it did; and that one of STEIN's witnesses wound up not
2 testifying, due to STEIN's legal team being unable to contact him (ASBT pages 240-241);
3     10.    That, during their closing arguments, the prosecution raised, as grounds for separating
4 STEIN from the Marine Corps under less than honorable conditions, the following irrelevant and
5 completely inappropriate matters:
6    a. The fact that a publication called the MARINE TIMES published an article discussing the
7 issue (ASBT page 253);
8    b. The claim that the "Tea Party" movement is a formal political party, and thus, STEIN's
9 attendance at a Tea Party meeting was violative of Department of Defense Directives (ASBT page 255);
10     c. That STEIN had no commendations or citations on his military record (ASBT page 256)
11     d. That STEIN had bad debts (ASABT 256); and
12     e. That STEIN filed the instant lawsuit, seeking to protect his Constitutional rights (ASBT 257).
13     I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th day of
14 April, 2012, at Ramona, California.

**s/GARY G. KREEP**