My name is David M. Brahms, retired Brigadier General, USMC.  My service dates were 1961 through 1988, the details of which are set forth in the attached biography as though more fully set forth.

I am legally and mentally competent to make this affidavit.

I have been asked to make this statement in regard to the discharge proceedings that were initiated against Sgt. Gary A. Stein, USMC by Col. C.S. Dowling, USMC on 21 March 2012.  I do not know and have never met or spoken to Sgt. Stein.  I offer this statement as a Marine and only in the interests of our Corps.  Although called by the defense, I did not come here to defend Sgt. Stein but to offer some thoughts based on 50 years as a marine and 49 years as a lawyer.

I have seen the 21 March 2012 notification of administrative separation and in particular, the two basis for seeking Sgt. Stein's separation:  statements critical of the President of the United States in alleged violation of Article 134, UCMJ; and online postings on Facebook in violation of DoD Directive 1344.10.

I do not believe that either of the behavior in question violates the cited UCMJ provision.  It takes more than foolish behavior to constitute a crime.  I believe the central thrust of this is two-fold: First, 1344.10 does not provide a bright line of what is and is not permitted in the way of political activity for Marines.  My reading of it indicates it is confusing and quite unhelpful.  It is also inherently contradictory.  If I cannot understand 1344.10 as a 74 year old retired Brigadier General and Staff Judge Advocate to the Commandant of the Marines, there is little hope that a sergeant would understand.

It is my understanding that Sgt. Stein was given little if any guidance on the limits of his political behavior.  For there to be a basis for separation under these circumstances, there must be a criminal offense.

Under Article 134, it is quite clear that the senior military has defined conduct unbecoming as a necessary predicate, in a way which precludes criminal accountability in this situation.  I cite the *Wilcox* case and note that there clearly is missing any palpable nexus between the behavior and good order and discipline.

There is nothing in this circumstance to suggest any influence or reasonable possibility of influence that the public would believe these blathering were official policy or officially sanctioned.  They were only the discussions of a Marine concerned about the direction of his country.  There simply is no criminal offense here.

EXHIBIT A

The second question is whether this should be a basis for separation. I leave to able defense counsel to show the accomplishments of Sgt. Stein. I can only say that young marines, even NCOs, sometimes do foolish things. To mark them for life with a discharge that is not only adverse in its nature, but adverse in its impact for future opportunities and lifelong reputation is overkill.

The rumors that these discharges can be upgraded are just that. The odds of success are preposterously low with little chance for a separation after a board, would succeed.

Separation under these circumstances does nothing to promote good order and discipline. First, I seriously doubt that there are hundreds of marines standing by watching this decision. Most marines don't care and most don't join political organizations. Having a marine speak his or her mind is healthy.

The proper response here is to make the ground-rules clear through an updated directive and more importantly, through hands-on leadership guidance which tells our young men and women of our Corps what the rules are. If that is done, I have no doubt marines like Sgt. Stein will follow the rules.

The time has come to end this contretemps – one in large measure created by overreaction by our Corps. This could have and should have been dealt with quietly through strong leadership.

In closing, I believe the message has been sent to and through Sgt. Stein: take a couple of steps back. Find a way to conduct your political activities and to express your political passions in ways that don't come close to the edge. It is my sense that whatever else comes out of this procedure, this message already has been heard loudly and clearly. We need not add to it the Draconian action of a bad discharge – or any discharge.

EXHIBIT A