# Expert Witness Testimony in the Administrative Separation Board Regarding Sergeant Gary A. Stein,

## AFFIDAVIT

To Whom It May Concern:

This document represents the professional legal opinions of Professor Jeffrey F. Addicott, JD, LLM, SJD. Professor Addicott is a Distinguished Professor of Law and the Director of the Center for Terrorism Law at St. Mary's University School of Law, San Antonio, Texas. An active duty Army officer in the Judge Advocate General's Corps for twenty years (he retired in 2000 at the rank of Lieutenant Colonel), Professor Addicott spent a quarter of his career as a senior legal advisor to the United States Army's Special Forces. As an internationally recognized authority on constitutional law, military law, national security law, terrorism law, and human rights law, Professor Addicott not only lectures and participates in professional and academic organizations both in the United States and abroad, but has authored over 20 books, articles, and monographs on a variety of legal topics dealing with international law. Addicott's most recent book (2011) is entitled: *Terrorism Law: Cases, Materials, Comments, 6th Edition.*

Among his many contributions to the field, Professor Addicott pioneered the teaching of law of war and human rights courses to the militaries of numerous nascent democracies in Eastern Europe and Latin America. For these efforts he was awarded the Legion of Merit, named the 1993 Army Judge Advocate of the Year, and honored as a co-recipient of the American Bar Association's Hodson award. He has served in senior legal positions in Germany, Korea, Panama, and throughout the United States. Professor Addicott holds a Doctor of Juridical Science (S.J.D.) and Master of Laws (LL.M.) from the University of Virginia School of Law. He also received a Master of Laws (LL.M.) from the Army Judge Advocate General's School and a Juris Doctor (J.D.) from the University of Alabama School of Law. Apart from teaching a variety of courses at the law school, Dr. Addicott served as the Associate Dean for Administration at St. Mary's University School of Law (2006-2007).

EXHIBIT C

After reviewing the facts associated with the case of Marine Sergeant Gary A. Stein and the applicable laws and regulations associated with free speech in the military. I offer the following professional opinion.

I appreciate the opportunity to provide input on a matter that strikes so directly at one of the core values of our Constitution–the fundamental right of freedom of speech to all our citizens, including those who serve in the military.

Of course, in the context of military service it has long been recognized that this fundamental Constitutional right is not absolute and must be balanced against the need for good order and discipline in the military. Nevertheless, military personnel have First Amendment rights and may exercise those rights without fear of retribution.

With the advent of "social media" the exercise of free speech in the context of military personnel is manifestly more complicated. While DOD Directive 1344.10 is designed to provide firm direction and clarity to the matter of "permissible" free speech, in many regards it is hopelessly vague particularly in the context of what a Marine can express off-duty in the realm of social media.

The most recent attempt to apply social media comments in the context of permissible activity is DOD Directive 1325.6 and DOD Directive 09-026. Still, no implementing regulations have been provided for any of these directives, to include DOD Directive 1344.10.

Case law on the topic is almost as confused as the basic question. For example, in *Stolte v. Laird*, 353 F. Supp 1393 (1972), the Federal court overturned the courts-marital convictions of soldiers for violating UCMJ Article 134, when they distributed over 100 leaflets that expressed their disapproval of the war in Vietnam. The Court held that **not every method of speech** that goes against "good order and discipline" is punishable. While not providing much in the way of a measurable standard, the Court recognized that the power of the military vis a vis free speech is not unlimited in nature.

Since I was only asked to provide my expert opinion input about 24 hours ago, I do not have the luxury of detailing and tracing the developing case law for this Board. I would have much appreciated a week to prepare. Still, in my professional opinion, as a twenty year military veteran in the US Army Judge Advocate General's Corps, and a full professor of law at St. Mary's University School of Law, the current test–and the one that should be employed by this Board–is best encapsulated in *US v Brown*, 45 M.J. 389 (1996). In *Brown*, the test for military personnel engaging in "permissible" free speech is:

> The test in the military is whether the speech interferes with or prevents the orderly accomplishment of the mission or presents a ***clear danger*** to loyalty, discipline, mission, or morale of the troops.

Thus, the basic question to be resolved is whether the activities of Sergeant Stein presented a **clear danger** by **materially and substantially** affecting military good order and discipline. One way to approach the decision making process is to work backwards, from activity that would clearly be unacceptable–making said remarks in uniform, or on duty, or in a manner that would project that he was representing the military. Sergeant Stein did not engage in activity that crossed any of those lines of behavior. Further, Sergeant Stein did not violate any of the clearly stated "thou shalt not" aspects of DOD Directive 1344.10. Stein's rhetoric may be absurd, but that is not the test. Stein also posted a clear disclaimer that his views did not represent the views of the military (see Social Media Guidance for Unofficial Posts, Marine Corps Social Media Office) per the instructions of a judge advocate. Finally, Sergeant Stein's statement that he would not follow 'unlawful orders' of any superior to include the Commander in Chief is a requirement imposed on all military personnel and a statement of existing law.

With the rise of Facebook, milblogs, Twitter, etc, the rights of free speech are being exercised by citizens and soldiers as never before. This case has received national attention because it does ask the question of where the line should be drawn for members of the military when they too exercise free speech. Unless the speech misconduct directly poses a clear danger to good order and discipline in a real and measureable fashion, the guarantees of free speech are too precious to punish military personnel for exercising opinion.

Again, in my professional opinion, Sergeant Stein has not violated any law or military regulation.

**SIGNED**

Jeffrey F. Addicott
Lieutenant Colonel (U.S. Army, JAGC, ret.)
Distinguished Professor of Law &
Director, Center for Terrorism Law (jaddicott@stmarytx.edu)
St. Mary's University School of Law
One Camino Santa Maria
San Antonio, Texas  78228



GUADALUPE VALDEZ
MY COMMISSION EXPIRES
November 1, 2015