UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEANT GARY A. STEIN, United States Marine Corps, Camp Pendleton, California 92055,<br><br>Plaintiff,<br><br>vs.<br><br>COLONEL C.S. DOWLING, Commander, Weapons and Field Training Battalion, Camp Pendleton, California 92055; RAY MABUS, SECRETARY OF THE UNITED STATES NAVY, The Pentagon, Washington, D.C.; UNITED STATES DEPARTMENT OF DEFENSE, The Pentagon, Washington, D.C.; UNITED STATES OF AMERICA; and BRIGADIER GENERAL DANIEL YOO,<br><br>Defendants. | CASE NO. 12-CV-0816-H (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

On April 3, 2012, Plaintiff Sergeant Gary A. Stein ("Plaintiff" or "Sergeant Stein") filed a complaint against Defendants, along with an *ex parte* motion for temporary restraining order and order to show cause why a preliminary injunction should not issue. (Doc. Nos. 1 & 2.) The Court held a hearing on April 4, 2012, and denied Plaintiff's motion for temporary restraining order without prejudice. (Doc. Nos. 6 & 10.) On April 5, 2012, the military held Plaintiff's administrative separation proceedings and recommended discharging Plaintiff with Other than Honorable discharge. On April 6, 2012, Plaintiff filed a renewed motion for

temporary restraining order to enjoin Plaintiff's discharge. (Doc. No. 15.) On April 6, 2012, the Court held a hearing on Plaintiff's renewed motion and denied Plaintiff's motion for temporary restraining order without prejudice. (Doc. No. 19.) The Court scheduled an expedited hearing on Plaintiff's motion for preliminary injunction for April 13, 2012. (Id.)

On April 12, 2012, Plaintiff filed a motion for preliminary injunction and Defendants filed an opposition to Plaintiff's motion. (Doc. Nos. 21 & 22.) At the hearing on April 13, 2012, David Loy, Gary G. Kreep, and Nathaniel J. Oleson appeared for Plaintiff, and Thomas C. Stahl appeared for Defendants. For the following reasons, the Court denies Plaintiff's motion for a preliminary injunction.

**Background**

On April 4, 2012, Plaintiff filed this lawsuit against Defendants for declaratory and injunctive relief to enjoin Defendants' attempts to discharge Plaintiff from the United States Marine Corps with an Other Than Honorable discharge. (Doc. No. 1, ¶ 1.)

Plaintiff has been an enlisted Marine with the United States Marine Corps for nearly nine years. (Doc. No. 1, ¶ 6.) On May 1, 2008, Plaintiff attained the rank of Sergeant, and Plaintiff's current term of service expires on July 28, 2012. (Id.) Plaintiff alleges that during the period of 2010 through 2012, Plaintiff–through activities unconnected with his duties as a United States Marine–spoke, wrote, and otherwise communicated with private citizens regarding matters of public concern. (Id., ¶ 13.) Plaintiff expressed personal opinions on political candidates and issues, and Plaintiff and three other individuals maintained an account on the computer social networking site known as Facebook. (Id.)

On March 21, 2012, when Plaintiff alleges that military defense counsel were unavailable due to a training conference, the Commanding Officer ("Colonel Dowling" or "Defendant Dowling"), initiated administrative separation proceedings against Plaintiff on the following grounds: (1) "that on or about 1 March 2012, you allegedly made statements regarding the President of the United States that are prejudicial to good order and discipline, as well as service discrediting in violation of Article 134, UCMJ;" and (2) that "from on or about November 2010 to the present you allegedly created, administered, and provided content

to a Facebook page, as well as other online media sources, in violation of DOD Directive 1344.10." (Doc. No. 23, Ex. 1, at 10.) As to the first basis, Colonel Dowling was referring to Plaintiff's alleged statements in an online forum for Marine Corps meteorologists ("METOC") where Plaintiff posted the following statements on March 2, 2012:

> As an Active Duty Marine I saw [sic] "Screw Obama" and I will not follow all orders from him. . . . Will do my job better then [sic] the next guy . . . But has [sic] for saluting Obama as commander-in-chief . . . I will not!
>
> * * * *
>
> Your [sic] right it said to defend the "I will support and defend the Constitution of the United States against all enemies, foreign and domestic" Obama is the economic enemy . . . He is the religious enemy . . . he is the "Fundamentally change" America enemy . . . he IS the Domestic Enemy.[1]

(Doc. No. 22, Ex. 5.) As to the second basis, Colonel Dowling was referring to Plaintiff's maintenance of a Facebook page titled, "Armed Forces Tea Party." (Doc. No. 22, at 6.)

On March 5, 2012, Plaintiff's company first sergeant read him his rights and notified Plaintiff that he was suspected of making disrespectful statements in violation of a lawful regulation, specifically for the March 1, 2012, Facebook posts. (Doc. No. 9.) Plaintiff's first sergeant approached him again on March 9, 2012, advising him that he was required to comply with DOD Directive 1344.10, which prohibits service members from engaging in specific activities related to partisan politics. (Doc. No. 9.)

On March 21, 2012, Plaintiff's commanding officer, Colonel Dowling, notified Plaintiff that he was being processed for separation from the Marine Corps because of the violation of DOD Directive 1344.10 and Article 134 of the UCMJ. Colonel Dowling notified Sergeant Stein that he potentially faced an Other Than Honorable discharge if separated from the service. He was also notified of his other procedural rights. (Doc. No. 23, Ex. 1, at 10.) Plaintiff acknowledged his rights, including his right to apply to the Naval Discharge Review Board should he be separated. (Doc. No. 10, at 8; Doc. No. 9, Ex. 2.)

///

---

[1] The Court concluded in its order denying Plaintiff's motion for temporary restraining order that in this statement, Plaintiff identified himself as an active-duty Marine. (Doc. No. 10, at 5.) The Court concluded, therefore, that Plaintiff's statements go beyond his individual capacity because he identifies himself as an active-duty Marine. (Id.)

On March 22, 2012, Plaintiff spoke at a Tea Party gathering. (Doc. No. 9.) On March 23, 2012, Colonel Dowling counseled Plaintiff as to his March 1, 2012 statements about his Commander-in-Chief and several other statements that he made on the METOC Facebook Page. (Doc. Nos. 9 & 10.) Plaintiff previously acknowledged that he understood the provisions of DOD Directive 1344.10 but that he still planned to do media interviews. (Doc. Nos. 9 & 10.) Colonel Dowling noted that Plaintiff spoke before a partisan political gathering on March 22, 2012 and continued to utilize the media to advocate partisan politics and undermine the chain of command. (Doc. Nos. 9 & 10.)

Although military defense counsel were unavailable, Plaintiff responded timely to the Notification, and the military scheduled a separation hearing for March 30, 2012. (Doc. No. 1, ¶ 20, Ex. B.) Plaintiff alleges that Defendants were aware that any members of the Judge Advocate who were able to serve as defense counsel to Plaintiff were at a conference and could not begin work on Plaintiff's case until March 23, 2012, at the earliest. (Id., ¶ 20.)

Plaintiff was appointed military counsel, and on March 23, 2012, Plaintiff's military attorney notified the hearing officer that he had a scheduling conflict on Friday, March 30, 2012. (Id., ¶ 21.) In response, by letter dated March 26, 2012, the military delayed the hearing by one day, until Saturday, March 31, 2012. (Id.) While awaiting the military's response, on March 25, 2012, Plaintiff requested an additional one week in order to allow more adequate preparation for the hearing. (Id.) On March 26, 2012, that request was denied. (Id., Ex. C.)

On March 26, 2012, Plaintiff retained, as civilian counsel, J. Mark Brewer pursuant to MARCORSEPMAN, section 6304.4(c). (Id., Ex. H.) On March 27, 2012, Plaintiff's civilian counsel requested a ten-day extension of the hearing. (Id., Ex. I.) On March 28, 2012, that request was denied, but the hearing date was moved to April 5, 2012. (Id., Ex. D.)

On March 30, 2012, Plaintiff's military attorney submitted a Request for Legal Ethics Opinion to Defendants, in order to address three questions relevant and necessary to the conduct and outcome of Plaintiff's Notification hearing:

> 1. Have the Defense Department's Directive Number 1344.10 and other interpretative documents been modified to fully comply with the Order . . . in <u>Rigdon v. Perry</u>, 962 F. Supp. 150, 166 (D.D.C. 1997) . . . ?

> 2. May an active duty, non-commissioned, U.S. Marine maintaining a Facebook web page bearing a clear disclaimer that all statements are personal views, not made in an official capacity and not representing the views of the Marine Corps, make statements thereon supporting or opposing either (i) a political party or (ii) a candidate for federal, state or local office or (iii) both?
>
> 3. May such a Marine make statements critical of a candidate for political office when that candidate is also currently serving in office? Does a separate rule apply to criticisms of a candidate for political office serving as President of the United States?

(Doc. No. 1, Ex. E.) On April 4, 2012, the military denied Plaintiff's Request for a Legal Ethics Opinion. The military also denied counsel's request to continue Plaintiff's administrative separation hearing. On April 3, 2012, Plaintiff sued all Defendants in their official capacity for declaratory and injunctive relief pursuant to 5 U.S.C. § 702. (Doc. No. 1, ¶ 12.) On April 3, 2012, Plaintiff filed a motion for temporary restraining order. (Doc. No. 2.)

After this Court denied Plaintiff's motion for temporary restraining order without prejudice on April 4, 2012, (Doc. No. 10), the military held Plaintiff's administrative separation proceedings on April 5, 2012, and recommended discharging Plaintiff with Other than Honorable discharge. On April 6, 2012, Plaintiff filed a renewed motion for temporary restraining order to enjoin Plaintiff's discharge. (Doc. No. 15.) On April 6, 2012, the Court held a hearing on Plaintiff's renewed motion and denied Plaintiff's motion for temporary restraining order without prejudice. (Doc. No. 19.)

On April 12, 2012, Plaintiff filed a motion for preliminary injunction. (Doc. No. 21.) In addition to the arguments Plaintiff raised in his motions for temporary restraining order, Plaintiff alleges that the administrative separation proceedings violated Plaintiff's fundamental due process rights. (Doc. No. 21, at 4-6.) For example, Plaintiff challenges the actions of the legal advisor to the administrative separation board. (Id. (citing Administrative Separation Board Transcript ("ASBT"), 5, 7, 12, 16, 25-27, 29-30, 34-37, 85-86).) Plaintiff alleges that on the day of the hearing, Plaintiff's military legal team was served with numerous documents that the prosecution was submitting to the board that day for consideration. (Doc. No. 21, at 4.) Plaintiff's legal team requested a continuance in order to timely review the evidence and

1 prepare responses to it. (Id. (citing ASBT, 66-68, 75, 89-92).)

2 Moreover, Plaintiff alleges that the prosecution admitted that the charges against Plaintiff did not warrant his separation from the Marine Corps, but argued that an analogous charge, applying only to Commissioned Officers, should be applied to Plaintiff, and thus permit Plaintiff's discharge from the Corps. (Id. (citing ASBT, 121-22, 273.)) Plaintiff contends that the prosecution was allowed to ask their witnesses' opinion as to whether Sergeant Stein's alleged actions contributed to a breakdown of good order and discipline, but that Sergeant Stein was denied the ability to present testimony to rebut this issue from David M. Brahms, retired Brigadier General, USMC, (Doc. No. 21, Ex. 3) (asserting that DOD Directive 1344.10 is unclear as to what political activity is permitted for Marines); Jeffrey F. Addicott, retired Lieutenant Colonel, U.S. Army, JAGC, (Doc. No. 21, Ex. 5) ("Sergeant Stein did not violate any of the clearly stated 'thou shalt not' aspects of DOD Directive 1344.10."); and Neil R. Ringlee, retired Major, USMC, (Doc. No. 21, Ex. 4) (stating that Sergeant Stein's conduct, while unprofessional and impermissible, is not serious misconduct under UCMJ). (Doc. No. 21, at 5 (citing ASBT, 145, 159-62, 166-67, 192, 225-26, 241-42).) Additionally, Plaintiff alleges that during closing arguments, the prosecution raised, among other grounds for separating Sergeant Stein from the Marine Corps under other than honorable conditions, the fact that Sergeant Stein filed this lawsuit. (Doc. No. 21, at 5-6 (citing ASBT 257).)

19 Plaintiff has not been separated from the service. Pursuant to military separation procedures, Plaintiff filed a letter of deficiencies with the military challenging the administrative separation process. Next, Brigadier General Daniel Yoo will make the separation decision. Brigadier General Daniel Yoo will issue a written decision based on the full record from the administrative separation proceeding, the recommendation of the administrative separation board, and on a written memorandum from a legal advisor in the Judge Advocate General's office addressing the legal issues Plaintiff raised during the hearing. (Sep. Man. ¶ 6308.)

///

///

## Legal Standards

An injunction is "a drastic and extraordinary remedy, which should not be granted as a matter of course." Monsanto Co. v. Geertson Seed Farms, 130 S. Ct. 2743, 2761 (2010). Plaintiff has the burden to prove that injunctive relief is appropriate. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Truck Drivers Local 70, 415 U.S. 423, 442-43 (1974). Because an injunction is an extraordinary remedy, a plaintiff seeking a preliminary injunction "must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Munaf v. Geren, 553 U.S. 674, 690 (2008) (citations omitted) (internal quotation marks omitted) ("[A] party seeking a preliminary injunction must demonstrate, among other things, a likelihood of success on the merits."); Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).

The Ninth Circuit has articulated an alternate version of this test whereby "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

Under this approach, "serious questions going to the merits" requires more than showing that "success is more likely than not," it requires a plaintiff to demonstrate a "substantial case for relief on the merits." Leiva-Perez v. Holder, 640 F.3d 962, 967 (9th Cir. 2011). And even where success on the merits is likely or "serious questions" are raised, an injunction "is not a remedy which issues as of course." Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982).

In this lawsuit, Plaintiff requests the Court to enjoin a military discharge decision, or in the alternative, to prevent Plaintiff's discharge on an Other than Honorable basis. (Doc. No. 21, at 1.) "Military discharge decisions are subject to judicial review." Muhammad v. Sec'y of Army, 770 F.2d 1494, 1495 (9th Cir. 1985). The Court may review unlawful military

decisions if the plaintiff alleges: (1) violation of a constitutional right, federal statute, or military regulations, and (2) exhaustion of administrative remedies, unless exhaustion is excused. Wenger v. Monroe, 282 F.3d 1068, 1072 (9th Cir. 2002).

Plaintiff alleges violations of his First and Fifth Amendment rights, as well as various military regulations. (Doc. No. 21.) Specifically, Plaintiff alleges that Defendants violated Plaintiff's constitutional rights to due process and freedom of speech by pursuing fundamentally unfair administrative proceedings in retaliation for Plaintiff's protected political speech. (Doc. No. 21, at 1.) Therefore, Plaintiff meets the first part of the test because Plaintiff alleges violations of constitutional rights and military regulations.[2]

The second part of the test addresses whether the court excuses the exhaustion of administrative remedies. Exhaustion of administrative remedies is excused "(1) if the intraservice remedies do not provide an opportunity for adequate relief; (2) if the petitioner will suffer irreparable harm if compelled to seek administrative relief; (3) if administrative appeal would be futile; or (4) if substantial constitutional questions are raised." Wenger, 282 F.3d at 1073. Because Plaintiff raises substantial Constitutional questions, the Court next evaluates the Mindes factors to determine if the extraordinary remedy of enjoining a military discharge is warranted. Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971); accord Wenger, 282 F.3d at 1072. According to Mindes:

> [A] court weighs four factors to determine whether judicial review of his claims is appropriate. These factors include: (1) The nature and strength of the plaintiff's claim; (2) The potential injury to the plaintiff if review is refused; (3) The extent of interference with military functions; and (4) The extent to which military discretion or expertise is involved.

Wenger, 282 F.3d at 1072. The Court focuses on the last two factors, the extent of interference with military functions and the extent to which military discretion or expertise is involved. Id.

///

///

---

[2] Since Plaintiff raises substantial constitutional issues and exhaustion could be excused, the Court would be concerned if Plaintiff faced retaliation as a result of exercising his right to seek judicial review. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

The notification of separation from Sergeant Stein's Commanding Officer alleges two violations against Sergeant Stein: (1) a violation of UCMJ Article 134; and (2) a violation of DOD Directive 1344.10. (Doc. No. 23, Ex. 1, at 10.) Plaintiff asserts that neither violation constitutes a serious offense under the UCMJ warranting separation from the service. The Court concludes that military discretion and expertise is required to determine whether Plaintiff violated these provisions and whether separation is warranted.

Plaintiff's claim that he did not violate Article 134 of the Uniform Code of Military Justice depends upon an assessment as to whether Plaintiff's actions interfered with good order and discipline. Moreover, Plaintiff asks the Court to substitute its judgment for the military's to determine what consequences, if any, are an appropriate response to Sergeant Stein's actions. The First Amendment protects speech in the military, unless it "interferes with or prevents the orderly accomplishment of the mission or presents a clear danger to loyalty, discipline, mission, or morale of the troops." United States v. Wilcox, 66 M.J. 442, 448 (C.A.A.F. 2008) (citations omitted) (internal quotation marks omitted). The Court concludes that whether Sergeant Stein's statements regarding the Commander-in-Chief interfere with or present a clear danger to loyalty, discipline, mission, or morale of the troops is within military discretion and expertise. Wilcox, 66 M.J. at 448; Wenger, 282 F.3d at 1072.

As to the claimed violation of DOD Directive 1344.10, the Plaintiff alleges that the military has not followed its own rules and regulations. Additionally, the Plaintiff asserts that DOD Directive 1344.10 is vague as it applies to social media. The Department of Defense has given guidance to service members by issuing DOD Directive 1344.10, "Political Activities by Members of the Armed Forces." The Secretary of the Navy was required to "issue implementing documents" to "encourage [its] members . . . to carry out the obligations of citizenship." DOD Directive 1344.10, ¶ 5.2. To date, the DOD has not implemented instructions as to how it would be applied to new forms of social media.[3]

///

---

[3] The Court notes that at the hearing, counsel represented that the United States Marine Corps may be issuing additional guidelines regarding use of Facebook and other social media.

"[A]n agency of the government must scrupulously observe its own rules, regulations and procedures." Blassingame v. Sec'y of the Navy, 866 F.2d 556, 560 (2d Cir. 1989). "With respect to the armed forces, the requirement 'does not involve any undue interference with the proper and efficient operation of our military forces because we only require that the [Navy] carry out the procedures and regulations it created itself." Id.; see also Wisotsky v. United States, 69 Fed. Cl. 299, 305 (Fed. Cl. 2006). Nonetheless, this case does not involve a discipline for generalized social media statements by a Marine. Rather, Sergeant Stein's METOC comments, that were later clarified, identified himself as an active-duty Marine who would not follow all orders from his Commander-in-Chief. Under these circumstances, the military should be able to take appropriate action to decide if Sergeant Stein violated military rules and regulations. Wenger, 282 F.3d at 1072.

As a result, Plaintiff's motion asks the Court to substitute its judgment for the military's personnel decision-making judgment. The Marine Corps is deciding whether to discharge Plaintiff and the impact of Plaintiff's actions on military morale, discipline, and defense. These issues are peculiarly within the expertise and judgment of the military. Khalsa v. Weinberger, 779 F.2d 1393, 1400 n.4 (9th Cir. 1985). Judicial interference with the Marine Corps' decision-making process would potentially disrupt military personnel decisions and draw the Court into matters requiring military judgment and expertise. Sampson v. Murray, 415 U.S. 61, 92 n.68 (1974). The Ninth Circuit applies Sampson where, as here, "military personnel seek preliminary injunctive relief prohibiting a discharge." Hartikka v. United States, 754 F.2d 1516, 1517 (9th Cir. 1985). "Civilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers; that relationship is at the heart of the necessarily unique structure of the military establishment." Chappell v. Wallace, 462 U.S. 296, 300 (1983). "Strict application of the exhaustion requirement in military discharge cases maintains the balance between military authority and the federal courts." Muhammad, 770 F.2d at 1495.

///

Congress "has established a comprehensive internal system of justice to regulate military life, taking into account the special patterns that define the military structure," including among other things, the right of a discharged Marine to seek review of his discharge before the Board for Correction of Naval Records. Chappell, 462 U.S. at 302-03 (citing 10 U.S.C. § 1552). Thus, because Congress created a comprehensive internal system of justice to regulate military life, the Court's intervention at this stage would be premature and interfere with military functions. Wenger, 282 F.3d at 1072. As a result, the Court concludes that Plaintiff has not made a sufficient showing under the Mindes factors. Because the Court concludes that Plaintiff has failed to satisfy the Mindes factors, judicial intervention is unwarranted.

Even if separated, Plaintiff has other remedies. If Brigadier General Daniel Yoo approves Plaintiff's discharge on an Other than Honorable basis, Plaintiff may seek a review to the Board for Correction of Naval Records to redress any injustice or error. 10 U.S.C. § 1552(a)(1). If discharged, Plaintiff could appeal to the Board for Correction of Naval Records, and if successful, could eventually receive restatement and back pay. The Board for Correction of Naval Records is a "board[] of civilians" empowered by statute to "correct any military record . . . when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). This includes the power to consider alleged "constitutional, statutory and/or regulatory violations." 32 C.F.R. § 723.3(e)(4). Should the Board for Correction of Naval Records conclude a Marine's discharge was improper, it can recommend relief including reinstatement and back pay. See Rood v. England, 16 Fed. Appx. 706, 709 (9th Cir. 2001); Nichols v. Hughes, 721 F.2d 657, 660 (9th Cir. 1983). If the Board for Correction of Naval Records denies Plaintiff's claim without a hearing, it "is required to provide a statement of its reasons." Chappell, 462 U.S. at 303. Additionally, "[b]oard decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." Id. (internal citations omitted).

///

///

1  Further, Plaintiff could seek redress from the Naval Discharge Review Board. 10 U.S.C. § 1553; 32 C.F.R. § 724.903. This body does not have the power to recommend reinstatement, but after a hearing, it can issue a different type of discharge or characterization of service. 32 C.F.R. §§ 724.902-03. The Naval Discharge Review Board reviews whether the discharge was appropriate and whether the procedures employed were equitable. Id. Under these circumstances, the Court concludes that Plaintiff has not made the requisite showing under Mindes for injunctive relief. See Wenger, 282 F.3d at 1072. Finally, a discharged Marine can bring suit in the Court of Federal Claims, see, e.g., Loomis v. United States, 68 Fed. Cl. 503, 510-11 (2005), or in federal district court, so long as such suit does not seek monetary relief of sufficient magnitude to bring it within the Court of Federal Claims' exclusive jurisdiction. See, e.g., Clayton v. United States, 225 Ct. Cl. 593, 595 (Ct. Cl. 1980); see Miller v. Dep't of the Navy, 601 F. Supp. 2d 90, 94 (D.D.C. 2009). Should the Court find a defect in the Marine Corps' decision-making, it would ordinarily remand to the Corps for reconsideration, which could grant reinstatement or other appropriate relief. Guerrero v. Stone, 970 F.2d 626, 635-36 (9th Cir. 1992).

## Conclusion

After careful consideration of the briefs and argument of counsel, the Court denies Plaintiff's motion for preliminary injunction. The Court commends Sergeant Stein and all service members for their committed service to our country. It is a tribute to the United States Marine Corps that Sergeant Stein is fighting to stay in the service. Nevertheless, Sergeant Stein associated himself as an active-duty Marine and stated, until clarified, that he would not follow all orders of his Commander-in-Chief. As a result, whether Sergeant Stein should face discipline or separation for his actions falls within the discretion and expertise of the military under Article 134 of the UCMJ and DOD Directive 1344.10. Wenger, 282 F.3d at 1072.

**IT IS SO ORDERED.**

Dated: April 13, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT