

**Headquarters, U.S.
Marine Corps**

MCO P1900.16F Ch 2
PCN 1020273002

# MARINE CORPS SEPARATION AND RETIREMENT MANUAL (SHORT TITLE: MARCORSEPMAN)

**DISTRIBUTION STATEMENT A: Approved for public release; distribution is unlimited.**

000596



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
3000 MARINE CORPS PENTAGON
WASHINGTON, DC 20350-3000

MCO P1900.16F Ch 2
MMSR
JUN 06 2007

MARINE CORPS ORDER P1900.16F Ch 2

From:  Commandant of the Marine Corps
To:    Distribution List

Subj:  CHANGE TWO TO THE MARINE CORPS SEPARATION AND RETIREMENT MANUAL
       (SHORT TITLE: MARCORSEPMAN)

Ref:   (a) Title 10, United States Code; chgs 2002-2007
       (b) SECNAVINST 1412.9B of 7 Feb 2006  (Continuation of LDO and CWO)
       (c) SECNAVINST 1820.2C of 25 Jan 2005 (Reserve Retirement)
       (d) SECNAVINST 1850.4E of 30 Apr 2002 (DoN Disability Evaluation)
       (e) SECNAVINST 1920.7B of 30 Jan 2006 (Active Duty Continuation)
       (f) SECNAVINST 1920.6C of 15 Dec 2005 (Admin Separation of Officers)

Encl:  (1) New page inserts to MCO P1900.16F

1.  Purpose.  To transmit new page inserts to the basic Order.

2.  Action.

    a.  Remove present cover page and pages 1-2 thru 1-13, 1-15, 1-17, 1-18,
1-19, 1-21 thru 1-40, 1-42 thru 1-60, 2-1 thru 2-7, 2-9, 2-14 thru 2-17, 3-5,
3-6, 3-7, 3-9, 3-12 thru 3-16, 3-19, 3-21, 3-23, 3-26, 3-27, 4-2, 4-3, 4-7,
4-12, 5-1, 5-4 thru 5-9, 5-10 thru 5-13, 5-15 thru 5-17, 5-19, 5-22, 6-4,
6-11, 6-13, 6-14, 6-16 thru 6-21, 6-23, 6-26, 6-31 thru 6-33, 6-35 thru  6-38,
6-41 thru 6-43, 6-53 thru 6-54a, 6-56a, 6-59 thru 6-63, 6-66, 6-76, 6-77,
6-80, 6-86, 6-88, 6-89, 6-92 thru 6-96b, 6-99, 6-101, 6-102, 6-104 thru
6-107, 7-5, 7-7, 7-9 thru 7-11, 7-14, 7-15, 7-18, 7-19, 8-7, 8-8, 8-10, 8-13,
8-18, 8-32 thru 8-68, A-1 thru A-10, B-1 thru B-6a, B-8, B-9, F-2 thru F-4,
G-5, I-1 thru I-4, J-4, and L-8 and replace with corresponding pages contained
in the enclosure.

    b.  Insert new pages 1-6a, 1-36a, 1-52a, 1-52b, 2-6a, 3-16a, 6-34a, and
N-1 contained in the enclosure.

    c.  Remove and discard present pages 1-10a, 1-18a, 1-26a, 8-67, 8-68 and
B-4a.

3.  Summary of Change.  This change should be reviewed in its entirety.
Important changes include the removal of the SPD codes and "For Official Use
Only" stamps from Appendix A and the removal of the "For Official Use Only"
stamps from Appendix I, thus making the Order available for unlimited
distribution and public release.  Index has been updated.

    a.  Extensive changes were made to remove series designations.  This is to
allow the user to infer that the most recent version of an order (MCO,
SECNAVINST, etc) is the required reference.

**DISTRIBUTION STATEMENT A:  Distribution for public release; distribution is
unlimited.**

MCO P1900.16F Ch 2

    b.  Incorporation of SECNAVINST 1811.3M and SECNAVINST 1900.7G within this Order satisfies the requirements set forth by SECNAV to incorporate these directives at the service level for consolidation and cancellation of those SECNAVINST's.

    c.  This change also incorporates one of the more significant changes made by the National Defense Authorization Act for Fiscal Year 2007 (Public Law 109-364) whereby the 75 percent cap used in the calculation of retired pay for members eligible for service retirements, was lifted.  There is no longer a cap on the percentage multiplier to be utilized in the computation of retired pay related to years of service.  Members retired by reason of disability are still capped at the 75 percent by law.

4.  <u>Change Notation</u>.  Paragraphs denoted by an asterisk (*) contain Change 2 mandates.

5.  <u>Filing Instructions</u>.  File this Change transmittal immediately following the front cover of the basic Order.

R. S. COLEMAN
Deputy Commandant for
Manpower and Reserve Affairs

DISTRIBUTION:  PCN 10202730002

    Copy to:  7000110 (55)

000598



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
2 NAVY ANNEX
WASHINGTON, DC 20380-1775

MCO P1900.16F
MMSR
30 May 01

From: Commandant of the Marine Corps
To:   Distribution List

Subj: MARINE CORPS SEPARATION AND RETIREMENT MANUAL (SHORT TITLE:
      MARCORSEPMAN)

Ref:  (a) Title 10, United States Code
      (b) SECNAVINST 1412.9A of 13 Sep 1985 (Continuation of LDO and CWO)
      (c) SECNAVINST 1811.3M of 15 Nov 1989 (Active Duty Retirement)
      (d) SECNAVINST 1820.2B of 1 Mar 1999 (Reserve Retirement)
      (e) SECNAVINST 1850.4D of 23 Dec 1998 (DoN Disability Evaluation)
      (f) SECNAVINST 1900.7G of 30 Jul 1991 (Separation Pay)
      (g) SECNAVINST 1910.4B of 29 May 1996 (Enlisted Admin Separations)
      (h) SECNAVINST 1920.7A of 12 Feb 1998 (Active Duty Continuation)
      (i) SECNAVINST 1920.6B of 13 Dec 1999 (Admin Separation of Officers)

Encl: (1) LOCATOR SHEET

1.  Purpose.  To update regulations and policies on separations and
retirements.

2.  Cancellation.  MCO P1900.16E.

3.  Background.  Separation and retirement processing continues to evolve
through changes in law, service policy, and the increased use of automated
data processing technology at the unit, HQMC, and the Defense Retiree and
Annuitant Pay System (DRAS).

4.  Summary of Key Revisions.  This revision contains a substantial number of
changes and should be completely reviewed.  A complete listing of changes is
contained in Appendix M.  Matters that pertain to more than one chapter are
consolidated in chapter 1 or in the applicable appendix.  The scope of
chapter 4 (Administrative Separation of Officers for Cause) remains limited
to Marine Corps policies with users directed to reference (i) for Department
of the Navy policies and procedures.  Chapter 6 (Enlisted Administrative
Separations) has been updated according to reference (g).  Chapter 8
(Separation and Retirement for Physical Disability) has substantially changed
based on reference (e).

    a.  Guidelines pertaining to characterization of service have been
updated in paragraph 1004.  All general discharges are characterized as
"general (under honorable conditions)" for conformity with Department of the
Navy guidelines.

    b.  Time and place of separation has been updated in paragraph 1006.
Marines stationed in Hawaii will now separate in Hawaii.  Marines that are
residents of the Commonwealth of Puerto Rico will now separate from their
command or a CONUS separation site if stationed overseas.

**DISTRIBUTION STATEMENT B:  Distribution is authorized to U.S. Government
agencies only.  Other requests for this document will be referred to the
Commandant of the Marine Corps (MMSR).**

MCO P1900.16F
30 May 01

c.  The computation of retired pay is based upon when a Marine first
entered military service and several other factors.  See paragraph 1405 for a
complete explanation.

d.  Enlisted Marines at service limits under the Enlisted Career Force
Controls (ECFC) Program may request consideration for promotion and transfer
to the FMCR in certain instances.  Review of the annual MARADMIN announcing
the latest ECFC policy and MCO P1400.32C (ENLPROMAN) is crucial for
processing these requests.

e.  Numerous changes have been made in the criteria for enlisted
administrative separation, to include: limitations on separation and
reduction in grade, personality disorder, homosexual conduct, sexual
harassment, weight control failure, drug abuse, and pregnancy.

f.  New guidance and acknowledgement of counseling and rehabilitation
(paragraph 6105) is established.

g.  Appendix K lists government benefits at separation based upon
characterization of service.

h.  Appendix L is an outline and checklist for enlisted involuntary
administrative separations with forms to be used at the discretion of the
commander, with SJA recommendation, that may assist in the processing of
these cases.

i.  Appendix M is a listing of all revisions to this Manual from the
previous edition.

j.  Appendix N is a sample of the Certificate of Appreciation to be
presented  to Marines who are separating with an honorable characterization
of service.

(Note:  Throughout this Manual, references to United States Code will be
represented as the number of the title of law, U.S.C. and the pertinent
section; e.g., 10 U.S.C. 6323.)

5.  Recommendation.  Changes to this Manual are invited and should be
submitted to the CMC (MMSR) via normal correspondence procedures or from the
U.S. Marine Corps' webpage, via the Separation and Retirement Branch web
site.

6.  Action.  Commanders will ensure that they and their designated
representatives comply with the contents of this Manual.  Separation
proceedings will be completed based upon the separation manual in effect on
the date the respondent was notified of processing.  This Manual is effective
1 September 2001 for all administrative separation proceedings initiated on
or after that date.

000600

MCO P1900.16F
30 May 01

7.  <u>Certification</u>.  Reviewed and approved this date.

T. P. MURRAY
By direction

DISTRIBUTION:  10202730000

     Copy to:  7000110 (55)
              8125001 (1)

000601

INTENTIONALLY LEFT BLANK

000602



**DEPARTMENT OF THE NAVY**
**HEADQUARTERS UNITED STATES MARINE CORPS**
**3000 MARINE CORPS PENTAGON**
**WASHINGTON, DC 20350-3000**

MCO P1900.16F Ch 1
MMSR
18 Jul 03

MARINE CORPS ORDER P1900.16F Ch 1

From: Commandant of the Marine Corps
To:   Distribution List

Subj: MARINE CORPS SEPARATION AND RETIREMENT MANUAL (SHORT TITLE: MARCORSEPMAN)

Encl: (1) New page inserts to MCO P1900.16F

1. <u>Purpose</u>.  To transmit new page inserts and direct pen changes to the basic Order.

2. <u>Action</u>.

    a.  Remove present pages 1-9, 1-10, 1-17, 1-18, 1-19, 1-20, 1-25, 1-26, 1-43, 1-44, 6-49 through 6-58, 6-75, 6-76, 6-81 through 6-84, 6-95, 6-96, 7-9, 7-10, B-1 through B-10, L-7, and L-8, and replace with corresponding pages contained in the enclosure.

    b.  Insert new pages 1-10a, 1-18a, 1-26a, 6-50a, 6-54a, 6-56a, 6-84a, 6-96a, 6-96b, 7-10a, B-4a, and B-6a contained in the enclosure.

    c.  Page 1-23, paragraph 1009.2, renumber subparagraph "f." to "e.".

    d.  Page 1-24, paragraph 1009.2, renumber subparagraph "g." to "f.".

    e.  Page 1-31, paragraph 1101.2b, delete the words "eight-year".

    f.  Page 1-55, paragraph 1405, replace <u>www.pay2000.dtic.mil</u> with <u>www.militarypay.dtic.mil</u>.

    g.  Page 6-16, paragraph 6203.2, retitle to read "Condition Not a Disability".

    h.  Page 6-16, paragraph 6203.2a, third and sixth sentences, insert the words "or mental" after "physical".

    i.  Page 6-31, paragraph 6209.4, replace "MCO 5300.1A" with "MCO P1700.24B".

    j.  Page 6-36, paragraph 6214.3, first sentence, replace "paragraph 6309.2b and c" with "paragraph 6309.2c".  Delete the second sentence in its entirety.

    k.  Page 6-37, paragraph 6215.1.b(2), replace "MCO 6100.3K" with "MCO P6100.12".

**DISTRIBUTION STATEMENT B:  Distribution authorized to U.S. Government agencies only.  Other requests for this document will be referred to Commandant of the Marine Corps (MMSR).**

000603

MCO P1900.16F Ch1
18 Jul 03

    l.  Page 6-37, paragraph 6215.1.b(4), replace "MCO 6100.3K" with "MCO P6100.12".

    m.  Page 6-38, paragraph 6215.3, replace MCO 6100.3K with "MCO P6100.12".

    n.  Page 6-38, paragraph 6215.6, replace MCO 6100.3K with "MCO P6100.12".

    o.  Page 6-77, Figure 6-2, paragraph 4d., delete in its entirety, and renumber paragraph "4e." to "4d.".

    p.  Page 6-78, Figure 6-2, renumber paragraph "4f." to "4e.".

    q.  Page 6-79, Figure 6-2, paragraph 3d., delete in its entirety, and renumber paragraph "3e." to "3d.".

    r.  Page INDEX-7, alphabetical section "P", change reference page for "Physical Disability" to 8003.18 vice 8204.

3.  <u>Change Notation</u>.  Paragraphs denoted by an asterisk (*) symbol contain changes not previously published.

4.  <u>Filing Instructions</u>.  File this Change transmittal immediately following the signature page 3 of the basic Order.

F. C. WILSON
By direction

DISTRIBUTION:  PCN 10202730001

    Copy to:  7000110 (55)
             8125001 (1)

000604

MCO P1900.16F
30 May 01

LOCATOR SHEET

Subj:  Marine Corps Separation and Retirement Manual (Short Title:
       MARCORSEPMAN)

Location: _____

          (Indicate location(s) of copy(ies) of this Manual.)

Enclosure (1)

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

RECORD OF CHANGES

Log completed change action as indicated.

| Change Number | Date of Change | Date Entered | Signature of Person Incorporated Change |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

000606

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CONTENTS

CHAPTER

1        GENERAL INSTRUCTIONS ON SEPARATIONS

2        RETIREMENT OF OFFICERS ON ACTIVE DUTY

3        SEPARATION AND RETIREMENT OF RESERVE OFFICERS NOT ON ACTIVE
         DUTY AND RETIREMENT OF ENLISTED RESERVISTS NOT ON ACTIVE DUTY

4        ADMINISTRATIVE SEPARATION OF OFFICERS FOR CAUSE

5        OFFICER RESIGNATIONS AND INVOLUNTARY DISCHARGES AS A RESULT OF A
         SECOND FAILURE OF SELECTION FOR PROMOTION WHILE ON THE ACTIVE DUTY
         LIST

6        ENLISTED ADMINISTRATIVE SEPARATIONS

7        RETIREMENT OF ENLISTED MARINES AND TRANSFER TO THE FLEET MARINE
         CORPS RESERVE (FMCR)

8        SEPARATION AND RETIREMENT FOR PHYSICAL DISABILITY

APPENDIX

A        SEPARATION PROGRAM DESIGNATORS (SPD)

B        DETAILED INSTRUCTIONS FOR DD FORMS 214, 214WS, AND 215

C        CHECKLIST FOR SEPARATIONS

D        INFORMATION CONCERNING THE REGULATIONS AND PROCEDURES OF THE BOARD
         FOR CORRECTION OF NAVAL RECORDS (BCNR) AND THE NAVAL DISCHARGE
         REVIEW BOARD (NDRB)

E        AUTOMATED PROCESSING OF SEPARATION AND RETIREMENTS UNDER THE MARINE
         CORPS TOTAL FORCE SYSTEM (MCTFS)

F        STATE DIRECTORS OF VETERANS AFFAIRS

G        JURISDICTION AND ADDRESSES OF VA REGIONAL OFFICES

H        RETIRED PAY DATA FORM (DD FORM 2656)

I        REENLISTMENT CODES

J        RETIREMENT PREAPPLICATION CHECKLIST

K        BENEFITS AT SEPARATION (BASED ON CHARACTERIZATION OF SERVICE)

Case 3:12-cv-00816-H-BGS   Document 24-1   Filed 04/12/12   Page 24 of 204

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

L        INVOLUNTARY ADMINISTRATIVE DISCHARGE OUTLINE, CHECKLIST, AND FORMS

M        SUMMARY OF REVISIONS

N        CERTIFICATE OF APPRECIATION (Marines with honorable service)


INDEX

000608

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 1

GENERAL INSTRUCTIONS ON SEPARATIONS

|  | PARAGRAPH | PAGE |
|---|---|---|
| GENERAL | 1001 | 1-3 |
| DEFINITIONS | 1002 | 1-3 |
| TYPES OF SEPARATIONS | 1003 | 1-9 |
| CHARACTERIZATION OF SERVICE | 1004 | 1-10 |
| DISCHARGE FOR EXPIRATION OF ENLISTMENT OR FULFILLMENT OF SERVICE OBLIGATION | 1005 | 1-15 |
| TIME AND PLACE OF SEPARATION | 1006 | 1-15 |
| EFFECTIVE TIME OF SEPARATION | 1007 | 1-20 |
| RETENTION BEYOND DATE DUE FOR SEPARATION | 1008 | 1-21 |
| TRAVEL UPON SEPARATION | 1009 | 1-23 |
| ACCRUED LEAVE | 1010 | 1-24 |
| MEDICAL QUALIFICATION FOR SEPARATION & PHYSICAL EXAMINATIONS | 1011 | 1-26 |
| RETIREMENT CEREMONY | 1012 | 1-29 |

SECTION 1:  ADMINISTRATIVE MATTERS RELATIVE TO SEPARATION

| ADMINISTRATIVE PROCEDURES AND REQUIREMENTS | 1101 | 1-30 |
|---|---|---|
| AUTOMATION | 1102 | 1-38 |
| NOTIFICATION TO IMMIGRATION AND NATURALIZATION SERVICE | 1103 | 1-39 |
| SEPARATION OF ALIENS | 1104 | 1-39 |
| DISCHARGE ADJUDGED BY SENTENCE OF COURT-MARTIAL | 1105 | 1-40 |

SECTION 2:  CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY (DD FORM 214); CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY WORKSHEET (DD FORM 214WS); AND CORRECTION TO DD FORM 214, CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY (DD FORM 215)

| GENERAL | 1201 | 1-42 |
|---|---|---|
| ISSUE, PREPARATION, AND DISTRIBUTION OF DD FORM 214 | 1202 | 1-42 |
| SAFEGUARDING SEPARATION INFORMATION | 1203 | 1-47 |

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

|  | PARAGRAPH | PAGE |
|---|---|---|
| SPONSORSHIP OF THE DD FORM 214 SERIES . . . . . . . . . . . | 1204 | 1-48 |
| RESPONSIBILITY FOR ASSIGNMENT OF SEPARATION PROGRAM DESIGNATOR (SPD) . . . . . . . . . . . . . . . . . . | 1205 | 1-48 |

SECTION 3:  ENTITLEMENT TO SEPARATION PAY

| *PURPOSE . . . . . . . . . . . . . . . . . . . . . . | 1301 | 1-49 |
| *CANCELLATION . . . . . . . . . . . . . . . . . . . | 1302 | 1-49 |
| *APPLICABILITY . . . . . . . . . . . . . . . . . . . | 1303 | 1-49 |
| *DEFINITIONS . . . . . . . . . . . . . . . . . . . . | 1304 | 1-49 |
| *POLICY . . . . . . . . . . . . . . . . . . . . . . | 1305 | 1-49 |
| *RATES OF SEPARATION PAY . . . . . . . . . . . . . . | 1306 | 1-49 |
| *MARINES ELIGIBLE FOR FULL SEPARATION PAY (NON-DISABILITY). . . | 1307 | 1-50 |
| *MARINES LIMITED TO HALF SEPARATION PAY (NON-DISABILITY). . . . | 1308 | 1-51 |
| *PERSONNEL NOT ELIGIBLE FOR SEPARATION PAY . . . . . . . . . | 1309 | 1-51 |
| *ADDITIONAL ELIGIBILITY REQUIREMENTS FOR RESERVE PERSONNEL . . | 1310 | 1-52 |
| *REPAYMENT OF SEPARATION PAY, SEVERANCE PAY OR READJUSTMENT . . | 1311 | 1-52 |

SECTION 4:  ENTITLEMENT TO RETIRED/RETAINER PAY

| GENERAL . . . . . . . . . . . . . . . . . . . . . . | 1401 | 1-53 |
| RETIRED/RETAINER PAY . . . . . . . . . . . . . . . . | 1402 | 1-53 |
| PAY ACCOUNTS . . . . . . . . . . . . . . . . . . . . | 1403 | 1-54 |
| CHANGE OF ADDRESS AND RESIDENCE OF RETIRED MARINES AND MEMBERS OF THE FMCR . . . . . . . . . . . . . . . . . | 1404 | 1-55 |
| CALCULATING RETIRED/RETAINER PAY . . . . . . . . . . . . | 1405 | 1-55 |

FIGURE

| 1-1  DISCHARGE LETTER IN LIEU OF DISCHARGE CERTIFICATE . . . . | | 1-58 |
| *1-2  SAMPLE ORDERS FOR LEAVE AWAITING SEPARATION . . . . . . | | 1-60 |

TABLE

| 1-1  CHARACTERIZATION OF SERVICE . . . . . . . . . . . . . . | | 1-59 |

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 1

GENERAL INSTRUCTIONS ON SEPARATIONS

1001.  GENERAL

1.  This Order/Manual provides procedures for separating Marines:

     a.  Upon fulfillment of service obligation/requirement by reason of expiration of active service (EAS), expiration of obligated service (EOS), resignation, and transfer to the Retired List, Fleet Marine Corps Reserve (FMCR), or Retired Reserve; or

     b.  Before completion of service obligation by reason of administrative separation, both voluntary and involuntary; disciplinary action, disability; failure of selection for promotion; and resignation for cause in the case of certain officers.

2.  This chapter provides definitions, information, rules of interpretation, and prescribes procedures and policies applicable throughout this Manual, and where applicable to more than one chapter, unless otherwise noted.

3.  For the purposes of this Manual, the term "separation" will include retirement and transfer to the FMCR and the term "retirement" will include transfer to the FMCR, except when otherwise specified.

1002.  DEFINITIONS

1.  Active Commissioned Service.  Service on active duty as a commissioned officer in a grade above warrant officer.

2.  Active Duty.  Full-time duty in the active military service of the United States to include full-time training duty, annual training, and active duty for training.

3.  Active Duty for Training.  Active duty for Reserve training with automatic reversion to inactive duty upon completion.

*4.  Active Duty List.  Lists required to be maintained by the Secretary of the Navy of active duty officers per 10 U.S.C. other than those excepted by section 641.  Section 574 discusses warrant officers and section 620 all other officers.  Additional information on active duty lists is contained in MCO P1400.31 series, Officers Promotion Manual.

5.  Active Service.  Service performed on active duty.  One of the prime factors upon which initial retirement eligibility is based.

6.  Active Status.  The status of a Reservist who is a member of the Ready Reserve or the Active Status List of the Standby Reserve, including Reserve officers on the active-duty list.

7.  Administrative Separation.  Discharge or release from active duty upon or before expiration of enlistment, period of induction, or other required period of service, in the manner prescribed in this Manual, by law, by the Secretary of Defense or the Secretary of the Navy, but specifically excluding punitive separation by the sentence of a general or special court-martial.

1002          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

8.  Bisexual.  A person who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual and heterosexual acts.

9.  Broken Service.  Active duty or active duty for training in any branch of military service of the United States broken by any period greater than 24 hours and after completing a minimum of 12 consecutive weeks of active duty or active duty for training, unless such service results in continuous service as defined below.

10.  Characterization of Service.  Classification of the quality of service rendered.

11.  Commander/Commanding Officer.  A commissioned officer or warrant officer who, by virtue of rank and assignment, exercises primary command authority over a military organization or prescribed territorial area that, under pertinent official directives, is recognized as a "command."

12.  Commissioned Officer.  An officer in any of the military services who holds a grade and office under a commission signed by the President, and who is appointed as a Regular or Reserve officer.  For the purposes of this Manual the term commissioned officer is used to differentiate unrestricted and restricted officers from warrant officers, since the laws and policies governing the separation and retirement of these officers may be different.

13.  Commissioned Service.  All periods of service as a commissioned officer or commissioned warrant officer, (CWO-2 and above), in the Army, Navy, Air Force, Marine Corps, or Coast Guard while on active duty or in an inactive status.

*13a.  Continental United States (CONUS).  United States territory, including the adjacent territorial waters, located within North America between Canada and Mexico.

14.  Continuous Service

    a.  For Officers.  Military service unbroken by any period greater than 24 hours.

    b.  For Enlisted Personnel

        (1) Service in the Regular Navy or Naval Reserve or the Regular Marine Corps or Marine Corps Reserve which is continued by reenlistment "within 3 months" following discharge or release from active duty.  A member who is reenlisted on the same day of the month, 3 calendar months from the date of discharge or release from active duty, is reenlisted "within 3 months."

        (2) Reenlistment "within 6 months" following discharge or release from active duty provided the member is classified RE-1, recommended for preferred reenlistment, and holds an MOS listed as a "reenlistable" MOS.  A member who reenlisted on the same day of the month, 6 calendar months from the date of discharge or release from active duty, is reenlisted "within 6 months."

15.  Convening Authority.  (1) The separation authority or (2) a commanding officer empowered to convene a special court martial, who has been authorized by the Secretary of the Navy to process a case for final action and who otherwise has the qualifications to act as a separation authority.

Case 3:12-cv-00816-H-BGS Document 22-3 Filed 04/12/12 Page 29 of 204

MARINE CORPS SEPARATION AND RETIREMENT MANUAL       1002

16.  Counsel.  A lawyer qualified and certified under Article 27(b), Uniform Code of Military Justice (UCMJ), assigned to represent a service member durng separation precessing, or a civilian lawyer retained at the member's expense.

17.  Discharge.  Complete severance from all military status gained by appointment, enlistment, or induction.

*17a.  Domestic Abuse.  Domestic abuse is (1) domestic violence or (2) a pattern of behavior resulting in emotional/psychological abuse, economic control, and/or interference with personal liberty when such violence or abuse is directed toward a person of the opposite sex who is: (a) A current or former spouse; (b) A person with whom the abuser shares a child in common; or (c) A current or former intimate partner with whom the abuser shares or has shared a common domicile.  Refer to MCO P1700.24 series.

18.  Dismissal.  Separation of a commissioned officer, effected by sentence of a general court-martial, or in commutation of such a sentence, or, in time of war, by order of the President, or separation of a warrant officer (WO-1) who is dismissed by order of the President in time of war.  A complete severance from all military status.

19.  Drop From the Rolls.  A complete severance of military status pursuant to a specific statutory authority, without characterization of service.

20.  Effective Date of Retirement.  All retirements, except those by reason of physical disability and Reservists who are retiring with pay at age 60, are effective on the 1st day of the month.  In the case of mandatory retirements, retirements will be effected on the 1st day of the month following the month in which the officer meets the statutory limit.

21.  Entry-Level Status.  Upon enlistment, a member qualifies for entry-level status during: (1) the first 180 days of continuous active military service; or, (2) the first 180 days of continuous active service after a service break following more than 92 days of active service.  A member of a Reserve component who was not on active duty or is serving under a call or order to active duty for 180 days or less begins entry-level status upon enlistment in a Reserve component.  Entry level status for such a member of a Reserve component terminates as follows: (1) 180 days after beginning training if the member is ordered to active duty for training for one continuous period of 180 days or more; or, (2) 90 days after the beginning of the second period of active duty training, if the member is ordered to active duty for training under a program that splits the training into two or more separate periods of active duty.  For the purposes of characterization of service or description of separation, the member's status is determined by the date of notification as to the initiation of separation proceedings.  The period of entry level status is not interrupted by unauthorized absence or desertion.

22.  Expiration of Active Service (EAS).  The day active service terminates, including voluntary extensions of enlistment, convenience of the Government legal (CofGL), or convenience of the Government medical (CofGM), for Marines voluntarily retained on active duty.

23.  Expiration of Current Contract (ECC).  The date the current contract expires, excluding voluntary extensions of enlistment thereof that have not become effective.

1002        MARINE CORPS SEPARATION AND RETIREMENT MANUAL

24.  Expiration of Obligated Service (EOS).  The termination of the obligation
under the terms of the Military Selective Service Act (MSS Act).

*24a.  Foreign Service.  Service performed outside the continental United
States not part of a deployment (sea service).  (See "Overseas" and "OCONUS")

25.  Homosexual.  A person, regardless of sex, who engages in, attempts to
engage in, has a propensity to engage in, or intends to engage in homosexual
acts.

26.  Homosexual Acts

    a.  Any bodily contact, actively undertaken or passively permitted,
between members of the same sex for the purpose of satisfying sexual desires;
and,
    b.  Any bodily contact that a reasonable person would understand to
demonstrate a propensity or intent to engage in an act described in the
preceding paragraph.

27.  Homosexual Conduct.  A homosexual act or a statement by the service
member that demonstrates a propensity or intent to engage in homosexual acts,
or a homosexual marriage or attempted homosexual marriage.

28.  Homosexual Marriage or Attempted Marriage.  When a member has married or
attempted to marry a person known to be of the same biological sex.

29.  Illegal Drug Involvement.  Wrongful or improper use, possession,
manufacture, sale, transfer or distribution of any psychoactive substance to
include:  amphetamine or similarly acting sympathomimetics; cannabis; cocaine;
hallucinogens; inhalants; opiates; phencyclidine (PCP) or similarly acting
arylcyclohexylamines; and sedatives, steroids, hypnotics, anxiolytics, or
other controlled substances or drug paraphernalia.  The term "Controlled
Substances" means a drug or other substance included in Schedules I, II, III,
IV, or V of the Comprehensive Drug Abuse Prevention and Control Act of 1970
(84 Stat. 1236) as updated and published under the provisions of that Act.

30.  Inactive Service.  Duty authorized for Reserve officers by appropriate
authority and performed on a voluntary basis in connection with prescribed
training or maintenance activities of assigned units.

31.  Legal Advisor.  A lawyer, uniformed or civilian, under the professional
supervision of either the Judge Advocate General or General Counsel of the
Navy, certified under, or otherwise meeting the professional requirements of
Article 27(b), UCMJ.

32.  Mandatory/Involuntary Retirement.  Retirement required by law or as a
result of actions by a selective early retirement board.

33.  Mandatory Separation Processing.  A general term used to ensure the
commander initiates the involuntary separation process, to the separation
authority.  This term does not mean that a board hearing is mandatory or that
the separation of the respondent is mandatory.

34.  Marine.  An officer or enlisted member of the Regular or Reserve
establishment of the Marine Corps.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                    1002

35.  <u>Member (also Service member)</u>.  A member of the Regular or Reserve
components of the Marine Corps.

36.  <u>Military Record</u>.  An individual's overall performance while a member of
the military service, including personal conduct and performance of duty.

37.  <u>Nonprobationary Officers</u>.  A commissioned officer other than a
probationary commissioned officer.

38.  <u>Obligated Service</u>.  All service prescribed in the officer program through
which an officer was accessed and incurred by the officer in consideration of
being tendered an initial appointment, or any additional obligation incurred.

39.  <u>Officer</u>.  A member of the naval service serving in a commissioned or
warrant officer grade, either temporary or permanent.  The term "officer" does
not include any midshipman at the Naval Academy; midshipman, U.S. Navy;
midshipman, U.S. Naval Reserve; aviation cadet; or other person in an officer
candidate status similar to any one or more of the foregoing.

Case 3:12-cv-00816-H-BGS Document 22-1 Filed 04/12/12 Page 21 of 204

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                    1002

*39a.  Outside the Continental United States (OCONUS).  Any area of the world other than the CONUS to include Alaska and Hawaii.

*39b.  Overseas.  All locations, including Alaska and Hawaii, outside the continental United States.

40.  Prior Enlistment or Period of Service

     a.  Service in the Regular or Reserve component of the Armed Forces, including the Coast Guard, under a DD Form 4 (enlistment contract) or an extension of an enlistment contract and which was terminated by issuance of a DD Form 214, discharge certificate, certificate of service, or report attesting to the type and character of service rendered during that period.

     b.  In determining characterization for separation from the reserve component, "Prior Enlistment of Period of Service" does not include service, pursuant to orders or an agreement by a member of the reserve component on active duty for training or active duty for special work, even if the end of that service is memorialized by a DD Form 214 indicating release from active duty.

41.  Probationary Commissioned Officer

     a.  A commissioned officer on the Active Duty List with less than 5 years of active commissioned service; or,

     b.  A Reserve commissioned officer with less than 5 years of commissioned service.  However, a Reserve commissioned officer serving in an active status before 1 October 1996 who was in a probationary status before that date, is a probationary commissioned officer for a period of 3 years from the date of his or her appointment as a Reserve commissioned officer.

42.  Propensity.  Propensity to engage in homosexual acts means more than an abstract preference or desire to engage in homosexual acts; it indicates a likelihood that a person engages in or will engage in homosexual acts.

43.  Qualified Resignation.  A resignation for which the least favorable characterization of service allowed is general (under honorable conditions).

44.  Release from Active Duty.  Termination of active duty status and transfer or reversion to a Reserve component not on active duty, including transfer to the Individual Ready Reserve (IRR).

45.  Resignation.  The request, by an officer, to be divested of his or her commission or warrant.  Such requests may be classified as "Unqualified," "Qualified," or "For the Good of the Service" as defined in this chapter. Upon acceptance by the Secretary and completion of all administrative procedures, it represents a complete severance from all military status.

46.  Resignation for the Good of the Service.  A resignation for which the least favorable characterization of service allowed is under other than honorable conditions.

47.  Respondent.  A Marine who is the subject of separation proceedings.

1002            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

48.  Retention on Active Duty.  The continuation of an individual in an active
duty status in the Regular Marine Corps or Marine Corps Reserve.

49.  Revocation of Appointment/Revocation of Commission/Termination of
Appointment.  A complete termination of the military service status of an
officer.

50.  Separation.  A general term which includes dismissal, dropping from the
rolls, revocation of an appointment or commission, termination of an
appointment, release from active duty, release from custody and control of the
Marine Corps, or transfer from active duty to the:  IRR, Fleet Marine Corps
Reserve, Retired List, Temporary or Permanent Disability Retired List, or
Retired Reserve and similar changes in an active or reserve status.

51.  Separation Authority.  The Secretary of the Navy or an official
authorized by the Secretary of the Navy to take final action with respect to a
specified type of separation.

52.  Separation Processing.  Processing is initiated on the date a command
receives a written request for separation from a member, or on the date a
command delivers a member notice of separation proceedings per section 3 of
chapter 6.  Processing is not completed until the appropriate separation
authority takes final action.

53.  Sexual Harassment.  A form of sex discrimination that involves unwelcome
sexual advances, requests for sexual favors, and other verbal or physical
conduct of a sexual nature when:

    a.  Submission to or rejection of such conduct is made, either explicitly
or implicitly, concerning any terms or conditions of a person's job, pay, or
career; or,

    b.  Submission to or rejection of such conduct by a person is used as a
basis for career or employment decisions affecting that person; or,

    c.  Such conduct has the purpose or effect of unreasonably interfering
with an individual's work performance or creates an intimidating, hostile, or
offensive environment.

Any person in a supervisory or command position who uses or condones implicit
or explicit sexual behavior to control, influence, or affect the career, pay,
or job of a military member or civilian employee is engaging in sexual
harassment.  Similarly, any military member or civilian employee who makes
deliberate or repeated unwelcome verbal comments, gestures, or physical
contact of a sexual nature is also engaging in sexual harassment.

54.  Sexual Orientation.  An abstract sexual preference for persons of a
particular sex, as distinct from a propensity or intent to engage in sexual
acts.

55.  Sexual Perversion.  Includes:

    a.  Lewd and lascivious acts.

    b.  Sodomy.

    c.  Indecent exposure.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                    1003

    d.  Indecent act(s) with, or assault on, a person below the age of 16.

    e.  Transvestism or other abnormal sexual behavior.

    f.  Other indecent act(s) or offense(s).

56.  <u>Statement That a Member is a Homosexual or Bisexual</u>, or words to that effect.  Language or behavior that a reasonable person would believe was intended to convey the statement that a person engages in, attempts to engage in, or has a propensity or intent to engage in homosexual acts.

57.  <u>The Secretary</u>.  The Secretary of the Navy; includes the Under Secretary of the Navy or an Assistant Secretary of the Navy.

58.  <u>Unqualified Resignation</u>.  A resignation for which the only characterization of service allowed is honorable.

59.  <u>Voluntary Retirement</u>.  Retirement effected as a result of a request from a Marine.

1003.  <u>TYPES OF SEPARATION</u>.  The most common types of separations are listed below.  The first six are administrative separations and may be awarded per this Manual.  The last two are punitive and may only be awarded as a result of an approved sentence of the appropriate level court-martial.  In certain cases, service upon separation may be uncharacterized.

| Types of Separation | Character of Separation | Given by |
| --- | --- | --- |
| Release from active duty | Honorable, General (under honorable conditions), Uncharacterized | Administrative action |
| Honorable discharge | Honorable | Administrative action |
| General discharge | General (under honorable conditions) | Administrative action |
| Discharge under other than honorable conditions | Under other than honorable conditions | Administrative action |
| Entry level separation | Uncharacterized | Administrative action (entry level status) |
| Order of release from custody or control of the Marine Corps | Uncharacterized | Administrative action |
| Bad conduct discharge | Bad conduct | General or special court-martial |
| Dishonorable discharge | Dishonorable | General court-martial |



1004.  CHARACTERIZATION OF SERVICE

1.  Importance of Proper Characterization

    a.  Characterization is recognition of the quality of a Marine's performance and conduct.  Determining the proper characterization should not be underestimated.  Characterization serves as a goal for each Marine and as a meaningful endorsement to potential employers.

    b.  Most Marines serve honorably.  In fairness to those Marines, commanders and separation authorities should ensure that undeserving Marines receive no higher characterization than is due.

2.  Types of Characterization or Description.  Characterization of service or description of separation based upon administrative action is authorized as follows:

    a.  Honorable.  This is the highest quality of characterization.

        *(1) Honorable upon EAS separation.  Honorable characterization is appropriate when the quality of the Marine's service has met the standards of accepted conduct and performance of duty for military personnel.  Therefore, characterization will be honorable for Marines with average proficiency marks of 3.0 or higher and average conduct marks of 4.0 or higher.  Separation upon EAS does not specifically indicate the expiration of contractual obligated service (EOS).

        *(2) Honorable upon involuntary separation under chapter 6 or separation in lieu of trial by court-martial.  If a Marine is being separated as a result of adverse conduct, unsatisfactory performace, or is requesting separation in lieu of court-martial, an honorable characterization is appropriate only if the Marine's service is otherwise so meritorious that any other characterization would clearly be inappropriate.

    *b.  General (Under Honorable Conditions).  This is the second highest quality of characterization and is appropriate if the member's service has been honest and faithful but significant negative aspects of the member's conduct or performance outweigh positive aspects of the member's military record.  See also paragraph 1004.3 and the specific basis in chapter 6.

        *(1) General upon EAS separation.  Characterization should be general for Marines with average proficiency marks below 3.0 and average conduct marks below 4.0.  The separation authority may determine a fully honorable characterization of service is warranted, however, this discretion should only be used if the Marine's service is otherwise so meritorious that any other characterization would clearly be inappropriate.  "EAS separation" does not specifically indicate the contractual EAS.

        *(2) General upon involuntary separation under chapter 6 or separation in lieu of trial by court-martial.  If a Marine is requesting separation in lieu of court-martial, a general characterization is appropriate only if the Marine's service is otherwise so meritorious that any other characterization would clearly be inappropriate.

    c.  Under Other Than Honorable Conditions (OTH).  This is the least favorable characterization.

        (1) OTH upon EAS separation.  Not authorized.

(2) OTH upon involuntary separation under chapter 6 or separation in lieu of trial by court-martial.  OTH is appropriate when the basis for separation is commission or omission of an act that constitutes a significant departure from the conduct expected of a Marine.  Examples of factors that may be considered include, but are not limited to, the use of force or violence to produce serious bodily injury or death; abuse of special positions of trust; disregard of customary senior-subordinate relationships; acts or omissions endangering the security of the Marine Corps; deliberate acts or omissions seriously endangering the health and safety of others; and drug abuse.  OTH characterization is authorized only if (1) the member has been afforded the opportunity to request an administrative board, or (2) the member requests separation in lieu of trial by court-martial under paragraph 4104 or 6419.

(3) When an enlisted Marine serving in pay grade E-4 or above is administratively separated with an other than honorable characterization of service, the Marine shall be administratively reduced to pay grade E-3, with such reduction to become effective upon separation.

d.  Uncharacterized.  See paragraph 1004.5.

3.  Guidelines for Determining Characterization for Involuntary Separations Under chapter 6.  A board or separation authority may consider the following factors and any other relevant factors in determining characterization:

*a.  Standards of performance and conduct as determined by MCO P1610.7 series, Performance Evaluation System, MCO P1070.12 series, Individual Records Administration Manual (IRAM), and customs of the service form the primary basis for determining characterization of service.  Minimum acceptable average proficiency and conduct markings during an enlistment are 3.0 and 4.0 respectively.  Failure of a Marine to achieve either of these standards is evidence of significant negative aspects, outweighing all but the most meritorious military records.  Marines who do not achieve these standards should not receive an honorable discharge.

b.  The reason for separation.

c.  The type of behavior which is the basis for separation.  Generally, characterization will be based on a pattern of behavior rather than an isolated incident, although a single instance of misconduct or poor performance may be the basis for characterization.

d.  The limitations on characterization in paragraph 1004.4 and sections 2 and 4 of chapter 6.

e.  The member's age, length of service, grade, aptitude, and physical and mental condition.

f.  Conduct in the civilian community, whether or not such conduct is subject to the UCMJ, which brings discredit to the service or prejudices good order and discipline.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                1004

4.  Limitations on Characterization

    a.  Prior enlistment or period of service

        (1) Characterization.  Characterization of the current enlistment or
period of service is determined by conduct, actions, or performance during
that enlistment or service plus any extensions prescribed by law or
regulations or effected with the consent of the member.  Thus, positive or
negative conduct, acts, or performance during a period of prior military
service--including court-martial, nonjudicial punishment, absence without
leave, misconduct for which a reenlistment waiver was granted, or commission
of other offenses for which punishment was not imposed or adjudged--cannot be
considered in determining the characterization to be recommended for the
current enlistment.  (Note: 6105 counseling entries from previous enlistments
carry over and remain valid in current enlistment.)  The issuance of a DD Form
214 to a member of the Selected Marine Corps Reserve (SMCR) or Individual
Ready Reserve (IRR) after any period of active duty in determining ·
characterization of separation from the reserve component.

        (2) Retention.  Prior conduct, acts, or performance can be considered
in determining whether the board or separation authority will recommend or
decide retention or separation.  If such matter is considered on the issue of
retention or separation, the record shall include a statement that the
separation authority did not consider such matter on the issue of
characterization.

    b.  Pre-service activities.  Pre-service activities, including misconduct
for which an enlistment waiver was granted, may not be considered in
determining characterization except in a proceeding concerning fraudulent
entry into the Marine Corps.  Evidence of pre-service misrepresentations about
matters that would have precluded, postponed, or otherwise affected the
member's eligibility for enlistment or induction may be considered.

    *c.  Serious offense.  When separation is based solely upon a serious
offense or serious offenses (including a violation of Article 112a, UCMJ)
which resulted in a conviction by a special or general court-martial that did
not adjudge a punitive discharge, and the general court martial convening
authority (GCMCA) recommends a characterization of service as under other than
honorable conditions under the guidance in sections 1 and 2 of chapter 6,
separation and characterization must be approved by the Deputy Commandant
(M&RA) on a case-by-case basis.  However, referral to the Deputy Commandant
(M&RA) is not required if the special or general court-martial was not
authorized to adjudge a punitive discharge.  For the purpose of this
paragraph, summary courts-martial, nonjudicial punishments, and other
misconduct considered at a special or general court-martial do not, thereby,
become part of the serious offense(s) resulting in conviction.  Referral to
the Deputy Commandant (M&RA) is not required when the Marine is notified of
processing based upon misconduct in addition to the serious offense(s) of
which convicted at special or general court-martial, when the additional
misconduct would form the basis, in whole or in part, for an other than
honorable characterization of service.

d. <u>Conduct by Reservists</u>.  Conduct in the civilian community by a member of the inactive reserves (including the IRR) who, at the time of the conduct, is not on active duty, or active duty for training, may form the basis for characterization under other than honorable conditions only if such conduct directly affects the performance of military duties (service related).  Such conduct may form the basis of characterization as general (under honorable conditions) only if such conduct adversely affects the overall effectiveness of the Marine Corps including military morale and efficiency.

*e. <u>Drug Abuse</u>.  Confirmed illegal drug use requires mandatory administrative separation processing.  If processing is based solely upon evidence that may <u>not</u> be considered in determining characterization of service, the separation authority may direct retention, or approve an honorable or general (under honorable conditions) characterization of service as warranted by the respondent's service record.  In all other administrative separation proceedings based on drug abuse, the GCMCA may act as the separation authority and take final action in accordance with paragraph 6309 (except in cases that must be forwarded to the Secretary of the Navy or the CMC under subparagraph 1004.4c or paragraph 6307).  See SECNAVINST 5300.28 series for a detailed discussion.

(1) <u>Using urinalysis results</u>.  Evidence obtained from an involuntary urinalysis taken under Military Rules of Evidence 312-316 (bodily or medical examinations or intrusions, inspections, search, or seizure) may be used in determining characterization and can support OTH characterization.  Urinalysis results obtained during fitness for duty examinations, if not based on probable cause or valid medical purpose, cannot be used as the basis for unfavorable characterization except when used for impeachment or rebuttal in any proceeding in which evidence of drug abuse has been first introduced by the Marine.

(2) <u>Rehabilitation</u>.  A Marine's voluntary submission to a DoD treatment and rehabilitation program, and evidence voluntarily disclosed by the Marine as part of the course of treatment in such a program, may not be used against the Marine on the issue of characterization of service.  In such cases, the separation authority may only direct or approve an honorable or general (under honorable conditions) characterization of service as warranted by the respondent's service record if the separation authority does not direct retention.  This limitation does not apply to:

(a) Introducing evidence for impeachment or rebuttal in any proceeding in which evidence of drug abuse has been first introduced by the Marine; or

(b) The taking of action based on independently derived evidence, including evidence of continued drug abuse after initial entry into a treatment and rehabilitation program; information disclosed by the Marine to persons other than military substance abuse program personnel; or information disclosed in connection with investigation or disciplinary proceedings.

   *f.  Domestic Abuse Repeat Offenders.  Commanders shall initiate
administrative separation proceedings for Marines determined to have committed
a "Substantiated" second domestic abuse offense as defined and required by MCO
P1700.24 series.  When initiating an administrative separation as a result of
domestic abuse involvement, the commander must include domestic abuse as part
of the reason for separation so the spouse and family may initiate the
application process for financial compensation and retention of ID card
benefits and privileges through the Transitional Compensation for Abused
Family Members program.

   *g.  The separation authority for all Marines with 18 or more years of
active/active constructive service is the CMC.  The characterization of
service for these Marines is normally honorable.  However, characterization of
service for Marines in this category, who are separated as a result of
misconduct, may be less than honorable.  In cases which warrant such a
characterization, the command must forward a recommendation to the CMC (MMSR-
3), with supporting documentation and endorsements for a determination.

5.  Uncharacterized Separations

   a.  Uncharacterized.  An uncharacterized description shall be used as
follows:  (Note:  With respect to nonservice related administrative matters,
i.e., Department of Veteran Affairs (DVA) benefits, civilian employment, etc.,
an uncharacterized separation shall be considered as the equivalent of an
honorable or general, [under honorable conditions] characterization.)

      (1) When a separation is initiated while a member is in an entry level
status (see paragraph 1002.21), except in the following circumstances:

         (a) When separation for misconduct, fraudulent enlistment, or
homosexual conduct is authorized and when characterization under other than
honorable conditions is warranted by the circumstances of the case;

         (b) When separation in lieu of court-martial is authorized and
when characterization under other than honorable conditions is warranted by
the circumstances of the case; or,

         (c) When characterization of service as honorable is clearly
warranted by the presence of unusual circumstances involving personal conduct
and performance of military duty and is approved on a case-by-case basis by
the Secretary of the Navy.  Honorable characterization will be considered when
the member is separated by reason of selected changes in service obligation,

1004          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Convenience of the Government (CoG), disability, or Secretarial plenary authority.

     (2) When a Marine with broken service is separated while in indoctrination training for failure to satisfactorily complete such training; or

     (3) When a Marine is separated while in the Delayed Entry Program because of ineligibility for enlistment.  Separation is effected per paragraph 6204 of this Manual.

  b.  <u>Void Enlistments or Induction</u>.  A member whose enlistment or induction is void shall not receive a discharge certificate.  Characterization of service shall be uncharacterized.  The separation shall be described as an order of release from custody or control of the service concerned.  When a constructive enlistment arises, characterization is required.

     (1) An enlistment is void in the following circumstances:

     (a) If it was effected without the voluntary consent of a person who has the capacity to understand the significance of enlisting in the Marine Corps, including enlistment of a person who is intoxicated or insane at the time of enlistment;

     (b) If the person is under 17 years of age;

     (c) If the person is a deserter from another military service; or

     (d) If the person tests positive for drugs or alcohol during the entrant drug and alcohol test, follow the procedures in paragraph 6211.

     (2) Although an enlistment may be void at its inception, a constructive enlistment arises in the case of a person serving with the Marine Corps who:

     (a) Submitted voluntarily to military authority;

     (b) Met mental competency and minimum age qualifications at the time of voluntary submission to military authority;

     (c) Received military pay or allowances; and

     (d) Performed military duties.

     (3) If an enlistment is void at its inception and is followed by a constructive enlistment within the same term of service, characterization of service, or description of separation, shall be per paragraphs 1003 and 1004. If the enlistment was void by reason of desertion from another service, the member shall be separated by an order of release from the custody and control of the Marine Corps, regardless of any subsequent constructive enlistment, unless the Secretary of the Navy determines that retention is appropriate.

     (4) The occurrence of such a constructive enlistment does not preclude the CMC, in an appropriate case, from either retaining or separating the Marine on any basis for separation provided in this Manual.

1005.  DISCHARGE FOR EXPIRATION OF ENLISTMENT OR FULFILLMENT OF SERVICE OBLIGATION

1.  Commanders are authorized to discharge enlisted Marines upon expiration of enlistment, extension of enlistment, or period of induction.  The expiration of enlistment for any of the above is the date of the month immediately preceding the appropriate anniversary of the date of enlistment as adjusted for any time lost.  Refer to subparagraph 1007.7c for additional guidance regarding the date of separation should this date fall on a Saturday, Sunday, or holiday.

*2.  Marines who elect to reenlist within 90 days before their expiration of active service are afforded the same benefits as though they were discharged at their EAS except as stated in MCO 7220.24 series, Selective Reenlistment Bonus (SRB) Program.  The reason for discharge will be expiration of enlistment.

3.  Except for reenlistment or when discharge is otherwise directed by competent authority, enlisted Marines who have not completed the military service obligation prescribed in 10 U.S.C. 651, will not be discharged upon expiration of enlistment.  They will be released from active duty and transferred to the IRR.  Marines separated before their expiration of enlistment will be transferred to the IRR subject to the guidance in paragraphs 6311.3 and 6401.5.

4.  When a Reservist is released from extended active duty vice initial active duty for training and transferred to the Reserve component vice discharged (e.g., recruiter's aide assigned to temporary active duty), use MBK4 as the separation program designator (SPD) code.  See appendix A.


1006.  TIME AND PLACE OF SEPARATION

1.  Commanding officers will separate Marines under their command when due or directed except:

    a.  When the unit is located outside the limits of the United States or in Alaska.  (Marines stationed in Hawaii will be separated in Hawaii);

    b.  When the CMC (MMSR) directs transfer for separation elsewhere based upon humanitarian or hardship circumstances; or

    c.  When the Marine is in an unauthorized absence (UA) status on the effective date of separation, unless the Marine meets the criteria of paragraph 6312.

2.  There may be occasions in which assignments and deployment schedules cause a unit to have an excess number of first term Marines, resulting in lack of billeting spaces and equipment that negatively impact the quality of life and morale of the command.  In these instances, commanding generals, endorsed by the appropriate commander, Marine Forces, may request that Headquarters Marine Corps (HQMC) authorize the separation of selected first term Marines within 90 days of their EAS.  Such requests should be forwarded to the Director, Personnel Management Division (MM/MMEA) with an information copy to the Director, Manpower Plans and Policy Division (MP/MPE) and include the grade, name, SSN/MOS, and EAS of the affected Marines.  If approved, these Marines should be separated from their unit location unless prior coordination and approval is received from a regional separations site.

3.  In no case will Marines be separated more than 90 days before their EAS without approval by HQMC (MMSR-3).  Requests for separation more than 90 days before EAS require Secretary of the Navy approval under paragraph 6421.

4.  Marines will be separated in the United States unless other provisions in this Manual allow separation outside the United States.  Commanding officers of units overseas must transfer Marines pending separation to the nearest Marine Corps activity in the continental United States (CONUS) which has government messing, quarters, medical, and Marine Corps disbursing facilities.  Commanders will ensure Marines arrive at the separation location as close to, but not less than 10 days before the effective date of separation; coordinate with MMEA and MMOA as required.  Marines returning from permanent overseas duty stations who are within 90 days of completing their active service obligations may request separation upon return.  Upon the Marine completing the administrative requirements of this paragraph, voluntary separation may be effected pursuant to paragraphs 6401 and 6420.

   a.  Criteria for Early Separation Upon Return to the United States

      (1) The Marine's enlistment (including any extension thereof) or period of extended active duty will expire 90 days or less after the date of arrival in the United States.  The intent of this paragraph is to discharge Marines no earlier than 90 days from their established EAS.  If no leave has accrued the EAS would be adjusted to the date of separation by up to 90 days.  If the Marine had accrued leave and/or PTAD, EAS would be adjusted from the date of departure from the separation site to give the Marine credit/pay for those accrued days;

      (2) Marine consents in writing as outlined in subparagraph 1006.4e;

      (3) Marine is not indebted to the Government;

      (4) Marine does not intend to reenlist;

      (5) Marines transferring to the Retired List/FMCR are not eligible for early separation under the provisions of this paragraph; and

      (6) The provisions of this paragraph will not be used in conjunction with other special early release programs.

   b.  Military Service Obligation (MSO).  Separation should be consistent with the MSO of the Marine.  Enlisted Marines whose total obligated service will expire within a 60-day period may be discharged rather than released to inactive duty and their obligation shall be considered fulfilled.  Marines desiring to immediately reenlist will not be separated under this authority.

   c.  Expiration of Current Contract (ECC) Date.  Commanders must report via unit diary a change of ECC date to coincide with the discharge date.

   d.  Early Separation Overseas.  A Marine who is entitled to and elects early separation overseas may do so provided the Marine meets the criteria of paragraph 1006.4a, 1006.8 and the following:

      (1) The Marine consents to such separation in writing as outlined in paragraph 1006.4e; and

(2) It is more economical to the Government.  Commanders will advise the CMC (MMEA/MMOA) by message at least 10 days before separation so that appropriate orders may be issued.

e.  <u>Member's Consent</u>.  The following statement of consent will be entered on the administrative remarks page (page 11) of the service record and signed by the Marine concerned:

"I hereby consent to be (discharged) or (released) on (date) in lieu of my normal or established date of discharge or release on (date).  My enlistment (including any extension thereof) or period of extended active duty will expire 90 days or less after the date of my arrival in the United States. I am not indebted to the U.S. Government.  I do not intend to reenlist.  I am not transferring to the Retired list/Fleet Marine Corps Reserve.  I understand that entitlement to pay and allowances and credit for active Federal service ceases on the actual date of my separation from active service."

(1) If the Marine does not consent to early separation, the Marine will be discharged or released, as appropriate, upon the expiration of obligated active service (EAS).

(2) Refer to paragraph 1007.6 for information concerning the effective date of separation of a Reservist assigned to active duty.

f.  <u>Recoupment of Reenlistment Bonus</u>.  Recoupment of reenlistment bonuses will not be made from Marines separated under this paragraph.

g.  <u>Recall Status</u>.  During a recall, Marines separated early under this paragraph will be considered in the same status as those who have completed their enlistment or periods of extended active duty.

h.  <u>Good Conduct Medal</u>.  Marines consenting to early discharge or release to inactive duty per this paragraph shall be granted a waiver (contact CMC - MMMA) not to exceed the actual number of days that the early release is effected, provided they are otherwise eligible for this award.

i.  <u>Separation of Members Pending Foreign Criminal Jurisdiction Proceedings</u>.  Subject to the provisions of paragraph 1008.2d of this Manual and the Secretary of the Navy Instruction (SECNAVINST) 5820.4 series, a member in custody or confinement in a foreign country may be separated from the naval service OCONUS while in custody or confinement.

5.  <u>Separation Locations</u>

*a.  Marines returning to the United States for immediate retirement, transfer to the FMCR, or for separation (per the Joint Federal Travel Regulations (JFTR) Chapters 1 and 5) may select one of the following CONUS locations for separation processing, regardless of availability of Government billeting and messing:

    MCB CAMPEN CA    014

    MCB CAMLEJ NC    013

1006           MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    b.  The commanding officer at the old duty station shall:

     *(1) Counsel the member on the Survivor Benefit Plan (SBP) per MCO
P1741.11 series;

      (2) Ensure that the service record and medical records (health and
dental) accompany the member to the separation activity;

      (3) Ensure a separation physical is completed;

      (4) Submit to the separation activity, before the Marine's detachment,
travel and arrival information of the member and dependants in addition to
biographical information on the member suitable for reading at a retirement or
separation ceremony, should the Marine desire one at the separation site;

      (5) Advise the Marine that dislocation allowance (DLA) and proceed
are not authorized in conjunction with travel to the home of selection (HOS),
or in the execution of orders (MCC W95) to a CONUS based separation site; and

      (6) Comply with instructions in paragraphs 1101; 2004 (retiring
officers); and 7005 and 7007 (retiring enlisted).

*6.  Exceptions.  Marines stationed overseas who are eligible for separation
and who desire separation at a Marine Corps activity not listed in paragraph
1006.5, will request (MCC W95) orders via naval message to CMC (MMIA) and info
CMC (MMEA/MMOA) for separation at that activity.  Marines with family members
in Government quarters at a CONUS site must request separation at that site.

    *a.  These requests will not normally be approved unless a humanitarian or
hardship situation exists, or the Marine can demonstrate that the location
requested is the closest location to where they are establishing a permanent
post service residence.  Documentation considered as acceptable in this case
includes (but is not limited to): TMO documents that list a location near the
proposed separation site as the final household goods destination, a bona fide
employment offer in the proposed separation site vicinity or proof of legal
permanent residence at the proposed separations site.

    *b.  Required Paragraph in Orders.  Orders issued by the CMC (MMOA/MMEA)
authorizing Marines to proceed to a station not listed in paragraph 1006.5 for
separation processing will include the following paragraph:

    "At your request you are authorized to report to (name and location of
activity) instead of (the separation activity in the United States to which
ordered) for separation processing.  Entitlement to reimbursement for mileage
or expenses will be determined by the JFTR and MCO P4650.37 series Marine
Corps Travel Instructions Manual (MCTIM), as applicable.  Travel time in
excess of that authorized for the direct travel will be charged as leave.  If
you do not desire to bear additionally incurred expenses, this authorization
is revoked and you will report as directed in your basic orders.  JFTR,
chapter 5, paragraphs U5125 or U5130, as applicable, and MCO P4650.37 series
Marine Corps Travel Instructions Manual (MCTIM) apply."

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          1006

*7.  Non-retirement eligible Marines stationed outside the continental United States (OCONUS) desiring to request voluntary separation, are required to request a date within 60 days after completion of their RTD, or they will be required to serve a minimum of 1 year at a new duty station.  These 60 days are designed to allow Marines to take terminal leave after completion of all outprocessing at a separation center.  Marines pending mandatory retirement are not required to serve 1 year at a new duty station.  Marines will not be assigned temporary additional duty (TAD) at the separation center awaiting outprocessing.  Marines who have no accrued leave or are selling back leave will check into a separation center as close to, but not less than 10 working days before their retirement/transfer FMCR date.  Marines desiring to take terminal leave will check into a separation center as close to, but not less than 10 working days, plus the number of days for leave before the retirement/transfer FMCR date.  Greater than 60 days requires approval of CMC (MMEA/MMOA).  The preceding does not account for any permissive temporary additional duty (PTAD) to which the Marine may be authorized.

8.  Separation OCONUS

    a.  Marines serving overseas whose permanent residence is OCONUS may request separation at the Marine Corps activity nearest their home rather than returning to the United States.  A Marine stationed in Alaska may request separation at that duty station.  Marines who are residents of, and stationed in, Hawaii or Alaska will separate at their duty station. Commanding officers must ensure the Marine is properly counseled about travel allowances and shipment of personal property/household goods and time limitations on exercising these entitlements.

    b.  Marines serving in a foreign country may request separation at their duty station under the following conditions:

        (1) The Marine is eligible for separation under honorable conditions;

        (2) The country in which the Marine is separating is nonbelligerent;

        (3) The Marine has a passport and permission to remain in the country; and

        *(4) To approve such requests, the commanding officer may accept a written statement from the appropriate consular or diplomatic representative certifying that the Marine has applied for, and is eligible to receive, a passport upon separation.  A written statement from the foreign government authorizing a Marine permission to travel or reside in the country will suffice for proof of permission to remain in the country.  For enlisted Marines, approval authority under this paragraph rests with the commanding officer.  Officers desiring separation or retirement under this paragraph must forward their requests and supporting documents to the CMC (MMOA).

1007        MARINE CORPS SEPARATION AND RETIREMENT MANUAL

1007.  <u>EFFECTIVE TIME OF SEPARATION</u>

1.  A discharge or separation takes effect at 2359 on the date of the
discharge or separation.  Members of the Marine Corps Reserve who are
separated under other than honorable conditions, or with a bad conduct or
dishonorable discharge, will be issued a copy of the letter in figure 1-1 by
the command.

2.  In cases where discharge has been authorized or directed and the Marine is
unavailable due to confinement in a civilian jail, prison, or institution and
personal delivery of the certificate is not possible or feasible, the
discharge will be effective at 2359 on the date shown on the discharge
certificate.  If the Marine is unavailable due to unauthorized absence, a
discharge in absentia will not be effected without the approval of the CMC
(MMSR) unless the Marine meets the criteria in paragraph 6312.

3.  For the purpose of entitlement benefits administered by the Department of
Veteran's Affairs, a Marine discharged or released from a period of active
duty may be entitled to benefits after the date of discharge, during the
period of time required to proceed home by the most direct route or, in any
event, until 2359 of the date of such discharge or release.  Per Title 38,
Section 106(c) of the United States Code, if a discharged or released Marine
is injured while returning home by the most direct route and requires
hospitalization, the Marine will be deemed to have been on active duty
regardless of the date of discharge or release.

4.  If discharge is being effected as a result of immediate entry or re-entry
into any component of the Armed Forces, the discharge certificate will be
dated as of the day immediately preceding such entry or re-entry.

5.  When the date of discharge is not indicated, an approved administrative
discharge will be effected at the earliest practicable date and normally not
later than 5 working days from the time of receipt of the discharge order by
the command concerned.  Independent units which do not have an organic
disbursing office will effect an approved administrative discharge not later
than 20 working days from the time of receipt of the discharge order.

6.  The release of a Reservist from active duty is effective at the expiration
of authorized travel time.  The discharge of a Reservist as the result of
expiration of enlistment or fulfillment of service obligation will be
effective on the date shown on the discharge certificate.

7.  Discharge certificates or other separation documents and final pay or a
substantial portion of final pay will be prepared and delivered to the Marine
on the date of discharge or release from active duty.

    a.  Do <u>not</u> deliver discharge certificates before the date of discharge for
Marines who do not desire to extend or reenlist.

    b.  Marines desiring to extend or reenlist will be required to execute a
reenlistment contract or extension of enlistment on or before the date their
current enlistment contract expires; they will not be discharged early under
this paragraph.  The reenlistment contract or extension must be effective on
the day after the date of discharge or expiration of enlistment.

    *c.  Consistent with the Marine's military service obligation, commanders
are authorized to effect discharge (Regular or Reserve), or to order release
from active duty (Regular or Reserve) on the last working day preceding a

Saturday, Sunday, or holiday when the separation date falls on one of those days, provided the Marine concerned consents in writing per paragraph 1006.4e. If the Marine is not returning from overseas, omit the second sentence of the page 11 entry in its entirety.

   d.  Paragraph 1006.4 contains instructions for early discharge or release of Marines.

1008.  <u>RETENTION BEYOND DATE DUE FOR SEPARATION</u>

1.  A Marine may be retained for the Convenience of the Government beyond the established separation date in the following cases:

   a.  <u>Hospitalized, Undergoing Medical Treatment, or Not Physically Qualified for Release (see paragraph 1011)</u>.  A Marine on active duty who is hospitalized, undergoing medical treatment, or who is found not physically qualified for release will, with the Marine's written consent, be retained on active duty until disposition of the case is made by medical authorities except in the case of:

      (1)  An officer subject to mandatory separation.  In such cases, only the Secretary of the Navy, acting within specific limited guidelines may authorize deferral of a mandatory separation for medical reasons.

      (2)  An enlisted Marine subject to selective early retirement or service limits.  In such cases, only the CMC, acting within specific limited guidelines may authorize deferral of a mandatory separation for medical reasons.

      *(3)  Marines receiving either an unsuspended punitive or administrative separation upon a basis that may result in an other than honorable conditions characterization of service.  See Manual of the Medical Department (MANMED), article 18-5.

   b.  <u>Disciplinary Status</u>

      (1)  Those personnel to whom jurisdiction has attached by commencement of action with a view to trial, as by apprehension, arrest, confinement, or filing of charges, before release from active duty, may be retained on active duty.  Once jurisdiction has been so attached, it continues for purposes of trial, sentence, and punishment.  Additionally, personnel may be retained if subject to the initiation of a preliminary inquiry, subject to information of a discreditory nature that may lead to a preliminary inquiry or the assumption of jurisdiction, to include, but not limited to, a restraining order against their person.

      (2)  Entitlement to pay and allowances for personnel retained after expiration of term of service in a disciplinary status is prescribed in the Department of Defense Financial Management Regulations (DoDFMR).

      (3)  Personnel retained beyond EAS due to serving a sentence or awaiting appellate review of a court-martial may be discharged under the provision of, and upon compliance with the Manual of the Judge Advocate General of the Navy (JAGMAN) and/or SECNAVINSTs in the 5815 series.  Confinees who have completed the appellate review process and have had the opportunity to submit one clemency request to the Naval Clemency and Parole Board may be discharged while in confinement.  Discharged Marines will be provided their discharge certificate and DD Form 214 at the time of their release from confinement at expiration of their sentence, or upon their parole or transfer to a Federal institution.

2.  Marines <u>shall not</u> be retained beyond their separation date in the
following instances:

   a.  <u>Witness</u>.  Marines will not be retained on active duty to be a witness
before a court-martial or an investigative body.  In appropriate cases,
depositions should be obtained, taking into account the limitations upon their
use in court-martial proceedings, or resort to the use of subpoenas of
witnesses no longer subject to military orders.

   *b.  <u>Administrative Discharge</u>.  Marines undergoing administrative
separation processing will not be involuntarily retained on active duty past
their release date.  However, Marines involuntarily retained on active duty
pursuant to paragraph 1008.1.b.(1) above, may be administratively separated
purusant to their own request in lieu of trial by court-martial, or pursuant
to a negotiated pretrial agreement at a court-martial.  In either case, said
request or agreement by the Marine must be made with the assistance of
counsel.

   c.  <u>Indebtedness to the Government</u>.  Indebtedness to the Government will
not bar release from active duty.  However, every effort should be made to
recoup all indebtedness to the Government <u>before</u> separation.

   d.  <u>Marines awaiting disposition of criminal proceedings by a foreign
jurisdiction</u> are afforded statutory and regulatory protection and benefits
attendant to their status as a member of the Armed Forces.  The policy of the
Marine Corps is to ensure both that the member is afforded the fullest
possible protection and that the Marine Corps meets its international
obligations.  In implementing this policy, the following procedures will be
applied in all cases where foreign criminal jurisdiction is being, or may be,
exercised over a member of the naval service by action such as apprehension,
arrest, investigation, or filing of charges that may result in trial and where
the foreign criminal proceedings are not likely to be completed before the
date of the member's release from service because of the expiration of the
Marine's term of service.

      (1)  At least 1 month before EAS, a Marine will be offered the
opportunity to extend his/her enlistment voluntarily for the duration of legal
proceedings and any subsequent punishment.  Inform Marines of the protection
and benefits they will receive as members of the Marine Corps during the
foreign criminal proceedings; e.g., counsel may be provided at Marine Corps
expense, court costs (but not fines) paid, and an interpreter made available.
In most countries, the member will remain in the U.S., vice foreign custody at
least during the trial proceedings.  Also inform Marines that they will remain
subject to the UCMJ and may be subject to processing for administrative
discharge.  In some situations, advice of Article 27b, UCMJ, counsel will be
provided when exposure to military criminal charges is possible.  Advise the
member that an election not to extend voluntarily his/her enlistment shall
result in the following:

         (a)  Foreign authorities will be advised of the impending EAS and
the inability of the Marine Corps to guarantee the member's presence after
discharge.

         (b)  Foreign authorities will be offered custody of the member at a
mutually agreed upon time immediately before EAS.  If the foreign
authorities desire custody, the member will be transferred to the foreign
authorities at the agreed upon time.

         (c)  Assuming custody is accepted by foreign authorities, the
member will be discharged from the naval service as soon as practicable,

Case 3:12-cv-00816-H-BGS Document 42-3 Filed 11/30/12 Page 38 of 192
Case 3:12-cv-00816-H-BGS Document 22-1 Filed 04/12/12 Page 49 of 204

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          1009

terminating any special considerations that the member would be entitled to if they were still a member of the Armed Forces.  After such transfer of custody, the member's commanding officer will, at EAS, discharge the member and so notify the Navy JAG, the CMC (MMSR), and the U.S. Embassy or Consul.

(2) If the member elects to voluntarily extend his/her enlistment, such requests will be approved, and an appropriate page 11 entry will be made in the member's service record and acknowledged by the member.

(3) Should the foreign authorities, upon being notified of the member's impending EAS and the inability of the Marine Corps to maintain custody after discharge, state that the member need not be present within the jurisdiction and is not required nor desired to be available for any further criminal proceedings, the member should be returned to the CONUS for separation or discharge.  In such cases, foreign authorities have in effect released the Marine Corps from any obligation to keep the member within the foreign jurisdiction or to make the member available for foreign authorities. The release should be in writing, if possible; if not, a memorandum for the record should be made to document the agreement.

*(4) The foregoing policy does not apply to a member who is in the custody/confinement of foreign authorities before the approach of EAS.  In such situations the provisions of SECNAVINST 5820.4 series, Status of Forces Policies, Procedures, and Information, would continue to apply and, except under extraordinary circumstances and only with approval of the Secretary of the Navy, the member would not be discharged while in custody/confinement of foreign authorities.

*e.  Alcohol or Drug Rehabilitation Treatment.  A Marine on active duty who is found to be alcohol or drug dependent or is found to have an alcohol or drug abuse problem will not be retained beyond the established separation date.  Alcohol or drug dependency or misuse does not constitute a medical condition.  The separating Marine will be advised to contact a VA facility for counseling and/or treatment after discharge.

1009.  TRAVEL UPON SEPARATION

*1.  Detailed instructions relating to the travel of Marines upon separation from the service or release from active duty are contained in the JFTR and MCO P4650.37 series (MCTIM).  Certificates in lieu of orders are not authorized.

2.  When separated from active duty, Marines will be furnished the necessary forms and instructions, as follows, to enable them to file timely claims for personal/family member travel, upon completion of the travel:

a.  Furnish the Marine a DD Form 1351-2, Travel Voucher or Subvoucher;

b.  Furnish an envelope and provide instruction for the submission of claims after completion of travel;

c.  Inform the Marine of the time limitations for completion of travel as provided in the JFTR;

*d.  Furnish a DD Form 1351-4, Voucher or Claim for Dependent Travel and Dislocation or Trailer Allowance, if entitled to family member transportation;

e.  If entitled to travel and travel allowances to their home of selection from the last duty station, the JFTR requires that the member be:

1010                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

      (1) Informed of the time limitations covering completion of travel; and

      (2) Informed that once a home is selected and travel allowances are received for travel to such home, such selection is irrevocable.

   f.  If returned from an OCONUS permanent duty station for separation in CONUS at an activity elected under paragraph 1006.5, inform the member of entitlement to travel allowances as specified in the JFTR, paragraph U5130-A3.

3.  Counsel the Marine that all final travel claims must be submitted as follows:

   *a.  **Travel Completed Within 60 Days.**  Forward the final travel claim to Servicing Finance/Disbursing Office that supports the member's last active duty station

   *b.  **Travel - All Other.**  Forward the final travel claim to Servicing Finance/Disbursing Office that supports the member's last active duty station

   *c.  At a minimum, two copies of the original orders, completed DD Form 1351-2, and DD Form 1351-4 (if appropriate) are required to settle the final travel claim.

   d.  To obtain an extension on filing a final travel claim and movement of household goods, forward a written request with appropriate justification, per current directives, to:

Commandant of the Marine Corps (LFT-4)
Headquarters, U.S. Marine Corps
#2 Navy Annex
Washington, DC  20380-1775

1010.  ACCRUED LEAVE

*1.  Leave in conjunction with separation may be authorized under the provisions of MCO P1050.3 series, Regulations for Leave, Liberty, and Administrative Absence.  The provisions that apply to the granting of annual leave apply equally to leave in conjunction with separation.  Consequently, the commander authorized to grant leave is not bound to grant leave to a Marine who is separating, retiring, or transferring to the FMCR.

2.  Terminal Leave.  Terminal leave is accrued leave granted to both first-term and career Marines to ease the transition back to civilian life, but granted at the discretion of the commanding officer.  Terminal leave is not an entitlement, it is a privilege.  Terminal leave is not granted until all separation requirements both administrative and medical are complete.  Terminal leave runs continuously from the first day of leave until the date of EAS or transfer to the Retired List/FMCR.  The following policies apply in granting or requesting leave in conjunction with separation.

   a.  Leave is granted by the commander authorized to grant leave.  Commanders will play an active role in ensuring that their Marines take adequate leave as a respite from the strenuous duties of military life

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          1010

and specifically warn Marines not to accrue large leave balances for the purpose of selling back leave upon separation.

*b.  MCO P1050.3 series allows the commander to approve up to 90 days terminal leave at a CONUS command and up to 60 days if at an OCONUS command. A greater period of terminal leave may be authorized by the CMC (MMEA/MMOA) on a case-by-case basis.

c.  No replacement will be provided for a Marine in a separation leave status.

d.  If leave is desired in conjunction with a request for separation, the appropriate separation request should be submitted at least 120 days plus the amount of desired leave (to include PTAD) before the effective date of separation.  When the request is submitted via unit diary, enter the planned detachment date (PDD) as part of the unit diary request for separation. Departure on terminal leave will not be authorized until the request has been approved by the CMC and all required administrative and medical actions incident to separation have been completed; e.g., completion of separation physical, transition classes, etc.  Marines will be advised that should they subsequently incur a previously undiagnosed illness or injury, they may be directed to return to duty at their last permanent duty station for medical treatment and further processing.

*e.  Do not approve leave in excess of the number of days which the member can accrue before the end of current contract (ECC).  Leave taken beyond that can be earned is excess leave and results in nonentitlement to pay and allowances.  Marines anticipating terminal leave in conjunction with separation must inform the CMC (MMSR) of the date and duration of the desired leave upon submission of the request.  For separating officers, not career desinated and not retirement eligible, provide this information to the CMC (MMOA-3).  This ensures that the Marine is in receipt of orders before detachment.  This is particularly critical when the Marine is OCONUS.  The Marine will be transferred by service record to the CONUS command responsible for separation.

f.  Dual pay is authorized per 5 U.S.C. 5534 during separation leave for a Marine who has accepted employment with the Federal Government or the District of Columbia.

g.  Marines returning from OCONUS may be authorized leave in conjunction with separation from active duty upon return to the CONUS.  In these cases, the commanding officer at the separation location may authorize leave, not to exceed 60 days upon completion of all checkout processing.

*(1) Marines desiring to take terminal leave, will report to a separation center as close to, but not less than, 10 working days, plus the number of days for leave (greater than 60 days requires approval of CMC (MMEA/MMOA)) and PTAD, before the separation date.

(2) Marines who have no accrued leave or are selling back leave, will check into a separation center as close to, but not less than 10 working days, plus PTAD, before the separation date.

(3) Marines will not be assigned temporary additional duty (TAD) while awaiting outprocessing at a separation center.

*h.  Terminal leave may be taken in conjunction with PTAD per MCO P1050.3 series.

Case 3:12-cv-00816-H-BGS   Document 22-3   Filed 04/12/12   Page 52 of 204

1011            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

3.  Accrued leave creditable upon separation may be liquidated by lump sum
readjustment/payment subject to the provisions of DoDFMR.  Marines separating,
particularly those who have received prior-leave settlement, should determine
the extent of their eligibility, if any, as a preliminary step to requesting
terminal leave and a separation date.

1011.  <u>MEDICAL QUALIFICATION FOR SEPARATION AND PHYSICAL EXAMINATIONS</u>

*1.  MANMED article 15-20 requires that a Marine being separated from active
duty (i.e., statutory or voluntary retirement/transfer FMCR, discharge,
expiration of enlistment, etc.) receive a thorough physical examination.  A
Marine evaluated by a medical evaluation board (MEB) incident to separation
need not undergo further physical examination at the time of separation.  A
Marine must schedule a physical examination no more than 12, and not less than
6 months before the effective date of separation to allow time for necessary
medical treatment or disability processing.  Examinations are not required for
Marines being discharged or retired upon the approved report of an MEB or the
Secretary of the Navy Physical Evaluation Board (PEB).  While every reasonable
attempt will be made to provide a separating Marine with a final separation
physical, it is recognized that there will be rare situations when it will be
difficult or impossible to provide the physical.

    a.  The physical examination of Marines convicted by (and in the hands of)
domestic civil authorities may be conducted and reported by any of the
following:  a medical officer of the Armed Forces or other Federal Government
agency; credentialed civilian contract physicians; penal institution
physician; or, in the absence of the foregoing, a certificate signed by the
official in charge of the penitentiary reflecting an opinion about the present
state of health of the Marine to be discharged.

    b.  When a Marine is otherwise beyond the control of the Marine Corps,
(e.g., in the hands of foreign authorities) the separating command will
contact the holding authority and request a physical be conducted.  The
request for physical examination must be in writing and sent via certified
mail, if available.  If, after a reasonable amount of time (approximately 45
days) has elapsed, there is no response or a negative answer is received, the
separating command will make a Page 11 entry in the Marine's service record
book explaining the situation and why it was impossible to provide the
physical.  Page 11 will be similarly annotated for Marines separated under the
conditions set forth in paragraph 6312.  All documents and actions taken will
be included in the service record book.

2.  <u>Deferral or Modification of Separation Date</u>.  Immediately notify the CMC
(MMSR), via naval message if medical processing requires deferral of an
approved separation date.  Include pertinent details.  The Marine Corps Total
Force System (MCTFS) will not allow commands to modify a CMC approved
separation date.  Once a CMC approved separation date passes a Marine is
dropped from the rolls without HQMC intervention.

    a.  <u>Statutory/Mandatory Separation</u>.  Statutory/mandatory separation (i.e.,
twice failed of selection, service limits, age limits, selection for
early retirement) may <u>only</u> be deferred by the Secretary of the Navy for a
commissioned officer and the CMC for enlisted Marines for the following:

(1) The Marine is hospitalized;

(2) An MEB has been accepted by the President, PEB for disability evaluation processing; and

(3) A request for deferral of a statutory officer separation must be approved by the Secretary of the Navy <u>before</u> the effective date; otherwise the separation <u>shall</u>, by law, remain in effect.  For enlisted Marines, the CMC must approve the deferral before the effective date, or the separation shall remain in effect.

   b.  <u>Voluntary Separation</u>.  Only the CMC (MMSR) and the Secretary of the Navy may defer or change a CMC approved separation date for medical treatment.

       (1) If the Marine is subsequently found qualified and the initial separation date has not passed:

           (a) Notify the CMC (MMSR); and

           (b) Effect the separation as scheduled.

       (2) If the Marine is not fit to separate on the scheduled date, request disposition instructions from the CMC (MMSR).

       (3) If the Marine is subsequently found qualified and the initial separation date has passed or the Marine is beyond EAS, the commanding officer shall:

           (a) <u>Officers</u>.  Request a new separation date (normally the first day of the month after being found physically qualified).

           (b) <u>Enlisted</u>

               <u>1</u> Ensure the Marine is on a valid enlistment/extension; and

               <u>2</u> Immediately notify the CMC (MMSR) concerning both fitness for duty and the nature of the contract in effect.  Marines in this category will normally be transferred to the FMCR on the last day of the month found physically qualified, or on the first day of the following month if retiring.

   c.  When a separation is held in abeyance pending disability evaluation, the command should employ the Marine to the fullest extent possible, as constrained by the injury or illness.

3.  Separation will not be effected when any of the following actions are being taken or contemplated (for further instructions see chapter 8 of this Manual):

   a.  <u>PEB Processing</u>.  Such processing is not considered completed until the Secretary of the Navy has taken final action on the board proceedings and the CMC has promulgated such action;

   b.  MEB action; or

   c.  <u>Necessary</u>, critical (non-routine) medical or dental treatment.

*4.  MANMED article 18-5 provides for separation without the benefit of the Disability Evaluation System when separation proceedings may result in a

characterization of service of under other than honorable conditions. Regulations further provide that service members will not be afforded an MEB action (unless directed by higher authority) when pending administrative separation based upon misconduct or a punitive discharge.  See paragraph 8508 in this Manual.

5.  If a Marine is found unfit by the PEB, notify the CMC (MMSR-2) for retirements and the CMC (MMSR-3) for resignations.  Disability retirement orders will be issued by the CMC (MMSR-4) per chapter 8 of this Manual.

6.  Orders are not required for physical examinations except when travel is required.  Request TAD orders from the appropriate command per the JFTR. Travel costs are chargeable to the command issuing the orders.

7.  An enlisted Marine on active duty whose term of enlistment expires while suffering from disease or injury incident to service and not due to their own misconduct, and who needs medical care or hospitalization, may be retained on active duty, with the Marine's consent, until recovered to the extent that the Marine is able to meet the physical requirements for reenlistment or until it is determined that recovery to that extent is impossible.  See paragraph 8001 of this Manual.

*9.  HIV Testing.  HIV screening is required at least 90 days before separating Marines from active duty.  Results must be recorded on the SF 88 before separation.  HIV test results are included in the separating Marine's medical record.  If the HIV test results are not available at the time of separation, the Military Treatment Facility (MTF) will inform the Marine that his/her medical and dental records will be closed in absentia.

    a.  Once HIV results are received:

        (1) If the test is negative, the completed copies of the SF 88 and SF 93 will be sent to the Marine via certified mail.

        (2) If the test is positive, every reasonable effort will be made by the MTF to inform the Marine in person and to hand deliver both the SF 88 and SF 93.  Alternatively, the Marine will be informed via certified mail.  The Marine will be advised to contact the DVA to initiate a determination of medical benefits and eligibility.  The Marine will also be advised that punitive separations and other than honorable discharges may disqualify him/her for veteran's benefits.

    b.  Current mailing address and phone number of the separating Marine and next of kin will be provided to the command and MTF.  If the Marine has been placed on the Temporary Disability Retirement List (TDRL), the Marine will be advised in writing that a current mailing address and phone number must be provided to the PEB.  Failure to provide an address could result either in the member's administrative removal from the TDRL or finalization of the case upon receipt of no response after attempted delivery to last known address by certified mail, return receipt requested.

    c.  The MTF will notify the separating command and the CMC (MMSB-16) via naval message that the Marine is fit/unfit for separation.  Do not separate unfit Marines.  Records will be held by the MTF pending HIV test results (or other medical data).  An estimated forwarding date for the records will be provided in the message.  Once the results are received, the MTF will forward the health records to the separating command in a sealed envelope with a cover letter listing the separating Marine's full name, SSN, date, and method the

Marine was notified of HIV test results.  When the Marine cannot be informed in person and certified mail is returned, documents will be duly annotated. The records will then be closed and forwarded (as above) with an accompanying cover letter to include a statement that the Marine could not be notified.

　　　d.  Marines will not be held on active duty awaiting HIV test results.

10.  The CMC will direct that an MEB be dictated and forwarded to either the CMC (MMSR-4) or to the PEB when a Marine with an approved voluntary separation will not complete treatment of a medical condition within 30 days after the approved separation date.

11.  Marines held beyond their approved separation date due to medical treatment or evaluation will be separated when they are found qualified.


1012.  RETIREMENT CEREMONY

1.  An appropriate retirement ceremony is to be held within the capabilities of the command for Marines retiring (includes transfer to the FMCR, TDRL, and PDRL), unless the Marine desires otherwise.

2.  The commander will personally interview and discuss plans for the ceremony with the Marine.  Should the Marine desire no ceremony, the Marine's wishes will be honored.

3.  While command resources vary, each command will ensure the preference of the Marine is fulfilled to the extent feasible.

4.  Commanding officers should take appropriate steps to duly recognize the spouse of a retiring Marine (e.g., by the presentation of a spouse's letter of appreciation.)

*5.  Refer to chapter 18 of MCO P5060.20 series, Marine Corps Drill and Ceremony Manual, for information on retirement parades.

6.  A retirement certificate, letters, and USMC lapel pin are provided by the CMC (MMSR) for presentation upon retirement.

*7.  The Defense Authorization Act of 1999 directed that commanders present a United States Flag to active duty members upon their transfer to the Fleet Marine Corps/Navy Reserve or retired list on or after 1 October 1998.  The Defense Authorization Act of 2000 directed that commanders present a United States Flag to reserve members upon their transfer to the retired list awaiting pay on or after 1 October 1999.  Commanders are directed to use local operating funds to procure flags (NSN 8345-00-656-1435).

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 1

GENERAL INSTRUCTIONS ON SEPARATIONS

SECTION 1:  ADMINISTRATIVE MATTERS RELATIVE TO SEPARATION

1101.  ADMINISTRATIVE PROCEDURES AND REQUIREMENTS

*1.  General. This section covers administrative procedures and requirements for separating Marines.  See chapter four of MCO P1700.24 series regarding separation transition.

  *a.  Pre-separation Process.  The transition process from active duty to civilian life is a complex undertaking.  There are four mandatory transition assistance events that a separating/retiring Marine shall complete before separation:  (1) Attend a pre-separation interview, (2) Attend a Pre-separation Counseling Brief, (3) Completion of the Pre-separation Counseling Checklist (DD Form 2648 (Active Component) or 2648-1 (Reserve Component)), and (4) Attend the two and a half day Transition Assistance Program (TAP) Employment Workshop.  The installation Transition Assistance Management Program (TAMP) sponsors all pre-separation activities, transition assistance, and TAP classes.

  *b.  Pre-separation Interview.

    *(1)  This requirement shall be met either by individual or group counseling sessions with the Unit Transition Counselor (UTC) or a designated individual from the consolidated administration center.  The UTC shall direct the separating/ retiring Marine to Marine Corps Community Services (MCCS) for the mandatory brief.  This requirement shall be provided when the service member is within 12 months of EAS or within 24 months of retirement, but no later than 90 days prior to separation/ retirement, regardless of whether or not a request for reenlistment has been submitted.

    *(2)  The pre-separation interview shall consist of an explanation of the TAMP requirements for separating/retiring service members; timeframes for attendance at mandatory Pre-separation Counseling and TAP Employment Workshop; the procedures for obtaining a copy of the Verification of Military Education and Training (VMET) document (DD Form 2586); information for upcoming counseling and workshops; completion of DD Form 2648, Section II, one through six and brief description of the Pre-separation Counseling Checklist (DD Form 2648) to include where a service member may obtain additional information or resources; and schedule service member for mandatory TAMP programs and services ensuring to encourage spouse attendance.

  *c.  Pre-separation Counseling Brief

    *(1)  Attendance is mandatory.  Under Title 10 USC 1142, all separating/retiring service members shall attend a Pre-separation Counseling Brief within 12 months of separation date or within 24 months of retirement, but no later than 90 days prior to separation/retirement, regardless of whether or not a request for reenlistment has been submitted.  This requirement shall be met by either individual or group counseling sessions with TAMP personnel.  It is strongly recommended that Marines attend a Pre-separation Counseling Brief at least 180 days before separation.  See DD Form 2648/2648-1 for the Pre-separation Counseling Checklist.

000640

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                    1101

        *(2) This brief shall provide specific, detailed information on all
items listed on the Pre-separation Counseling Checklist (DD Form 2648/2648-1).
This briefing typically takes one full day.  Family members' attendance is
highly recommended.

        *(3) The completed DD Form 2648/2648-1, signed by the
separating/retiring Marine and a designated TAMP official, shall be forwarded
to MMSB-20 for inclusion in the Marine's OMPF.

    *d.  DOL Transition Assistance Program (TAP) Employment Workshop.

        *(1) Attendance is mandatory.  However, failure to complete TAP will
not preclude a member from being discharged or separated.  Following the Pre-
separation Counseling Brief, all separating service members shall attend the
TAP Employment Workshop when the service member is within 12 months of EAS or
within 24 months of retirement, but no later than 90 days prior to
separation/retirement, regardless of whether or not a request for reenlistment
has been submitted.

        *(2) The Department Of Labor (DoL) TAP Employment Workshop is designed
to prepare separating/retiring service members and their families for civilian
employment and/or careers.  This workshop provides instruction on personal
appraisal, skills identification, job search and interview techniques, resume
preparation, and other subjects.  Family members' attendance is highly
recommended.

        *(3) If a Marine is stationed at another service's installation or is
on independent duty, the member shall attend pre-separation activities,
transition assistance, and TAP classes at the nearest DoD transition
assistance office.  Marines shall attend the brief no later than 90 days
before separation/ retirement, regardless of whether a request for
reenlistment or extension is pending.  Unit commanders of Marines scheduled to
deploy during this period are encouraged to have Marines attend briefs prior
to deployment.

        *(4) Attendance is mandatory at the Disabled Transition Assistance
Program (DTAP) for service members receiving a Medical Evaluation Board.  This
briefing is designed specifically for service members who have or think they
have a service connected disability, are awaiting a medical discharge, have
incurred an injury or illness while on active duty, or aggravated a pre-
existing condition.  The main objective of the DTAP is to inform/enroll
service members in the appropriate VA vocational and educational programs.
The DTAP Briefing is typcially two hours.  Attendance at DTAP does not
eliminate the requirement for all Marines to attend the regular TAP workshop.

        *(5) Retiring Marines may attend specialized retirement transition
assistance seminars (where available).  The retirement seminars teach all of
the same information as a regular seminar; however, a greater emphasis is
placed on various topics that have a larger impact on retirees than those
Marines who have completed one or two enlistments.  These areas include, but
are not limited to, financial planning, self assessment, medical briefings,
and second career/job search assessments.

2.  Separating Documents

    a.  DD Form 214.  Upon release from active duty all Marines, except as
specified in paragraph 1202.3, will be issued a Certificate of Release or
Discharge from Active Duty (DD Form 214) prepared per section 2 of this
chapter and appendix B.

   *b.  Honorable Discharge Certificate (DD Form 256).  Discharge certificate
will not be issued unless the Marine is being discharged or reenlisted after
completion of the service obligation or through involuntary administrative
separation proceedings (NOTE: General Discharge Certificate, DD Form 257, was
canceled by DOD in August 2003 and will no longer be used).

      (1) Custody

         (a) Discharge certificates shall be kept in the custody of the
commander or a designated representative responsible for their safekeeping,
accountability, and proper issue.

         *(b) When an organization is disbanded, unused discharge
certificates shall be forwarded by registered mail to the Navy Cognizance I
Supply System under instructions contained in the Introduction to NAVSUP Pub
2003.

      (2) Preparation

         (a) Discharge certificates will be prepared by the organization
having custody of the service record.

         (b) The character of discharge is determined per paragraph 1004.

         *(c) Regular and Reserve Marines separated under honorable
conditions will receive the appropriate discharge certificate.  Marines
separated under general (under honorable conditions), other than honorable,
bad conduct, and dishonorable conditions will not be issued a discharge
certificate.

      (3) Completion of the Discharge Certificate

         *(a) Name.  Grade, full name in capital letters (beginning with the
first name), followed by the social security number (SSN).  In the case of
Reservists, no additional statement will be placed on the discharge
certificate.  The requirement for listing the middle name is waived for the
Commanding General, Marine Corps Mobilization Command (MOBCOM), a middle
initial, if applicable, must be included.  Do not indicate component (USMC or
USMCR).

         (b) Date.  As shown in the following example:  on the "10th" day
of "June 2001".

         (c) Signature.  The normal signature of the officer who signs will
be made on the top line.  The bottom line will be completed as shown in the
following example:  "J. P. JONES, MAJOR, USMC."

      (4) Delivery

         *(a) Every effort should be made to deliver honorable discharge
certificates in person by an officer, preferably the commanding officer.
Delivery should be accompanied by an expression of good wishes.

         (b) In those instances where personal delivery cannot be made, the
following action will be taken:

            *(1) The commanding officer will mail the discharge certificate
to the person concerned using first class mail with the return address:

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          1101

Commanding General
Marine Corps Mobilization Command
15303 Andrews Road
Kansas City, MO 64147-1207

          *(2) Marines at Home Awaiting Results of a Physical Evaluation
Board.  Commanders will mail the discharge certificate to the Marine concerned
using first class mail.  Returned undelivered certificates will be forwarded
to the Commanding General, Marine Corps Mobilization Command as specified in
the preceding paragraph.

          (c) The discharge certificate will not be delivered to the Marine
until a Security Termination Statement (OPNAV 5511/14) is completed, if such
statement is required.

          (5) Replacement of Lost or Destroyed Discharge Certificate

          *(a) Enlisted Marines.  Upon request, CMC (MMSB-10) will issue a
replacement honorable discharge certificate.

Headquarters, U.S. Marine Corps (MMSB-10)
2008 Elliot Road
Quantico, VA 22134

          *(b) Officers.  Upon request, CMC (MMSR-3) will issue a replacement
honorable discharge certificate.

     c.  In addition to the discharge certificate and DD Form 214, Marines
receiving an honorable or general (under honorable conditions) character of
service, who are not reenlisting, will be presented the following items at
separation:

          *(1) Honorable Discharge Lapel Pin (only worn with civilian attire).

          (a) Members of the Marine Corps Reserve who have served on
continuous active duty for 30 days or more should be presented a lapel pin
upon discharge, provided the character of service is at least general (under
honorable conditions) and the Marine is not reenlisting.

          *(b) A supply of pins should be maintained locally and obtained
through normal supply channels under NSN 8455-00-543-7096.

          *(2) Benefits Pamphlet.  Each Marine separated honorably will be given
a copy of "Federal Benefits for Veterans and Dependents."

          *(3) Certificate of Appreciation.  In recognition of their true and
faithful service, as determined by their commanding officer, Marines honorably
separated at the end of their active service requirement and being transferred
to the Inactive Ready Reserve, will be presented a Certificate of
Appreciation.  An appropriate ceremony will be held within the capabilities of
the command.  Certificates are available through the supply system (NAVMC
11352), NSN 0109-LF-983-1400 (see appendix N).

1101            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

*3.  Servicemember's Group Life Insurance (SGLI)

   *a.  Marines on active duty entitled to full-time SGLI coverage can convert
to Veteran's Group Life Insurance (VGLI) without proof of health by submitting
the premium within 120 days following the date of separation from service.
After 120 days, Marines have up to one year to apply for VGLI, but must
complete and meet requirements for proof of health.

   *b.  The Marine normally receives an application and notification of
terminating SGLI coverage from the DVA following separation.  If an
application is not received, request information by contacting the local DVA
office or writing to:

Office of Servicemember's Group Life Insurance
P.O. Box 6249
Carol Stream, IL 60197-6249

Or, call 1-800-419-1473.

4.  Additional Counseling/Advice Before Separation.  Before separation each
Marine will be afforded pre-separation counseling.  See appendix C.

   a.  Career Advisory Interviews.  Before discharge each Marine will be
interviewed by a career planner and advised of:

      (1) The benefits of continued service in the Marine Corps, if the
Marine is considered eligible.

      (2) The benefits of affiliation with the Marine Corps Reserve, if the
Marine does not desire to reenlist.

      *(3) Procedures for applying to the nearest recruiting station, should
reenlistment become an option at a later date.  Recruiters have the latest
information on prior service opportunities.  Recruiters may refer individual
cases to the CMC (MMEA-6) per MCO 1130.80 series, Prior Service and Reserve
Augmentation Enlistments Into the Regular Marine Corps.

      (4) Ensure completion of any Marine Corps Exit and Retention Survey if
one is currently being conducted.

   *b.  Address of Commanding General, Marine Corps Mobilization Command.
Each Marine discharged and not reenlisted in the Regular Marine Corps will be
informed that questions relating to Marine Corps Reserve service may be
obtained from the address below.  See MCO 1001.39 series, Pre-Separation
Counseling Concerning Marine Corps Reserve (MCR) Participation.

Commanding General
Marine Corps Mobilization Command
15303 Andrews Road
Kansas City, MO  64147-1207

Or, call 1-800-255-5082.

   c.  Marines Not Recommended or Recommended But Not Eligible for
Reenlistment.

      *(1) Marines not recommended, or recommended but not eligible, for
reenlistment per MCO P1040.31 series, Enlisted Retention and Career
Development Manual, will be counseled by their commanding officer.  Record the
following entry on page 11 of the service record when an RE-4 or RE-3

1-34
Ch 2

000644

reenlistment code is assigned.

   "I have been informed by my CO that I am (not recommended or recommended but not eligible) for reenlistment because  (state reason) and will be/have been assigned a reenlistment code of (RE-4 or RE-3).

_____          _____
(Signature of Marine)     (Date)          (Signature of Commanding Officer)"

*NOTE:  Also use this entry when the CMC assigns a reenlistment code of RE-1B and RE-1C; the specific reason will be provided.

   d.  Warning to Marines Not Eligible for Reenlistment.  Every Marine discharged who is not eligible for reenlistment will be informed that concealment of prior service and subsequent fraudulent enlistment in any branch of the Armed Forces is punishable under the UCMJ.

   e.  DVA Dental Treatment Eligibility.  Public Law 97-35, the Omnibus Budget Reconciliation Act of 1982, limits the eligibility for outpatient dental treatment of service members being discharged or released from active duty to that provided by the DVA.  The law further requires that a written explanation of the new eligibility criteria be provided to service members discharged or released from active duty.  This paragraph, 1101.4e suffices for that written explanation.

      (1) The veteran must have served not less than 180 days of active duty to be eligible for dental treatment provided by DVA.

      (2) Application for DVA dental treatment must be made within 90 days of discharge or release from active duty.

      (3) The veteran will not be eligible for dental treatment if the DD Form 214 contains a statement that the veteran was provided a complete dental examination and all appropriate dental services and treatment were completed within 90 days before separation from active duty.

     *(4) Marines who have completed at least 180 days of service at the time of separation must be provided a written explanation of eligibility requirements.  The Marine will sign this document acknowledging receipt and a copy will be filed on the document side of the service record.  If the Marine refuses to sign the statement, the commanding officer should so note that fact on the statement and file it in the service record.  Additionally, on block 18 (Remarks Section) of the DD Form 214, indicate that the Marine was counseled, but refused to sign an acknowledgement.

   "I (Marine's Name), have been counseled concerning the DVA dental treatment eligibility requirements.  I understand that application for DVA dental outpatient treatment must be made within 90 days of separation from active duty.  I further understand that if a complete dental examination and all appropriate dental services and treatment were completed within 90 days of separation from active duty, I will not be eligible for DVA dental outpatient treatment.

                              _____
                              Marine's Signature     Date"

1101            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

        (5) The statement pertaining to a member's dental examination and
treatment within 90 days before separation from active duty will be made in
block 18 of the DD Form 214 as prescribed in appendix B.

    f.  BCNR/NDRB Advisory.  Explain in writing (see appendix D) the purpose
and authority of the Board for Correction of Naval Records (BCNR) and the
Naval Discharge Review Board (NDRB) to all Marines during separation
processing, except when the separation is due to an immediate reenlistment.
Include an explanation that a discharge under other than honorable conditions,
resulting from a period of continuous unauthorized absence of 180 days or
more, is a conditional bar to benefits administered by the DVA notwithstanding
any action by the NDRB.  These requirements are a command responsibility and
not a procedural requirement.  Failure on the part of a member to receive and
understand the explanation required by this paragraph does not create a bar to
separation or characterization.

    *g.  Unemployment Compensation for Ex-Service Members (UCX Program).
Marines who have completed their first term of service and are separated from
active duty may be eligible for unemployment compensation.  Additionally,
Marines who have served in excess of 179 days and are separated because of
medical disqualification, pregnancy, parenthood, hardship, service-incurred
disabilities, convenience of the government, or denied further service may
also be eligible.  Entitlement to benefits is based upon the circumstances of
separation.  Final determination on applications rests with the state.

    *h.  Selective Service Registration.  Marines are automatically registered
upon enlistment or commissioning.  No action is required at separation.

    *i.  Montgomery G.I. Bill (MGIB) - Active Duty.  Marines who entered active
duty after 30 June 1985 and enrolled in the new MGIB while in the service may
be eligible for benefits.  For further information Marines should go to the
"Question and Answers or Contact Us" section at www.gibill.va.gov for a
personalized response within 3-5 business days.  Write to the nearest DVA
regional offices for further information:

*Buffalo:                              *Atlanta:
Department of Veterans Affairs         Department of Veterans Affairs
P.O. Box 4616                          P.O. Box 100022
Buffalo, NY  14240-4616                Decatur, GA  30031-7022

*St. Louis:                            *Muskogee:
Department of Veterans Affairs         Department of Veterans Affairs
P.O. Box 66830                         P.O. Box 8888
St. Louis, MO  63166-6830              Muskogee, OK 74402-8888

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                    1101

j. <u>Permanent Mailing Address (PMA)</u>.  The PMA of the Marine after separation is an address where mail can be delivered to, picked up by, or forwarded to the Marine.  It also serves for potential mobilization and is a prerequisite for initiation/receipt of retired pay.

(1) Advise each Marine that failure to provide a valid PMA upon separation will result in IRS Forms W-2 and safekeeping bonds being returned to the Defense Finance and Accounting Service (DFAS) as undeliverable.  To receive active duty W-2s contact:

DFAS-KC (KU)
1500 East 95th Street
Kansas City, MO  64197-0001

(2) To contact DFAS, Kansas City within 1 year of separation date to receive information relating to the last year of active duty, write to:

DFAS-KC (PMCMA)
1500 East 95th Street
Kansas City, MO 64197-0001

Or, call (816) 926-7050; Internet address <u>www.dfas.mil</u>. Follow the links to the Marine Corps site.

*(3) Retired Marines failing to maintain a current PMA with the DFAS, Cleveland, OH risk termination of retired pay.  Send address changes to:

DFAS-CL (Code PRRA)
P.O. Box 99191
Cleveland, OH 44199-1126

*Or call (800) 321-1080. Fax (800) 469-6559.  Internet address <u>www.dfas.mil</u>. Follow the links to the Marine Corps site.  Telephonic, self-service address changes are also possible through the employee/member self-service, personal identification number (EMSS-PIN) system at (800)-390-2348.

5.  <u>Government Property, Uniforms, and Clothing</u>

a.  <u>Government Property</u>.  Recover before discharge all Government property held by or charged to a Marine.  If a shortage exists, commanders will take appropriate action to determine responsibility per current instructions.

b.  <u>Uniforms and Clothing</u>

*(1) Specific guidelines and instructions apply for the uniform clothing of separating Marines and are contained in MCO P10120.28 series, Individual Clothing Regulations (ICR).  Marines separated with a remaining service obligation (IRR personnel) must be counseled to maintain their uniforms throughout their obligation.

Case 3:12-cv-00816-H-BGS   Document 22-3   Filed 04/12/12   Page 54 of 204

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          1101

          (2) Individual uniform clothing, less <u>worn</u> underclothing, gloves, and
footwear, will be recovered from individuals discharged from the Marine Corps
for reasons of unsatisfactory performance, homosexual conduct, misconduct,
good of the Service, security, or sentence of court-martial regardless of
characterization (ICR, paragraph 1501).  Clothing to be recovered includes all
uniform coats, raincoats, overcoats, liners, trousers, utility uniforms, caps
and covers, all grade and service insignia, service stripes, and uniform
buttons in the Marine's possession.  Additionally, the following items will be
recovered from women Marines:  rain cap, cover, hood for raincoat, necktie,
and scarves.

          *(3) Civilian clothing, supplemented by certain articles of uniform
clothing, may be issued, when necessary, when the reason for separation
requires recovery of clothing.  MCO P10120.28 series (ICR) addresses funding
and allowances.

          *(4) <u>Wearing of the Uniform After Separation</u>.  Wearing of the uniform
requires maintaining the high standards of MCO P1020.34 series, Marine Corps
Uniform Regulations and meeting the provisions specified in those regulations
regarding authorization and occasion of wear.

              (a) <u>After Discharge</u>.  Marines whose character of discharge is
honorable or general (under honorable conditions), except when discharge is
for unsatisfactory performance, homosexual conduct, misconduct, good of the
Service, or security may retain and wear their uniforms from the place of
discharge to their home, within 3 months after the date of such discharge.
The phrase "from the place of discharge to their home, within 3 months after
the date of such discharge" refers to the period between the date of discharge
and the date of arrival at their home and does not permit the wearing of the
uniform after arrival home, even though the 3-month period has not expired.
Marines who served honorably during a declared or undeclared war shall, when
not on active service, be entitled, upon occasion of ceremony, to wear the
uniform of the highest grade held during their war service.

              *(b) <u>FMCR and Retired Marines</u>.  These Marines are entitled to wear
the prescribed uniform of the grade held on the retired list when wear of the
uniform is appropriate under the provisions of MCO P1020.34 series.

6.  <u>Pay Accounts</u>

     *a.  The disbursing officer maintaining the Marine's account will be
provided with a properly executed NAVMC Form 11060, Separation/Enlistment
Voucher, at least 10 working days before the date of separation from active
duty.  See Defense Finance and Accounting Service, Kansas City Center
Publication 7220.31 series, Marine Corps Total Force System, Automated Pay
Systems Manual (DFAS-KC 7220.31 series, MCTFS APSM) and the MCTIM.

     b.  All separating Marines must report to the disbursing officer not less
than 5 working days before separation with a completed Separation Travel
Allowances Election Certificate.  At that time the Marine will receive an
explanation of travel and travel allowance entitlements, receive claim
submission instructions, and be provided the required forms for claim
submission (see the MCTIM).

     c.  An enlisted Marine discharged under other than honorable, bad
conduct, or dishonorable conditions and who would be otherwise without funds
to meet immediate needs, upon discharge shall be paid a sum not to exceed $25

1102                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

or such portion thereof as, together with other funds available to the Marine
concerned, totaling $25.  For detailed instructions refer to the DoDFMR.

7.  Closing Out the Service Record

    *a.  Close out and forward the service record and health (medical and
dental) record of each Marine separated per MCO P1070.12 series (IRAM).  DD
Form 2648 (Preseparation Counseling Checklist) and the retirement/FMCR request
are to be forwarded to MMSB-20 when completed, vice waiting for record close
out:

Headquarters, U.S. Marine Corps (MMSB-20)
2008 Elliot Road
Quantico, VA 22134-5030

    b.  To avoid confusion and delay in the final pay settlement, no
financial transfers or allotments will be made or authorized after a Marine's
pay accounts have been closed immediately before separation.

1102.  AUTOMATION

1.  Background.  During July 1994, the Marine Corps implemented the Defense
Retiree and Annuitant Pay System (DRAS).  This is a DoD mandated consolidation
of all retiree and annuitant pay accounts to a single DoD system.  To support
this initiative, extensive modifications to the Marine Corps Total Force
System (MCTFS) were necessary.  The outcome is a significant technological
step forward in the processing of separations.  Separation data is fed
directly to the parent and command reporting units by using the unit diary
system in MCTFS.

2.  Overview.  DFAS-KC transfers data to DFAS-CL triggered by a command
running a successful unit diary "drop" entry.  CMC approvals are generated to
the parent command and responsible order writing unit exclusively via the unit
diary.  See appendix E for detailed procedures.  Naval messages are not issued
granting authority to release Marines for routine separation.  A diary
advisory is generated to the command reporting unit code (CRUC) with the
responsibility to issue orders and an information copy is provided to the
reporting unit code (RUC).  Reporting units must coordinate with the higher
headquarters (CRUC) to ensure timely issuance of orders.  Compliance with
established directives will minimize or eliminate late payment of retired pay.
Proper and timely drops are critical to the success of the process.

3.  Summary.  A primary objective in the DRAS implementation and the MCTFS
modifications was to decrease the administrative burden of field commands.
Additionally, the modifications were developed to streamline processing and
decentralize execution of separations once approved.  See appendix E for
further details.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          1104

1103.  <u>NOTIFICATION TO IMMIGRATION AND NATURALIZATION SERVICE</u>.  Provisions are
made by law to revoke the citizenship of naturalized citizens discharged under
other than honorable, bad conduct, or dishonorable conditions.  The commanding
officer shall immediately forward to the CMC (SJA) a report of such a case so
that the required certification may be prepared and transmitted to the
Immigration and Naturalization Service (INS) and Department of Justice upon
the Marine's discharge.  This report will include the reason for discharge and
the date.  The report will also include any information in the Marine's
service record with respect to naturalization.  The INS is responsible for the
institution of proceedings for the revocation of citizenship in these cases..

1104.  <u>SEPARATION OF ALIENS</u>

1.  Commanders are authorized to discharge an alien upon completion of
obligated active service or active Reserve service, upon the written request
of the Marine concerned, provided the Marine indicates that immediately
after discharge the member will establish permanent residence in their native
country, or country other than the United States.

2.  Aliens who have fulfilled their active duty obligation and who signify
their intent to establish permanent residency outside the United States may be
retained in an obligatory status at their request.

3.  When Marines who are not citizens of the United States are to be separated
within the United States or its territories or possessions, the nearest
district office of the INS shall be notified of such pending separation and
the prospective date.  Submit such notification in sufficient time to permit
the immigration authorities to take such action as they may deem appropriate
before the date on which the Marine is to be separated.

4.  8 U.S.C. 1439 requires expeditious naturalization of a permanent resident
alien upon completion of 3 continuous years of active service in the Armed
Forces of the United States, provided the alien:

    a.  Has been lawfully admitted to the United States for permanent
residence;

    b.  Was separated from the military service under honorable conditions;

    c.  Files a petition while still in the military service or within 6
months after the termination of such service; and

    d.  Can comply in all other respects with the provisions of 8 U.S.C. 1439,
except that:

        (1) No period of residence or specified period of physical presence in
the United States or in the State in which the petition for naturalization is
filed is required; and

        (2) Residence within the jurisdiction of the court is not required.

*5.  In order to not jeopardize their eligibility for naturalization,
permanent resident aliens serving on an enlistment or tour of extended duty of
3 years or more will not be discharged solely for the Convenience of the
Government under the provisions of any early release program until completion
of 3 years of service.  Further, the above provisions will be explained to any
alien who

1105                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

applies for discharge for hardship before completion of 3 years of service.
The prescribed 3-year period may be satisfied by a combination of active duty
and inactive duty in a Reserve status.  Notwithstanding the foregoing, an
alien desiring discharge for the preceding reason (i.e., hardship or for the
Convenience of the Government under the provisions of an early release
program) must include the following statement in the request for discharge:

   "I understand that requesting discharge before completion of 3 full years
of service may jeopardize my eligibility for expeditious naturalization  under
8 U.S.C. 1439.  However, understanding the above, I request early discharge."

6.  The above policy should not be construed as giving aliens an entitlement
to retention in service for at least 3 full years regardless of their military
records.  Adequate provisions are contained in this Manual for the separation
of Marines whose performance of duty or conduct does not justify their
continued retention in the Service.


1105.  DISCHARGE ADJUDGED BY SENTENCE OF COURT-MARTIAL

1.  The word "discharge" as used in this paragraph refers to punitive
(dishonorable and bad conduct) discharges adjudged by sentence of a court-
martial.

*2.  It has been, and continues to be, Department of the Navy's (DON) policy
that convening and reviewing authorities should approve discharges only in
those cases where a Marine's record and conduct show conclusively that he or
she is not fit for retention, and where retention is clearly not in the
Government's interest.

3.  The appropriateness of a punitive discharge as the sentence, or as part
of the sentence, of a court-martial is discussed in the Manual for Courts
Martial (MCM 2000), Rules for Court Martial.

*4.  Personnel retained beyond EAS serving a sentence or awaiting appellate
review of a court-martial may be discharged, see paragraph 1008.1b(3).

5.  Except when the discharge has been suspended and not vacated, the transfer
of Marines sentenced to discharge who are serving OCONUS will be governed by
the following instructions:

   a.  When an enlisted Marine sentenced to discharge is serving OCONUS,
whether it is ashore or aboard ship, transfer will be made to the Marine Corps
activity within the CONUS nearest the port of debarkation, for retention or
redesignation of a place of temporary custody or confinement per current
directives.  Marines who are permanent residents of Alaska or Hawaii and
serving in their respective state should not be returned to the CONUS.

   *b.  Unless appellate leave has been granted and the action required by
MCO P1050.3 series completed, a Marine sentenced to a punitive discharge will
not be transferred to the CONUS until a review has been completed by the
officer exercising general court-martial jurisdiction, the promulgating order
issued, and service record entries made reflecting the action by the officer
exercising general court-martial jurisdiction.

   c.  Transfer Marines to the CONUS after appropriate entries have been made
in the service record to show the action taken by the convening authority
when, pursuant to the JAGMAN, the record of trial is submitted directly to the

1-40
Ch 2

Office of the Judge Advocate General of the Navy without review by an officer exercising general court-martial jurisdiction.

    d.  When transfer to the CONUS is directed, forward a report to the Judge Advocate General of the Navy per the MCM 2000, with a copy to the CMC (SJA). Indicate the type of court-martial, sentence as approved at the time of transfer, the name of the activity to which the Marine is transferred, and the estimated report date to the new activity.  Upon the Marine's arrival at the new activity, the commander will immediately advise the Judge Advocate General of the Navy by naval message with a copy to the CMC (SJA).  When a different activity or disciplinary command is redesignated as the place of temporary custody or confinement, this will be set forth in the report and the date of transfer will be stated.

    e.  No punitive discharge shall be effected OCONUS, except as directed by the Secretary of the Navy or the CMC.

6.  When an enlisted Marine serving at a station within the CONUS is sentenced to discharge and the discharge has not been suspended for a stated number of months to permit the Marine to continue in the service after satisfactorily serving during a probationary period, the Marine will be retained at the place of trial or transferred to another activity or disciplinary command, per regulations governing designation of places of confinement.  When a Marine is transferred to another station or to a disciplinary command, forward a report of the transfer to the Judge Advocate General of the Navy, with a copy to the CMC (SJA).  See the current version of the MCM 2000.

7.  When an enlisted Marine serving within the CONUS attached to a vessel or organization destined for a transfer to foreign duty has been sentenced to discharge, and the discharge has not been suspended for a stated number of months to permit the Marine to continue serving satisfactorily during a probationary period, the Marine shall be transferred to a disciplinary command if the established criteria for transfer to such a command is met; otherwise, transfer the Marine to the Marine Corps activity nearest to the port of departure before sailing.  Report the transfer per paragraph 1105.6.

8.  Where the execution of a portion of a sentence which adjudged a discharge is suspended subject to a probationary period, the suspension may be vacated pursuant to the procedures in the MCM 2000.  Commanders must give careful consideration to reports of offenses committed by Marines serving in such status and to undertake proceedings for the vacation of suspension of the sentence only where it is established by the record that such action is appropriate and in the best interest of the Marine Corps.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 1

GENERAL INSTRUCTIONS ON SEPARATIONS

SECTION 2:  CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE
DUTY (DD FORM 214); CERTIFICATE OF RELEASE OR
DISCHARGE FROM ACTIVE DUTY WORKSHEET (DD FORM 214WS);
AND, CORRECTION TO DD FORM 214, CERTIFICATE OF
RELEASE OR DISCHARGE FROM ACTIVE DUTY (DD FORM 215)

1201.  <u>GENERAL</u>

1.  <u>DD Form 214WS</u>.  This is a single sheet standard form to aid the separating
activity in preparing the DD Form 214.  Its use is not mandatory; if used, it
may be retained for not more than 6 months at the discretion of the separating
activity.

2.  <u>DD Form 214</u>.  This is a multicopy standard form designed to provide:

    a.  The Marine Corps and other organizations within the DoD with
information relating to a Marine or former Marine for administrative purposes.

    b.  The recipients with a record of their active service with the Marine
Corps at the time of transfer, release or discharge, and changes in status or
component while on active duty; and,

    c.  Appropriate governmental agencies with official information required
in administering Federal and State laws applicable to Marines who have been
discharged, otherwise released from active duty, transferred to a Reserve
component of the Marine Corps, or retired.

3.  <u>DD Form 215</u>.  This is a multicopy standard form for use by:

    a.  The separating activity to provide the separating Marine information
not available when the DD Form 214 was prepared and delivered.  The separating
activity will furnish the separated Marine with a DD Form 215 for items not
completed on the DD Form 214 at the time of separation.  A DD Form 215 will be
provided without a request from the separated Marine.  See appendix B.

    *b.  The CMC, the Commanding General, Marine Corps Mobilization Command
(MOBCOM), Kansas City, MO and the Marine Corps Liaison Officer, General
Services Administration (GSA), National Personnel Records Center (NPRC), St.
Louis, MO to correct a completed DD Form 214 after the Marine has received the
DD Form 214 and departed from the separation point and/or the copies of the
form have been distributed.  See appendix B.

4.  DoD has authorized use of computer generated DD Forms 214 and 215 and HQMC
has disseminated electronic copies to forms management officers throughout the
Marine Corps with guidance for the use of these forms.

1202.  <u>ISSUE, PREPARATION, AND DISTRIBUTION OF DD FORM 214</u>

1.  <u>**The care in properly preparing this document cannot be over emphasized.
This is the most important document of service a Marine possesses.  DD Form
214 cannot be presented or mailed to the Marine until the actual date of
separation**</u>.  Marine Corps activities effecting separations will ensure that

every Marine, excluding those listed in paragraph 1202.3, separated from a period of active duty is issued a completed DD Form 214.  See appendix B for detailed instructions on completion of DD Form 214 and 215.

2.  Prepare and physically deliver a DD Form 214 to Marines upon:

    a.  Release from Active Service.  A DD Form 214 will be issued to each Marine, except as provided for in paragraph 1202.3, upon separation from a period of active duty.  This includes:

        (1) Separation from a period of actual (de facto) or apparent (de jure) service;

        (2) Release from a voided minority enlistment; and

        *(3) Separation for cause or for physical disability regardless of the length of time served on active duty.

    b.  Release of Reservists from a Period of Active Duty Service.  A DD Form 214 will be issued in the following instances:

        (1) Separation from an initial or subsequent period of Reserve Incremental Initial Active Duty for Training (IADT);

        *(2) Separation from a period of active duty, active duty for training (ADT), full-time training duty, or active duty for special work (ADSW) of 90 days or more, or when required by the Secretary of the Navy for shorter periods; and

        (3) Separation from active duty while in the Active Reserve (AR) Program.

    c.  Continuation of active duty when status or component changes for the following reasons:

        (1) Discharge from the Marine Corps for immediate enlistment into a Reserve component of the Armed Forces;

        (2) Termination of enlisted status to accept a permanent appointment to warrant or commissioned officer grade;

        (3) Termination of Reserve component status to integrate into a Regular component of the Armed Forces;

        (4) Termination of temporary appointment to accept a permanent warrant or commissioned status in the Marine Corps or Marine Corps Reserve; and

        (5) Termination of an officer appointment in the Marine Corps to accept appointment in another branch of the Armed Forces.

    d.  The DD Form 214, once issued, will not be reissued except:

        (1) When directed by appropriate appellate authority, executive order, or by direction of the Secretary of the Navy;

        (2) When it is determined by the CMC that the original DD Form 214 cannot be properly corrected by issuing a DD Form 215 or when the correction would require issuing more than two DD Forms 215; or

1202          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

          (3) When two DD Forms 215 have been issued and additional correction is required.

     e.  When circumstances require the issue or reissue of the DD Form 214, an appropriate entry stating the fact and the date of such action will be recorded in item 18, Remarks, unless specifically denied by the authority referenced in subparagraph 1202.2d(1).

3.  DD Form 214 <u>will not</u> be issued to:

     a.  Marines discharged for the purpose of immediate reenlistment in the Marine Corps and remaining on active duty;

     b.  Marines found physically disqualified upon reporting for active duty and who do not enter actively upon duties per orders;

     c.  Marines whose active duty, active duty for training, or AR duty is terminated by death;

     d.  Marines released from a period of less than 90 days active duty for training, except as specified in subparagraph 1202.2b;

     e.  Enlisted Marines receiving temporary appointment to warrant or commissioned officer grade;

     f.  Marines who have temporary officer status terminated and remain on active duty as an enlisted Marine;

     g.  Personnel removed from the TDRL; or

     *h.  Enlisted Reservists released from a period of Active Duty Special Work or active duty for training of less than 90 days or discharged from the Reserve component unless otherwise directed under paragraph 1202.2.b(2). Although not issued a DD Form 214, such Reservists will be assigned a reenlistment code from appendix I for record purposes (e.g., page 11 entries, discharge letters, statements of service) and MCTFS entries per MCO P1080.40 series (MCTFSPRIM);

     i.  Reserve Officers released from a period of less than 90 days of active duty or active duty for training.

4.  <u>General Instructions</u>

     a.  The original of the DD Form 214 will be physically delivered to the Marine before departure from the separation activity on the effective date of separation.  Copy 4 of the DD Form 214 containing the statutory or regulatory authority, reenlistment code, separation program designator (SPD) code, and narrative reason for separation also will be physically delivered to the Marine before departure, if requested by initialing block 30.  When emergency conditions preclude physical delivery or when the Marine departs in advance of the separation date (e.g., leave in conjunction with retirement or at home awaiting separation for disability), the original and copy 4 of the DD Form 214 will be mailed to the Marine not later than the effective date of separation.  Per DoD Instruction 1336.1 par. 3.2.1., <u>the commander must ensure that copies 2, 3, and 5 through 8 of the DD Form 214 are distributed the next day following the effective date of separation</u> and that each copy is forwarded to the appropriate unit or organization per appendix B.

Case 3:12-cv-00816-H-BGS Document 24-1 Filed 04/12/12 Page 72 of 204

(1) Failure by the separating activity to make prompt and correct distribution of each copy of the DD Form 214 results in a delay of services for deserving Marines from the DVA, potential employers, and financial institutions.

(2) The DVA requires that copy number 4 of DD Form 214 must be submitted with any application requesting veteran benefits.

(3) The decision to release this information rests with the Marine; however, providing this information will expedite the DVA process of verification, eligibility determination, and approval of benefits.

(4) For those Marines on terminal leave, a statement of service (SoS) may be provided as an interim working document before the issuance of a DD Form 214. The SoS allows Marines on terminal leave the ability to document previous military service when seeking a loan, or to provide such information to various government and civilian agencies as needed. Ensure that the following statement is contained in the remarks section of the SoS: "The above information is current as of (insert date terminal leave commences). The addressee is not actually scheduled for release from active duty until (insert date of discharge)."

b. The DD Form 214 is accepted as an official record of the Marine's military service by the DVA and the other agencies to which copies are furnished. Care must be exercised in the preparation of the form to <u>ensure each copy is completely legible</u>.

*c. Avoid abbreviations. Civilians, who may not be familiar with military terms, will read the form and may fail to understand the meaning.

d. If more space is required for entering information, entries may be continued using item 18 of the form. If no detailed information is applicable for an entry, enter "None." When information for one or more of the items on the DD Form 214 is not available and the document is issued to the Marine, the applicable block(s) will be annotated "See Remarks." In such cases, block 18 will contain the entry "DD Form 215 will be issued to provide missing information." The same procedure applies for a release from a period of active duty for training of 90 days or more, or for Marines being separated from active duty for training under a Reserve Special Enlistment Program as specified in subparagraph 1202.2b. A continuation sheet, if required, will reference: the DD Form 214 being continued, information from blocks 1 through 4, the appropriate block(s) being continued, the Marine's signature, and date, and the authorizing official's signature. If a continuation sheet is used, enter "CONT" in block 18 and ensure a legible copy is placed with each copy of the DD Form 214.

e. The form contains spaces for all items deemed appropriate; therefore, no additional entries will be made unless specifically authorized by the CMC (MMSR).

f. All entries apply to the <u>current continuous period of active service</u>, except where specifically noted otherwise.

g. In the event that a DD Form 214 is lost, destroyed, or requires alteration or correction, the following applies:

(1) Any unavoidable corrections or changes made in the unshaded areas of the form during the preparation shall be neat and legible on all copies and

1202          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

initialed by the authenticating official.  No corrections will be permitted in
the shaded areas.  Once the original and copy 4, if applicable, have been
delivered to the Marine, no corrections may be made to copies by the
separation activity.

     *(2) The Marine will be cautioned not to make changes or alterations
to the form; to do so will render it void.  If the Marine discovers an error
after receipt of the form and after departure from the separation activity, or
distribution of copies has been made, corrections or changes to blocks 1
through 22 will be made by the activity having physical control of the
OQR/SRB.  Changes will be made using the DD Form 215.  Corrections or changes
to blocks 23 through 28 of the DD Form 214 will only be corrected by CMC.
These changes will also be made using the DD Form 215.  Requests for
correction to DD Form 214 will be addressed to:

Headquarters, U.S. Marine Corps (MMSB-10)
2008 Elliot Road
Quantico, VA  22134-5030

Requests should include the Marine's full name, grade, social security number
(SSN), and effective date of separation.

     *(3)  Requests for replacing a lost or destroyed DD Form 214 will be
handled by the activity having physical control of the OQR/SRB.  Prior to
issuing a replacement DD Form 214, contact CMC (MMSB-10) to determine if the
initial DD Form 214 is contained in the member's Official Military Personnel
File.  To reissue a DD Form 214 that has been lost or destroyed may require a
lengthy research process and all information needed may not be available.

     h.  Special Follow-Up Procedures.  DoD instructions require that each item
of the DD Form 214 be completed before delivery to the Marine.  In cases
where any item cannot be completed at the time of delivery, the separating
activity must establish follow-up procedures to obtain the missing data and
issue a DD Form 215 to the Marine at the earliest possible date.  DoD
policy requires the Marine Corps separating activity issue a DD Form 215 to
complete any item not available at the time of separation without a request
being generated by the separated Marine.

     i.  Exceptions.  Marines Undergoing Disability Processing or Treatment in
DVA Hospital.

     (1) When a Marine has appeared before a Physical Evaluation Board
(PEB), has accepted the findings of the PEB, and is placed in an "awaiting
orders status" pending final action by the Secretary of the Navy on retention,
retirement, or discharge for physical disability:

          (a) The activity responsible for administering the Marine's record
will complete items 1 through 11, 13 through 16, 18 through 21, and item 30,
if applicable, per the instructions in appendix B before the departure of the
Marine from the activity;

          (b) When retirement or discharge is directed by the CMC, the
remaining items will be completed and the forms distributed.  The original
and copy 4, if applicable, shall be mailed to the Marine to arrive on the
effective date of separation; and

          (c) In the event the Marine is retained on active duty, the
original and all copies of the form will be destroyed.

(2) When a Marine is transferred to a DVA hospital for further treatment pending final action on the report of the PEB:

(a) The activity administering the Marine's records will complete items 1 through 11, 13 through 16, 18 through 21, and item 30, if applicable, before transfer from the medical treatment facility (MTF) in which the Marine is hospitalized and forward the form to the Marine Corps activity responsible for maintenance of service records while the Marine is a patient at the DVA hospital.

(b) When retirement or discharge is directed by the CMC, the remaining items will be completed and the forms distributed. The original and copy 4, if applicable, shall be mailed to the Marine to arrive on the effective date of separation.

1203. <u>SAFEGUARDING SEPARATION INFORMATION</u>

1. DD Forms 214 and 215 are official documents used by civilian and governmental agencies for determination of DVA benefits, reemployment rights, unemployment insurance, etc. To preclude fraudulent use, certain features have been designed into the paper DD Forms 214 and 215, version Feb 2000, which replaced all previous versions. Items 1, 3, 4, 12, and 18 through 30 of the paper DD Form 214, as well as items 1, 3, and 5, of the paper DD Form 215 have been surprinted with security ink to make alterations readily discernible. No corrections are permitted in the shaded areas of the paper Feb 2000 version. Computer generated DD Forms 214 and 215 have been approved and may be utilized by authorized commands in lieu of the paper DD Form 214 and 215. The computer generated form does not have shaded areas in order to enhance the digital storage of these forms.

2. The following control and accounting features will be implemented by commanders of each unit or activity authorized to requisition, store, and issue DD Forms 214, 214WS, and 215.

a. Appoint, in writing, a commissioned officer, warrant officer, staff noncommissioned officer in the grade of staff sergeant or above, or civilian employee (GS-7 or above) to act as the agent responsible for the requisition, control, and/or issue of the DD Forms 214, 214WS, and 215.

b. The agent will:

(1) Approve the requisition of blank forms;

(2) Verify total number of forms received against the requisition;

(3) Furnish adequate storage to provide strict security of blank forms at all times;

(4) Establish procedures for accountability of forms held and/or issued. Electronic forms will be serialized and the serial numbers will be maintained in either an electronic or paper log for accountability purposes;

(5) Ensure all forms are secured after duty hours;

(6) Ensure all obsolete forms are destroyed;

(7) Ensure all blank or partially completed forms are destroyed;

1204                    MARINE CORPS SEPARATION AND RETIREMENT MANUAL

        (8) Ensure reproduced copies of the DD Form 214 are destroyed;

        (9) Ensure blank forms used for educational or instructional purposes,
and forms maintained for such use, are clearly voided in an unalterable manner
(i.e., overstamped "FOR INSTRUCTIONAL PURPOSES ONLY);"

        (10) Ensure appropriate computer access and password protection is in
place for use of electronic generated DD214 and DD215 forms; and

        (11) Add additional security/accounting elements as deemed necessary.

    c.  No forms will be discarded intact.

    d.  The commander will monitor and periodically review the above
procedures to ensure compliance.  Additionally, the above procedures are
subject to review and evaluation for compliance by members of the Inspector
General of the Marine Corps (IGMC).


1204.  SPONSORSHIP OF THE DD FORM 214/215 SERIES.  The Assistant Secretary of
Defense, Personnel and Readiness (ASD (P&R)) sponsors DD Forms 214, 214WS, and
215.  Each service is required to publish preparation and distribution
instructions under the guidance of DoD.  Deviation in format or modification
of content is not authorized without prior approval by the DoD.  Requests to
add or delete information will be coordinated with the other military services
in writing, before submission to the ASD (P&R).  Submit requests to modify
these forms to the CMC (MMSR-3).


*1205.  RESPONSIBILITY FOR ASSIGNMENT OF SEPARATION PROGRAM DESIGNATOR (SPD).
The standard codes for officer and enlisted personnel were developed under the
direction of the DoD and are published in MCO P1080.20 series, MCTFS Codes
Manual.  Address requests for additions, deletions, or modifications to SPD's
to the CMC (MMSR-3).

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 1

GENERAL INSTRUCTIONS ON SEPARATIONS

SECTION 3:   ENTITLEMENT TO SEPARATION PAY

*1301.  <u>PURPOSE</u>.  To prescribe policy and procedures for award of separation pay upon involuntary separation, discharge, or release from active duty, as authorized by Title 10 USC 1174 and DODINST 1332.29 series.

*1302.  <u>CANCELLATION</u>.  This section supersedes SECNAVINST 1900.7G.  The SECNAV Instruction was cancelled under a separate cancellation memo.

*1303.  <u>APPLICABILITY</u>.  This instruction applies to Marines involuntarily separated from active duty on or after November 1990.  No Reserve Marines separated while on inactive duty are eligible for separation pay under Title 10 USC 1174.

*1304.  <u>DEFINITIONS</u>.  The phrase "involuntarily separated, discharged, or released from active duty" includes all forms of separation under conditions wherein the Marine is released from active duty at any time prior to the completion of a stipulated period of active service or tour of active duty and not at the Marine's own request, or denied reenlistment or extension on active duty.  Examples include release due to Reduction In Force (RIF) or a failure of selection for promotion, and release of Reserve members not accepted for an additional tour of active duty for which they volunteered.

   *a.  The phrase "not accepted for an additional tour of active duty for which they volunteered" refers to Marines who, prior to completing a tour of active duty or a stipulated period of active service, or upon notification of the intent to separate them from active duty, volunteer to remain on active duty for an additional tour but are not accepted.

   *b.  Reserve officers on the active duty list, excluding those under Title 10 USC 641, who twice fail to be selected for promotion under Title 10 USC chapter 36 and who are ineligible to apply for an additional tour of active duty under a service retention program need not request retention to be "not accepted for an additional tour of active duty for which they volunteered."

*1305.  <u>POLICY</u>.  Separation pay is intended to assist Marines who are involuntarily separated in returning to civilian life.  It is intended to encourage the pursuit of a military career through the assurance that those unable to remain on active duty until eligible for retired or retainer pay can count on compensation to ease their re-entry into civilian life.  Separation pay will be paid to Marines involuntarily separated from active service and to those not accepted for an additional tour of active duty for which they volunteered, as provided in this instruction.

*1306.  <u>RATES OF SEPARATION PAY</u>.  The amount of separation pay for an individual shall be calculated as follows:

   *a.  Full separation pay is 10 percent of the product of (a) the Marine's years of active military service and (b) 12 times the monthly basic pay to which the Marine was entitled at the time of discharge or release from active duty.  The formula is:

Full Separation Pay = .1(a x b)

1307            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    *b.  To determine years of active military service for use in computing
separation pay, count each full year of creditable service as a year and count
each full month of service of creditable service as 1/12 of a year.  Disregard
any remaining fractional part of a month.

    *c.  Periods for which a Marine previously has received separation pay,
severance pay, or readjustment pay may be counted for eligibility purposes (to
ensure the member meets the minimum required years of active duty), but may
not be used in the multiplier to determine the amount of separation pay for
subsequent separation.

    *d.  Do not count periods of unauthorized absence, confinement awaiting
trial that resulted in conviction, time lost through disease or injury due to
misconduct, or service as a midshipman or cadet at a service academy or in an
NROTC program.

    *e.  Half separation pay is one-half the amount computed under paragraph
1306a.

*1307.  MARINES ELIGIBLE FOR FULL SEPARATION PAY (NON-DISABILITY).  Title 10,
USC 1174 and DODINST 1332.29 series governs separation pay.  Marines
involuntarily separated from active duty whose separation is characterized as
honorable and who meet the criteria in a and b below, except those excluded in
paragraphs 1308 and 1309, are entitled to the full rate of separation pay.

    *a.  Minimum service

    *(1) Officers on the active duty list must have completed at least six
years of active duty service prior to separation, or have been on active duty
with at least five years of active duty service as of 5 November 1990.
Regular officers separated because of twice failing to select for promotion
must have completed at least five years of active duty service.  The
qualifying years do not have to be continuous; however, the last phase of the
qualifying term must end immediately before the separation, discharge, or
release.

    *(2) Regular enlisted Marines must have completed at least six years of
active duty service prior to separation.  The qualifying years do not have to
be continuous; however, the last phase of the qualifying term must end
immediately before the separation, discharge, or release.

    *(3) Officers not on the active duty list and reserve enlisted Marines
must have completed at least 6 years of continuous active duty service
immediately prior to separation, or if on active duty as of 5 November 1990,
must have completed at least 5 years of active service as of that date and at
least 5 years of continuous active duty service immediately prior to
separation.  A period of active duty service is continuous if any break in
service does not exceed 30 days.

    *b.  Reserve obligation.  The Marine must enter into a written agreement to
serve in the Ready Reserve for a period of not less than three years following
separation from active duty.  A Marine who enters into this written agreement
and who is not qualified for appointment or enlistment in the Ready Reserve
need not be enlisted or appointed to be considered to have met this condition
of eligibility for separation pay.  If the Marine has a service obligation
remaining at the time the member is separated from active duty, the three-year
obligation will begin on the day after the date on which the member completes
this obligation.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                1308

*c.  Enlisted Marines separated due to high year tenure are eligible for full separation pay, provided they meet the other requirements of this order, and are eligible for advancement at the time of separation under policies established by the Marine Corps.  It must be understood that due to manpower constraints, an individual Marine with an otherwise competitive record, may be denied reenlistment due to lack of allocations in a particular skill or grade.  These Marines will not be deprived of full separation pay.  Likewise, Marines twice failed of selection for promotion to the next higher grade may be granted full separation pay.

*d.  Marines involuntarily discharged under paragraph 6214, Secretarial Authority (also known as "Best Interest of the Service"), with an honorable or general characterization of service will receive full separation pay.

*e.  Only the Secretary of the Navy or his designated representatives may deny separation pay to Marines meeting the criteria in paragraphs 1307 or 1308.

*1308.  MARINES LIMITED TO HALF SEPARATION PAY (NON-DISABILITY)

*a.  Members not fully qualified for retention who are eligible for separation pay under paragraph 1307a and 1307b above whose separation is characterized as honorable or general and who are involuntarily separated from active duty under the following criteria as prescribed by DODDIR 1332.14 and OPNAVINST 1900.4 shall be limited to one-half the rate of separation pay, as prescribed in paragraph 1306b.  This includes Marines separated for high year tenure who are not qualified for advancement under policies established by the Marine Corps.

    *(1)  Expiration of service obligation.

    *(2)  Selected changes in service obligation.

    *(3)  Homosexual conduct not involving aggravating factors listed in paragraph 6207.5.

    *(4)  Drug abuse rehabilitation failure.

    *(5)  Alcohol abuse rehabilitation failure.

    *(6)  Retention not consistent with the interest of national security.

    *(7)  Convenience of the Government.

    *(8)  Physical Fitness Test and Weight Control failure, or for officers being separated for substandard performance of duty by reason of failure to conform to prescribed standards of weight.  This applies to members separated from active duty on or after 10 March 1992.

*b.  The Secretary of the Navy (SECNAV) may award full separation pay to individual Marines discharged under the conditions in paragraph 1308a.  Such payments will be granted in extraordinary instances when the specific circumstances of the separation and overall quality of the member's service have been such that denial of such pay would be clearly unjust.  As an example, a member with a congenital or hereditary disease who is involuntarily separated for convenience of the government, and who is not considered for full separation pay.

Requests for full separation pay shall be submitted to the Secretary of the Navy, via the CMC (MMEA-6 for enlisted and MMSR-3 for officers) and the Marine's chain of command.

*1309.  <u>PERSONNEL NOT ELIGIBLE FOR SEPARATION PAY</u>.  See Title 10, USC 1174 and DODINST 1332.29 for further guidance.

   *a.  Marines separated from active duty at their own request.  A Marine who declines training to qualify for a new skill, as a precondition to reenlistment or continuation to reenlistment or continuation on active duty will not be considered involuntarily separated.  This limitation does not apply to officers discharged or released from active duty because of failure to be selected for promotion.

   *b.  Marines released from active duty for training.

   *c.  Marines who, upon discharge or release from active duty, are immediately eligible for retired or retainer pay.

   *d.  Chief Warrant Officers (CWOs) whose appointments are terminated during the three-year probationary period and who elect to enlist.

   *e.  CWOs who twice fail to be selected for promotion to the next higher permanent regular warrant officer grade and are serving on active duty in a grade above WO4, and elect, with the consent of the SECNAV, to be retained on active duty in that status.

   *f.  CWOs who twice fail to be selected for promotion to the next higher permanent Regular warrant officer grade and elect to enlist.

   *g.  Temporary or permanent Limited Duty Officers (LDOs) in a pay grade below O4 who twice fail to be selected for promotion to the next higher grade and elect to revert to warrant officer or enlisted status.

   *h.  Reserve officers who decline a regular appointment offered at the O4 level or above in compliance with the all-regular career force objective.

   *i.  Regular officers in pay grade O3 or O4 who twice fail to be selected for promotion to the next higher grade and whose discharge date is within two years of qualifying for retirement, under section 632 of Title 10 USC 1174 and SECNAVINST 1920.6 series.

   *j.  Marines who are released as part of the execution of a court-martial sentence, which includes discharge or dismissal.

   *k.  Marines dropped from the rolls of the Marine Corps by the President or the SECNAV, under sections 1161 and 6408 of Title 10 USC, and DODDIR 1332.14 series or SECNAVINST 1920.6 series.

   *l.  Marines separated under Other Than Honorable conditions or by reason of misconduct, unsatisfactory performance of duty, or homosexual conduct that involves aggravating factors listed in paragraph 6207 are not eligible for separation pay.

   *m.  Regular, reserve, and warrant officers who are involuntarily separated for cause by reason of substandard performance of duty, misconduct, or moral or professional dereliction; or who have been notified in writing to show

000663

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          1311

cause for retention and subsequently request separation, for such reasons, except when half pay is allowed under paragraph 1308 above.

*n.  Marines separated during an initial enlistment or period of obligated service.  The initial enlistment or period of obligated service is defined as the active service obligation incurred upon initial enlistment or enrollment in a commissioning program.  This limitation also applies to Marines who request reenlistment or continuation at the end of such initial enlistment or period of obligated service who are denied reenlistment or continuation.

*o.  In extraordinary cases, when the Commandant of the Marine Corps, as delegated by SECNAV, determines the conditions under which the member is separated do not warrant separation pay.  This discretionary authority to deny payment shall be used sparingly.

*1310.  ADDITIONAL ELIGIBILITY REQUIREMENTS FOR RESERVE PERSONNEL

*a.  To be eligible for separation pay a Reservist must have been involuntarily separated from active duty by the SECNAV or must have been denied a voluntary request for additional active duty.  The request to remain on active duty must be unqualified and must specify that the Marine will accept any assignment commensurate with member's pay grade, Military Occupation Specialty.  The request must be submitted no later than six months prior to release from active duty.  The Commandant of the Marine Corps may specify a lesser period of time in advance when needed to enhance service retention programs.

*b.  Submission of preference for duty or a service record administrative remark entry does not constitute an unqualified request to remain on active duty.

*1311.  REPAYMENT OF SEPARATION PAY, SEVERANCE PAY OR READJUSTMENT PAY

*a.  Per Title 10 USC 1174, Marines who have received separation pay, severance pay, or readjustment pay based on service in the Armed Forces, which includes service on or after 15 September 1981, and who subsequently qualify for retired or retainer pay shall have deducted an amount equal to the total amount of separation pay, severance pay, or readjustment pay.  This amount will be recouped from each payment of this retired or retainer pay until the total amount deducted is equated to the total amount of separation pay, severance pay or readjustment pay received.

*b.  The formula for recoupment is as follows:

*(1) Divide the number of years completed for separation pay by the number of years completed for retirement for the multiplier.

*(2) Multiply the monthly gross retired pay by the multiplier for the monthly recoupment rate.

Example:

A Marine separated with 15 years active service receives the following in separation pay:  $57,845.

If the Marine subsequently retires with 20 years service with a monthly gross retired pay of $1,723, the recoupment of separation pay is calculated as follows:

1311          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Multiplier:  15 divided by 20 = .75

$1,723 x .75 = $1,292

$1,292 will be deducted from $1,723 until the Marine has repaid the separation
payment amount of $57, 845 (amounts approximate)

NOTE: The monthly recoupment rate will be recomputed when gross retired pay is
increased for cost of living adjustments (COLA).  Only the difference between
the recoupment and gross retired pay ($431 in above example) is taxable.

    *c.  Marines who have received separation pay, severance pay, or
readjustment pay based on service in the Armed Forces who become eligible for
disability compensation administered by Veterans Affairs, will have deducted
from such disability compensation an amount equal to the total amount of
separation pay, severance pay, or readjustment pay received.  However, such
reduction shall not apply to disability compensation where the entitlement to
disability compensation is based on a later period of active duty than the
period of active duty for which the severance pay, separation pay, or
readjustment pay was received.

    *d.  Marines who received readjustment or severance pay before 15 September
1981 and who, on or after 15 September 1981, became entitled to retired or
retainer pay under any provision of Title 10 USC 1174 or Title
14 USC will be required to repay that readjustment or severance pay in
accordance with the laws in effect on 14 September 1981.

000665

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 1

GENERAL INSTRUCTIONS ON SEPARATIONS

SECTION 4:   ENTITLEMENT TO RETIRED/RETAINER PAY

1401.   GENERAL

1.  Nondisability retired pay is an entitlement as provided under pertinent sections of 10 U.S.C.

2.  For the purposes of this section the terms "retired pay" and "retainer pay" are used interchangeably, unless otherwise specified.

1402.   RETIRED/RETAINER PAY

1.  Retired Pay

   a.  Retired pay is computed according to specific provisions of law.  The information in this paragraph applies only to nondisability retirements effected by the provisions of this Manual.  Retired pay is calculated by multiplying the rate of pay explained in paragraph 1405 by the retired pay multiplier.  All active service and retirement points earned as a member of a Reserve component are included in computing service for retirement and pay.

   b.  The retired pay of any warrant officer who is retired under any law cited within this Manual will be based upon the higher applicable monthly basic pay of either the grade held at the time of retirement or the grade to which the officer is advanced on the retired list.

   *c.  A Marine who retires under the law with 30 or more years of active service is entitled to retired pay at the applicable rate explained in paragraph 1405 of the basic pay in the grade retired or the grade advanced to on the Retired List.  At 2.5% for every year of creditable service, retired pay may exceed 100 percent of the basic pay on which subject pay is based.

2.  Retainer Pay

   a.  Marines transferred to the FMCR are entitled, when not on active duty, to retainer pay at the rate of pay explained in paragraph 1405.  Retainer pay is based upon the basic pay at time of transfer to the FMCR multiplied by the retired pay multiplier.

   b.  Per Comptroller General Decision, extraordinary heroism pay only applies to enlisted members transferring to the FMCR, and those enlisted members completing 20 years of active service who are retiring with a disability.  If the Marine has been credited by the Secretary of the Navy with extraordinary heroism, retainer pay will be increased by up to 10 percent.  In no case may retainer pay be more than 75 percent of the pay upon which the computation of retainer pay is based.  If a determination of extraordinary heroism pay has not been made by the time processing has been completed, the member will be transferred on the date prescribed by the CMC.  The decision of the Secretary of the Navy will be forwarded separately.

   c.  All active service, as defined in paragraph 7002.2, is included in computing service for transfer to the FMCR.  To determine the number of years and months of service used as a multiplier to compute retainer pay, every

1403            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

month is pro-rated (29 days or less are not included in the computation, per
Public Law 98-94 of 1 Oct 1983).  For example, at 20 years, 7 months and 16
days active service, the multiplier is based on 20 years and 7 months.

    d.  Eligible members of the FMCR transferring to the Retired List will be
entitled to retired pay:

        (1) At the applicable rate of pay of the advancement grade.

        (2) At the rate described in paragraph 1405 of the basic pay of the
advancement grade.

      *(3) May exceed 75 percent of the pay upon which it is based.

3.  Service Creditable for the Retired Pay Multiplier.  To determine the
number of years and months of service to use as the multiplier in computing
retired pay, every month is pro-rated.  The following guidelines (based on
law) for creditable service determine the retired/retainer pay multiplier
(RPM).

    a.  Officers

        (1) Before 31 May 1958.  All service.

        (2) After 31 May 1958

            (a) All active duty service,

            (b) NROTC cruises as a regular student up to 12 October 1964,

            (c) Active duty for training, and

          *(d) Inactive duty points (excluding funeral honor points) not to
exceed: 90 points for anniversary years closing on or after 30 October 2000;
75 points per year between 23 September 1996 and 29 October 2000; and 60
points per year for years ending before 23 September 1996.  One day of credit
is awarded for each retirement point earned as a member of a Reserve component
after 31 May 1958 through: authorized attendance at drills; completion of
correspondence courses; periods of equivalent instruction or appropriate duty
performed as authorized by the CMC, COMMARFORRES, or the CG, MOBCOM; and 15
points per year credit gratuitous for Reserve membership.

    b.  Enlisted Personnel

        (1) All service per paragraph 7002.2 and

        (2) All service per paragraphs 1402.3a(2)(a),(c) and (d).

1403.  PAY ACCOUNTS

1.  Pay accounts of retired Marines are maintained at the Defense Finance and
Accounting Service, Cleveland, OH.  See paragraph 1101.4j(3)

*2.  Unless requested otherwise, all allotments will automatically continue
after retirement, except allotments in amounts greater than the anticipated
amount of retired pay and allotments to charitable organizations other than
the Navy-Marine Corps Relief Society.  Refer to MCO P7220.45 series.

1404.  <u>CHANGE OF ADDRESS OF RETIRED MARINES AND MEMBERS OF THE FMCR</u>

1.  Retired and FMCR Marines will:

    a.  Keep the Director, Defense Finance and Accounting Service informed at all times of their current check mailing address and current home mailing address using the address in paragraph 1403.1.  All retired Marines must be on direct deposit.

    b.  Keep the CMC (MMSR-7) informed at all times of their current home mailing address.  Provide address changes and submit with signature over the SSN for identification purposes.  Report address changes to:

United States Marine Corps
Manpower and Reserve Affairs (MMSR-7)
3280 Russell Road
Quantico, VA  22134-5103

Make telephonic inquiries at 1-800-715-0968.

2.  Subject to the above requirements and conditions stated in the Marine Corps Retirement Guide, NAVMC 2642, a retired or FMCR Marine may reside abroad.


*1405.  <u>CALCULATING RETIRED/RETAINER PAY</u>.  In previous years, it was a simple task for Marines planning a nondisability retirement to determine the amount of retired/retainer pay they would receive for their active duty military service.  Over recent years, however, major changes were made to the military retirement system.  As a result, computation of retired/retainer pay now depends on when a Marine became a member of the military service, calculated from the date of original entry into the armed forces.  Throughout this Manual the term "retired pay multiplier" will be used to refer to both retired and retainer pay multiplier.  Twenty-nine days or less do <u>not</u> count for computation of a month.  For more pay information see Internet Web site: "<u>www.dod.mil/dfas</u>".

1.  <u>METHOD 1.  MARINES WITH A DATE INITIAL ENTRY MILITARY SERVICE (DIEMS) BEFORE 8 SEPTEMBER 1980</u>.  Use the following procedure to determine monthly gross retired/retainer pay for Marines in this category:

    a.  <u>Step 1</u>

       *(1)  <u>Retirement and Transfer FMCR</u>.  To determine the retired pay multiplier (RPM) for all officers and enlisted Marines with 20 years or more of active service, multiply the Marine's years (include fractional portions of a year) of active service by 2.5% (.025).  The RPM may exceed 75%.

       (2)  <u>Example 1</u>:  A Marine with 23 years and 8 months of active service.  The 8 months constitute a fractional year which must be converted to a decimal equivalent and added to the 23 years.  To convert a fractional year, divide the number of months by 12 (i.e., 8 months divided by 12 = .66).  Accordingly, 23 years and 8 months = 23.66 for this Marine's number of years and fractional year of active service.

Multiply this figure by 2.5% (.025) to get the RPM (i.e., 23.66 X .025 = .5915).



1405          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    b.  Step 2.  Multiply the RPM by the monthly basic pay in the grade the
Marine is serving when transferring to the Retired List or the FMCR.

.5915 (RPM) X basic pay = retired/retainer pay

Note:  Remember to convert percentages to decimal equivalents by moving the
decimal point two places to the left before multiplication.

2.  METHOD 2.  MARINES WITH A DIEMS OF 8 SEPTEMBER 1980 THROUGH 31 JULY 1986
OR MARINES WITH A DIEMS DATE ON OR AFTER 1 AUGUST 1986 WHO HAVE NOT ELECTED A
15 YEAR CAREER STATUS BONUS.  The Department of Defense Authorization Act of
1981 implemented a second method of calculating retired/retainer pay for any
member of the Armed Forces who first became a member on or after 8 September
1980.  The Defense Authorization Act of 2000 amended the retired pay system to
include in this method of calculation, Marines who first became a member on or
after 1 August 1986 and who have not elected a 15 year career status bonus.
This method computes retired/retainer pay on the basis of the highest three
years of basic pay and is commonly referred to as the "High-3" method.  Use
the following procedure to compute gross retired/retainer pay for Marines in
this category.

    *a.  Step 1.  To determine the RPM, multiply the Marine's years (include
fractional portions of a year) of active service by 2.5% (.025).  This factor
may exceed 75%.  To compute a fractional year, see Example 1 above.

    b.  Step 2.  To determine average monthly basic pay received during your
highest 3 years (36 months) of active duty, add the 36 months of base pay in
which your monthly basic pay was highest (normally your last 3 years of active
duty) and divide by 36.  This will give the "High-36 Average."

    c.  Step 3.  Multiply the high-36 average by the RPM.

*3.  METHOD 3.  MARINES WITH A DIEMS ON OR AFTER 1 AUGUST 1986 WHO HAVE TAKEN
A 15 YEAR CAREER STATUS BONUS.  Retired/retainer pay for those who first
became members of the Armed Forces on or after 1 August 1986, and who have
taken the 15 year career status bonus, will be computed under a system
established by the Military Reform Act of 1986.  The career status bonus is
contingent upon the Marine serving 20 active years.  Failure to serve 20 years
may require reimbursement of any unserved portion of the bonus.  This method
computes retired/retainer pay using a two-tier system.  The first tier
provides a reduced amount of retired/retainer pay for those who retire or
transfer to the FMCR with less than 30 years of active service.  The second
tier recomputes the retired/retainer pay for those with less than 30 years of
active service when they reach the age of 62.  For Marines who retire under
this system with 30 or more years of active service, the RPM is based on those
years and months of active service.  Use the following procedure to compute
gross retired/retainer pay.

    a.  Step 1.  To determine the RPM start with a base of 40% for 20 years of
active service.

    *b.  Step 2.  For each additional full year of active service add 3.5%
(.035).  For each additional whole month between full years, add .3% (.003).
The RPM may exceed 75%.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          1405

<u>Example 2</u>:  To determine the retired pay multiplier for 23 years and 3 months
of active service:

$$40\% + 3.5\% + 3.5\% + 3.5\% + .3\% + .3\% + .3\% = 51.4\%$$

c.  <u>Step 3</u>.  Determine the average monthly basic pay received during the
highest 3 years (36 months) of active duty.

d.  <u>Step 4</u>.  Multiply high-36 average amount by the retired pay
multiplier.  .5140 X average basic pay = retired/retainer pay

e.  <u>Step 5</u>.  To determine retired pay at age 62, recompute the retired pay
amount by using Method 2, paragraph 1405.2.

4.  Retired/retainer pay is subject to federal income tax.  State income tax
is not automatically withheld.  Check with the respective state tax
commissioner concerning withholding.  FICA (Social Security Tax) is not
withheld from retired/retainer pay.

5.  Retired/retainer pay is normally increased on an annual basis by an amount
based on the Consumer Price Index (CPI).  These annual raises are called cost
of living allowances (COLAs).  Marines whose retire/retainer pay is calculated
using methods 1 or 2 will normally receive a raise based directly on the CPI.
Marines whose retired/retainer pay is calculated using method 3 will receive
raises based on the CPI minus 1%, if the CPI for that year is greater than or
equal to 3%.

*RETIRED/RETAINER PAY MULTIPLIER TABLE

| Old Retired/Retainer Pay RPMs | | New Retired/Retainer Pay RPMs | |
|---|---|---|---|
| Years 31 July 86 and Earlier or 1 Aug 86 or later if career status bonus NOT accepted | | Years 1 August 86 and Later if accepting career status bonus at 15 years of service | |
| Years of Service | RPM | Years of Service | RPM |
| 20 | 50.0% | 20 | 40.0% |
| 21 | 52.5% | 21 | 43.5% |
| 22 | 55.0% | 22 | 47.0% |
| 23 | 57.5% | 23 | 50.5% |
| 24 | 60.0% | 24 | 54.0% |
| 25 | 62.5% | 25 | 57.5% |
| 26 | 65.0% | 26 | 61.0% |
| 27 | 67.5% | 27 | 64.5% |
| 28 | 70.0% | 28 | 68.0% |
| 29 | 72.5% | 29 | 71.5% |
| 30 | 75.0% | 30 | 75.0% |
| 31 | 77.5% | 31 | 77.5% |
| 32 | 80.0% | 32 | 80.0% |
| 33 | 82.5% | 33 | 82.5% |
| 34 | 85.0% | 34 | 85.0% |
| 35 | 87.5% | 35 | 87.5% |
| 36 | 90.0% | 36 | 90.0% |
| 37 | 92.5% | 37 | 92.5% |
| 38 | 95.0% | 38 | 95.0% |
| 39 | 97.5% | 39 | 97.5% |
| 40 | 100.0% | 40 | 100.0% |

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 1-1.  Discharge Letter in Lieu of Discharge Certificate

(Letterhead)

From:  (Discharge Authority)
To:    (Individual Marine)

Subj:  DISCHARGE FROM THE UNITED STATES MARINE CORPS RESERVE

Encl:  (1) Service Record page(s) (or other supporting documentation)

1.  You are hereby discharged from the U.S. Marine Corps Reserve as of (time) on (date of discharge).

2.  You are not recommended for reenlistment.  Your characterization of service, as supported by enclosure (1), is _____.

*3.  Any inquiries you may have concerning your military service should be addressed to the Commandant of the Marine Corps (MMSB-10), Headquarters, U.S. Marine Corps, 2008 Elliot Road, Quantico, VA 22134-5030.  All inquiries must include your full name, social security number, and date of discharge.

Figure 1-1.  Discharge Letter in Lieu of Discharge Certificate

000671

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Table 1-1.  Characterization of Service

| RULE | If the separating Marine: | the characterization of service is: | the separating activity will issue: |
|---|---|---|---|
| 1 | is under 17 years of age | uncharacterized | an order of release from custody and control of the Marine Corps. |
| 2 | is between 17 and 18 and separation is w/in first 180 days | uncharacterized | a DD Form 214 only. |
| 3 | is over 18 years of age and separation is w/in first 180 days | uncharacterized | a DD Form 214 only. |
| 4 * | is over 18 years of age and has served 180 days or more, is a corporal or below and has minimum average proficiency and conduct markings of 3.0/4.0, respectively | honorable (Except as provided in rules 7 and 8. See Note 1 and 2.) | an Honorable Discharge Certificate (DD Form 256 MC), a DD Form 214 and an honorable discharge lapel pin, Letter of Appreciation (NAVMC 11352). |
| 5 * | is over 18 years of age and has served 180 days or more, is a corporal or below and has average proficiency and conduct markings below 3.0/4.0. | general (under honorable conditions (Except as provided in rules 7 and 8. See note 1.) | a General(Under Honorable Conditions) Discharge Certificate (DD Form 257 MC) and a DD Form 214. |
| 6 | is a sergeant or above | honorable (Except as provided in rules 7 and 8.) See Note 2. | an Honorable Discharge Certificate (DD Form 256 MC), a DD Form 214 and an honorable discharge lapel pin, Letter of Appreciation (NAVMC 11352). |
| 7 | has requested separation in lieu of trial by court-martial | under other than honorable conditions | a DD Form 214 only. |
| 8 | is being separated under a provision of chapter 6 | as directed by the separation authority | an appropriate certificate based upon discharge authority's decision, DD Form 214 and honorable discharge lapel pin, and Letter of Appreciation, if appropriate. |

NOTE 1.  To compute final average proficiency and conduct markings for separation, round to the nearest tenth as follows:  if the average hundredth figure is 5 or more, round up to the nearest tenth; otherwise, round down.  For example, 3.95 rounds up to 4.0; whereas 3.94 remains at 3.9.).

NOTE 2.  Honorable discharge certificates are only issued if the Marine has completed the 8 year service obligation.

Table 1-1.  Characterization of Service

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

*Figure 1-2.  Sample Orders for Leave Awaiting Separation

(Letterhead)

*From:  Commanding Officer
*To:    Staff Sergeant Joe I. MARINE 124 34 5678/0193 USMC

*Subj:  LEAVE AWAITING SEPARATION

*Ref:   (a) MCO P1050.3J
        (b) JFTR, par. U5125
        (c) 10U.S.C., Sect. 652 (NOTAL)

*1.  Per the provisions of reference (a), effective (Time), (Date), you will
proceed on 28 days annual leave while awaiting release from active duty on
(Date).  You may proceed to your home of record or to any other place you
elect.  You were ordered to active duty from Yuma, Arizona.  Your home of
record is Hot Springs, Arkansas 67890.

*2.  You have elected mileage, via POV, to Hot Springs, Arkansas, your home of
record.  You have given your permanent mailing address as 782 Devil Dog Road,
Benton, Arkansas 12345.  Per the provisions of reference (b), travel pay upon
seperation is authorized.

*3.  Your unused leave, computed to include (Date), is (unused leave total)
days.  Upon completion of authorized leave, your leave balance will be (leave
balance) days due upon release.

*4.  On (Date), you will notify this command of your actual location.  Such
notification will be by the most expeditious means, either by phone or email
to (Unit's Separation Department Contact Phone Number) or (Unit's Separation
Department Email Addresses), in order to report the most current data via Unit
Diary.  With your retirement orders you will locate the nearest ID card
processing location to obtain your retired identification card and the
identification cards of your dependents.

*5.  Per reference (c), you are required while a member of the Marine Corps
Reserve to keep the Commanding General, Marine Corps Mobilization Command,
15303 Andrews Road, Kansas City, MO 64147-1207 (toll free 1-800-255-5082),
informed of any change of address, marital status, number of dependents,
civilian employment, or physical standards.

*6.  Travel appn:  17*1105, 2654, BCN 45690, AAA 000027, CC 74129 enl tvl
(TIK), 74123 enl tvl (MALT), 74125 enl tvl (per diem), 74179 depns age
11/under (MALT), 74190 depns age 12/over (MATL), 74160 depns tvl (TIK), 74186
depns age aa/under (per diem), 76195 depns age 12/over (per diem), 74164 trans
HHG, 74131 enl TLE.

                                    I. M. HARDCHARGER
                                    By direction


        Figure 1-2.  Sample Orders for Leave Awaiting Separation

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 2

RETIREMENT OF OFFICERS ON ACTIVE DUTY

|                                                          | PARAGRAPH | PAGE |
|----------------------------------------------------------|-----------|------|
| GENERAL . . . . . . . . . . . . . . . . . . . . . . .    | 2001      | 2-2  |
| DEFINITIONS . . . . . . . . . . . . . . . . . . . . .    | 2002      | 2-2  |
| VOLUNTARY RETIREMENT . . . . . . . . . . . . . . . .     | 2003      | 2-3  |
| ADMINISTRATIVE PROCEDURES . . . . . . . . . . . . . .    | 2004      | 2-6  |
| MANDATORY RETIREMENT . . . . . . . . . . . . . . . .     | 2005      | 2-9  |
|     UNRESTRICTED OFFICERS . . . . . . . . . . . . . . | 2005.2 | 2-9 |
|     LIMITED DUTY OFFICERS . . . . . . . . . . . . . . | 2005.3 | 2-11 |
|     WARRANT OFFICERS . . . . . . . . . . . . . . . . | 2005.4 | 2-13 |
|     *RETIRE-RETAIN . . . . . . . . . . . . . . . . . | 2005.7 | 2-14 |
| LEAVE . . . . . . . . . . . . . . . . . . . . . . . .    | 2006      | 2-14 |
| PHYSICAL EXAMINATIONS . . . . . . . . . . . . . . . .    | 2007      | 2-14 |
| RETIREMENT CEREMONY . . . . . . . . . . . . . . . . .    | 2008      | 2-14 |
| RETIRED GRADE . . . . . . . . . . . . . . . . . . . .    | 2009      | 2-14 |
| RETIRED PAY . . . . . . . . . . . . . . . . . . . . .    | 2010      | 2-15 |
| PAY ACCOUNTS . . . . . . . . . . . . . . . . . . . .     | 2011      | 2-15 |
| CURRENT ADDRESS AND RESIDENCE OF RETIRED OFFICERS . . . . | 2012     | 2-15 |
| *REQUESTS TO CHANGE RETIREMENT REQUESTS. . . . . . . . .  | 2013     | 2-15 |

FIGURE

| 2-1  FORMAT FOR ORDERS TO RELEASE FROM ACTIVE DUTY AND TRANSFER TO THE RETIRED LIST . . . . . . . . . . . . | | 2-16 |

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 6

ENLISTED ADMINISTRATIVE SEPARATIONS

|  | PARAGRAPH | PAGE |
|---|---|---|
| GENERAL | 6001 | 6-5 |
| DEFINITIONS | 6002 | 6-5 |

SECTION 1: POLICY AND GUIDANCE

|  | PARAGRAPH | PAGE |
|---|---|---|
| POLICY | 6101 | 6-9 |
| PROCESSING TIME GOALS | 6102 | 6-9 |
| PERIODIC EXPLANATION | 6103 | 6-10 |
| PROVIDING INFORMATION DURING SEPARATION PROCESSING | 6104 | 6-10 |
| COUNSELING AND REHABILITATION | 6105 | 6-10 |
| LIMITATIONS ON SEPARATION ACTION | 6106 | 6-13 |
| CHARACTERIZATION OF SERVICE | 6107 | 6-14 |
| RECOUPMENT OF ENLISTMENT/REENLISTMENT BONUSES | 6108 | 6-14 |
| ELECTRONIC SIGNATURES AND ELECTRONIC RECORD OF PROCEEDINGS | 6109 | 6-15 |

SECTION 2: INVOLUNTARY ADMINISTRATIVE SEPARATIONS

|  | PARAGRAPH | PAGE |
|---|---|---|
| GENERAL | 6201 | 6-16 |
| CHANGE IN SERVICE OBLIGATION | 6202 | 6-16 |
| CONVENIENCE OF THE GOVERNMENT | 6203 | 6-16 |
| DEFECTIVE ENLISTMENT AND INDUCTION | 6204 | 6-19 |
| ENTRY LEVEL PERFORMANCE AND CONDUCT | 6205 | 6-21 |
| UNSATISFACTORY PERFORMANCE | 6206 | 6-22 |
| HOMOSEXUAL CONDUCT | 6207 | 6-23 |
| RESERVED FOR FUTURE USE | 6208 | 6-30 |
| ALCOHOL ABUSE REHABILITATION FAILURE | 6209 | 6-30 |
| MISCONDUCT | 6210 | 6-31 |
| NEW ENTRANT DRUG AND ALCOHOL TESTING | 6211 | 6-35 |
| SECURITY | 6212 | 6-36 |

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

|  | PARAGRAPH | PAGE |
|---|---|---|
| UNSATISFACTORY PARTICIPATION IN THE READY RESERVE . . . . | 6213 | 6-36 |
| SEPARATION IN THE BEST INTEREST OF THE SERVICE . . . . . . | 6214 | 6-36 |
| WEIGHT CONTROL FAILURE . . . . . . . . . . . . . . . . . . | 6215 | 6-37 |

SECTION 3:  ADMINISTRATIVE PROCEDURES

PART A:  INITIATING COMMAND ACTION

| GENERAL  . . . . . . . . . . . . . . . . . . . . . . . . . | 6301 | 6-41 |
|---|---|---|
| INITIATION OF SEPARATION PROCESSING  . . . . . . . . . . . | 6302 | 6-41 |
| NOTIFICATION PROCEDURES  . . . . . . . . . . . . . . . . . | 6303 | 6-42 |
| ADMINISTRATIVE BOARD PROCEDURES  . . . . . . . . . . . . . | 6304 | 6-47 |
| COMMAND RECOMMENDATION . . . . . . . . . . . . . . . . . . | 6305 | 6-50 |

PART B:  SEPARATION AUTHORITY ACTION

| GENERAL  . . . . . . . . . . . . . . . . . . . . . . . . . | 6306 | 6-52 |
|---|---|---|
| SEPARATION AUTHORITIES . . . . . . . . . . . . . . . . . . | 6307 | 6-52 |
| SEPARATION AUTHORITY REVIEW  . . . . . . . . . . . . . . . | 6308 | 6-53 |
| SEPARATION AUTHORITY FINAL ACTION  . . . . . . . . . . . . | 6309 | 6-54 |
| SUSPENSION OF SEPARATION . . . . . . . . . . . . . . . . . | 6310 | 6-57 |
| ADMINISTRATIVE ACTION AFTER DECISION . . . . . . . . . . . | 6311 | 6-58 |
| SEPARATION OF MARINES BEYOND MILITARY CONTROL BY REASON OF UNAUTHORIZED ABSENCE . . . . . . . . . . . . . . . . . . . | 6312 | 6-59 |
| SEPARATION OF MARINES PENDING CONCURRENT DISCIPLINARY/ ADMINISTRATIVE AND DISABILITY PROCEEDINGS  . . . . . . . . | 6313 | 6-59 |

PART C:  ADMINISTRATIVE SEPARATION BOARD

| CONVENING AUTHORITIES  . . . . . . . . . . . . . . . . . . | 6314 | 6-64 |
|---|---|---|
| COMPOSITION  . . . . . . . . . . . . . . . . . . . . . . . | 6315 | 6-64 |
| PROCEDURE  . . . . . . . . . . . . . . . . . . . . . . . . | 6316 | 6-66 |

000676

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

|  | PARAGRAPH | PAGE |
|---|---|---|
| WITNESSES . . . . . . . . . . . . . . . . . . | 6317 | 6-69 |
| OATHS . . . . . . . . . . . . . . . . . . . . | 6318 | 6-71 |
| FINDINGS AND RECOMMENDATIONS . . . . . . . . . . | 6319 | 6-71 |
| RECORD OF PROCEEDINGS AND REPORT OF THE BOARD . . . . . . | 6320 | 6-72 |
| SUBSEQUENT ADMINISTRATIVE SEPARATION BOARD PROCEEDINGS . . | 6321 | 6-74 |

SECTION 4:   VOLUNTARY ADMINISTRATIVE SEPARATIONS

| | PARAGRAPH | PAGE |
|---|---|---|
| GUIDELINES . . . . . . . . . . . . . . . . . | 6401 | 6-85 |
| DEFECTIVE ENLISTMENT/REENLISTMENT AGREEMENTS . . . . . . . | 6402 | 6-85 |
| CHANGES IN SERVICE OBLIGATION FOR RESERVISTS ON INACTIVE DUTY . . . . . . . . . . . . . . . . . . | 6403 | 6-88 |
| CHANGES IN SERVICE OBLIGATION FOR ACTIVE DUTY MARINES . . | 6404 | 6-88 |
| EARLY RELEASE TO FURTHER EDUCATION . . . . . . . . . . | 6405 | 6-89 |
| EARLY RELEASE TO ACCEPT PUBLIC OFFICE . . . . . . . . | 6406 | 6-92 |
| DEPENDENCY OR HARDSHIP . . . . . . . . . . . . . | 6407 | 6-93 |
| PREGNANCY . . . . . . . . . . . . . . . . . . | 6408 | 6-96 |
| CONSCIENTIOUS OBJECTION . . . . . . . . . . . . . | 6409 | 6-96 |
| SURVIVING FAMILY MEMBER . . . . . . . . . . . . . | 6410 | 6-96 |
| OFFICER CANDIDATE DISENROLLMENT . . . . . . . . . . | 6411 | 6-97 |
| NOT SELECTED FOR PROMOTION TO STAFF SERGEANT . . . . . . | 6412 | 6-97 |
| REDUCTION FROM SNCO TO SERGEANT OR BELOW . . . . . . . | 6413 | 6-97 |
| RESERVIST BECOMES A MINISTER . . . . . . . . . . . | 6414 | 6-98 |
| TRANSFER TO THE NAVY HOSPITAL CORPS . . . . . . . . . | 6415 | 6-99 |
| MARINES MARRIED TO OTHER SERVICE MEMBERS . . . . . . . | 6416 | 6-99 |
| TRANSFER TO THE NAVY AS A RELIGIOUS PROGRAM SPECIALIST . . | 6417 | 6-100 |
| SEPARATION OF SELECTED MARINE CORPS RESERVISTS IN THE DELAYED ENTRY PROGRAM (DEP) . . . . . . . . . . . . | 6418 | 6-100 |
| SEPARATION IN LIEU OF TRIAL BY COURT-MARTIAL . . . . . . | 6419 | 6-100 |
| EARLY RELEASE FROM OVERSEAS UNITS . . . . . . . . . . | 6420 | 6-101 |

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

                                                                    PAGE

*SEPARATION VIA SECRETARIAL AUTHORITY
("BEST INTEREST OF THE SERVICE") . . . . . . . . . . . .    6421    6-101


                                   FIGURE

6-1   COMMANDS DELEGATED BY CMC AS DISCHARGE AUTHORITY
      FOR OTHER COMMANDS   . . . . . . . . . . . . . . . . .         6-76

6-2   SAMPLE FORMAT FOR NOTIFICATION WITHOUT AN
      ADMINISTRATIVE SEPARATION BOARD . . . . . . . . . . .         6-77

6-3   SAMPLE FORMAT FOR NOTIFICATION WITH AN
      ADMINISTRATIVE SEPARATION BOARD . . . . . . . . . .         6-80

6-4   NOTIFICATION OF ELIGIBILITY FOR MATERNITY CARE   . . .         6-103

6-5   SAMPLE REQUEST FOR EARLY RELEASE TO FURTHER
      EDUCATION . . . . . . . . . . . . . . . . . . . . .         6-104


                                   TABLE

6-1   GUIDE FOR CHARACTERIZATION OF SERVICE . . . . . . . .         6-39

6-2   GUIDE FOR THE REVIEW OF SEPARATION PACKAGES . . . . .         6-60

6-3   SEPARATION AUTHORITY FOR VOLUNTARY SEPARATIONS   . . .         6-106

000678

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 6

ENLISTED ADMINISTRATIVE SEPARATIONS

6001. GENERAL

1. The procedures and instructions in this chapter pertain to the administrative separation of Marines before completion of active or obligated service. Unless specifically authorized by separate order, only the reasons contained in this chapter may form the basis for a Marine's separation, whether voluntary or involuntary.

2. Procedures and instructions for separating Marines at expiration of active service or upon completion of obligated service are contained in chapter 1. Disability separating processing is discussed in chapter 8.

3. Mandatory Separation Processing. Throughout this chapter reference is made to a requirement to "process (a Marine) for separation." While discharge is one possible outcome resulting from separation processing, so are retention and suspension of the discharge. "Mandatory processing" means that the commander must initiate the involuntary separation process to the separation authority. This term does not mean that a board hearing is mandatory or that separation of the respondent is necessary

6002. Defintions of common administrative separation terms. See paragraph 1002 for additional definitions.

1. Administrative Separation. Discharge or release from active duty upon or before expiration of enlistment, period of induction, or other required period of service, in the manner prescribed in this Manual, by law, by the Secretary of Defense or the Secretary of the Navy, but specifically excluding punitive separation by the sentence of a general or special court-martial.

2. Bisexual. A person who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual and heterosexual acts.

3. Broken Service. Active duty or active duty for training in any branch of military service of the United States broken by any period greater than 24 hours and after completing a minimum of 12 consecutive weeks of active duty or active duty for training, unless such service results in continuous service as defined below.

4. Continuous Service: Enlisted Personnel

   a. Service in the Regular Navy or Naval Reserve or the Regular Marine Corps or Marine Corps Reserve which is continued by reenlistment "within 3 months" following discharge or release from active duty. A member who is reenlisted on the same day of the month, 3 calendar months from the date of discharge or release from active duty, is reenlisted "within 3 months."

   b. Reenlistment "within 6 months" following discharge or release from active duty provided the member is classified RE-1, recommended for preferred reenlistment, and holds an MOS listed as a "reenlistable" MOS. A member who reenlists on the same day of the month, 6 calendar months from the date of discharge or release from active duty, is reenlisted "within 6 months."

6002      MARINE CORPS SEPARATION AND RETIREMENT MANUAL

5.  Convening Authority.  (1) The separation authority or (2) a commanding officer empowered to convene a special court martial, who has been authorized by the Secretary of the Navy to process a case for final action and who otherwise has the qualifications to act as a separation authority.

6.  Counsel.  A lawyer qualified and certified under Article 27(b), Uniform Code of Military Justice (UCMJ), assigned to represent a service member during separation processing, or a civilian lawyer retained at the member's expense.

7.  Entry-Level Status.  Upon enlistment, a member qualifies for entry-level status during: (1) the first 180 days of continuous active military service; or, (2) the first 180 days of continuous active service after a service break following more than 92 days of active service.  A member of a Reserve component who was not on active duty or is serving under a call or order to active duty for 180 days or less begins entry-level status upon enlistment in a Reserve component.  Entry level status for such a member of a Reserve component terminates as follows:  (1) 180 days after beginning training if the member is ordered to active duty for training for one continuous period of 180 days or more; or, (2) 90 days after the beginning of the second period of active duty training, if the member is ordered to active duty for training under a program that splits the training into two or more separate periods of active duty.  For the purposes of characterization of service or description of separation, the member's status is determined by the date of notification as to the initiation of separation proceedings.  The period of entry level status is not interrupted by unauthorized absence or desertion.

8.  General Courts-Martial Convening Authority (GCMCA).  Article 22 of the Uniform Code of Military Justice (UCMJ) and paragraph 0120(a) of the manual of the Judge Advocate General defines the GCMCA.

9.  Homosexual.  A person, regardless of sex, who engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts.

10.  Homosexual Acts

    a.  Any bodily contact, actively undertaken or passively permitted, between members of the same sex for the purpose of satisfying sexual desires; and,

    b.  Any bodily contact that a reasonable person would understand to demonstrate a propensity or intent to engage in an act described in the preceding paragraph.

11.  Homosexual Conduct.  A homosexual act or a statement by the service member that demonstrates a propensity or intent to engage in homosexual acts, or a homosexual marriage or attempted homosexual marriage.

12.  Homosexual Marriage or Attempted Marriage.  When a member has married or attempted to marry a person known to be of the same biological sex.

13.  Illegal Drug Involvement.  Wrongful or improper use, possession, manufacture, sale, transfer or distribution of any psychoactive substance to include:  amphetamine or similarly acting sympathomimetics; cannabis; cocaine; hallucinogens; inhalants; opiates; phencyclidine (PCP) or similarly acting arylcyclohexylamines; and sedatives, steroids, hypnotics, anxiolytics, or other controlled substances or drug paraphernalia.  The term "Controlled Substances" means a drug or other substance included in Schedules I, II, III,

000680

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          6002

IV, or V of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (84 Stat. 1236) as updated and published under the provisions of that Act.

14.  Propensity.  Propensity to engage in homosexual acts means more than an abstract preference or desire to engage in homosexual acts; it indicates a likelihood that a person engages in or will engage in homosexual acts.

15.  Respondent.  A Marine who is the subject of separation proceedings.

16.  Separation.  A general term which includes dismissal, dropping from the rolls, revocation of an appointment or commission, termination of an appointment, release from active duty, release from custody and control of the Marine Corps, or transfer from active duty to the:  IRR, Fleet Marine Corps Reserve, Retired List, Temporary or Permanent Disability List, or Retired Reserve and similar changes in an active or reserve status.

17.  Separation Authority.  The Secretary of the Navy or an official authorized by the Secretary of the Navy to take final action with respect to a specified type of separation.

18.  Separation Processing.  Processing is initiated on the date a command receives a written request for separation from a member, or on the date a command delivers a member notice of separation proceedings per section 3 of this chapter.  Processing is not completed until the appropriate separation authority takes final action.

19.  Sexual Harassment.  A form of sex discrimination that involves unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when:

    a.  Submission to or rejection of such conduct is made, either explicitly or implicitly, a term or condition of a person's job, pay, or career; or,

    b.  Submission to or rejection of such conduct by a person is used as a basis for career or employment decisions affecting that person; or,

    c.  Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creates an intimidating, hostile, or offensive environment.

Any person in a supervisory or command position who uses or condones implicit or explicit sexual behavior to control, influence, or affect the career, pay, or job of a military member or civilian employee is engaging in sexual harassment.  Similarly, any military member or civilian employee who makes deliberate or repeated unwelcome verbal comments, gestures, or physical contact of a sexual nature is also engaging in sexual harassment.

20.  Sexual Orientation.  An abstract sexual preference for persons of a particular sex, as distinct from a propensity or intent to engage in sexual acts.

21.  Sexual Perversion.  Includes:

    a.  Lewd and lascivious acts.

    c.  Sodomy.

    c.  Indecent exposure.

6002        MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    d.  Indecent act(s) with, or assault on, a person below the age of 16.

    e.  Transvestism or other abnormal sexual behavior.

    f.  Other indecent act(s) or offense(s).

22.  <u>Statement That a Member is a Homosexual or Bisexual</u>, or words to that effect.  Language or behavior that a reasonable person would believe was intended to convey the statement that a person engages in, attempts to engage in, or has a propensity or intent to engage in homosexual acts.

23.  <u>The Secretary</u>.  The Secretary of the Navy; includes the Under Secretary of the Navy or an Assistant Secretary of the Navy.

6-8

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 6

ENLISTED ADMINISTRATIVE SEPARATIONS

SECTION 1:  POLICY AND GUIDANCE

6101.  <u>POLICY</u>

1.  The Marine Corps substantially invests in training every person who enters its ranks.  Separation before completion of a period of obligated service represents a loss of investment while requiring increased accessions.  Conversely, retaining individuals in the Marine Corps who will not or cannot conform to required standards of conduct, discipline, and performance creates high costs in terms of substandard mission performance, administrative efforts, pay and degradation of morale.  Both situations represent an inefficient use of limited resources.  Therefore, every reasonable effort must be made to identify, in a timely manner, members who exhibit a likelihood for early separation; and either:

    a.  Improve those members' chances of retention through counseling, retraining, and rehabilitation; or

    b.  Separate promptly those members who do not demonstrate potential for further useful naval service, and recoup (pro rata), as provided by applicable regulations, monies expended for bonuses paid and/or education/training dollars paid to a member in return for enlisting, reenlisting, or extending a service obligation when that service is administratively terminated before successful completion.

2.  The standards and procedures established within this chapter are intended to achieve consistency of application throughout the Marine Corps based on command responsibility, accountability, and discretion.

3.  <u>Release from Active Duty</u>.  Commanders will ensure that Marines who meet the criteria for separation under this chapter are processed <u>promptly</u> rather than allowing them to continue on active duty until they reach their normal Expiration of Active Service (EAS) or Expiration of Current Contract (ECC).

4.  <u>Transfer to the Individual Ready Reserve (IRR)</u>.  As a general rule, Marines on active duty who are not qualified to remain on active duty and who meet the criteria for separation under this chapter will be discharged (meaning their military status is completely severed) unless the reason for separation does not affect their eligibility for active duty or future mobilization.  The criteria for retaining a Marine in the IRR are in paragraph 6311.3.

6102.  <u>PROCESSING TIME GOALS</u>.  Once separation action has begun, prompt forwarding, review, and decision in each case is essential.  Proceedings are initiated on the date a command receives a written request for separation from a member or on the date a command delivers a member notice of separation proceedings per section 3 of this chapter.  The following listed time goals are established for the administrative separations authorized by this chapter.  The goals are measured from the date of notification or initiation of a voluntary request until the actual date of separation.  Failure to complete an action within the prescribed time in no way bars separation or affects

6103                 MARINE CORPS SEPARATION AND RETIREMENT MANUAL

characterization.  Every effort should be made, however, to meet the
established goals.

1.  Separation Without Board Action.  If a board is not required or is waived,
separation action should be completed within 15 working days after the Marine
received notification of separation.  When the initiating command and the
separation authority are not located in the same geographical region,
processing should be completed within 30 working days.

2.  Separation With Board Action.  If a board is required, action should be
completed within 50 working days after the Marine received notification of
separation.  When the case is forwarded to the Secretary of the Navy, the case
should be sent to the Secretary within 55 working days after the Marine
received notification of separation.


6103.  PERIODIC EXPLANATION.  Each time the Uniform Code of Military Justice
(UCMJ) is explained to enlisted members as required by Article 137 of the
UCMJ, an explanation will be made of the types of administrative separation;
the basis for their issuance; possible characterization of service; the
possible effects of characterization upon reenlistment, civilian employment,
veterans benefits and related matters; and the possible denial of certain
benefits to members who fail to complete at least two years of an original
enlistment.  This explanation may be done by fact sheet or other document.  A
summarization of veteran benefits is contained in appendix K.  This
requirement is a command responsibility, not a procedural entitlement.
Failure by a member to receive or to understand such explanations does not
create a bar to separation or characterization of service.


6104.  PROVIDING INFORMATION DURING SEPARATION PROCESSING

1.  During separation processing of all members (except those separated for
immediate reenlistment), provide a copy of appendix D to the Marine, which
informs the Marine about the Naval Discharge Review Board and the Board for
Correction of Naval Records and advises that a discharge under other than
honorable conditions, resulting from a period of continuous unauthorized
absence of 180 days or more, is a conditional bar to benefits administered by
the Department of Veterans Affairs, notwithstanding any action by the
Discharge Review Board.  A summarization of service benefits is contained in
Appendix K.

2.  Providing information about these boards is a command responsibility, not
a procedural entitlement.  Failure by a member to receive and understand the
explanation required by this paragraph does not prevent separation or accurate
characterization.


6105.  COUNSELING AND REHABILITATION

1.  Marine Corps policy is that reasonable efforts at rehabilitation should be
made before initiation of separation proceedings.

2.  Unless separation is mandatory, the potential for rehabilitation and
further useful military service will be considered by the separation authority
and, where applicable, the administrative board.  If separation is warranted,
despite the potential for rehabilitation, consideration should be given to
suspension of the separation, if authorized.

000684

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          6105

3.  In cases involving unsatisfactory performance, pattern of misconduct, minor disciplinary infractions, or other bases requiring counseling under paragraph 6105, separation processing may not be initiated until the Marine is counseled concerning deficiencies, and afforded a reasonable opportunity to overcome those deficiencies as reflected in appropriate counseling and personnel records.  No certain amount of time can be used to define "reasonable opportunity."  This must be determined by the commanding officer on a case-by-case basis.  The commanding officer must sign adverse page 11 entries.  Rehabilitation efforts must include the following and be documented in the Marine's service record:

    a.  Written notification concerning deficiencies or impairments;

    b.  Specific recommendations for corrective action, indicating any assistance available;

    c.  Comprehensive explanation of the consequences of failure to successfully take the recommended corrective action; and,

    d.  Reasonable opportunity for the Marine to undertake the recommended corrective action.

    *e.  Make the following entry as appropriate on page 11 of the service record upon completion of counseling.  The Marine will acknowledge by signing the entry.  (See MCO P1070.12 series, paragraph 4006.3r concerning rebuttal and counter-entry requirements).  The Marine's signature acknowledges that counseling has occurred, not that the Marine concurs with the content of the entry.  These entries, once properly made, may not be removed by subsequent commanding officers based upon the passage of time or subsequent good performance.  The date of the page 11 entry is the date that the Marine was counseled by the commanding officer.  Forward a photocopy of the completed page 11 entry and written rebuttal statement, if any, to the CMC (MMSB-20) within 30 days.

        (1)  Use this entry to warn a Marine who is NOT currently being processed for administrative or judicial action.  The purpose of this format is to warn Marines about problems and consequences and to offer an opportunity for improvement.

    "   Date   :  Counseled this date concerning the following deficiencies: _____.  Specific recommendations for corrective action are _____ and to seek assistance, which is available through the chain of command and _____.  Failure to take corrective action and any further violations of the UCMJ may result in judicial or adverse administrative action, including but not limited to administrative separation.  I was advised that within 5 working days after acknowledging this entry I may submit a written rebuttal which will be filed on the document side of the service record.  I choose to ____ /not to ____ make such a statement.

    _____          _____
        Signature of Marine                  Signature of Commanding Officer

(2) <u>Use this entry to document problems for a Marine who IS
currently being processed for administrative or judicial action</u>.  The purpose
of this format is to document problems that are the bases for impending or
current judicial or administrative processing when the Marine has previously
been given an opportunity to overcome problems or when the basis for
separation (such as commission of a serious offense) does not require that the
Marine be given such an opportunity.  It may also be used to document
additional problems arising after judicial or administrative processing has
already begun.  This entry is not a prerequisite to civilian or military
judicial action or to administrative separation.

"____Date____: Counseled this date concerning the following deficiencies:
_____.  Specific recommendations for corrective action are
_____ and to seek assistance, which is available through the chain
of command and _____.  I understand that I am being processed for the
following judicial or adverse administrative action: _____.  I
was advised that within 5 working days after acknowledging this entry I may submit a
written rebuttal which will be filed on the document side of the service record.  I
choose to ____ /not to ____ make such a statement.

_____          _____
    Signature of Marine                Signature of Commanding Officer

     f.  If the individual Marine annotates their desire "not to" make a
statement, the entry is appropriately annotated as such and no further
administrative action is required.  When the individual Marine desires to make
a statement, the following guidance applies:

     (1) Complete the statement using white paper, preferably type written
or printed and ensure the statement is dated and signed.

     (2) The Marine's statement must conform to article 1122, U.S. Navy
Regulations regarding temperate language, limited to pertinent facts
concerning the deficiencies identified in the page 11 entry and shall not
question or impugn the motives of another person.

     (3) This is not the forum for surfacing issues more timely and
appropriately handled at either request mast or through an Article 138 UCMJ,
Complaints of Wrongs hearing.

4.  The commanding officer must also determine, on a case-by-case basis,
whether the Marine has effectively overcome the noted deficiencies after the
counseling and page 11 entry have been made.  There are no requirements for
subsequent imposition of nonjudicial punishment or other administrative or
judicial actions as a prerequisite for separation proceedings.  There must be
some evidence in the administrative separation proceedings, however,
indicating the Marine has not overcome the noted deficiencies.

5.  A Marine being processed for separation under one of the bases requiring
counseling under paragraph 6105 may only be processed if the counseling entry
reasonably relates to the specific basis for separation ultimately
recommended.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL            6106

6106.  <u>LIMITATIONS ON SEPARATION ACTION</u>

1.  A member may <u>not</u> be separated on the basis of the following:

   a.  Conduct that has been the subject of military or civilian judicial proceedings (including summary courts-martial) resulting in an acquittal or action having the effect of an acquittal <u>except</u>:

      (1) When such action, having the effect of an acquittal, is based on a judicial determination not based on the issue of factual guilt of the respondent;

      (2) When the judicial proceeding was conducted in a state or foreign court and separation is in the best interest of the Marine Corps as determined by the Secretary of the Navy on a case-by-case basis; or,

      (3) When the acquittal was solely by reason of lack of mental responsibility.  Members in this category will be processed for disability separation.  When disability separation is not appropriate, process the member for separation in the best interest of the service per paragraph 6214.

   b.  Conduct that has been the subject of a prior administrative board proceeding in which the separation authority approved the board's finding that the evidence did not sustain the factual allegations.  Such conduct may form the basis for separation, however, if the separation authority determines that the finding was materially influenced by fraud or collusion on the part of the respondent or some other person acting on the respondent's behalf.

   c.  Conduct that has been the subject of a prior administrative separation proceeding resulting in a final determination by a separation authority that the member should be retained, unless:

      (1) Subsequent conduct or performance forms the basis, in whole or in part, for a new proceeding;

      (2) There is new or newly discovered evidence that was not reasonably available at the time of the prior proceedings; or

      (3) The finding has been determined by the separation authority to have been materially influenced by fraud or collusion on the part of the respondent or some other person acting on the respondent's behalf and an administrative board, in a rehearing, recommends separation.

2.  A prior court-martial conviction for a serious offense is not a bar to administrative separation processing based on that offense.  See subparagraph 1004.4 regarding characterization limitations.

3.  <u>Time limitations</u>.  No "statute of limitations" exists for administrative separations.  Accordingly, a Marine may be processed for separation based on conduct notwithstanding (1) the length of time between the conduct and the notification of separation or (2) the expiration of a statute of limitations for court-martial or nonjudicial punishment.

*4.  A Marine being considered for administrative separation processing who is otherwise eligible for transfer to the FMCR/retired list will, at his or her request, be allowed to transfer to the FMCR/retired list before initiating administrative separation processing.  If the Marine declines to transfer to the FMCR/retired list, the convening authority shall proceed with

000687

administrative separation processing.  If the member does elect, and does transfer to, the FMCR/retired list, he or she may not be recalled to active duty except with the review and approval of the CMC.  Provisions to reduce a Marine to a lower grade by the command are contained in the Marine Corps Promotion Manual, Volume 2, Enlisted Promotions (MCO P1400.32 series).

    a.  Requests for retirement/transfer FMCR may also be made at any time after initiation of separation proceedings.  If submitted before final action on the proposed separation, the request will be acted upon before final action on the separation.  Marines eligible for retirement/transfer FMCR who do not request transfer initially, may still do so after notification that separation has been directed.  Submit requests to the CMC (MMSR-2) within 5 working days of notification that separation has been directed for a transfer/retirement date within 30 days of the date separation was directed.

    b.  If the respondent is being retired/transferred to the FMCR by reason of misconduct, homosexual conduct, or security, then the CMC may direct reduction to the next inferior grade to that in which the respondent is currently serving before transfer.  The CMC will determine whether the member should be transferred in the pay grade currently held or first be reduced to the next inferior grade based on unsatisfactory performance in the current grade.  If the CMC determines that the member's service in the current pay grade was satisfactory, the member will be retired/transferred to the FMCR in the current pay grade.  If the CMC determines that the member did not serve satisfactorily before being transferred to the FMCR/retired list, the member will be reduced one grade.  The following criteria will be applied in making this determination:

        (1) Nature and severity of the misconduct and its relationship to and effect upon the performance of military duties.

        (2) All performance evaluations and other portions of the service record bearing on performance in the current pay grade, and whether the misconduct was known by reporting seniors, and if not, what effect, if any, it might have had on the respondent's record.

        (3) Time in current grade and its relationship to the time of the misconduct.

        (4) Other relevant matters presented by the record or the respondent.

        (5) Conduct by reservists.  Conduct by a member of the reserve component, regardless of where committed, may be the basis for separation whether or not the Marine is on active duty, active duty for training, or inactive duty for training status at the time of the conduct.  See paragraph 1004.4d.


6107.  CHARACTERIZATION OF SERVICE.  The separation authority must determine the appropriate character of service once the separation is approved.  Commanders initiating separation action must make specific recommendations based upon the circumstances of the particular case and the guidelines in paragraph 1004 and table 6-1.


6108.  RECOUPMENT OF ENLISTMENT/REENLISTMENT BONUSES.  Recoupment of unearned portions of enlistment/reenlistment/career status bonuses is directed when an active duty Marine is separated under any reason contained in this chapter

000688

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          6109

with the exception of the following:  involuntary separations under paragraphs 6202 (general demobilization), 6203.1, 6203.2, and 6203.3 (Convenience of the Government); voluntary separations under paragraphs 6404.2 (immediate reenlistment), 6407 (dependency/hardship), and 6420 (early release from overseas unit).

1.  Notice of Recoupment.  A Marine who may be subject to recoupment must be so advised before submitting a request for voluntary separation.  A warning is contained in figures 6-2 and 6-3.

2.  Recoupment in Cases of Homosexual Conduct

   a.  Homosexual conduct, as defined in paragraph 6002.11, constitutes a basis for recoupment of certain enlistment bonuses (see 37 U.S.C. 308 and 308a) and advanced educational assistance (see 10 U.S.C. 2005) if:

      (1) A characterization of service under other than honorable conditions is authorized under paragraph 6207.5;

      (2) The homosexual conduct is punishable under the UCMJ; or

      (3) The Marine engaged in homosexual conduct (including a statement demonstrating a propensity or intent to engage in homosexual acts) for the purpose of seeking separation.

Under these circumstances, homosexual conduct constitutes a basis for recoupment whether or not the Marine is actually separated with an other than honorable characterization of service or convicted of an offense under the UCMJ.  However, the administrative separation board (or the separation authority in cases without a board) must make specific written findings that, during the current term of service, the respondent engaged in homosexual conduct that constitutes a basis for recoupment under (1) - (3) above.

   b.  In cases involving allegations of homosexual conduct, commanders, counsel, and legal advisors shall consult the relevant statutes and regulations to ensure appropriate notice to the respondent, investigation, and findings by the administrative separation board (or the separation authority).


6109.  ELECTRONIC SIGNATURES AND ELECTRONIC RECORD OF PROCEEDINGS

1.  The electronic signature of a separation authority is a valid and legally sufficient signature of the separation authority's final action in all involuntary administrative separation proceedings described in this chapter.

2.  Electronic records of involuntary administrative separation proceedings described in this chapter, are valid and legally sufficient for all purposes, to include processing, review, separation authority final action and record retention by the Commandant of the Marine Corps (MMSB).

000689

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 6

ENLISTED ADMINISTRATIVE SEPARATIONS

SECTION 2:  INVOLUNTARY ADMINISTRATIVE SEPARATIONS

6201.  This section lists the reasons a commander may recommend involuntary
separation of a Marine before the Marine's expiration of current contract and
sets up the necessary administrative rules for separating a Marine under any
of the reasons given.

*1.  Reference. DOD Directive 1332.14 series.

2.  Format.  The general bases for separation are identified by the title at
the beginning of major numbered paragraphs.  For example, "Convenience of the
Government" is a general basis for separation.  Specific bases for separation
are identified in paragraphs under the general bases for separation.  For
example, "Parenthood" is a specific basis for separation under the general
basis "Convenience of the Government."  For some general bases such as
"Alcohol Abuse Rehabilitation Failure", there are no specific bases.  Refer to
Section 4 for details on reasons for voluntary separation.


6202.  CHANGE IN SERVICE OBLIGATION.  Commanding officers may separate Marines
when the CMC directs separation as part of a general demobilization or
reduction in force.  Characterize service as honorable, general (under
honorable conditions), or uncharacterized under the rules in table 6-1.

6203.  CONVENIENCE OF THE GOVERNMENT.  A Marine may be separated for the
Convenience of the Government for the reasons set forth below.  Characterize
service as honorable, general (under honorable conditions), or uncharacterized
under the rules in paragraph 1004 and table 6-1.

1.  Parenthood.  Marines are Marines 24 hours per day, 7 days per week.
Specific duties, assignments, or circumstances, not to mention the fundamental
mission of the Marine Corps, require all Marines, regardless of marital
status, to be responsive to command and Marine Corps needs.  When a Marine's
parental responsibilities result in repeated absenteeism, interfere with a
Marine's effective performance of duty, or preclude present or future
availability for worldwide assignment, separation is required unless the
Marine can resolve the conflict to the commanding officer's satisfaction.
Before initiating separation action, commanding officers must formally counsel
the Marine per paragraph 6105 concerning specific deficiencies and give the
Marine an opportunity to overcome the noted deficiencies.  When the
performance of duty still does not conform to commonly acceptable standards,
follow the procedures in section 3.

2.  Condition Not a Disability

*a.  Whenever a Marine's performance deteriorates or has an adverse effect
on others in the unit, commanding officers and subordinate leaders will try to
determine the cause.  When the command suspects a physical or mental condition
interferes with the Marine's effective performance of duty, the Marine should
be referred to the appropriate medical authority.  Commanders must comply with
SECNAVINST 6320.24 series and DODD 6409.1 series when referring a Marine for a
mental health evaluation.  If examination by a medical officer confirms that
the Marine is suffering from a physical or mental condition apparently beyond
the individual's control and indicates that the condition is

6-16
Ch 2

not a disability, initiate separation proceedings per paragraph 6303 or 6304
as appropriate.  Such conditions may include the following:

     *(1) Obesity.  Separation under this basis requires certification by a
medical officer or medical board report that the Marine's overweight condition
is due to pathological factors, not of a temporary nature, and apparently
beyond the Marine's control.  See MCO P6100.12 series.

     (2) Bed-wetting (enuresis).

     (3) Sleepwalking.

     *(4) Chronic airsickness.

     (5) Chronic motion sickness.

     *(6) Pseudofolliculitis Barbae.  Refer to MCO 6310.1 series,
Pseudofolliculitis Barbae, for details or treatment required before initiation
of separation action.

     (7) Allergy.  This includes, but is not limited to, allergy to
clothing, boots, bedding, and bee stings, or illness such as asthma and hay
fever.

     (8) Disqualifying Height.  Separation on this basis is appropriate
when, after a proper enlistment, a Marine cannot be assigned duties
appropriate to grade and MOS due to increased height.  Before separation, the
commander should investigate reassignment options for the Marine.

     (9) Any additional physical condition that interferes with duty, as
determined by the commanding officer and medical officer, that is not
considered a physical disability.

     b.  Refusal of Medical Treatment.  A Marine may be separated for refusing
medical treatment and that refusal interferes with duty.  The commander must
determine if the refusal is "reasonable" or "unreasonable" and warrants
separation based upon the situation and the following considerations.

     *(1) Navy Medical Publication P-117, The Manual of the Medical
Department (MANMED), article 18-22, states that medical, dental, and surgical
treatment will not be performed on a mentally competent member who does not
consent to the recommended procedure.  When a member refuses medical treatment
a medical evaluation board must be convened per the MANMED article and the
results forwarded to the Physical Evaluation Board (PEB).  See chapter 8
regarding the medical board and PEB process.  The PEB will make a
determination of "reasonable" or "unreasonable" refusal of medical treatment
according to SECNAVINST 1850.4 series, paragraph 3413.  A medical evaluation
board and PEB action are necessary because a determination of unreasonable
refusal and intentional misconduct/willful neglect will result in denial of
Department of Veterans Affairs and Social Security Administration medical
treatment for the member in the future.

     *(2) If the refusal of medical treatment is determined to be
reasonable, the member may still be separated at the commander's discretion
per this Manual.  If unsatisfactory performance of duty or misconduct are not
considerations, separation, for physical condition not a disabilty, may be
appropriate with the assignment of reenlistment codes RE-3P or RE-3C.

6203          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

(3) If the PEB determines that the refusal of medical treatment was "unreasonable" or provides a finding of intentional misconduct/willful neglect, the commander may consider the following:

(a) Administrative separation for unsatisfactory performance per paragraph 6206 or misconduct per paragraph 6210.

*(b) Administrative reduction. See MCO P1400.32 series regarding nonpunitive reductions relating to professional incompetence and competency review boards.

(c) Characterization of Service. If a finding of intentional misconduct/willful neglect or other negative aspects of a Marine's performance outweigh positive aspects of performance, to include proficiency and conduct average markings, and administrative separation is warranted, the least favorable characterization of service is general under honorable conditions.

*(4) Refusing inoculations. Service members are required to submit to required immunizations according to Navy Regulations, article 1144. The medical evaluation board and PEB procedures described in paragraph 6203.2.b(1) are not required for members refusing inoculations. Disciplinary action and separation for orders violations may be appropriate based upon the commander's decision.

c. Separation processing may not be initiated until the Marine has been counseled and allowed an opportunity to correct the deficiency per paragraph 6105. If a member is separated for "unreasonable" refusal of medical treatment, the following items must be included as part of the notification requirements of paragraph 6303:

(1) A reenlistment code of RE-4, not recommended for reenlistment, will be assigned and the member will be discharged and not transferred or eligible for service in the IRR.

(2) A finding of intentional misconduct/willful neglect requires the following notifications:

(a) Assignment of separation code _____ (basis determined).

(b) The member is not disabled and the condition did not occur in the line of duty.

(c) The Department of Veteran Affairs and the Social Security Administration may deny future medical benefits for this condition.

3. Personality Disorder

a. Basis for processing. Separation under this paragraph is authorized only if, due to personality disorder, the Marine's ability to function effectively in the military environment is significantly impaired and if no other basis for separation applies. For example, if separation can be based on another basis, including another basis under Convenience of the Government, misconduct, or unsatisfactory performance, use one of those bases in spite of the existence of personality disorder. Initiate separation proceedings per paragraph 6303 or 6304 as appropriate.

b. Documentation. Two forms are required in all cases.

*(1) Medical.  Separation under this paragraph is authorized only if a diagnosis by a psychiatrist or psychologist concludes, under Article 15-23 of the MANMED, that the disorder is so severe that the Marine's ability to function effectively in the military environment is significantly impaired. Personality disorders are described in Axis II of the multiaxial classification in the Diagnostic and Statistical Manual (DSM-IV) of Mental Disorders.  Commanders must comply with SECNAVINST 6320.24 series and DODDIR 6409.1 series when referring a Marine to a mental health evaluation.

(2) Nonmedical.  Written nonmedical evidence must be submitted to show specific examples of how the Marine is unable to function in the Marine Corps. These can be counseling entries on page 11 of the SRB or statements from witnesses.

*c.  Documentation.  Documentation for separation under this paragraph must include evidence not only that the Marine is unable to function effectively because of a personality disorder, but also that the disorder of personality was clearly evident prior to enlistment.

*d.  Counseling.  Before initiating separation, the command must have counseled the Marine in accordance with paragraph 6105; given the Marine a reasonable opportunity to correct deficiencies; and have documentation of failure to correct those deficiencies.  However, counseling is not required if a psychiatrist or psychologist determines that the Marine is an imminent or potential danger to himself or others.

*4.  Action in lieu of approved punitive discharge.  A member may be separated if placed on appellate leave pursuant to 10 U.S.C. 706 and whose punitive discharge is set aside, suspended, remitted, or disapproved during the review process.  In this case, separation processing must be based upon an applicable provision of this chapter and may proceed without the member being present. The member, however, must have been notified of the separation processing prior to beginning appellate leave, or be afforded the rights under paragraph 6303 or 6304, as appropriate, and either waives those rights or fails to respond within 30 days of receipt of notification of separation proceedings. Further, the characterization limitations of paragraph 6203 do not apply and characterization will be based upon the guidelines contained in paragraph 1004.

5.  Disenrolled Involuntarily from Officer Candidate Program.  A member may be separated after being involuntarily disenrolled from an officer candidate program under conditions in which the candidate did not incur, or does not have, any remaining service obligation.  (For voluntary disenrollment, see paragraph 6411).

*6.  Failure or Disenrollment From Lateral School Seat Assignment.  A member who reenlisted under MCO 1220.5 series, Lateral Move Program, may be separated for failure to comply with an express condition of enlistment/reenlistment; e.g., after failing, or being voluntarily or involuntarily disenrolled from, an MOS school/OJT under conditions not resulting in a service obligation to the member.

6204.  DEFECTIVE ENLISTMENT AND INDUCTION.  Marines may be separated for the following specific reasons:

1.  Minority

a.  If a Marine is under age 17, the enlistment is void and the Marine shall be separated.  The Marine shall receive an order of release from the

custody and control of the Marine Corps.  There is no characterization or description of service.  The separation will be an entry level separation. The separation authority is the GCMCA.

   b.  A Marine who is age 17 <u>shall</u> be separated under the following circumstances unless retained for the purpose of trial by court-martial.

      (1) There is evidence that the Marine is under age 18.

      (2) The Marine enlisted without the written consent of the Marine's parent or guardian.

      (3) An application for the Marine's separation is submitted to the CMC by the parent or guardian within 90 days of the Marine's enlistment.

   c.  The Marine <u>will</u> be given an entry level separation.

   d.  The notification procedures in paragraph 6303 shall be used.

2.  <u>Erroneous Enlistment/Reenlistment</u>

   a.  A Marine may be separated on the basis of an erroneous enlistment, induction, reenlistment, or extension of enlistment in the following circumstances, if:

      (1) The action would not have occurred had the relevant facts been known by the Marine Corps or had appropriate directives been followed;

      (2) The action was not the result of fraudulent conduct on the part of the Marine; and

      (3) The defect is unchanged in material respects.

   b.  Any case coming to a commander's attention which purports to be of this nature <u>shall</u> be investigated and a complete report included in the Marine's service record book.

   c.  Service is characterized as honorable, or uncharacterized per table 6-1.  Initiate separation proceedings following the procedures in paragraph 6303 or 6304 as appropriate.

   *d.  The separation authority is the GCMCA.  For Reservists not on active duty, the CG, MOBCOM is separation authority.  If an individual has already sworn in, but fails to ship, or is determined to be ineligible for enlistment and has not yet reported to a MCRD, the CG, MCRC is the discharge authority.

   e.  For individuals in the Delayed Entry Program (DEP) being separated because of ineligibility for enlistment, the member shall be notified of the proposed  separation and the reasons.  The member shall be given the opportunity to submit to the separation authority a statement in rebuttal by a specified date (not less than 30 days from the date of delivery).  The notice should be delivered personally or sent by certified mail, return receipt requested (or by an equivalent form of notice if such service is not available at an address outside the United States).  If the member fails to acknowledge receipt of notice, the individual who mails the notification shall prepare a Sworn Affidavit of Service by Mail that shall be inserted in the service record along with Postal Service Form 3800.  A member is ineligible for enlistment when the member:

      (1) No longer meets dependency criteria;

MARINE CORPS SEPARATION AND RETIREMENT MANUAL            6205

(2) No longer meets physical or mental qualifications;

(3) Unfavorable ENTNAC/NAC investigation or unfavorable police record is completed subsequent to entry into the DEP;

(4) Adverse security screening occurs; or

(5) Identified as a drug user or alcohol abuser.

3.  Fraudulent Entry into the Marine Corps

    a.  Marines who procure a fraudulent enlistment, reenlistment, induction, or period of active service will be processed for separation unless the fraud is waived or the fraud no longer exists.  An enlistment, induction, or period of service is fraudulent when there has been deliberate material misrepresentation, including the omission or concealment of facts which, if known at the time, would have reasonably been expected to preclude, postpone, or otherwise affect the Marine's eligibility for enlistment or induction.

    *b.  The separation authority may waive the Marine's fraud and authorize retention provided the existing defect could have been waived by the commanding general of a recruit depot, or lower authority, during the initial enlistment processing.  If the defect could not have been waived by a commanding general of a recruit depot, the case must be sent to the CG, MCRC (ENLRCTG), if the separation authority desires to retain the Marine.  See MCO P1100.72 series (MPPM, ENLPROC) to identify cases where only the CMC may authorize retention.

    *c.  Refer to MCO P1100.72 series (MPPM, ENLPROC) for the retention authority the commanding generals of the recruit depots may exercise.  When a fraudulent enlistment waiver is granted, an appropriate administrative entry, citing the waiver letter, will be made in block 37 of the DD Form 1966 (Application for Enlistment).  Recruits whose waiver requests are disapproved will be discharged per this chapter.

    d.  Characterization of service under other than honorable conditions may only be issued when the fraud involves concealment of a prior separation in which service was not characterized as honorable (the administrative board procedure of paragraph 6304 must be used if characterization under other than honorable conditions is desired).  In all other cases, the notification procedure of 6303 will be used and service will be characterized as honorable, general (under honorable conditions), or uncharacterized.  If the material misrepresentation included preservice homosexual conduct, the procedures in paragraph 6207 shall be applied.  See table 6-1 for characterization limitations.

6205.  ENTRY LEVEL PERFORMANCE AND CONDUCT

1.  A member may be separated while in an entry level status, if the member is unqualified for further service by reason of entry level performance and/or conduct, as evidenced by incapability, lack of reasonable effort, failure to adapt to the Marine Corps environment, or minor disciplinary infractions.

2.  When the separation of a Marine in an entry level status is warranted by unsatisfactory performance and/or minor disciplinary infractions, the member normally should be separated under this paragraph.  However, nothing cited in this paragraph precludes separation under another provision of this Manual.

Case 3:12-cv-00816-H-BGS Document 24-1 Filed 04/12/12 Page 112 of 204

6206                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

3.  A member with broken service may be separated while in indoctrination training for failure to satisfactorily complete such training.  When separation of a member for failure to satisfactorily complete indoctrination training is warranted, the member should normally be separated under this paragraph.  Nothing cited in this paragraph, however, precludes separation for another reason listed in this Manual.

4.  Separation processing may not be initiated until the Marine has been counseled per paragraph 6105 concerning deficiencies and has been afforded an opportunity to overcome those deficiencies as reflected in appropriate counseling and personnel records.  This requirement is particularly important because military service is a calling different from any civilian occupation. A Marine should not be separated when this is the sole reason unless there have been efforts at rehabilitation.  Such efforts must include the following and be documented in the Marine's service record:

    a.  Written notification concerning deficiencies or impairments;

    b.  Specific recommendations for corrective action, indicating any assistance available;

    c.  Comprehensive explanation of the consequences of failure to successfully take the recommended corrective action; and,

    d.  Reasonable opportunity for the Marine to take the recommended corrective action.

5.  The discharge will be uncharacterized.

6.  Follow the procedures of paragraph 6303.

7.  Commanding officers of Marine Corps Districts may discharge Reservists who are members of the DEP or members of the Selected Marine Corps Reserve awaiting initial active duty for training under this provision.  Separation will be uncharacterized.

8.  Within the parameters of "Entry Level Status" established in paragraph 6002, all personnel administratively separated from recruit training will be processed under this reason except in those limited cases where processing under a more serious basis is appropriate and where discharge characterization under other than honorable conditions is warranted.


6206.  UNSATISFACTORY PERFORMANCE.  A Marine may be separated if the Marine is unqualified for further service by reason of unsatisfactory performance.

1.  Unsatisfactory performance is characterized by:

    a.  Performance of assigned tasks and duties in a manner that does not contribute to unit readiness and/or mission accomplishment, as documented in the service record; or,

    b.  Failure to maintain required proficiency in grade, as demonstrated by below average proficiency/conduct numerical marks or adverse fitness report markings or comments accumulated in the Enlisted Performance Evaluation System.

                                                                 000696

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                6207

2.  This reason for separation will not be used for separation of a member in entry level status.

3.  Separation processing may not be initiated until the Marine has been counseled per paragraph 6105.  If the Marine does not respond to counseling, commanders may initiate separation following the procedures in paragraph 6303 or 6304 as appropriate.  Do not make arbitrary or capricious use of this authority to force the separation of Marines who possess the potential to be rehabilitated under the guidelines of paragraph 6105.

4.  Characterization will be honorable or general (under honorable conditions) per table 6-1.

5.  A Marine may be separated for unsatisfactory performance as follows:

   *a.  Unsanitary Habits.  The term "unsanitary habits" includes, but is not limited to, the repeated occurrence of venereal disease infections during the Marine's current enlistment or period of service.

   b.  Unsatisfactory Performance of Duties.  A Marine may be separated when it is determined the Marine is unqualified for further service by reason of unsatisfactory performance, as defined in paragraph 6206.1 above.  A member may also be separated under this basis for failure to conform to weight standards as a result of apathy or a lack of self discipline.

6207.  HOMOSEXUAL CONDUCT

1.  Policy

   a.  Homosexual conduct is grounds for separation from the Marine Corps under the bases described in  6207.2.  Homosexual conduct includes homosexual acts, a statement by a member that demonstrates a propensity or intent to engage in homosexual acts, or a homosexual marriage or attempted marriage.  A statement by a member that demonstrates a propensity or intent to engage in homosexual acts is grounds for separation not because it reflects the member's sexual orientation, but because the statement indicates a likelihood that the member engages in or will engage in homosexual acts.  A member's sexual orientation is considered a personal and private matter, and is not a bar to continued service under this section unless manifested by homosexual conduct in the manner described in paragraph 6207.2.

   b.  10 U.S.C. 654(a), contains the Congressional findings related to the policy concerning homosexual conduct in the Armed Forces.  These findings are as follows:

      (1) Section 8 of Article I of the Constitution of the United States commits exclusively to the Congress the powers to raise and support armies, provide and maintain a navy, and make rules for Government and regulation of the land and naval forces.

      (2) There is no constitutional right to serve in the Armed Forces.

      (3) Pursuant to the powers conferred by Section 8 of Article I of the Constitution of the United States, it lies within the discretion of the Congress to establish qualifications for and conditions of service in the Armed Forces.

6207            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

        (4) The primary purpose of the Armed Forces is to prepare for and to
prevail in combat should the need arise.

        (5) The conduct of military operations requires members of the Armed
Forces to make extraordinary sacrifices, including the ultimate sacrifice, in
order to provide for the common defense.

        (6) Success in combat requires military units that are characterized
by high morale, good order and discipline, and unit cohesion.

        (7) One of the most critical elements in combat capability is unit
cohesion, that is, the bonds of trust among individual service members that
make the combat effectiveness of a military unit greater than the sum of the
combat effectiveness of the individual unit members.

        (8) Military life is fundamentally different from civilian life in
that:

            (a) The extraordinary responsibilities of the Armed Forces, the
unique conditions of military service, and the critical role of unit cohesion,
require that the military community, while subject to civilian control, exist
as a specialized society; and

            (b) The military society is characterized by its own laws, rules,
customs, and traditions, including numerous restrictions on personal behavior,
that would not be acceptable in civilian society.

        (9) The standards of conduct for members of the Armed Forces regulate
a member's life for 24 hours each day beginning at the moment the member
enters military status and not ending until that person is discharged or
otherwise separated from the Armed Forces.

        (10) Those standards of conduct, including the Uniform Code of
Military Justice, apply to a member of the Armed Forces at all times that the
member has a military status, whether the member is on base or off base, and
whether the member is on duty or off duty.

        (11) The pervasive application of the standards of conduct is
necessary because members of the Armed Forces must be ready at all times for
worldwide deployment to a combat environment.

        (12) The worldwide deployment of United States military forces, the
international responsibilities of the United States, and the potential for
involvement of the Armed Forces in actual combat routinely make it necessary
for members of the Armed Forces involuntarily to accept living conditions and
working conditions that are often spartan, primitive, and characterized by
forced intimacy with little or no privacy.

        (13) The prohibition against homosexual conduct is a long standing
element of military law that continues to be necessary in the unique
circumstances of military service.

        (14) The Armed Forces must maintain personnel policies that exclude
persons whose presence in the Armed Forces would create an unacceptable risk
to the Armed Forces' high standards of morale, good order and discipline, and
unit cohesion that are the essence of military capability.

                                                        000698

Case 3:12-cv-00816-H-BGS Document 42-3 Filed 11/29/12 Page 104 of 193
Case 3:12-cv-00816-H-BGS Document 24-1 Filed 04/12/12 Page 115 of 204

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                6207

        (15) The presence in the Armed Forces of persons who demonstrate a
propensity or intent to engage in homosexual acts would create an unacceptable
risk to the high standards of morale, good order and discipline, and unit
cohesion that are the essence of military capability.

2. <u>Bases for Separation</u>. A Marine shall be separated under this paragraph if
one or more of the following approved findings is made by the separation
authority with or without administrative board proceedings:

    a. The member has engaged in, attempted to engage in, or solicited
another to engage in a homosexual act or acts, unless there are further
approved findings that:

        (1) Such acts are a departure from the member's usual and customary
behavior;

        (2) Such acts under all the circumstances are unlikely to recur;

        (3) Such acts were not accomplished by the use of force, coercion, or
intimidation;

        (4) Under the particular circumstances of the case, the member's
continued presence in the Marine Corps is consistent with the interest of the
Marine Corps in proper discipline, good order, and morale; and

        (5) The member does not have a propensity or intent to engage in
homosexual acts.

    b. The member has made a statement that he/she is a homosexual, or words
to that effect, unless there is a further approved finding that the member has
demonstrated that he/she is not a person who engages in, attempts to engage
in, has a propensity to engage in, or intends to engage in homosexual acts.  A
statement by a service member that he/she is a homosexual, or words to that
effect, creates a rebuttable presumption that the service member engages in,
attempts to engage in, has a propensity to engage in, or intends to engage in
homosexual acts.  The service member shall be advised of this presumption and
given the opportunity to rebut the presumption by presenting evidence
demonstrating that he/she does not engage in, attempt to engage in, have a
propensity to engage in, or intend to engage in homosexual acts.  Propensity
to engage in homosexual acts means more than an abstract preference or desire
to engage in homosexual acts; it indicates a likelihood that a person engages
in or will engage in homosexual acts.  In determining whether a member has
successfully rebutted the presumption that he/she engages in, attempts to
engage in, or has a propensity or intent to engage in homosexual acts, some or
all of the following may be considered:

        (1) Whether the member has engaged in homosexual acts;

        (2) The member's credibility;

        (3) Testimony from others about the member's past conduct, character,
and credibility;

        (4) The nature and circumstances of the member's statement;

        (5) Any other evidence relevant to whether the member is likely to
engage in homosexual acts.

6207          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

(This list is not exhaustive; any other relevant evidence may also be considered.)

    c.  The member has married or attempted to marry a person known to be of the same biological sex (as evidenced by the external anatomy of the persons involved).

3.  Inquiry

    a.  Responsibility

        (1) The member's commander is authorized to initiate fact finding inquiries concerning homosexual conduct.  A commander may initiate a fact finding inquiry only when he/she has received credible information that there is a basis for discharge.  Commanders are responsible for ensuring that inquiries are conducted properly and that no abuse of authority occurs.

        (2) A fact finding inquiry may be conducted by the commander personally or by a person he or she appoints.  It may consist of an examination of the information reported or a more extensive investigation as necessary.

        (3) The inquiry should gather all credible information that directly relates to the grounds for possible separation.  Inquiries shall be limited to the factual circumstances directly relevant to the specific allegations.

        *(4) If a commander has credible evidence of possible criminal conduct, he or she shall follow the procedures outlined in the current version of the Manual for Courts Martial and JAGINST 5800.7 series, JAGMAN.

        *(5) These inquiry provisions do not apply to activities of the Naval Criminal Investigative Service and other Department of Defense criminal investigative organizations that are governed by DODINST 5505.8 series.

    b.  Bases for Conducting Inquiries.  A commander will initiate an inquiry only if he or she has credible information that there is a basis for discharge.  Credible information exists when the information, considering its source and the surrounding circumstances, supports a reasonable belief that there is a basis for discharge.  It requires a determination based on articulable facts, not just a belief or suspicion.

    c.  A basis for discharge exists if:

        (1) The member has engaged in a homosexual act;

        (2) The member has said that he or she is a homosexual or bisexual, or made some other statement that indicates a propensity or intent to engage in homosexual acts; or

        (3) The member has married or attempted to marry a person of the same sex.

    d.  Credible information does not exist, for example, when:

        (1) The individual is suspected of engaging in homosexual conduct, but there is no credible information, as described, to support that suspicion;

(2) The only information is the opinions of others that a member is a homosexual;

(3) The inquiry would be based only on rumor, suspicion, or capricious claims concerning a member's sexual orientation; or

(4) The only information known is an associational activity such as going to a gay bar, possessing or reading homosexual publications, associating with known homosexuals, or marching in a gay rights rally in civilian clothes. Such activity, in and of itself, does not provide evidence of homosexual conduct.

  e.  Credible information exists, for example, when:

(1) A reliable person states that he or she observed or heard a service member engaging in homosexual acts, or saying that he/she is a homosexual or is married to a member of the same sex;

(2) A reliable person states that he/she heard, observed, or discovered a member make a spoken or written statement that a reasonable person would believe was intended to convey the fact that he/she engages in, attempts to engage in, or has a propensity or intent to engage in homosexual acts; or

(3) A reliable person states that he/she observed behavior that amounts to a non-verbal statement by a member that he/she is a homosexual or bisexual (i.e., behavior that a reasonable person would believe was intended to convey the statement that the member engages in, attempts to engage in, or has a propensity or intent to engage in homosexual acts).

  f.  Procedures

(1) Informal fact finding inquiries and administrative separation procedures are the preferred method of addressing homosexual conduct.  This does not prevent disciplinary action or trial by court-martial when appropriate.

(2) Commanders shall exercise sound discretion regarding when credible information exists.  They shall examine the information and decide whether an inquiry is warranted or whether no action should be taken.

(3) Commanders or appointed inquiry officials shall not ask, and members shall not be required to reveal, whether the member is a heterosexual, a homosexual, or a bisexual.  However, upon receipt of credible information of homosexual conduct (as described above), commanders or appointed inquiry officials may ask members if they engaged in such conduct.  The member should first be advised of the Marine Corps policy on homosexual conduct and, if applicable, the provisions of Article 31, UCMJ.  Should the member choose not to discuss the matter further, the commander should consider other available information.  Nothing in this provision precludes questioning a member about any information provided by the member in the course of the fact finding inquiry or any related proceeding; nor does it provide the member with any basis for challenging the validity of any proceeding or the use of any evidence, including a statement by the member, in any proceeding.

(4) At any point during the inquiry, the commander or appointed inquiry official must be able to explain clearly and specifically which

Case 3:12-cv-00816-H-BGS Document 42-3 Filed 11/20/12 Page 107 of 193

6207            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

grounds for separation he/she is attempting to verify and how the information being collected relates to those specific separation grounds.

    (5) A statement by a service member that he/she is a homosexual or bisexual creates a rebuttable presumption that the service member engages in, attempts to engage in, has a propensity to engage in, or intends to engage in homosexual acts.  The service member shall be given the opportunity to present evidence demonstrating that he/she does not engage in, attempt to engage in, or have a propensity or intent to engage in homosexual acts.  The service member bears the burden of proving, by a preponderance of the evidence, that he/she is not a person who engages in, attempts to engage in, or has a propensity or intent to engage in homosexual acts.

    g.  Legal Effect.  The procedures set forth in paragraph 6207.3 create no substantive or procedural rights.

4.  Disposition

    a.  Based on the inquiry described in paragraph 6207.3, the commander must determine whether there is probable cause (a reasonable belief) to believe a basis for administrative separation exists.  If the commanding officer determines probable cause exists, the commanding officer shall initiate separation processing.

    b.  If the commanding officer determines probable cause does not exist, the commanding officer shall terminate the inquiry and any administrative action already initiated.

    c.  Certain homosexual conduct may constitute both a basis for administrative separation processing and a violation of the UCMJ.  The UCMJ requires all allegations of misconduct to be thoroughly investigated.  Upon review of the results of the investigation, the cognizant commanding officer has discretion to determine what, if any, disciplinary action is appropriate. The provisions for administrative discharge for homosexual conduct do not preclude disciplinary action under the UCMJ when such action is deemed appropriate by the cognizant commanding officer.  In this regard, there is no right on the part of any individual to demand trial by court-martial in lieu of administrative separation processing.

5.  Characterization.  Characterization of service or description of separation shall be in accordance with the guidance in table 6-1 of this chapter.  When the sole basis for separation is homosexual conduct, a characterization under other than honorable conditions may be issued only if such a characterization is warranted under table 6-1 and there is a finding that during the current term of service the member attempted, solicited, or committed a homosexual act in the following circumstances:

    a.  By using force, coercion, or intimidation;

    b.  With a person under age 16;

    c.  With a subordinate in circumstances that violate customary military superior/subordinate relationships;

    d.  Openly in public view;

    e.  For compensation;

000702

Case 3:12-cv-00816-H-BGS Document 24-1 Filed 04/12/12 Page 119 of 204

    f.  Aboard a military vessel or aircraft; or

    g.  In another location subject to military control under aggravating circumstances having an adverse impact on discipline, good order, or morale comparable to the impact of such activity aboard a vessel or aircraft.

6.  <u>Administrative Separation Board Procedures</u>.  The administrative discharge board procedures outlined in paragraph 6304 shall be used subject to the following guidance:

    a.  The administrative separation board shall be informed of the Congressional findings as enumerated in paragraph 6207.1b.

    b.  In addition to the requirements of paragraph 6319, the administrative separation board shall be guided by the following:

        (1) If the board finds one or more of the circumstances authorizing separation as described herein is supported by the evidence, the board shall recommend separation unless the board finds that retention is warranted under the limited circumstances described in paragraph 6207.2a or 6207.2b.

        (2) If the board does not find that there is sufficient evidence that one or more of the circumstances authorizing separation as described herein has occurred, the board shall recommend retention unless the case involves another basis for separation of which the member has been duly notified.

        (3) The member shall bear the burden of proving throughout the proceeding, by a preponderance of the evidence, that retention is warranted under the limited circumstances described in paragraph 6207.2a or 6207.2b.

        (4) Findings regarding whether or not retention is warranted under the limited circumstances described are required if the member clearly and specifically raises such limited circumstances.

7.  <u>Separation Authority Action</u>

    a.  The separation authority shall dispose of a case according to the following provisions:

        (1) If the board recommends retention, the separation authority shall take one of the following actions:

            (a) Approve the finding and direct retention;

            (b) Forward the case to the Secretary of the Navy via the CMC (MMSR-3) with a recommendation that the Secretary separate the member under paragraph 6214.

        (2) If the board recommends separation, the separation authority shall take one of the following actions:

            (a) Approve the finding and direct separation; or

            (b) Disapprove the finding based on one of the following considerations:

                <u>1</u> There is insufficient evidence to support the finding; or

Case 3:12-cv-00816-H-BGS  Document 24-1  Filed 04/12/12  Page 120 of 204

6208            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

        <u>2</u> Retention is warranted under the limited circumstances
described in paragraph 6207.2a or 6207.2b.

        (3) If there has been a waiver of the board proceedings, the
separation authority shall dispose of the case in accordance with the
following provisions:

        (a) If the separation authority determines that there is
insufficient evidence to support separation, the separation authority shall
direct retention unless there is another basis for separation for which the
member has been duly notified; or

        (b) If the separation authority determines that one or more of
the circumstances authorizing separation as described has occurred, the member
shall be separated unless retention is warranted under the limited
circumstances described in paragraph 6207.2a or 6207.2b.

8.  <u>Limitations</u>.  Nothing in these procedures:

    a.  Limits the authority of the Secretary of the Navy to take appropriate
action to ensure that there has been compliance with the provisions of this
policy;

    b.  Requires that a member be processed for separation when a
determination is made that:

        (1) The member engaged in acts, made statements, or married or
attempted to marry a person known to be of the same biological sex for the
purpose of avoiding or terminating military service; and

        (2) Separation of the member would not be in the best interest of the
Marine Corps;

    c.  Precludes retention of a member for a limited period of time in the
interests of national security as authorized by the Secretary of the Navy;

    d.  Authorizes a member to seek Secretarial review unless authorized in
procedures promulgated by the Secretary of the Navy;

    e.  Precludes separation in appropriate circumstances for another reason
as described in this chapter; or

    f.  Precludes trial by court-martial in appropriate cases.


6208.  <u>RESERVED FOR FUTURE USE</u>


6209.  <u>ALCOHOL ABUSE REHABILITATION FAILURE</u>

1.  A Marine who has been referred to a program of rehabilitation for personal
alcohol abuse and/or dependency, may be separated for failure through
inability or refusal to participate in, cooperate in, or successfully complete
such a program in the following circumstances:

    a.  There is a lack of potential for continued naval service; or

    b.  Long term rehabilitation is determined necessary and the Marine is transferred to a civilian medical facility for rehabilitation.

2.  Initiate separation proceedings following the procedures in paragraph 6303 or 6304 as appropriate.

3.  Characterization is honorable, general (under honorable conditions), or uncharacterized per table 6-1.

*4.  Nothing in this paragraph precludes separation under other provisions in this Manual.  See MCO P1700.24 series for further information.


6210.  <u>MISCONDUCT</u>

1.  Whenever a Marine is involved in misconduct, as described in the following paragraphs, commanders shall process the Marine for separation unless rehabilitation and retention are warranted under the guidelines in paragraph 6105.  Characterization of service normally shall be under other than honorable conditions, but characterization as general (under honorable conditions) may be warranted in some circumstances.  For Marines who have completed entry level status, characterization of service as honorable <u>is not authorized</u> unless the Marine's record is otherwise so meritorious that any other characterization clearly would be inappropriate and the separation is approved by the GCMCA.  When characterization of service under other than honorable conditions is not warranted for a Marine in entry level status, the separation shall be uncharacterized.  Separation processing for a series of minor disciplinary infractions or a pattern of misconduct may not be initiated until the member has been counseled per the guidelines for counseling in paragraph 6105.  Counseling per paragraph 6105 and rehabilitation are not required if the basis of separation is commission of a serious offense, a civilian conviction, or a similar juvenile adjudication, or drug abuse.  Process per provisions of paragraph 6303 or 6304 as appropriate.  Actions on related misconduct separations:

    a.  Misconduct involving homosexual conduct shall be processed under paragraph 6207;

    b.  Misconduct involving a fraudulent entry shall be processed under paragraph 6204.3;

    c.  Offenses involving drug abuse shall be processed for separation by reason of the appropriate drug abuse offense in paragraph 6210.5, as well as other applicable reasons in this Manual; and

    *d.  See MCO P1400.32 series, Enlisted Promotion Manual regarding nonpunitive reductions relating to professional incompetence and competency review boards.

2.  <u>Minor Disciplinary Infractions</u>.  A Marine may be separated when there is, in his or her service record book, a documented series of at least THREE minor disciplinary infractions, during the current enlistment, of a nature which have been or would have been appropriately disciplined under Article 15, UCMJ, nonjudicial punishment.  When multiple offenses have been the subject of one nonjudicial punishment, they remain separate offenses for the purpose of determining eligibility for processing under this paragraph.  If separation of a member in entry level status is warranted solely by reason of minor disciplinary infractions, the processing should be under Entry Level Performance and Conduct.  Separation processing may not be initiated until the

Marine has been counseled per paragraph 6105.  The notification procedure contained in paragraph 6303 may be used if characterization of service under other than honorable conditions is not warranted.

3.  A Pattern of Misconduct

    a.  A minimum of TWO incidents occurring within one enlistment is required.  Misconduct occurring in an extension of an enlistment is considered to be within one enlistment.  The infractions may be minor or more serious.  There must be discreditable involvement with civil or military authorities or conduct prejudicial to good order and discipline.  The misconduct need not have been the subject of NJP or military or civilian conviction.  Such incidents include, but are not limited to, an established pattern of minor unauthorized absences; an established pattern of dishonorable failure to pay just debts; or an established pattern of dishonorable failure to contribute adequate support to family members or comply with orders, decrees, or judgments of a civil court concerning support of family members.  The incidents of misconduct do not have to be of the same nature.

    b.  Separation processing may not be initiated until the Marine has been counseled per paragraph 6105.  The notification procedure contained in paragraph 6303 may be used if characterization of service under other than honorable conditions is not warranted.

4.  Sexual Perversion.  Sexual perversion (see paragraph 6002.21) is not a specific basis for discharge.  Marines involved in acts of sexual perversion shall be processed under paragraph 6210.6 or 6210.7, as appropriate.

5.  Drug Abuse

    *a.  Commanders shall process Marines for administrative separation for illegal, wrongful, or improper use, possession, sale, transfer, distribution, or introduction on a military installation of any controlled substance, marijuana, steroids, or other dangerous or illicit drug or other forms of substance abuse (such as designer drugs, fungi, chemicals not intended for human consumption, etc.) as defined in SECNAVINST 5300.28 series paragraph 5.c), and/or the possession, sale, or transfer of drug paraphernalia as defined in SECNAVINST 5300.28 series.  Commanders shall also process Marines who attempt to engage in any of the aforementioned activities.  Evidence obtained from an involuntary urinalysis administered pursuant to an inspection under Military Rule of Evidence in the current version of the Manual for Courts Martial (MCM), or from a search and seizure under Military Rules of Evidence 311-317, or incident to an examination conducted for a valid medical reason may be used to characterize a member's discharge as under other than honorable conditions.  The procedures contained in paragraph 6304 shall be used when separating a Marine under these provisions, unless a characterization of service more favorable than other than honorable is warranted.

    b.  Except as provided below, all Marines (regardless of pay grade) identified for mandatory processing under the criteria of paragraph 6210.5a will be processed for administrative separation by reason of misconduct, due to drug abuse, on the first offense.  Processing is not required if:

        (1)  The offense has been adjudicated at a general or special court martial, for which the sentence approved by the convening authority includes a punitive discharge (suspended or unsuspended), or

        (2)  The limitations of paragraph 6106.1 apply

Case 3:12-cv-00816-H-BGS   Document 42-3   Filed 04/12/12   Page 113 of 194

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                6210

c.  Self-referral for drug use constitutes confirmation of illegal drug
abuse and requires a Marine to be processed for administrative separation.
The Voluntary Drug Exemption Program is no longer applicable.  However, a
Marine's voluntary submission to a DoD treatment and rehabilitation program,
and evidence voluntarily disclosed by the Marine as part of the course of
treatment in such a program may not be used against the Marine on the issue of
characterization of service.  This limitation does not apply to:

    (1) The introduction of evidence for the purpose of impeachment or
rebuttal in any proceeding in which evidence of drug abuse has been first
introduced by the Marine; or

    (2) The taking of action based on independently derived evidence,
including evidence of continued drug abuse after initial entry into a
treatment and rehabilitation program.

*d.  Marines separated for drug abuse will be screened for drug dependency
at a Substance Abuse Counseling Center (SACC) and provided treatment prior to
separation.  Under special circumstances, they will be referred to the
Department of Veterans Administration (DVA) for counseling and/or treatment.
The commanding officer determines when treatment at a VA Medical Facility is
in the best interest of the Marine Corps and the Marine being separated.

6.  Commission of a Serious Offense

    a.  A Marine may be processed for separation for commission of a serious
military or civilian offense under the following circumstances:

    (1) The specific circumstances of the offense warrant separation; and

    (2) A punitive discharge would be authorized for the same or a closely
related offense under the UCMJ.

    b.  A military or civilian conviction is not required for discharge under
this provision.

    c.  The notification procedure contained in paragraph 6303 may be used if
characterization of service under other than honorable conditions is not
warranted.

7.  Civilian Conviction

    a.  Commanders may process Marines for separation when civilian
authorities (foreign or domestic) have convicted a Marine or taken action
which is tantamount to a finding of guilty, including similar adjudication in
juvenile proceedings, when:

    (1) the specific circumstances of the offense warrant separation, and

    (2) a punitive discharge would be authorized for the same or a closely
related offense under the UCMJ; or

    (3) the sentence by civilian authorities includes confinement for 6
months or more without regard to suspension or probation.

    b.  Separation processing may be initiated whether or not a Marine has
filed an appeal of a civilian conviction or has stated an intention to do so.
However, execution of an approved separation should be withheld pending
outcome of the appeal or until the time for appeal has passed, unless the
Marine has requested separation or the member's separation has been requested

6210                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

by the CMC.  Such requests must be approved by the Secretary of the Navy who may direct that the member be separated before final action on the appeal.

    c.  For special provisions regarding characterization of discharge based upon civilian conviction in the case of a Reservist, see paragraph 1004.4d.

    d.  The notification procedure contained in paragraph 6303 may be used if characterization of service under other than honorable conditions is not warranted.

8.  Sexual Harassment

    a.  Processing for separation is mandatory following the first substantiated incident of sexual harassment (see defintion paragraph 6002.19) involving any of the following circumstances:

        (1) Threats or attempts to influence another's career or job for sexual favors;

        (2) Rewards in exchange for sexual favors; or,

        (3) Physical contact of a sexual nature which, if charged as a violation of the UCMJ, could result in a punitive discharge.

    b.  An incident is considered substantiated when there has been a court-martial conviction, nonjudicial punishment, or the commander determines, based on a preponderance of the evidence, that sexual harassment has occurred.

    c.  Refer to the procedures in paragraph 6303 or 6304, as applicable.  The basis for separation shall be under paragraph 6210.2 (Minor Disciplinary Infractions); 6210.3 (Pattern of Misconduct); or 6210.6 (Commission of a Serious Offense).  Counseling per paragraph 6105 is not required for processing a Marine for separation under this paragraph, unless the Marine is processed under paragraph 6210.2 or 6210.3.

9.  Participation in Supremacist or Extremist Organizations or Activities

    a.  Processing for separation is mandatory following the first substantiated incident of misconduct resulting from the member's participation in extremist or supremacist activities which, in the independent judgment of an administrative separation board convening authority, is more likely than not to undermine unit cohesion or be detrimental to the good order, discipline, or mission accomplishment of the command.  Such misconduct must relate to:

        (1) Illegal discrimination based on race, creed, color, sex, religion, or national origin; or

        (2) Advocating the use of force or violence against any Federal, State, or local government, or any unit or agency thereof, in contravention of Federal, State, or local laws.

    b.  An incident is considered substantiated when there has been a court martial conviction, nonjudicial punishment, or an administrative separation board convening authority determines, based on a preponderance of the evidence, that the member has engaged in supremacist or extremist conduct

6-34                                                                    000708

c.  The basis for separation shall be under paragraph 6210.2 (minor disciplinary infractions); 6210.3 (pattern of misconduct); 6210.6 (commission of a serious offense); or 6214 (separation in the best interest of the service).  Note, however, that paragraph 6210.2 and 6210.3 may not be used unless the Marine has been previously counseled concerning misconduct per paragraph 6105.

d.  The least favorable characterization is under other than honorable conditions, if an administrative board procedure (paragraph 6304) is used. Characterization is honorable, general (under honorable conditions), or uncharacterized (entry level separation), if the notification procedure (paragraph 6303) is used.  Refer to paragraph 6210.2, 6210.3, 6210.6, and 6214 to determine the applicability of paragraphs 6303 and 6304.

*10.  Driving Under the Influence

*a.  A Marine may be processed for separation for driving under the influence following a substantiated incident.

*b.  An incident is considered substantiated when there has been a court martial conviction, nonjudicial punishment, a civilian conviction, or an administrative separation board convening authority determines based on a preponderance of the evidence that the member has engaged in the act of driving under the influence.

*c.  The basis for separation shall be under paragraph 6210.3 (pattern of misconduct); 6210.6 (commission of a serious offense); 6210.7 (civilian conviction); or 6214 (separation in the best interest of the service).  Note, however, that paragraph 6210.3 may not be used unless the Marine has been previously counseled concerning misconduct per paragraph 6105.

*d.  The least favorable characterization is under other than honorable conditions, if an administrative board procedure (paragraph 6304) is used. Characterization is honorable, general (under honorable conditions), or uncharacterized (entry level separation), if the notification procedure (paragraph 6303) is used.  Refer to paragraphs 6210.3, 6210.6, 6210.7, and 6214 to determine the applicability of paragraphs 6303 and 6304.

*e.  Processing for separation for driving under the influence is mandatory following the second substantiated incident.  For the purposes of mandatory processing under this paragraph, a second substantiated incident is defined as a conviction at court-martial for operating a vehicle impaired or with a blood alcohol concentration that exceeds the limit proscribed in Article 111, UCMJ, a civilian conviction for driving under the influence that is substantially equivalent to a violation of Article 111, or nonjudicial punishment for driving under the influence in violation of Article 111.  The first substantiated incident necessary to trigger mandatory processing must have occurred during the Marine's current enlistment and the Marine's service record book must indicate that the Marine was counseled concerning the earlier substantiated incident per paragraph 6105.  Preservice misconduct shall not be considered for determining whether mandatory processing is required

6211.  NEW ENTRANT DRUG AND ALCOHOL TESTING

1.  The enlistment of any person determined to have been dependent on drugs or alcohol at the time of such enlistment shall be voided, and the member shall normally be given an uncharacterized separation.  The following guidelines apply:

    a.  The basis of separation for members found dependent on drugs or alcohol at the time of enlistment shall be a void enlistment (10 U.S.C. 978).

    b.  Dependency will be determined by a medical officer using appropriate medical/psychiatric criteria.

    c.  Prepare a DD Form 214 for all individuals separated under this paragraph per section 2 of chapter 1 with the following exceptions:

        (1)  Enter zeros in all blocks of item 12 for non-prior service individuals.  For individuals with prior service, enter zero in blocks a, b, c, and i and complete the remaining portion as appropriate.

        (2)  Enter "VOID ENLISTMENT" in blocks 23 and 24.

        (3)  Enter "10 U.S.C. 978" in block 25.

        (4)  Assign separation code, JFU1.

        (5)  Assign reenlistment code, RE-3C.

    d.  A person whose enlistment is voided due to alcohol or drug dependency shall be referred to a civilian treatment facility.

    e.  This paragraph also applies to officer candidates undergoing initial training in an enlisted status.

2.  Members who test positive, but are not found dependent, for drugs or alcohol during an initial entry drug or alcohol test shall be processed for separation per the appropriate provision of paragraph 6204 (defective enlistment and induction).  Commanding officers are not precluded in appropriate cases from taking disciplinary action against a member or processing a member for discharge, with or without a characterization, under an alternative basis for separation.

a.  Separation of personnel who refuse to consent to testing or evaluation during initial entry on active duty (IEAD) or who are confirmed positive for illegal drug use (other than marijuana) may not be waived.

b.  Personnel confirmed positive for marijuana use alone (except for officer candidates) will be processed for separation unless the GCMCAs of the recruit depots or their delegated authorities waive this provision on a case-by-case basis.  Separation of officer candidates for confirmed marijuana use may not be waived.

c.  Personnel confirmed positive at a 0.05 blood alcohol level or greater shall be processed for separation unless the GCMCAs of the recruit depots and OCS (in the case of officer candidates) or their delegated authorities waive this provision on a case-by-case basis.

6212.  SECURITY.  When retention is clearly inconsistent with the interests of national security, a Marine may be separated by reason of security and under conditions and procedures established by the Secretary of Defense. Characterization will be honorable, general (under honorable conditions), under other than honorable, or uncharacterized under the rules in table 6-1. The separation authority is the CMC (MMSR); however, the CMC may refer any particular case to the Secretary of the Navy.

*6213.  UNSATISFACTORY PARTICIPATION IN THE READY RESERVE.  A Marine may be separated for unsatisfactory participation in the Ready Reserve under criteria established in DODDIR 1215.13 series, MCO P1001R.1 (MCRAMM) series, and the Commander, Marine Forces Reserve (MARFORRES).  The separation authority is the GCMCA.  Characterization of service will conform to paragraph 1004 and the rules of table 6-1.

6214.  SEPARATION IN THE BEST INTEREST OF THE SERVICE

1.  The Secretary of the Navy, in his discretion, may direct the separation of any Marine before the expiration of that Marine's term of service after determining that such separation is in the best interest of the Marine Corps. For example, the Secretary may use secretarial plenary authority to separate a Marine whose personal conduct reflects discredit upon the service, adversely affects the good order and discipline of the unit, or adversely affects the Marine's performance of duty.  Requests for this type of discharge should only be made in unusual cases where such action is essential in the interest of justice, discipline, and proper administration in the naval service.

2.  Requests for separation under this paragraph shall be forwarded to the Secretary of the Navy via the CMC (MMSR-3) for review.

3.  Separation under this provision should only be made in unusual cases not covered by any other provisions of this chapter or when a Marine has been processed for separation under any other basis of this chapter and the separation authority, pursuant to paragraph 6309.2c, disagrees with the administrative board's recommendation for retention.  In all other cases initiated under this paragraph, the basis for discharge will be under separation in the best interest of the service.

4.  Notification procedures under paragraph 6303 shall be used.  The procedures for requesting an administrative separation board, including for a Marine with 6 or more years of service, do not apply.  The notification shall state why no other reason for separation under this chapter is appropriate and why separating the Marine is in the best interest of the Marine Corps.

5.  Characterization of service will be honorable or general (under honorable conditions).

6.  See paragraph 6421 regarding voluntary requests for separation under the secretarial plenary authority.

7.  All separations in the best interest of the service shall be submitted to the Secretary or the Secretary's delegated representative for decision.

*8.  Marines separated under this paragraph with an honorable or general (under honorable conditions) characterization of service normally rate full separation pay.  The Secretary of the Navy or the Secretary's delegated representatives will determine approval of half or no separation pay.

6215.  <u>WEIGHT CONTROL/BODY COMPOSITION FAILURE</u>.  When the sole reason for separation is failure to meet weight and body fat standards, and the Marine's performance and conduct otherwise conform with established standards, if separation is warranted, the Marine will be separated under this paragraph.

1.  <u>Basis for processing</u>

    a.  <u>Medical problems:  Obesity</u>.  Marines with a medically diagnosed condition that precludes or interferes with weight/body fat control may be separated through appropriate medical channels.

    b.  <u>No medical problems:  Weight Control/Body Composition Failure</u>.  The following criteria must be met to meet this basis for separation:

        (1) The Marine is unqualified for further service;

      *(2) The Marine failed to meet weight standards under MCO P6100.12 series;

        (3) The Marine has no medically diagnosed condition precluding or interfering with weight/body fat control;

      *(4) The Marine made a reasonable effort to conform to Marine Corps weight and body fat standards by adhering to the regimen prescribed by the appropriately credentialed health care provider (ACHCP) and the commander as prescribed in MCO P6100.12 series.  A reasonable effort consists of adherence to a reasonable diet combined with a regular physical training regimen and a steady loss of weight/body fat.  Processing of Marines who fail to make a reasonable effort will be under paragraph 6206 (unsatisfactory performance of duties), not this paragraph; and

        (5) Weight control/body composition failure is the <u>only</u> basis for separation and the Marine's performance and conduct otherwise conform with established standards.  This basis will <u>NOT</u> be used if another basis (such as misconduct or unsatisfactory participation or performance) is appropriate.

2.  <u>Documentation</u>.  The following must be included to support separation:

6215                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    *a.  The request for preliminary medical evaluation in appendix D to MCO
P6100.12 series, completed through the fifth endorsement.  An ACHCP must sign
the first and fifth endorsements.  **The ACHCP must be a medical officer,
contract physician, nurse practitioner, or physician's assistant; the
signature of a corpsman is NOT sufficient**.  The signature block will CLEARLY
state the name,

grade, branch of service, medical title, and organization (as appropriate) of
the ACHCP who diagnosed the cause of the respondent's deficiency.

    b.  Weigh-in/Body Composition Progress Chart.  If the respondent received
an extension beyond the initial assignment, attach a statement from the
officer who approved the request, indicating the date approved and length of
extension.  An ACHCP must reevaluate the Marine 30 days prior to the end of
the extension.

*3.  Counseling (6105).  Before initiating separation, the command must
counsel the Marine according to paragraph 6105; giving the Marine corrective
guidance and a reasonable opportunity to correct deficiencies; and document
any failure to correct those deficiencies.  PROPER 6105 COUNSELING ABOUT THE
WEIGHT/BODY COMPOSITION PROBLEM SHOULD BE RECORDED IN THE SRB ON THE SAME DAY
THE MARINE IS ASSIGNED TO THE WEIGHT CONTROL/BODY COMPOSITION PROGRAM.  The
6105 counseling is required for administrative discharge, but a page 11 entry
is not required to record assignment to the weight control/body composition
program for unit diary purposes.  The 6105 counseling is different from the
counseling required in MCO P6100.12 series when the Marine does not lose
weight within 2 weeks (one month for Selected Marine Corps Reserve) of
assignment to the weight control/body composition program.  Follow the time
periods (and extensions) in MCO P6100.12 series for losing weight.  Ensure
that command reevaluation is conducted 6 months after the initial assignment
to the weight control/body composition program.

4.  Characterization.  Honorable or general (under honorable conditions) as
warranted under paragraph 1004 and Table 6-1.  Table 1-1, Rule 8, is not used
for this separation.

5.  This paragraph will not be used for entry level separation.

*6.  "Weight control failure" and "body composition failure" (as stated in MCO
P6100.12 series) are synonymous.  "Weight Control Failure" is used for
paragraph 6215 in compliance with Department of Defense standards.  In
addition, "Weight Control Failure" will be used as the narrative reason in
block 28 of the DD Form 214 for Marines separated under this paragraph.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Table 6-1.  Guide for Characterization of Service

| | HON | GEN | OTH | UNCHARACTERIZED |
|---|---|---|---|---|
| Par. 6202 Change in Service Obligation | X 1,5 | X 1,5 | | X |
| Par. 6203 Convenience of the Government | X 1,5 | X 1,5 | | X |
| Par. 6204.1a Minor under 17 | Order of release from the custody and control of the Marine Corps | | | |
| Par. 6204.1b Minor 17 years old | | | | X |
| Par. 6204.2 Erroneous Enlistment/ Reenlistment | X 1 | | | X |
| Par. 6204.3 Fraudulent Enlistment | X 1,5 | X 1,5 | X 6 | X |
| Par. 6205 Entry Level Performance and Conduct | | | | X |
| Par. 6206 Unsatisfactory Performance | X 5 | X 5 | | |
| Par. 6207 Homosexual Conduct | X 1,5 | X 1,5 | X 4 | X |
| Par. 6209 Alcohol Rehab Failure | X 1,5 | X 1,5 | | X |
| Par. 6210 Misconduct | X 2 | X 1,3 | X | X 3 |
| Par. 6211 New Entrant Drug/Alcohol Testing | | | | X |
| Par. 6212 Security | X 1,5 | X 1,5 | X | X 3 |
| Par. 6213 Unsat Part in Ready Reserve | X 2 | X 1,5 | X | X |
| Par. 6214 SECNAV Plenary Authority | X 1,5 | X 1,5 | | X |
| Par. 6215 Weight Control Failure | X 1,5 | X 1,5 | | |

Table 6-1.  Guide for Characterization of Service

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Table 6-1.  Guide for Characterization of Service -- Continued

NOTES:

1.  Authorized unless Marine is in an entry level status.

2.  Not authorized unless Marine's record is otherwise so meritorious that any other characterization clearly would be inappropriate.

3.  Authorized only if OTH is not warranted.

4.  Authorized only under the limited circumstances described in paragraph. 6207.5.

5.  Authorized in accordance with the guidance in paragraph 1004.

6.  Authorized only when the fraud involves concealment of a prior separation in which service was not characterized as honorable.

Table 6-1.  Guide for Characterization of Service -- Continued

000715

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 6

ENLISTED ADMINISTRATIVE SEPARATIONS

SECTION 3:  ADMINISTRATIVE PROCEDURES
PART A:  INITIATING COMMAND ACTION

6301.  GENERAL.  This section establishes the administrative procedures for
separation and provides detailed procedures for administrative separation
boards.  In light of the unique nature and requirements of the Reserve
component and problems inherent in contacting members of the SMCR and IRR, the
Commander, MARFORRES may supplement these procedures and figures with
procedures and figures that facilitate the separation process yet ensures
fairness to Reserve Marines.

6302.  INITIATION OF SEPARATION PROCESSING

1.  When a Marine's performance or conduct falls within any of the reasons
within section 2 and all required command attempts at leadership and
rehabilitation of the Marine have been unsuccessful, the commanding officer
should initiate separation processing, subject to the specific requirements
found in this chapter.  At the command level, the process involves
identification of a particular case, notification to the Marine, and
preparation of a recommendation to the separation authority with evidence
supporting the recommendation.  Marines must be processed for all reasons for
which minimum criteria are met.  However, separation authorities must choose
the most appropriate reason when actually effecting the separation.

*2.  A separation authority is not precluded from initiating separation
processing for a Marine under his or her command.  If a separation authority
initiates separation processing, no recommendation from a subordinate
commander is required, however, all other notification requirements shall be
completed in compliance with this chapter.

*3.  Notification letters and command recommendations will be signed
personally by the commanding officer.  During the commanding officer's
official absence, such correspondences will be signed "Acting" by the officer
temporarily succeeding to command.  By direction signatures are not
authorized.  However, inspector-instructors and site commanders are authorized
to sign notification letters and command letters of recommendation for
discharge on behalf of Reserve commanding officers when the Reserve commanding
officer is not available for signature, but concurs in the action or
recommendation.

3.  Before initiating separation processing the command should take the following
steps as well as consulting the checklist at figure 6-2.

    a.  Step One:  Review limitations on separation.  Review paragraph 6106 and
determine if separation is precluded.

    b.  Step Two:  Determine the Marine's status.  Determine precisely the status of
the Marine since status and basis for separation can determine the separation
authority, the nature of separation, and the rights afforded to the Marine.

        (1) Active Reserve (if Reserve SMCR or IRR; if SMCR obligor or non-obligor);

        (2) Amount of active and inactive service; and

        (3) Proximity to expiration of active service, current contract, obligated
service, and eligibility for transfer to the FMCR or retirement.

(a) <u>Holding beyond release date</u>.  A Marine may not be held on active duty involuntarily beyond his or her release date <u>for administrative discharge</u>.  See paragraph 1008.  Similarly, a member of the IRR or SMCR may not be held beyond ECC or EOS for administrative discharge.

(b) <u>Marine eligible or within two years of eligibility for retirement or transfer to the FMCR</u>.  See paragraph 6106 and 6307.

(4) <u>Eligibility of SMCR Marine to transfer to the IRR</u>.

(a) <u>Mandatory participants in the SMCR</u>.  An SMCR member with a mandatory participation requirement ("obligor") may be retained <u>involuntarily</u> in the SMCR for administrative discharge.  See MCRAAM paragraph 3301.  Do NOT transfer such a Marine to the IRR without MARFORRES approval.

(b) <u>Non-mandatory participants in the SMCR</u>.  An SMCR member without a mandatory participation requirement ("non-obligor") and not subject to a separate written agreement to train (SWAT, MCRAAM paragraph 3102) CANNOT be retained <u>involuntarily</u> in the SMCR for administrative separation.  See MCRAAM paragraph 3301.2b.  If such a Marine facing administrative discharge requests transfer to the IRR, such transfer must be granted.  The SMCR command must then contact MARFORRES (SJA) and MCRSC (Special Actions Division) so that MCRSC can initiate proceedings to separate the member from the IRR.

c.  <u>Step Three:  Review limitations on characterization</u>.  Review paragraph 1004.4.  Especially important are paragraphs 1004.4a and 1004.4b (prior service and pre-service activities) and 1004.4d (conduct in the civilian community by a reservist not in a duty status).

d.  <u>Step Four:  Identify the separation authority</u>.  Review paragraph 6307.

*e.  <u>Step Five:  Drug and alcohol dependency</u>.  Evidence of alcohol or drug abuse/dependence requires that the respondent be screened at a SACC and provided treatment before the case is referred to a board or forwarded to the separation authority.  See MCO P1700.24 series for evaluation, counseling, and treatment requirements.


6303.  <u>NOTIFICATION PROCEDURES</u>

1.  The procedures and requirements outlined in this paragraph are applicable under any specific reason for separation contained in section 2.

2.  When a member is processed on the basis of multiple reasons for separation, the following guidelines apply to procedural requirements, limitations on characterization of service, or description of separations:

a.  The requirements for each reason will be applied to the extent practicable.

b.  If a reason for separation, stated in the notice of proposed action, requires processing under the Administrative Board procedure, process per paragraph 6304.  See Table 6-2 for bases requiring administrative board procedures.

c.  If more than one reason for separation is approved, the guidance on characterization that provides the greatest latitude may be applied.

d.  When there is any conflict between a specific requirement applicable to one reason and a general requirement applicable to another reason, the specific requirement shall be applied.

e.  If a conflict in procedures cannot be resolved, the procedures most favorable to the respondent shall be used.

f.  If the separation authority approves two or more bases for separation, the authority shall further indicate the primary single basis to appear on the member's DD Form 214.

*3.  Notification Requirements.  If there is evidence of alcohol or drug abuse/dependence, the respondent must be screened at a SACC and provided treatment before the case is referred to a board or forwarded to the separation authority.  Refer to MCO P1700.24 series for evaluation, counseling, and treatment requirements.

a.  Notice.  A commanding officer must provide written notice to any Marine being recommended for separation.  Sample letters of notification and acknowledgment forms are provided in figure 6-2.  Commands may develop their own procedures; however, such written notice shall include the following:

(1) Each of the specific reasons for separation in section 2 which forms the basis of the proposed separation, including the circumstances upon which each action is based and a reference to the applicable provisions of this chapter;

(2) Whether the proposed separation could result in discharge, release from active duty to a Reserve component, transfer from the Selected Reserve to the IRR, release from custody or control of the naval services, or other form of separation;

(3) The least favorable characterization of service or description of separation authorized for the proposed separation, and the characterization recommended by the commanding officer;

(4) If the Marine is FMCR/Retired List eligible and has refused to request transfer to the FMCR/Retired List under paragraph 6106.3, the respondent's notification letter shall include a statement reflecting such refusal and acknowledging the respondent's understanding that, if separation is approved, he/she may lose all retainer/retired pay and benefits;

(5) A statement of the Marine's right to obtain copies of documents that will be forwarded to the separation authority supporting the basis of the proposed separation.  Classified documents shall be summarized;

(6) A statement of the Marine's right to submit statements;

(7) A statement of the Marine's right to consult with counsel per paragraph 6303.3b, and a statement that it is in the Marine's best interest to consult with counsel before waiving any rights;

*(8) A statement of the right to request an administrative board if the Marine has 6 or more years of total active and inactive service at the time of notification of separation proceedings;

(9) A statement of the right to waive the rights afforded in paragraph 6303.3a(6) through 6303.3a(9), after being afforded a reasonable opportunity to consult with counsel and that failure to respond shall constitute a waiver of these rights;

6303            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

        (10) If the respondent is in civil confinement, absent without
authority, in a Reserve component not on active duty, or upon transfer to the
IRR, the relevant notification procedures in paragraph 6303.4 apply; and

        (11) The notification requirements outlined in this paragraph do not
apply when the Marine is processed for separation by reason of the Convenience
of the Government for disability and the character of service is based upon
average proficiency and conduct markings.

    b.  Counsel.  A respondent has the right to consult with a lawyer
qualified counsel, or non-lawyer counsel before returning the acknowledgement
of rights.  "Qualified Counsel" is a trial or defense counsel certified under
Article 27b of the UCMJ, or a civilian attorney authorized to practice law.

        (1) A respondent has the right to consult with qualified counsel when
the notification procedure is initiated, except when all of the following
conditions are met:

        (a) The respondent is away from or deployed outside the United
States, or attached to a vessel away from its overseas home port, or attached
to a shore activity remote from judge advocate resources;

        (b) No qualified counsel is assigned and present at the vessel,
unit, or activity; and

        (c) The commanding officer does not anticipate having access to
qualified counsel from another vessel, unit, or activity, for at least the
next 5 days if qualified counsel is assigned and present on another naval
vessel, unit, or activity located in the same geographic area where the
Marine's vessel, unit, or activity is located, or will be located within the
next 5 days.  It is considered that, for purposes of this Manual, the
commanding officer has access to qualified counsel unless that counsel is
currently absent from duty station; i.e. leave, or TAD outside the immediate
geographic area; and

        (d) The commanding officer determines that the requirements or
needs of the Marine Corps warrant processing before qualified counsel will be
available.

        (2) Non-lawyer counsel shall be appointed whenever qualified counsel
is not available.  An appointed non-lawyer counsel shall be a commissioned
officer with no prior involvement in the circumstances leading to the basis of
the proposed separation, and no involvement in the separation process itself.
The non-lawyer counsel shall be encouraged to consult by telephone or by any
other means with any available judge advocate regarding any legal issues
relevant to the case.  When a non-lawyer counsel is appointed, the appointing
letter shall contain an explanation by the commanding officer setting out in
detail why qualified counsel is unavailable and why the requirements or needs
of the Marine Corps warrant processing before qualified counsel will be
available.  A copy of the appointing letter will be attached to each copy of
the written notice of separation processing.

        (3) The Marine may also consult with a civilian counsel retained at
the respondent's own expense.  The fact that a respondent indicates to the
commanding officer that the respondent will be consulting, or has consulted
with a civilian counsel does not relieve the obligation of the commanding
officer to furnish military counsel.  Consultation with civilian counsel shall
not delay orderly processing in accordance with this Manual.

6-44                                                                    000719

c. Response. The respondent shall be provided a reasonable period of time, but not less than 2 working days to respond to the notice. An extension may be granted upon a timely showing of good cause by the respondent. The respondent's selection as to each of the rights in paragraph 6303, shall be recorded and signed by the respondent and respondent's counsel, if counsel is not waived, subject to the following limitations:

(1) If notice by mail is authorized and the respondent fails to acknowledge receipt or submit a timely reply, that fact shall constitute a waiver of rights and an appropriate notation shall be recorded on a retained copy of the appropriate form.

(2) If the respondent declines to respond as to the selection of rights, such declination shall constitute a waiver of rights and an appropriate notation will be made on the form provided for respondent's reply. If the respondent indicates that one or more of the rights will be exercised, but declines to sign the appropriate form, the selection of rights will be noted and an appropriate notation as to the failure to sign will be made.

(3) The respondent's commanding officer shall forward a copy of the notice and the respondent's reply to the separation authority. Where appropriate, the commanding officer should also make recommendations to the separation authority, pursuant to paragraph 6106.2, as to the pay grade in which a respondent eligible for transfer to the Fleet Marine Corps Reserve/retired list should be allowed to transfer.

4. Additional Notification Requirements

   a. Marine Confined by Civil Authorities

(1) If separation proceedings under section 2 have been initiated against a respondent confined by civil authorities, the case may be processed in the absence of the respondent. When a board is appropriate or required, there is no requirement that the respondent be present at the board hearing. Rights of the respondent before the board can be exercised by counsel on behalf of the respondent.

(2) The following additional requirements apply:

(a) The notice shall contain the matter set forth in paragraph 6303 or 6304, as appropriate. The notice shall be delivered personally to the respondent or sent by certified mail, return receipt requested (or by an equivalent form of notice if such service is not available for delivery by U.S. Mail at an address outside the United States). If the member refuses to acknowledge receipt of notice, the individual who mails the notification shall prepare a Sworn Affidavit of Service by Mail which will be inserted on the document side of the member's service record together with PS Form 3800.

(b) If delivered personally, receipt shall be acknowledged in writing by the respondent. If the respondent does not acknowledge receipt or refuses to accept delivery, the person attempting delivery shall make an appropriate note on the form.

(c) The notice shall state that the action has been suspended until a specific date (not less than 30 days from the date of delivery) to give the respondent the opportunity to exercise the rights in the notice. If the respondent does not reply by such date, the separation authority shall treat the failure to respond as a waiver of rights and take appropriate

6303          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

action.  Once the respondent makes an election of rights, action need not remain suspended.

          (d) The name and address of the military counsel appointed for consultation shall be specified in the notice.

          (e) If the case involves entitlement to an administrative board, the respondent shall be notified that the board will proceed in the respondent's absence and that the case may be presented on respondent's behalf by counsel for the respondent.

     b.  <u>Certain Members of Reserve Components</u>

     (1) Members of Reserve components not on active duty:

          (a) If separation proceedings under section 2 have been initiated against a member of a Reserve component not on active duty, the case may be processed in the absence of the member in the following circumstances:

               <u>1</u> At the request of the member;

               <u>2</u> If the member does not respond to the notice of proceedings on or before the suspense date provided therein; or

               <u>3</u> If the member fails to appear at a hearing without good cause.

          (b) The notice shall contain the matter set forth in paragraph 6303 or 6304, as appropriate.

          (c) If the action involves a transfer to the IRR, the member will be notified that the characterization of service upon transfer to the IRR will constitute the characterization of service upon discharge after completing the military service obligation unless the following conditions are met:

               <u>1</u> The member takes affirmative action to affiliate with the SMCR, and

               <u>2</u> The member satisfactorily participates as a member of the SMCR for a period of time which, when added to any prior satisfactory service during this period of obligated service, equals the period of obligated service.

     (2) Upon transfer to the IRR, the member will be notified of the following:

          (a) The characterization of service upon transfer from active duty or the SMCR to the IRR and that the characterization of service upon completion of the military service obligation in the IRR will be the same.

          (b) The date upon which the military service obligation will expire.

          (c) The date by which the member must submit evidence of satisfactory completion of the conditions set for in paragraph 6303.4b(1)(c).

     (3) If the member submits evidence of completion of the conditions specified in paragraph 6303.4b(1)(c), but the separation authority proposes to

6-46                                                                    000721

discharge the member with a characterization of service as general (under honorable conditions), the notification procedure at paragraph 6303 shall be used.  An administrative board is not required at this point notwithstanding the member's years of service.

(4) If the member does not submit such information on or before the date specified in the notice, no further proceedings are required.  The characterization of service is the same as the characterization of service upon transfer from active duty or the SMCR to the IRR.

(5) The following requirements apply to the notice required in paragraphs 6303.4b(1) and 6311.3a:

(a) Reasonable effort should be made to furnish copies of the notice to the member through personal contact by a representative of the command.  A written acknowledgment of the notice shall be obtained.

(b) If the member cannot be contacted or refuses to acknowledge receipt of the notice, the notice shall be sent by certified mail, return receipt requested (or by an equivalent form of notice, if such service is not available for delivery by U.S. Mail at an address outside the United States) to the most recent address furnished by the member as an address for receipt or forwarding of official mail.  If the member refuses to acknowledge receipt of notice, the individual who mails the notification shall prepare a Sworn Affidavit of Service by Mail to be inserted on the document side of the member's service record together with PS Form 3800.

(6) Per 10 U.S.C. 12685, no member of a Reserve component may be discharged under other than honorable conditions unless that member is separated under the approved findings of a board of commissioned officers.  If a member of a Reserve component, as a respondent, is separated under the approved findings of an administrative board which had one or more members who were not commissioned officers, the respondent will be discharged under honorable conditions.  Characterization may be under other than honorable conditions if the member consents to or waives administrative discharge proceedings or a court-martial or a board.

c.  Reimbursement Requirement.  In those cases that may be subject to a reimbursement requirement for recoupment of advance education assistance costs, bonuses, or special pays, the respondent must be advised of such requirement before making a decision on an involuntary separation resulting from alleged misconduct.  Failure to provide such advisement, however, shall not constitute grounds for avoiding a reimbursement requirement unless otherwise expressly provided by law or superior regulation.

6304.  ADMINISTRATIVE BOARD PROCEDURES

1.  Notice.  If an administrative board is required, the member shall be notified in writing per the example in figure 6-3 by the member's commanding officer of the following matters:

a.  The basis of the proposed separation, including the circumstances upon which the action is based and reference to the applicable reason for separation.

b.  Whether the proposed separation could result in discharge, release from active duty to a Reserve component, transfer from the SMCR to the IRR,

Case 3:12-cv-00816-H-BGS Document 24-1 Filed 04/12/12 Page 139 of 204

6304              MARINE CORPS SEPARATION AND RETIREMENT MANUAL

release from the custody and control of the Marine Corps, or other form of separation.

    c.  The least favorable characterization of service or description of separation authorized for the proposed separation.

    d.  The respondent's right to consult with counsel per paragraph 6304.3 and that it is in the Marine's best interest to consult with counsel before waiving any rights.

    e.  The right to obtain copies of documents that will be forwarded to the separation authority supporting the basis of the proposed separation. Classified documents may be summarized.

    f.  The respondent's right to request a hearing before an administrative board.

    g.  The respondent's right to present written statements to the separation authority in lieu of a hearing.

    h.  The respondent's right to representation at the administrative board by counsel per paragraph 6304.3.

    i.  The right to representation at the administrative board by civilian counsel at the respondent's own expense.

    j.  The right to appear in person before the board.

    k.  The right to make a sworn or unsworn statement before the board subject to the rights accorded under Article 31, UCMJ.

    l.  The right to challenge voting members of the board or the legal advisor for cause.

    m.  The right to examine evidence presented by the board, cross-examine witnesses appearing before the board, submit evidence before the board, and make a final argument before the board.

    n.  The right to waive the rights in paragraph 6304.1d through 6304.1m.

    o.  That failure to respond after being afforded a reasonable opportunity to consult with counsel constitutes a waiver of the rights in paragraph 6304.1d through 6304.1m, and

    p.  Failure to appear without good cause at a hearing constitutes waiver of the right to be present at the hearing.

2.  <u>Additional Notice Requirements</u>

    a.  If separation processing is initiated on the basis of more than one reason in section 2 and at least one basis for separation entitles the respondent to a hearing before an administrative separation board, the requirements of paragraph 6304.1 apply to all proposed reasons for separation.

    b.  If the respondent is in civilian confinement, absent without authority, in a Reserve component not on active duty, or upon transfer to the IRR, the relevant notification procedures in paragraph 6303.4, 6311.3a, and 6312 apply.

000723

c.  The notification requirements in paragraph 6303 shall be used when characterization of service as general (under honorable conditions) is authorized and the member is processed for separation by reason of Convenience of the Government or disability and the characterization is not based on proficiency and conduct markings.

d.  In those cases that may be subject to a reimbursement requirement for recoupment of advance education assistance costs, bonuses, or special pays, the respondent must be advised of such requirement before making a decision on an involuntary separation resulting from alleged misconduct.  Failure to provide such advisement, however shall not constitute grounds for avoiding a reimbursement requirement unless otherwise expressly provided by law or superior regulation.

*   e.  If the respondent is serving in the pay grade of E-4 or above and to administratively separated with an other than honorable characterization of service, the respondent shall be administratively reduced to pay grade E-3, such reduction to become effective upon separation.

3.  Counsel

a.  A respondent has the right to consult with counsel per paragraph 6303.3b, before electing or waiving any rights under paragraph 6304.1d through 6304.1m.

b.  If a hearing is requested, the respondent shall be represented by qualified counsel appointed by the convening authority, or by individual counsel of the respondent's own choice, if that counsel is determined to be reasonably available.

(1) The member may request a qualified counsel who is assigned duties as defense counsel at the servicing command, or as defense counsel at the Navy or Marine Corps command at or nearest to the site of the Administrative Board, and within 100 miles of the board proceeding (using the Official Table of Distances).  The determination of reasonable availability is within the discretion of the requested counsel's commanding officer; that decision is final.

(2) Unless otherwise directed, appointment of a qualified counsel of a Marine's own choice relieves the previously assigned counsel.  If respondent so requests in writing and if the interests of fair procedure so require, the convening authority may authorize the previously assigned counsel to continue to represent the Marine.  Approval is within the discretion of the convening authority and that decision is final.

c.  The respondent shall have the right to consult with civilian counsel of the respondent's own choice and may be represented at the hearing by that or any other civilian counsel, all at the respondent's own expense.  Exercise by the respondent of this right shall not waive any of the respondent's other rights to counsel.  Consultation with civilian counsel shall not unduly delay administrative separation board proceedings.  If undue delay appears likely, the convening authority may require the respondent to proceed without the desired civilian counsel.  In this event, the convening authority will set forth the full circumstances in the record and will appoint available military counsel for the respondent or will permit the respondent to be represented by reasonably available military counsel of the respondent's choice.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    d.  Nonlawyer counsel may not represent a respondent before an administrative separation board unless:

        (1)  The respondent expressly declines appointment of counsel qualified under Article 27(b)(1) of the UCMJ and requests a specific nonlawyer counsel; or

        (2)  The separation authority assigns nonlawyer counsel as assistant counsel.

4.  <u>Response to Notice</u>.  The respondent shall be given a reasonable period of time, but not less than 2 working days, to respond to the notice.  An extension may be granted upon a timely showing of good cause.  The selection of the respondent as to each of the rights in paragraph 6304.1d through 6304.1m, and applicable provisions referenced in paragraph 6304.2, shall be recorded and signed by the respondent and respondent's counsel, subject to the following limitations:

    a.  If notice by mail is authorized and the respondent fails to acknowledge receipt or submit a timely reply, that fact shall constitute a waiver of rights and a notation shall be recorded on a retained copy of the appropriate form.

    b.  If the respondent declines to respond as to the selection of rights, such refusal shall constitute a waiver of rights and an appropriate notation will be made on the form provided for respondent's reply.  If the respondent indicates that one or more of the rights will be exercised, but declines to sign the appropriate form, a notation as to the failure to sign will be made.

5.  <u>Waiver</u>.  A respondent entitled to an administrative board may request a conditional waiver after a reasonable opportunity to consult with counsel per paragraph 6304.3a.  A conditional waiver is a statement initiated by the respondent waiving the right to a hearing contingent upon receiving a favorable characterization of service, but normally no higher than general (under honorable conditions).

    a.  Conditional waivers may be granted on a case-by-case basis per paragraph 6308.1b.

    b.  Separation authorities may disapprove requests for conditional waivers per paragraph 6308.1b.  The separation authority may also delegate authority to disapprove requests for conditional waivers, regardless of basis, to the convening authority.  Those units which report to HQMC for discharge authority are hereby delegated the authority to disapprove requests for conditional waivers, regardless of the basis.

    c.  In all cases in which the separation authority is CMC or the Secretary of the Navy, conditional waivers will be disapproved without referral to CMC unless the GCMCA (or convening authority for units which report to HQMC) specifically supports the requested waiver.


6305.  COMMAND RECOMMENDATION

1.  Once the notification requirements contained in paragraph 6303 and 6304 have been met, and provided the commanding officer desires to continue separation processing, the commanding officer must forward the recommendation

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          6305

for separation, copies of the appropriate notification, the Marine's acknowledgment and necessary supporting documentation to the separation authority via the normal chain of command.  The commanding officer's recommendation will bear significant weight, provided the requirements of this chapter and separate Marine Corps directives (when applicable) have been observed.  It must include a specific recommendation for:

   a.  Discharge or retention; and

    b.  The characterization of service and type of discharge.

The commanding officer need not restate what is evident within enclosed documentation, but should strive to present a concise "snapshot" of the case amplifying unique aspects when necessary.  Though such recommendations will lend themselves to a general format, commanding officers must ensure that the specific content accurately reflects the circumstances of the case being considered.

2.  Supporting documentation may take the form of existing official records or written statements from personnel familiar with some aspect of the case.  This includes, but is not limited to:

    a.  <u>SRB Pages</u>.  Pages 3, 11, 12, 13 (if applicable), and Record of Service often are valuable supporting documents, but should be submitted only if germane.  When administratively more practical, data within the SRB can be incorporated into the commanding officer's recommendation.  For example, average duty proficiency and conduct marks may be submitted vice page 23 or Record of Service.

    b.  <u>Training Records/Related Documents</u>.  Separations which relate to performance or remedial programs such as weight control or personal appearance require specific actions and administrative procedures.  Refer to the MCO for the specific program.  Documentation must demonstrate substantial compliance with the intent of any such program.

    c.  <u>Supporting Statements</u>.  In most cases before initiation of separation processing, Marines have been involved in leading, counseling, and assisting the Marine concerned.  Statements from these NCO's, SNCO's, and officers are typically very helpful to the separation authority in deciding a Marine's case.

    d.  <u>Information Directly Supporting Reason for Separation</u>.  Investigation reports, police reports, or any other documentation directly relating to the primary reason for separation must be forwarded as part of any recommendation. If a recommendation includes a report of investigation or statements gathered by the Naval Criminal Investigative Service (NCIS), and the CMC or the Secretary of the Navy is the separation authority, include the report as an enclosure.  If the separation authority is other than the CMC, do not include NCIS reports or statements, since these documents cannot be filed in OMPF's. Identification of the report or statement as a reference to the commanding officer's letter recommending separation will suffice.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 6

ENLISTED ADMINISTRATIVE SEPARATIONS

SECTION 3:  ADMINISTRATIVE PROCEDURES

PART B:  SEPARATION AUTHORITY ACTION


6306.  <u>GENERAL</u>.  To properly examine the case of a Marine being recommended for discharge, the separation authority has several basic concerns.  First, the proceedings must be thoroughly reviewed to ensure procedural and legal completeness with paramount focus directed towards ensuring that the Marine has been afforded the opportunity to exercise all rights due a respondent. Along the same line, the discharge package should be processed expeditiously in accordance with the time processing goals.  Next, the separation authority will review the circumstances involved in the proposed discharge to determine whether the facts meet the criteria for discharge contained within this chapter.  Should separation be warranted, the separation authority will ascertain the appropriate characterization of service per the facts and other guidance provided in this chapter.


6307.  <u>SEPARATION AUTHORITIES</u>

1.  The separation authority for separations under this chapter is the Marine officer having general court-martial convening authority (GCMCA) over the respondent, or that officer's temporary successor in command, or as designated in figure 6-1 except:

    a.  When the authority is specifically limited in section 2 to the CMC or the Secretary of the Navy;

    b.  When a specific provision of this chapter or separate Marine Corps order or directive authorizes another separation authority;

    c.  When the member is being processed for involuntary separation and has 18 years or more total active military service (sanctuary period, i.e., within 2 years of becoming eligible for military retired or retainer pay), the separation authority is the DC (M&RA).  Determinations of "No Further Service" will not be made for Regular enlisted Marines who have entered the sanctuary period.  However, the DC (M&RA) may direct the Marine's command to convene an administrative separation board (providing the command a copy of the Marine's complete OMPF pursuant to paragraph 2800.5d and 2800.6b of the Marine Corps Manual and 5 U.S.C. Section 552a(b)(1)), and process the Marine for administrative separation per chapter 6, section 3, of the MARCORSEPMAN in order to identify substandard performers or unqualified Regular enlisted Marines ineligible for further service who are within the sanctuary period;

    d.  The involuntary separation of Reservists on active duty (other than for training) who are within 2 years of becoming eligible for retired pay or retainer pay under a purely military retirement system must be approved by the Secretary of the Navy (10 U.S.C. 12686); or

    e.  When a separation authority specifically delegates authority for certain separations, subject to the limitations in paragraph 6307.2.

000728

Tables 6-2 and 6-3 identify the separation authorities for involuntary and voluntary separation, respectively.

*2.  When the sole basis for separation is a serious offense that resulted in a conviction by a general or special court-martial that did not impose a punitive discharge, and an other than honorable discharge is warranted, the Deputy Commandant (Manpower and Reserve Affairs) is the separation authority (refer to paragraph 1004.4.c for additional guidance).

*3.  With the exception of those cases contained in paragraph c. below, officers exercising GCMCA may, at their discretion, delegate to any officer exercising special court-martial convening authority (SPCMCA) within their command the authority to take action subject to guidance in this Manual on any recommendation or request submitted under this chapter in which retention, separation under honorable conditions, general (under honorable conditions), or entry level separation is recommended.  Commanding generals electing to exercise subordinate separation authority under this paragraph will appoint such authority by letter and include the extent and limitation to authority being delegated and any additional guidelines relative to such delegation.

    a.  The commanding general at either Marine Corps recruit depot may further extend their delegation to the Commanding Officer, Recruit Training Regiment, for recruits only.

    b.  The CMC may delegate separation authority to the Commanding General, Marine Corps Combat Development Command (MCCDC), for voluntarily or involuntarily disenrolled officer candidates.  The Commanding General, MCCDC, may delegate that authority to a general officer directly supervising Officer Candidates School.  That general officer may in turn delegate the authority to the Commanding Officer, Officer Candidates School.

    *c.  The separation authority for all administrative separation actions involving victims of sexual assault which occur within 1 year of the unrestricted report of sexual assault shall be an officer exercising GCMCA and may not be delegated further.  See DODI 6495.02.

4.  When an administrative board finds that the preponderance of the evidence supports one or more of the bases for separation contained in the notification, but recommends retention and the convening authority (who is the normal separation authority) does not agree, the sole separation authority is the Secretary of the Navy.  Paragraph 6309.2 provides more specific guidance.

6308.  SEPARATION AUTHORITY REVIEW

1.  The initial review of any recommendation or request for separation under this chapter is normally conducted by specified personnel on the separation authority's staff.  It is essential that personnel assigned such responsibilities be well-versed on all separation procedures.  Upon receipt, cases are screened per this paragraph.

    a.  Compliance with Prescribed Directives.  This review should ensure that the package is physically and administratively complete (i.e., all enclosures are attached and all specific requirements of this chapter met).  If not, initiate immediate corrective action.  Table 6-2 is provided to assist in

reviewing involuntary separations.  For specific requirements, refer to the appropriate paragraph in section 2.  If neither an administrative board nor judge advocate's review is required as indicated below, refer the case to the separation authority for decision.

    *b.  Administrative Board Required.  Upon completion of the screening for completeness in paragraph 6308.1a and when a board is required, follow the detailed procedures in part C of this section.  When a Marine conditionally waives the right to a board subject to receipt of no less than a general (under honorable conditions) discharge per paragraph 6304.5, the separation authority is not obligated to approve the request.  If the circumstances of the case are such that the least favorable characterization authorized is clearly not warranted (a higher characterization is appropriate), the separation authority may approve the conditional waiver per paragraph 6304.5.  If the least favorable characterization may be warranted, requests for conditional waivers should be disapproved, the case referred to a board, and the Marine given the opportunity to exercise rights under paragraph 6304.  The conditional waiver is intended as an administratively expeditious procedure for those cases in which the least favorable characterization authorized is clearly not warranted.  The conditional waiver is not to be used as a plea bargaining device by Marines to obtain a characterization of service higher than truly deserved or as a means to request retention or any other conditional benefits.

    c.  Legal Review

        (1)  In the following cases, the record of proceedings shall be reviewed by a judge advocate, or civilian attorney employed by the Navy or Marine Corps, before action by the separation authority:

            *(a)  When an administrative board has been held or characterization of service under other than honorable conditions is recommended;

            (b)  When an administrative board has been held and the respondent identifies specific legal issues for consideration by the separation authority; and

            (c)  When action is taken to vacate a previously suspended separation and the respondent identifies specific legal issues for consideration by the separation authority.

        (2)  The original or a signed copy of the review will be attached as a permanent part of the record of proceedings.  The form and content will be as required by the separation authority.  Normally a typed, stamped, or printed statement that the proceedings have been reviewed and found sufficient in law and fact is adequate.  If the respondent has raised specific legal issues, the review will comment on the merits of the issues raised.  If the proceedings are not found to be correct in law and fact, the review shall set forth the facts and reasoning leading to such a determination, and recommend corrective action, if appropriate.

2.  Upon completion of the appropriate review, the recommendation should be forwarded to the separation authority for a decision.


6309.  SEPARATION AUTHORITY FINAL ACTION.  The final action of the separation authority shall be recorded in writing.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                    6309

1. <u>Without Administrative Board</u>

    a.  The separation authority shall determine whether the allegations in the notification of the basis for separation are substantiated by a preponderance of the evidence.  If not, the Marine will be retained.

    b.  If the separation authority determines that there is sufficient factual basis for separation, the separation authority may direct:

        (1) Retention;

(2) Separation for a specific reason contained in the notice of separation proceedings and listed in section 2; or

(3) Suspended separation per the guidance in paragraph 6310.

(4) At the discretion of the CMC, if the Marine is FMCR/Retired List eligible, suspend separation to afford the respondent the opportunity to request transfer to the FMCR/Retired List within 30 days.

c.  The following factors may be considered on the issue of retention or separation, depending on the circumstances of the case:

(1) The seriousness of the circumstances forming the basis for initiation of separation proceedings, and the effect of the member's continued retention on military discipline, good order, and morale.

(2) The likelihood of continuation or recurrence of the circumstances forming the basis for initiation of separation proceedings.

(3) The likelihood that the member will be a disruptive or undesirable influence in present or future duty assignments.

(4) The ability of the member to perform duties effectively in the present and in the future, including potential for advancement or leadership.

(5) The Marine's rehabilitative potential.

(6) The Marine's entire military record, including:

(a) Past contributions to the Marine Corps, assignments, awards and decorations, evaluation ratings, and letters of commendation;

(b) Letters of reprimand or admonition, counseling records, records of nonjudicial punishment, records of conviction by court-martial, and records of involvement with civilian authorities;

(c) Any other matter deemed relevant based upon the specialized training, duties, and experience of persons entrusted by this chapter with recommendations and decisions on the issue of separation or retention.

d.  Adverse matter from a prior enlistment or period of military service, such as records of nonjudicial punishment and convictions by court-martial, may be considered only when such records have a direct and strong probative value in determining whether separation is appropriate.  The use of such records shall normally be limited to those cases involving patterns of conduct manifested over a period of time.  Isolated incidents and events that are remote in time normally have little value in determining whether administrative separation is appropriate.

(1) Adverse matter from a prior enlistment or period of military service shall not be used to characterize the service of a Marine who is administratively separated.

(2) If adverse matter from a prior enlistment or period of military service is considered on the issue of retention or separation, the record

6309            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

shall include a statement that such matter was not considered by the
separation authority on the issue of characterization.

2.  <u>Action by the Separation Authority With an Administrative Separation Board</u>

    a.  If the board finds that a preponderance of the evidence <u>supports</u> one
or more of the alleged reasons for separation and <u>recommends separation</u>, the
separation authority may take one of the following actions:

        (1) Approve the board's findings and recommendations; or

        (2) Approve the board's findings, but modify the recommendation by one
or more of the following actions, when appropriate:

            (a) Approve the separation, but suspend execution as provided in
paragraph 6310;

            (b) Approve the separation, but disapprove suspension of the
separation;

            (c) Change the recommended characterization of service to one more
favorable, or to an appropriate uncharacterized description of separation;

            (d) At the discretion of CMC, if the Marine is FMCR/retired list
eligible, approve the separation, but suspend execution to afford the
respondent the opportunity to request transfer to the FMCR/retired list within
30 days; or

            (e) Change the board's recommendation concerning transfer to the
IRR.

        (3) Approve the board's findings but disapprove the board's
recommendation and retain the Marine.

    b.  If the board finds that a preponderance of the evidence <u>supports</u> one
or more of the alleged reasons for separation, but then <u>recommends retention</u>,
the separation authority may:

        (1) Approve the board's findings and recommendations; or

*       (2) Submit the case to the Secretary of the Navy recommending
separation for one of the specific reasons which the board found supported by
the preponderance of the evidence with a characterization of service as
honorable or general (under honorable conditions).  The specific reason(s) for
separation will be those that the board found were supported by the
preponderance of the evidence and approved by the convening authority; or

        (3) If the Marine is eligible for and requests voluntary transfer to
the FMCR/Retired List, recommend a retirement pay grade per paragraph 6106.4.

    c.  If the board finds that a preponderance of the evidence <u>does not
support</u> one or more of the reasons for separation alleged and recommends
retention, the separation authority may:

        (1)  Approve the board's findings and recommendations; or

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          6309

    *(2)  If the findings of the board are clearly contrary to the
substantial weight of the evidence in the record, submit the case to the
Secretary of the Navy recommending separation.  The basis for separation will
be paragraph 6214 of this manual, Secretarial Authority (also known as "Best
Interest of the Service").  Follow the guidelines contained in paragraph
6214.4 of this manual.  The separation authority must specify the evidence of
record relied upon in reaching the conclusion that a preponderance of the
evidence of record supports the reasons for separation alleged; or

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          6310

        (3) If the Marine is eligible for transfer to the FMCR/retired list, recommend a retirement pay grade per paragraph 6106.4.


6310.  <u>SUSPENSION OF SEPARATION</u>

1.  <u>Suspension</u>

        a.  Except for discharge by reason of fraudulent enlistment or homosexual conduct, a separation may be suspended for a specified period of not more than 12 months by the separation authority or higher authority if the circumstances of the case indicate a reasonable likelihood of rehabilitation.  Only the separation authority who directs discharge in a case (or a higher authority) may suspend an approved separation.  The following general guidance shall pertain to suspension of separation:

        (1) Retaining individuals in the Marine Corps who will not or cannot conform to acceptable standards of conduct, discipline, and performance creates a high cost in terms of substandard mission performance, administrative efforts, pay and degradation of morale.

        (2) Unless separation is mandatory, the potential for rehabilitation and further useful service shall be considered by the separation authority and, where applicable, the administrative board.  If separation is warranted despite the potential for rehabilitation, consideration should be given to suspension of the separation, if authorized under the provisions of this Manual.

        (3) Counseling and rehabilitation efforts are a prerequisite to initiation of separation proceedings only insofar as expressly set forth under specific requirements for separation.

        b.  During the period of suspension, the member shall be afforded an opportunity to meet appropriate standards of conduct and duty performance.

        c.  Unless sooner vacated or remitted, execution of the approved separation shall be remitted upon completion of the probationary period, upon termination of the member's enlistment or period of obligated service, or upon decision of the separation authority that the goal of rehabilitation has been achieved.

2.  During the period of suspension if further grounds for separation under this chapter arise or the Marine fails to meet appropriate standards of conduct and performance, one or more of the following actions may be taken:

        a.  Disciplinary action;

        b.  New administrative action; or

        c.  Vacation of the suspension and execution of the separation.

3.  Before vacation of a suspension, the Marine shall be notified in writing of the basis for the action and shall be afforded the opportunity to consult with counsel and to submit a statement in writing to the separation authority.

6311                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

The respondent shall be provided a reasonable period of time, but not less than 2 working days, to act on the notice.  If the respondent identifies specific legal issues for consideration by the separation authority, the matter shall be reviewed by a judge advocate before final action by the separation authority.


6311.  ADMINISTRATIVE ACTION AFTER DECISION

1.  If the separation authority directs separation on the basis of more than one reason, the separation authority shall designate the most appropriate basis as the primary reason for reporting purposes.

2.  If separation or suspension is directed, the separation authority shall assign a characterization or description of service in accordance with the guidance in section 1 and under the specific reason for separation in section 2.

3.  The separation authority shall make a determination as to whether the respondent should be retained in the IRR as a mobilization asset to fulfill the respondent's total military obligation, except when characterization under other than honorable conditions is directed or the Marine is separated on the basis of homosexual conduct, misconduct, drug trafficking, defective enlistment, or when there are medical reasons why the respondent would not be available to meet mobilization requirements.  This determination applies in cases involving separation from active duty or from the Selected Marine Corps Reserve.  The following is applicable when the separation authority determines that a respondent should be retained in the IRR.

    a.  Upon transfer to the IRR, the member will be notified of the following:

        (1) The characterization of service upon transfer from active duty or the Selected Marine Corps Reserve to the IRR, and that the characterization of service upon completion of the military service obligation in the IRR will be the same.

        (2) The date upon which the military service obligations will expire.

        (3) The date by which the member must submit evidence of satisfactory completion of the conditions set forth in paragraph 6303.4b(1)(c).

    b.  If the Marine submits evidence of completion of the specified conditions but the separation authority proposes to discharge the Marine with a characterization of service less than honorable, use the notification procedures in paragraph 6303.  An administrative board is not required at this point regardless of the Marine's years of service.

    c.  If the member does not submit such information on or before the date specified in the notice, no further proceedings are required.  The characterization of service is the same as the characterization of service upon transfer from active duty or the Selected Marine Corps Reserve to the IRR.

4.  Commanders who approve recommendations for separation should, whenever possible, designate a specific date for separation and direct the separating unit to immediately report the separation date as a new ECC via a unit diary entry.

000736

Case 3:12-cv-00816-H-BGS  Document 24-1  Filed 04/12/12  Page 153 of 204

MARINE CORPS SEPARATION AND RETIREMENT MANUAL            6313

5.  Final action of the separation authority must be recorded.  After final
action in cases where a Marine receives an approved unsuspended separation,
all papers shall be forwarded to the CMC (MMSB-20) for inclusion in their
OMPF.  In cases where an approved separation is suspended, forward all papers
to the CMC (MMSB) for inclusion in the OMPF if the suspension is later
vacated.

*6.  Refer to MCO P1070.12 (IRAM) series for permissible service record
entries when an administrative separation has been suspended or a respondent
has been retained despite board findings that one or more allegations are
supported.

7.  Recoupment.  The separation authority should initiate recoupment of
reenlistment bonuses, advance educational assistance, etc., by using the
procedures in the DoD Financial Management Regulation, Volume 7A.

8.  When a Marine serving in pay grade E-4 or above is administratively
separated with an other than honorable characterization of service, the Marine
shall be administratively reduced to pay grade E-3, such reduction to become
effective upon separation.


6312.  SEPARATION OF MARINES BEYOND MILITARY CONTROL BY REASON OF UNAUTHORIZED
ABSENCE

1.  Determination of Applicability.  If the GCMCA or higher authority
determines that separation is otherwise appropriate under this chapter, a
member may be separated without return to military control in one or more of
the following circumstances:

    a.  Absent without authority after receiving notice of initiation of
separation processing;

    b.  When prosecution of a member who is absent without authority appears
to be barred by the Statute of Limitations, Article 43, UCMJ and the statute
has not been tolled (exhausted) by any of the conditions set out in Article
43(d), UCMJ;

    c.  When a member who is an alien is absent without leave and appears to
have gone to a foreign country where the United States has no authority to
apprehend the member under a treaty or other agreement.

*2.  Notice.  Before execution of the separation under paragraph 6312.1b or
1c, the Marine will be notified of the imminent action by certified mail,
return receipt requested (or by an equivalent form of notice if such service
by U.S. Mail is not available for delivery at an address outside the United
States) to the member's last known address or to the next of kin under
regulations prescribed by the Department of the Navy.  The notice shall
contain the matter set forth in paragraph 6303 or 6304, as appropriate, and
shall specify that the action has been suspended until a specific date (not
less than 30 days from the date of mailing) in order to give the respondent
the opportunity to return to military control.  If the respondent does not
return to military control by such date, the separation authority shall treat
the failure to respond as a waiver of rights and take appropriate action.


6313.  SEPARATION OF MARINES PENDING CONCURRENT DISCIPLINARY/ADMINISTRATIVE
AND DISABILITY PROCEEDINGS.  See paragraph 8508.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Table 6-2.  Guide For the Review of Separation Packages

| Specific Reason for Separation | Specific Authority | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | Separation Authority* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **CONVENIENCE OF THE GOVERNMENT** | | | | | | | | | | | | |
| Parenthood | Par. 6203.1 | Y | Y | Y | Y | Y | Y | X | X | Y | Y | CMC or GCM Authority |
| *Condition Not a Disability | Par. 6203.2 | Y | Y | Y | Y | Y | Y | X | X | Y | Y | CMC or GCM Authority |
| Personality Disorder | Par. 6203.3 | Y | Y | Y | Y | Y | Y | X | X | Y | Y | CMC or GCM Authority |
| Involuntary Disenroll from Officer Candidate Program | Par. 6203.5 | Y | Y | Y | | X | X | X | X | Y | Y | CG, MCRC or CG, MCCDC |
| Fail/Disenroll Lat School | Par. 6203.6 | Y | Y | Y | | X | X | X | X | Y | Y | GCM Authority |
| All other CoG | As Specified | Y | Y | Y | | Y | Y | X | X | Y | Y | CMC or GCM Authority |
| **DEFECTIVE ENLISTMENT** | | | | | | | | | | | | |
| Minority | Par. 6204.1 | Y | Y | Y | | Y | Y | | | Y | | CMC or GCM Authority |
| Erroneous Enlistment/ Reenlistment | Par. 6204.2 | Y | Y | Y | | Y | Y | X | X | Y | Y | CMC or GCM Authority |
| Fraudulent Enlistment | Par. 6204.3 | Y | Y | Y | | Y | Y | # | # | Y | Y | CMC or GCM Authority |
| **ENTRY LEVEL** | | | | | | | | | | | | |
| Entry Level Performance or Conduct | Par. 6205 | Y | Y | Y | Y | Y | Y | | | Y | | CMC or GCM Authority |

* Note:  GCMCA may delegate separation authority to SPCMCA.

Table 6-2.  Guide For the Review of Separation Packages

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Table 6-2.  Guide For the Review of Separation Packages – Continued

| Specific Reason for Separation | Specific Authority | NOTES | | | | | | | | | | Separation Authority* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | |
| **UNSATISFACTORY PERFORMANCE** | | | | | | | | | | | | |
| Unsanitary Habits | Par. 6206.5a | Y | Y | Y | Y | Y | Y | X | X | Y | Y | CMC or GCM Authority |
| Unsatisfactory Performance of Duty | Par 6206.5b | Y | Y | Y | Y | Y | Y | X | X | Y | Y | CMC or GCM Authority |
| **HOMOSEXUAL CONDUCT** | | | | | | | | | | | | |
| Homosexual Conduct | Par. 6207 | Y | Y | Y | | Y | Y | Y | Y | Y | Y | CMC or GCM Authority |
| **ALCOHOL ABUSE** | | | | | | | | | | | | |
| Alcohol Rehab Failure | Par. 6209 | Y | Y | Y | | Y | Y | X | X | Y | Y | CMC or GCM Authority |
| **MISCONDUCT** | | | | | | | | | | | | |
| Minor Discp Infractions | Par. 6210.2 | Y | Y | Y | Y | Y | Y | # | # | Y | Y | CMC or GCM Authority |
| Pattern of Misconduct | Par. 6210.3 | Y | Y | Y | Y | Y | Y | # | # | Y | Y | CMC or GCM Authority |
| Drug Abuse | Par. 6210.5 | Y | Y | Y | | Y | Y | # | # | Y | Y | CMC or GCM Authority |
| Commission of Serious Off. | Par. 6210.6 | Y | Y | Y | | Y | Y | # | # | Y | Y | CMC or GCM Authority |
| Civilian Conviction | Par. 6210.7 | Y | Y | Y | | Y | Y | # | # | Y | Y | CMC or GCM Authority |
| Sexual Harassment | Par. 6210.8 | Y | Y | Y | | Y | Y | Y | Y | Y | Y | CMC or GCM Authority |
| **NEW ENTRANT DRUG AND ALCOHOL TESTING** | | | | | | | | | | | | |
| New Entrant Drug and Alcohol Testing | Par. 6211 | Y | Y | Y | | Y | Y | X | X | Y | Y | CMC or GCM Authority |

* Note:  GCMCA may delegate separation authority to SPCMCA.

Table 6-2.  Guide For the Review of Separation Packages – Continued

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Table 6-2.  Guide For the Review of Separation Packages - Continued

| Specific Reason for Separation | Specific Authority | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | Separation Authority* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SECURITY | | | | | | | | | | | | |
| Security | Par. 6212 | Y | Y | Y | | Y | Y | # | # | Y | Y | CMC or SecNav Authority |
| UNSATISFACTORY PARTICIPATION IN THE READY RESERVE | | | | | | | | | | | | |
| Unsat Participation in Ready Res | Par. 6213 | Y | Y | Y | | Y | Y | # | # | Y | Y | CMC or GCM Authority |
| SECRETARIAL PLENARY AUTHORITY | | | | | | | | | | | | |
| Secretarial Plenary Authority | Par. 6214 | Y | Y | Y | | Y | Y | | | Y | Y | SecNav |
| WEIGHT CONTROL FAILURE | | | | | | | | | | | | |
| Weight Control Failure | Par. 6215 | Y | Y | Y | Y | Y | Y | X | X | Y | Y | CMC or GCM Authority |
| Unsat Perform of Duties | Par. 6206.5b | Y | Y | Y | Y | Y | Y | X | X | Y | Y | CMC or GCM Authority |

* Note:  GCMCA may delegate separation authority to SPCMCA.

LEGEND

Y - Yes.

*X - Only if Marine has 6 or more years of active and inactive service at the time of notification of separation proceedings.

*# - Only if Marine has 6 or more years of active and inactive service at the time of notification of separation proceedings, or the Marine is notified that an other than honorable discharge is the least favorable characterization that can be received.

NOTES:

1.  Marine must be notified of the proposed discharge action, the general and specific basis, factual circumstances, and the type of discharge certificate that may be issued.  (MARCORSEPMAN, paragraph 6303)

2.  Marine must be given the opportunity either to submit a statement in rebuttal to the proposed discharge action or decline to make a statement. (MARCORSEPMAN, paragraph 6303)

Table 6-2.  Guide For the Review of Separation Packages - Continued

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Table 6-2.  Guide For the Review of Separation Packages - Continued

NOTES - Continued:

3.  Marine must be notified of and explained to his or her understanding the purpose and scope of the Naval Discharge Review Board and the Board for Correction of Naval Records.  (MARCORSEPMAN, paragraph 6104)

4.  Marine must be afforded a reasonable opportunity to overcome his or her deficiencies after being notified and counseled.  SRB, page 11 entry must summarize counseling conducted.  (MARCORSEPMAN, paragraph 6105)

5.  Marine must be given the opportunity to consult with a judge advocate before exercising or waiving any of the Marine's rights.  (MARCORSEPMAN, 6303 or 6304)

6.  Marine must be advised that it is in their best interest to consult with a judge advocate before waiving any of his or her rights.  (MARCORSEPMAN, paragraph 6303 or 6304)

*7.  Marine must be afforded the right to present his or her case before an administrative separation board with the advice and assistance of counsel.  (MARCORSEPMAN, paragraph 6304)

*8.  Marine must be afforded and explained the rights of the respondent concerning administrative separation board proceedings.  (MARCORSEPMAN, paragraph 6304)

9.  Commander must refer Marine's case, together with his or her recommendations and all evidence, to the separation authority.

10.  Separation package must be reviewed per paragraph 6308.1c when an administrative board has recommended separation under other than honorable conditions, and when an administrative board has been held and the respondent identifies specific legal issues for consideration by the separation authority.  For Marines with 18 or more years of service, paragraph 6307.1c applies.

* GCMCA may delegate separation authority to SPCMCA

Table 6-2.  Guide For the Review of Separation Packages - Continued

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 6

ENLISTED ADMINISTRATIVE SEPARATIONS

SECTION 3:  ADMINISTRATIVE PROCEDURES

PART C:  ADMINISTRATIVE SEPARATION BOARD.  See Appendix L, Involuntary Administrative Discharge Outline and Checklist.


6314.  CONVENING AUTHORITIES.  An administrative separation board as required by this chapter shall be convened in writing by any commander having special court-martial convening authority, or by any other commanding officer or officer in charge when specifically authorized to do so by a superior authority who is a Marine commander having general court-martial jurisdiction. When a board is convened under delegated authority, the order appointing the board will contain specific reference to the source of such delegated authority.  Additionally, authority to convene administrative separation boards is specifically delegated to those units delineated in figure 6-1 provided they exercise special court-martial convening authority.  Not all convening authorities are separation authorities.  See paragraph 6307 for the definition of a separation authority.


6315.  COMPOSITION

1.  Members

    a.  The convening authority shall appoint to the administrative board at least three commissioned/warrant or staff noncommissioned officers of the Armed Forces of the United States of America (or Reserve components thereof). Enlisted personnel appointed to the board shall be in the pay grade of E-7 or above and be senior to the respondent.  At least one member of the board will be in the pay grade of O-4 or above and a majority shall be commissioned or warrant officers.  When the respondent is an active duty member, the senior member must be on the active duty list of the service.  When no active duty-list officer is reasonably available, the convening authority may substitute a Reserve officer designated for duty in the Active Reserve (AR) Program who has served on continuous active duty for more than 12 months immediately before appointment to the board.

    b.  If the respondent is an enlisted member of a Reserve component or holds an appointment as a Reserve commissioned or warrant officer, the board shall include at least one Reserve commissioned officer as a voting member. Voting members shall be senior to the respondent's Reserve grade.  If the respondent is a member of a Reserve component and an other than honorable discharge is authorized by this Manual, all board members shall be commissioned officers.  Characterization may be under other than honorable conditions if the member consents to or waives administrative discharge proceedings or a court-martial or a board.

    c.  The convening authority shall ensure that the opportunity to serve on administrative boards is given to women and minorities.  The mere appointment or failure to appoint a member of such a group to the board, however, does not provide a basis for challenging the proceeding.

    d.  Unless at least three voting members of the board are present, no business other than declaring a recess or adjournment shall be transacted by

Case 3:12-cv-00816-H-BGS Document 24-1 Filed 04/11/12 Page 159 of 204

the board.  If a voting member will be absent for more than a short period of time and the member's absence reduces the voting membership present to fewer than three members, the convening authority will be advised and will appoint (an) additional member(s) to ensure that at least three voting members of the board are present during the conduct of all business by the board.

    e.  The board, in the absence of a voting member, may proceed if at least three voting members are present and the senior member present is a major or higher.  Where a new member of the board has been appointed (i.e., following a successful challenge against a former member), or where a member of the board who has been temporarily absent returns, that part of the proceedings conducted may be orally summarized in open session by the recorder, or the summarized record of that part of the proceedings conducted in absence shall be examined by that member and that examination noted in the record.  The appointment of a new member, or the temporary absence of a member, does not preclude that member's full participation in the deliberations of the board relating to its findings of fact, opinions, and recommendations.

    f.  Attendance at the proceedings of an administrative separation board becomes the primary duty of a member.  No member shall fail to attend at the appointed time unless prevented by illness, ordered away, or excused by the convening authority.

    g.  If any of the above prescribed mandatory requirements for the composition of a board cannot be met in a particular case from the officer personnel locally available, the convening authority will notify the CMC (MMSR-3) and request appropriate instructions.  Locally includes officers from higher headquarters in the chain of command of the convening authority and units of other services geographically co-located with the convening authority.  Convening authorities should consult their command staff judge advocate before notifying the CMC (MMSR-3).

    h.  The convening authority may delegate the power to excuse members before the convening of the board's initial session to the cognizant staff judge advocate, legal services support section officer in charge, or law center director.  The convening authority's delegate may not excuse more than one-third of the total number appointed.

2.  Presiding Officer

    a.  The senior member of the board in the grade of major or higher shall serve as president and shall preserve order and decide upon matters relating to the routine business of the board.  (Members frocked to pay grade of O-4 cannot serve as president of administrative separation boards.)  The president may grant a continuance, recess, and adjourn the board to meet at a time and a place most convenient and proper.  The president shall preside and rule finally on all matters of procedure and evidence, but the rulings of the president may be overruled by a majority of the board.  If appointed, the legal adviser shall rule finally on all matters of procedure, evidence, and challenges, except challenges to the legal advisor.  The president's rulings are subject to objection by any voting member of the board.  Should a voting member object to the president's ruling on any matter, a vote shall be taken in closed session and the question shall be decided by a majority vote.

    b.  Motions or objections pertaining to any matter other than to continuances, recesses, or adjournments do not require ruling by the president of the board.  Such motions or objections should be heard and merely noted in the record for resolution by the separation authority.

Case 3:12-cv-00816-H-BGS   Document 24-1   Filed 04/11/12   Page 160 of 204

6316            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

\*3.  Recorder.  A non-voting recorder will be appointed by the convening authority to each administrative separation board.  An assistant recorder may be appointed.  The convening authority may delegate the authority to appoint the nonvoting recorder or assistant recorder to the cognizant staff judge advocate, legal services support section officer in charge, or law center director.  A recorder or assistant recorder may be changed at any time by the convening authority or their delegate.  The assistant recorder, at the direction of the recorder, may perform any duty or function which the recorder is required or empowered to perform.  The recorder's primary responsibility is to exploit all practical sources of information and to bring out all the facts in a manner to permit the board to make fully informed findings and recommendations concerning the respondent.  The recorder and assistant recorder should be experienced officers and shall be warrant or commissioned officers.  Staff non-commissioned officers may be appointed to act as recorders upon approval by the convening authority's cognizant Staff Judge Advocate.  The recorder and/or the assistant recorder may be a lawyer within the meaning of UCMJ, Article 27b(1).  The recorder is responsible for ensuring that the board is presented only such materials and documents which may properly be considered by it.  The recorder is also responsible for ensuring that the board is presented all testimony, materials, and documents which may properly be considered by it, which are necessary to arrive at such findings, opinions, and recommendations, as will permit the discharge authority to make a proper disposition of the case.  The recorder will conduct a preliminary review of all available evidence, screen out improper matter, and obtain such additional evidence as appears necessary.  The recorder will arrange for the time, date, and place of the hearing after consulting with the president of the board and the counsel for the respondent.  The recorder will also arrange for the attendance of all material witnesses authorized to appear at the hearing pursuant to paragraph 6317, except those witnesses whose attendance is arranged by the respondent.  At the hearing, the recorder will conduct the direct examination of all witnesses, except those requested or called by the respondent.  The recorder will not participate in the closed sessions of the board or in the determination of the boards findings, opinions (if any), and recommendations.  Under the direction of the president of the board, the recorder will prepare or cause to be prepared a record of the board's proceedings.  The convening authority of the board may appoint a reporter to provide other clerical assistance for the purpose of assisting the recorder in preparing the record.

4.  Legal Advisor.  At the discretion of the convening authority, a non-voting legal advisor, who is a judge advocate certified in accordance with Article 27b(1), UCMJ, may be appointed to the board.  If appointed, the legal advisor shall rule finally on all matters of procedure, evidence and challenges, except challenges to the legal advisor.  A legal advisor shall not be both junior to and in the same direct chain of command as any voting member of the board.  If the convening authority desires to appoint a legal advisor but does not have a judge advocate readily available, the convening authority should contact the CMC (MMSR-3) for assistance.

6316.  PROCEDURE.  The following rules shall govern the procedures to be employed by an administrative separation board.  Where questions arise as to matters of procedure not covered in this Manual, such questions will be resolved at the discretion of the board or the convening authority.

1.  Rules of Evidence.  An administrative separation board functions as an administrative rather than a judicial body.  Accordingly, in the board's proceedings, the strict rules of evidence governing trials by court-martial

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                    6316

are not applicable.  The admissibility of evidence is a matter within the
discretion of the president of the board.  There is a sharp and distinct
delineation between the administrative process which has as its purpose the
administrative elimination of unsuitable, unfit, or unqualified Marines, and
the judicial process, the purpose of which is to establish the guilt or
innocence of a member accused of a crime and to administer punishment when
appropriate.  No evidence will be rejected from consideration solely on the
grounds that it would be inadmissible in court-martial proceedings.
Reasonable restrictions shall be observed, however, concerning relevancy and
competency of evidence.  The president of the board has full authority to
decline to accept evidence whose probative value is outweighed by the
prejudicial effect on the respondent, or which would cause unnecessary
embarrassment to a witness or victim involved in the case.  Within the
discretion of the president of the board, the respondent or recorder may
present the results of a polygraph and testimony or information about the
polygraph procedure.  If the results are presented to the board, the
respondent or recorder may present evidence to rebut that evidence or to rebut
the validity of polygraph evidence in general.

2.  Explanation of Respondent's Rights.  At the onset of the proceedings, the
board will ascertain whether or not the respondent has been fully advised of
and understands their rights under paragraph 6304.  The assurance of the
respondent's counsel in this regard will normally suffice.  If the board is
not satisfied that the respondent has been so advised, or the respondent does
not fully understand any explanation previously given, the board will clearly
explain those rights to the respondent.

3.  Exercise and Waiver of Respondent's Rights.  The respondent will be given
a reasonable opportunity to exercise any and all rights before the board.  The
failure of the respondent to exercise or invoke any of the specified rights,
after having been apprised of the same, will not be considered as a bar to the
board proceedings, findings, opinions, and recommendations.  Such rights will
be conclusively presumed to be waived.

4.  Eliciting Further Information.  Whenever it appears desirable to the
members of the board to elicit or develop additional information for a proper
hearing of the matters before the board, the president will advise the
recorder and may direct the calling of a witness, pursue further lines of
questioning, or direct that other evidence be presented.

5.  Security Matters.  If any matter to be heard by the board requires a
security clearance and individual counsel for the respondent or other
participants in the board's proceedings have not been granted such clearance,
consult the convening authority for further guidance (see OPNAVINST 5510.1 and
JAGMAN, section 0144).

6.  Sessions.  The proceedings of the board will be open to the public unless
the convening authority directs otherwise.  At the direction of the president
of the board, the hearing room may be cleared at any time for deliberations by
the board members.  At such times, all persons except voting members will
withdraw from the hearing room.

7.  Challenges

    a.  The respondent may challenge any voting member or legal advisor for
cause only.  The basis for such challenge is that the challenged person cannot
approach the case with impartiality and an open mind.  A challenged person
will be given the right to make a statement with respect to the challenge.

6316          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

The board will not receive a challenge to more than one person at a time. After disclosing the grounds for challenge, the respondent may examine the challenged person as to matters relating to their competency to sit in that particular case.  This examination may or may not be under oath or affirmation at the discretion of the respondent.  When the respondent desires oath or affirmation the election to swear or affirm resides with the challenged person.  The recorder and other members of the board may also examine the challenged person.  Other evidence relevant to the challenged person's competency to sit on the board may also be heard.

    b.  The burden of persuasion in establishing a challenge is on the respondent.

    c.  The convening authority shall rule finally on all challenges for cause of legal advisors, when appointed, and of board members when a legal advisor has not been appointed.

    d.  If a challenge is sustained as to any member or legal advisor, such person is excused from further participation in the case.

    e.  If a sustained challenge reduces the number of members below three or leaves the board without a member in the grade of major or higher, the convening authority shall be notified immediately.  The board will stand adjourned until the convening authority appoints such additional voting members as required under paragraph 6315.1.

8.  Order of Presenting Evidence

    a.  The testimony of witnesses and the presentation of other evidence will normally be in the following order:

        (1) Witnesses called and evidence presented by the recorder;

        (2) Witnesses called and evidence presented by the respondent;

        (3) Witnesses called and evidence presented by the recorder in rebuttal;

        (4) Witnesses called and evidence presented by the respondent in rebuttal;

        (5) Witnesses called and evidence presented at the request of the board.

    b.  The order of examining each witness is:

        (1)  Direct examination.

        (2)  Cross examination.

        (3)  Redirect examination.

        (4)  Recross examination.

        (5)  Examination by the board.

000746

c.  The foregoing order of presentation and examination of witnesses need not be followed when the board determines that a different order will secure a more effective presentation of evidence.

9.  Final Arguments.  The recorder and counsel for the respondent will be permitted to present final argument, if they so desire.  The recorder has the right to make opening final argument and, if argument is made on behalf of the respondent, the closing final argument.

10.  Burden of Proof.  The burden of proof before administrative separation boards rests upon the Government.  This burden never shifts.  After the presentation of the Government's case, certain justifiable inferences which are adverse to the respondent may be drawn from the evidence by the board, the convening authority, and the separation authority.  In this latter instance, the burden of going forward with evidence to avoid the adverse effect of these justifiable inferences may then shift to the respondent.

11.  Standard of Proof.  The standard of proof is a preponderance of the evidence as to all matters before an administrative separation board.

12.  Weight and Credibility of Evidence.  The board will rely upon its own judgment and experience in determining the weight and credibility to be given material or testimony received in evidence.


6317.  WITNESSES.  Testimonial evidence may be presented to the administrative board through the personal appearance of the witness, through the use of oral or written depositions, unsworn written statements, affidavits, testimonial stipulations, or any other accurate and reliable means for presenting testimonial evidence.  The testimony of a witness may be excluded if the legal advisor or president of the board determines that its probative value is substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

1.  Attendance.  Within a reasonable period of time before the date set for the administrative board hearing, the respondent or the respondent's counsel will submit a written request to the convening authority, via the president of the board, for all witnesses requested to testify on behalf of the respondent.  Failure to submit a request for witnesses in a timely fashion shall not automatically result in denial of the request, but if it would be necessary to delay the hearing in order to obtain a requested witness, lack of timeliness in submitting the witness request may be considered along with other factors in deciding whether to provide the witness.  If the requested witness is not physically located at the command, the respondent may request TAD or invitational travel orders.  Civilian witnesses whose attendance is required shall be issued invitational travel orders.

a.  If production of a witness will require expenditure of funds by the convening authority, the written request for attendance of the witness shall also contain the following:

(1) A synopsis of the testimony that the witness is expected to give.

(2) An explanation of the relevance of such testimony to the issues of separation or characterization.

(3) An explanation as to why written or recorded testimony would not be sufficient to provide for a fair determination.

6317            MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    b.  The convening authority may authorize expenditure of funds for
production of witnesses only if the president (after consultation with a judge
advocate) or the legal advisor (if appointed) determines that:

        (1)  The testimony of a witness is not cumulative;

        (2)  The personal appearance of the witness is essential to a fair
determination on the issues of separation or characterization;

        (3)  Written or recorded testimony will not accomplish adequately the
same objectives;

        (4)  The need for live testimony is substantial, material, and
necessary for proper disposition of the case; and

        (5)  The significance of the personal appearance of the witness, when
balanced against the practical difficulties in producing the witness, favors
production of the witness.  Factors to be considered in relation to the
balancing test include, but are not limited to, the cost of producing the
witness, the timing of the request for production of the witness, the
potential delay in the proceedings that may be caused by producing the
witness, or the likelihood of significant interference with military
operational deployment, mission accomplishment, or essential training.

    c.  If the convening authority determines that the personal testimony of a
witness is required, the hearing will be postponed or continued if necessary
to permit the attendance of the witness.

    d.  The hearing shall be continued or postponed to provide the respondent
with a reasonable opportunity to obtain a written statement from the witness
if a witness requested by the respondent is unavailable in the following
circumstances:

        (1)  When the president determines that the testimony of the witness is
not required;

        (2)  When the commanding officer of a military witness determines that
the military necessity precludes the witness' attendance at the hearing; or

        (3)  When a civilian witness declines to attend the hearing.

    e.  Any expense incident to the appearance of material witnesses on active
duty with any of the Armed Forces before an administrative separation board
will be charged to the operation and maintenance allotment of the convening
authority of the board.

    f.  Paragraph 6317.1d(3) does not authorize a Federal employee to decline
to appear as a witness if directed to do so in accordance with applicable
procedures of the employing agency.

2.  Testimony.  The respondent, the respondent's counsel, and the recorder
shall be afforded a reasonable opportunity to interview a witness before
calling the witness to testify before the administrative board.

    a.  The testimony of all witnesses appearing in person before the board,
at the discretion of the president may be taken under oath or affirmation,
except that the respondent may make an unsworn statement.  A respondent's
unsworn statement may include matters concerning the acts or omissions which

form the basis for discharge, matters in extenuation or mitigation, or any other relevant matter.  The respondent may not be cross-examined on such an unsworn statement.  Evidence may be introduced by the recorder to rebut any statements of fact contained in it.  The respondent's unsworn statement may be oral, in writing, or both and may be made by the respondent or the counsel, or by both of them.  The respondent's statement should be factual and not argumentative in nature.

    b.  No witness, including the respondent, appearing before the board shall be compelled to incriminate themselves or to answer any questions the answer to which may tend to incriminate them.  Nor shall they be compelled to make any statement or produce evidence if the statement or evidence is not material to any matter under investigation and may tend to degrade them.  Other than the respondent, any person, may be called as a witness before the board, whether or not they request to be a witness.  If a witness, including the respondent, is accused of, suspected of, or charged with an offense under the UCMJ, the president shall inform the witness of the nature of the offense and the service member's Article 31, UCMJ, rights.  If the witness is not subject to the UCMJ, the witness should be provided an appropriate, lawful advisement of rights.  If a witness exercises the right to refrain from testifying regarding matters related to an offense of which they are accused, suspected, or charged, the witness may be questioned on other matters.  The question of whether a witness is suspected of an offense is one for decision by the board and will depend upon the nature of the matter being considered by the board, the reasonable probability that an offense has been committed, and the reasonable probability that the witness committed the offense.  The board shall resolve all reasonable doubt in favor of the witness.  Each witness appearing before the board should be advised of the subject matter of the administrative separation board.

    c.  Unless otherwise authorized by the president, all witnesses, other than the respondent, shall be excluded from the room where the board is meeting except when they are testifying.

    d.  The president, may direct witnesses not to discuss their testimony with other witnesses or persons who have no official interest in the matter until the board's proceedings are completed.  This warning is given to ensure that the matters before the board can be fairly heard and to eliminate the possibility that disclosures of the substance of the witness' testimony may influence the testimony of a witness still to be heard.


6318.  OATHS.  The oath or affirmation to be given pursuant to this chapter will be under JAG Manual, section 0212, and will be administered by the recorder.


6319.  FINDINGS AND RECOMMENDATIONS

1.  The board shall determine its findings and recommendations in closed session.  Only voting members of the board shall be present.  All findings and recommendations shall be determined by a majority of the voting board members.  A tie vote shall be resolved in favor of the position more favorable to the respondent.  All voting members shall sign the appropriate board report, majority or minority.

2.  The board shall determine whether each allegation in the notice of proposed separation is supported by a preponderance of the evidence.

Case 3:12-cv-00816-H-BGS   Document 24-1   Filed 04/12/12   Page 155 of 194

6320                    MARINE CORPS SEPARATION AND RETIREMENT MANUAL

3.  If the board finds that one or more of the allegations are supported by
the evidence, it shall then determine whether the findings warrant separation
for the reason(s) stated in the notice.  If more than one reason was stated in
the notice, there shall be a separate determination for each reason.

4.  <u>Findings</u>.  The board shall state:

    a.  The specific evidence it considered relating to each act, omission, or
circumstance alleged in the notice;

    b.  Its determination for each alleged act, omission, or circumstance,
that the preponderance of evidence does or does not support that act,
omission, or circumstance;

    c.  The specific reason for separation defined in the notification letter
and chapter 6 of this Manual to which each act, omission, or circumstance
supported by a preponderance of the evidence applies.

5.  The board shall make recommendations on the following:

    a.  <u>Retention or Separation</u>.  The board shall recommend retention or
separation.

    b.  <u>Suspension of Separation</u>.  If the board recommends separation, it may
recommend that the separation be suspended under paragraph 6310.

    c.  <u>Characterization of Service or Description of Separation</u>.  If
separation or suspended separation is recommended, the board shall recommend a
characterization of service or description of separation as authorized per
paragraph 6107.

    d.  <u>Transfer to the Individual Ready Reserve</u>.  The board shall make a
recommendation as to whether the respondent should be retained in the IRR as a
mobilization asset to fulfill the respondent's total service obligation except
when the board has recommended separation on the basis of homosexual conduct,
misconduct, drug trafficking, defective enlistment or induction, when there
are medical reasons why the respondent would not be available to meet
mobilization requirements, or where the board has recommended characterization
of service under other than honorable conditions.  In making a recommendation
for retention in the IRR, the board should consider how the respondent's
performance, training, and availability affects the respondent's potential for
useful service under conditions of full mobilization.  The option of transfer
to the IRR applies to cases involving separation from active duty or from the
Selected Marine Corps Reserve.

6.  <u>Minority Report</u>.  If a member does not concur in the findings, opinions,
or recommendations of the majority of the board, the member shall prepare a
minority report stating explicitly the reason(s) for disagreeing with the
majority report.  The minority report may also include additional findings of
fact, opinions, and recommendations.  All members concurring in the minority
report shall sign the report.


6320.  <u>RECORD OF PROCEEDINGS AND REPORT OF THE BOARD</u>.  In cases where the
board recommends separation, the record of the proceedings shall normally be
kept in summarized form unless a verbatim record is required by the separation
authority or authorized by the convening authority.  In cases where the board
recommends retention, a record of the proceedings is optional unless required

by the separation authority.  However, a summarized or verbatim record shall
be prepared in any case in which the CMC is the separation authority, and in
any case in which the board recommends retention and the separation authority
elects to forward the matter to the Secretary of the Navy under paragraph
6309.2.  The board reporter shall retain all materials necessary to prepare a
transcript should the separation authority elect to forward the case to the
Secretary.  The record of proceedings shall otherwise be prepared as directed
by the convening authority and shall be authenticated by the signatures of the
president and the recorder or, in the absence of either or both, by a member
in lieu of the president or by a member in lieu of the recorder.  Whether or
not a written transcription is ultimately required, at a minimum, the
proceedings shall be recorded using audio tapes or a court reporter if
available.  The recorder will determine the availability of court reporters
after consulting with the SJA, law center director, or the OIC Legal Services
Support Section (LSSS).

1.  When a record of proceedings is required, it shall contain, as a minimum:

    a.  An authenticated copy of the appointing order and any other
communication from the convening authority.

    b.  A summary of the testimony of all witnesses, including the respondent,
appearing in person before the board.

    c.  A summary of the sworn or unsworn statements of all absent witnesses
considered by the board.

    d.  Acknowledgment that the respondent was advised of and fully
understands all of the rights of the respondent before the board.

    e.  The identity of the counsel for the respondent and the non-voting
recorder, and their respective legal qualifications.

    f.  Copies of the letter of notification to the respondent, advisement of
rights, and acknowledgment of rights.

    g.  If a discharge is recommended, a complete statement of the facts and
circumstances, accompanied by appropriate supporting documents, upon which the
recommendation is based.

    h.  A summary of any unsworn statements submitted by the respondent or
their counsel.

    i.  All exhibits accepted by the board for consideration with Recorder and
Respondent exhibits marked in such a manner to differentiate between them.
Each exhibit will be clearly and individually identified within the record of
proceedings, and each exhibit shall be clearly marked and sequentially
numbered or lettered, e.g., "Govt Exhibit 1," "Respondent Exhibit A," "Board
Exhibit I," etc.

    j.  A majority board report signed by all concurring voting members.

    k.  A minority board report, if applicable, signed by all concurring
voting members.

2.  In all cases, the findings and recommendations of the board shall be in
verbatim form.

6321                    MARINE CORPS SEPARATION AND RETIREMENT MANUAL

3.   The convening authority shall forward to the separation authority, via the
chain of command, the findings and recommendations of the board, the record of
proceedings, and the recommendations of subordinate commanders, if applicable,
and shall make a recommendation with specific rationale on each of the board's
findings and recommendations.

6321.   SUBSEQUENT ADMINISTRATIVE SEPARATION BOARD PROCEEDINGS

1.   No Marine will be subjected to administrative separation board action
based upon conduct which has previously been the subject of administrative
discharge board proceedings when the evidence before the subsequent board
would be the same as the evidence before the previous board, except in those
cases where the findings of the previous board favorable to the respondent are
determined by the discharge authority to have been obtained by fraud or
collusion, or where the discharge authority finds legal prejudice to the
substantial rights of the respondent, or where the previous administrative
separation board recommended separation but the proceedings were determined to
be null and void (i.e., the board was improperly convened or constituted).
Evidence before a subsequent board is not the same as evidence before a
previous board when subsequent conduct or performance forms the basis, in
whole or in part, for a new proceeding, or when there is new or newly
discovered evidence that was not reasonably available at the time of the prior
proceeding.

2.   Except when the previous board results were obtained by fraud or
collusion, a subsequent board considering the same evidence may not return a
recommendation less favorable to the respondent than that returned by the
previous board.

3.   Conduct is considered to have previously been the subject of
administrative separation board proceedings when the previous board has
submitted the record of its proceedings to the convening authority and when
the board's record include one of the recommendations prescribed in paragraph
6319.

4.   When a subsequent board is convened, no voting Marine of the subsequent
board shall have served on a previous board as a voting member and no voting
Marine of the subsequent board may have been the recorder or assistant
recorder of a previous board which considered the same matter.  However, the
recorder and/or the assistant recorder of the previous board may serve as the
recorder and/or the assistant recorder of the subsequent board.

5.   The record of the proceedings of the previous board may be furnished to
the subsequent board.  However, the subsequent board will not be furnished the
findings, opinions, or recommendations of the previous board, nor the specific
comments of the convening or separation authority concerning the previous
board.  Additionally, any evidence considered by the separation authority to
have been prejudicial to the substantial rights of the respondent, or to have
been obtained by fraud or collusion, will not be provided to the subsequent
board.  Such excluded matter, however, should be furnished to the recorder of
the subsequent board in order that the member may ensure that such matter is
not permitted to be injected into the subsequent proceedings.  While the
subsequent board may consider the report of the previous board, it shall not
be bound in any manner to return any finding, opinion, or recommendation
consistent with any finding, opinion, or recommendation rendered by the
previous board, except as provided in paragraph 6321.2.  The subsequent board

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          6321

shall submit its findings, opinions, and recommendations, de novo (as new).
The subsequent board, in an appropriate case, may base its findings of fact,
opinions, and recommendations solely upon the evidence properly considered by
the previous board.

6.  When a separation authority sets aside the findings and recommendations of
a previous board and appoints a subsequent board to hear the respondent's
case, no further action is required before the subsequent board's hearing of
the respondent's case other than the appointment of the subsequent board.  The
respondent and their counsel shall be notified of the findings and
recommendations of the previous board and timely notice of the time and place
of the subsequent board hearing, the witnesses to be heard, and the evidence
to be considered before the subsequent board.

7.  If a subsequent board is convened, the record of the first proceeding
should be attached to the record of the subsequent proceeding.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-1.  Commands Delegated as Discharge Authority For Other Commands

*Commander, MCB Quantico
  HQBN, HQMC
  MarBks Washington, DC
  MarCorAdminDet Patuxent River, MD
  MarSptBn Fort Meade, MD
  HMX-1

*COMMARFORLANT
  MATSG Oceana
  NMITC Oceana

*CG, 1st/2d/3d MARDIV
  Ground Combat Element
  MCMWTC Bridgeport, CA
  RSU MCB Camp Pendleton, CA
  SOI MCB Camp Pendleton, CA
  AASBn MCB Camp Pendleton, CA
  FMSS MCB Camp Pendleton, CA

*COMCABEAST
  MATSG Pensacola, FL
  MATSG Meridian, MS
  MATSG Corpus Christi, TX
  MATSG Millington, TN

*COMCABWEST
  MarAvnDet NWC China Lake, CA
  MATSG Lemoore, CA
  MarAvnDet Point Mugu, CA
  MATSG Whidbey Island, WA

*COMMARCORLOGBASES
  MarCorAdminDet Lowry AFB, CO
  Blount Island Cmd Jacksonville, FL

*COMMARFORRES
  4th MarDiv
  4th MAW
  4th FSSG
  MCSA Kansas City, MO

*CG I/II/III MEF
  MEU Command Element
  Chem Bio Incident Response Force

*CG, MCB Camp Pendleton
  MCTSSA MCB Camp Pendleton, CA   MEU

*CG, 1st/2d/3d MAW
  MEU Aviation Combat Element

*CG, 1st/2d/3d FSSG
  MEU Combat Service Support
  Element

*CG, MCRD/WRR San Diego, CA
  EWTGPac Coronado, CA

*CG, MCB Camp Lejeune
  FMSS MCB Camp Lejeune, NC
  MCCSS MCB Camp Lejeune, NC
  SOI MCB Camp Lejeune, NC
  MCES MCB Camp Lejeune, NC

Figure 6-1.  Commands Delegated by the CMC (SJA) as Discharge Authority For
Other Commands

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-2.  Sample Format for Notification <u>Without</u> an Administrative
Separation Board

From:  Commanding Officer
To:    (Individual Marine)

Subj:  NOTIFICATION OF SEPARATION PROCEEDINGS

*Ref:  (a) MCO P1900.16 (MARCORSEPMAN) series

Encl:  (1) Purpose and Scope of the Naval Discharge Review Board (NDRB) and
           Board for Correction Naval Records (BCNR)
       (2) Acknowledgment of Respondent's Rights

1.  You are hereby notified that I intend to recommend to the (Separation
Authority; e.g., Commanding General) that you be discharged from the U.S.
Marine Corps/released from active duty to a Reserve component per paragraph
(insert paragraph number) of the reference by reason of (<u>state the general and
specific bases for discharge</u> contained in the reference).

2.  The basis (bases if multiple reasons) for this recommendation is (<u>describe
the circumstances</u> supporting the CO's recommendation. Be specific because
both the respondent and the Separation Authority need to know precisely why
this Marine is being recommended for separation).

3.  The least favorable characterization which you may receive is general
(under honorable conditions).  Although the (<u>Separation Authority</u>) will make
the determination of characterization if you are separated, I am recommending
you receive a(n) Honorable/General (under honorable conditions)
characterization of service.

4.  As a result of these separation proceedings, you have the following
rights:

    a.  You have the right to consult with qualified counsel.  It is in your
best interests to do so before waiving any of your rights.

    b.  You have the right to submit written statements to the (Separation
Authority) in rebuttal to this proposed separation.

    c.  You have the right to obtain copies of documents that will be
forwarded to the (Separation Authority) supporting the basis of this proposed
separation.  Classified documents shall be summarized.

    d.  You may waive any of these rights after being afforded a reasonable
opportunity to consult with counsel and that failure to respond shall
constitute a waiver of these rights.

Figure 6-2.  Sample Format for Notification <u>Without</u> an Administrative
Separation Board

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-2.   Sample Format for Notification <u>Without</u> an Administrative
Separation Board - Continued

Subj:  NOTIFICATION OF SEPARATION PROCEEDINGS

    e.  (Use if applicable).  Although you are FMCR/retired list eligible, you
have refused to request transfer to the FMCR/retired list as provided in
paragraph 6106.4 of the reference.  If separation is approved, you may lose
all retainer/retired pay and benefits.

5.  If you are separated before you complete an active duty service
requirement incurred because you received advanced education assistance,
bonuses, or special pays, you may be required to reimburse the U.S. government
on a pro rata basis for the unserved portion of the active service
requirement.

6.  Information on the Purpose and Scope of the NDRB and the BCNR is provided
to you as enclosure (1).

7.  You are directed to respond in writing to this notice not later than (<u>time</u>
and <u>date</u>) (e.g., 0900, 4 May 94.  Must allow at least 2 working days) by
completing and returning enclosure (2), citing time and date completed.
Failure to respond by the prescribed time constitutes a waiver of your rights.




                                    Signature








Figure 6-2.   Sample Format for Notification <u>Without</u> an Administrative
Separation Board - Continued

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-2. Sample Format for Notification <u>Without</u> an Administrative
Separation Board - Continued

(Letterhead)

From: (Individual Marine)
To:   Commanding Officer

Subj: ACKNOWLEDGMENT OF MY RIGHTS TO BE EXERCISED OR WAIVED DURING
      SEPARATION PROCEEDINGS

Ref:  (a) CO's ltr

1. _____ I acknowledge receipt of the reference notifying me of
proceedings to (discharge me) (release me from active duty) by reason of
(general and specific basis as found in MARCORSEPMAN).

2. _____ I understand that I am being recommended for separation with (an
honorable or a general (under honorable conditions) characterization of
service and that the least favorable characterization which I may receive is
general (under honorable conditions).

3. In view of the above, I choose to execute the following rights:

   a. _____ I (have) (have not) included statements in rebuttal to this
proposed separation.

   b. _____ I (have) (have not) consulted with counsel. I realize it
is in my best interests to do so before exercising or waiving any of my
rights. My counsel's name is: _____.

   c. _____ I (do) (do not) desire to obtain copies of documents that
will be forwarded to the (Separation Authority) supporting this proposed
separation.

   d. _____ (if applicable) Although I am FMCR/retired list eligible, I
have refused to request transfer to the FMCR/retired list. I understand that,
if separation is approved, I may lose all retainer/retired pay and benefits.

4. _____ I understand that if I am separated before I complete an active
duty service requirement incurred because I received advance education
assistance, bonuses, or special pays, I may be required to reimburse the U.S.
government on a pro rata basis for the unserved portion of the active service
requirement.

5. _____ I have read and fully understand the information contained in
the Purpose and Scope of the NDRB and BCNR.


_____        _____                    _____        _____
Witness           Date                          Respondent        Date


     Figure 6-2. Sample Format for Notification <u>Without</u> an Administrative
     Separation Board - Continued

000757

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-3.  Sample Format for Notification With an Administrative
Separation Board

(Letterhead)

From:  Commanding Officer
To:    (Individual Marine)

Subj:  NOTIFICATION OF SEPARATION PROCEEDINGS

*Ref:  (a) MCO 1900.16 (MARCORSEPMAN) series

Encl:  (1) Purpose and Scope of the Naval Discharge Review Board (NDRB) and
           Board for Correction Naval Records (BCNR)
       (2) Acknowledgment of Respondent's Rights

1.  You are hereby notified that I intend to recommend to the (Separation
Authority; e.g., Commanding General) that you be discharged from the U.S.
Marine Corps/released from active duty to a Reserve component of the USMC per
paragraph _____ of the reference by reason of (state the general and
specific bases for separation contained in the reference).

2.  The basis (bases if multiple reasons) for this recommendation is (describe
the circumstances supporting the commanding officer's recommendation.  Be
specific because both the respondent and the separation authority need to know
precisely why this Marine is being recommended for separation).

3.  The least favorable characterization of service which you may receive is
(honorable/general (under honorable conditions)/under other than honorable
conditions).  Although the (Separation Authority) will make the determination
of characterization if you are separated, I am recommending you receive a(n)
honorable/general (under honorable conditions)/under other than honorable
characterization of service.  (Include the following language if applicable:
Although you are FMCR/Retired List eligible, you have refused to request
transfer to the FMCR/Retired List as provided in paragraph 6106.4 of the
reference.  If separation is approved, you may lose all retainer/retired pay
and benefits).

4.  As a result of these separation proceedings, you have the following
rights:

    a.  You have the right to consult with qualified counsel before electing
or waiving any of your rights.  It is in your best interest to do so before
waiving any of your rights.

    b.  You have the right to request a hearing before an Administrative
Separation Board per paragraph _____ of the reference.

    c.  You have the right to present written statements to the (Separation
Authority) in rebuttal to this proposed separation and in lieu of having a
hearing.

Figure 6-3.  Sample Format for Notification With an Administrative
Separation Board

000758

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-3.   Sample Format for Notification With an Administrative
Separation Board - Continued

Subj:  NOTIFICATION OF SEPARATION PROCEEDINGS

    d.  You have the right to obtain copies of documents that will be forwarded to the (Separation Authority) supporting this proposed separation. Classified documents shall be summarized.

    e.  You have the right to waive any of these rights after being afforded an opportunity to consult with counsel.

5.  Should you request a hearing before an Administrative Separation Board, you would be afforded the following rights:

    a.  To appear in person before such a board or be represented by counsel if you are confined by civil authorities.

    b.  To be represented by military counsel.  Appointed, or of your choice, if available.

    c.  To be represented by civilian counsel if you desire and at your own expense.

    d.  To challenge voting members of the board or the legal advisor, if any, for cause only.

    e.  To testify in your own behalf, subject to the provisions of Article 31, UCMJ (Compulsory Self-Incrimination Prohibited).

    f.  At any time during the proceedings you or your counsel may submit written or recorded matter for consideration by the board.

    g.  You or your counsel may call witnesses on your behalf.

    h.  You or your counsel may question any witness who appears before the board.

    i.  You or your counsel may present argument before the board's closing the hearing for deliberation on findings and recommendations.

    j.  Upon written request to the (Convening Authority), to be provided with a copy of the report of the board and the endorsement.

    k.  Failure to appear without good cause at a hearing constitutes waiver of your right to be present at the hearing.

    l.  You have the right to make a sworn or unsworn statement.

    m.  You have the right to examine evidence presented by the board, to cross-examine witnesses appearing before the board, to submit evidence before the board, and to present final argument before the board.

Figure 6-3.   Sample Format for Notification With an Administrative
Separation Board - Continued

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-3.  Sample Format for Notification With an Administrative
Separation Board - Continued

Subj:  NOTIFICATION OF SEPARATION PROCEEDINGS


    n.  Failure to respond after being afforded a reasonable opportunity to
consult with counsel constitutes waiver of the rights in paragraph 6304.1d to
6304.1m of the reference.

6. If you are separated before you complete an active duty service requirement
incurred because you received advanced education assistance, bonuses, or
special pays, you may be required to reimburse the U.S. Government on a pro
rata basis for the unserved portion of the active service requirement.

*7.  If you are serving in the pay grade of E-4 or above and are
administratively separated with an other than honorable characterization of
service, you will be administratively reduced to pay grade E-3, such reduction
to become effective upon separation.

*8.  Information on the purpose and scope of the NDRB and BCNR is provided to
you as enclosure (1).

*9.  You are directed to respond in writing to this notice no later than (time
and date; e.g., 0900, 4 May 2001; must allow at least 2 working days) by
completing and returning enclosure (2), citing time and date completed.
Failure to respond by the prescribed time constitutes a waiver of your rights.

Figure 6-3.  Sample Format for Notification With an Administrative
Separation Board - Continued

000760

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-3. Sample Format for Notification <u>With</u> an Administrative
Separation Board - Continued

(Letterhead)

From: (Individual Marine)
To:   Commanding Officer

Subj: ACKNOWLEDGMENT OF MY RIGHTS TO BE EXERCISED OR WAIVED DURING
      SEPARATION PROCEEDINGS

Ref:  (a) CO's ltr

1. _____ I acknowledge receipt of the reference notifying me of
proceedings to (discharge me) (release me from active duty) by reason of
(general and specific basis as found in MARCORSEPMAN).

2. _____ I understand that I am being recommended for separation with
a(n) honorable/general (under honorable conditions)/under other than honorable
conditions characterization of service and that the least favorable
characterization which I may receive is general (under honorable
conditions)/under other than honorable conditions. (Include the following
language if applicable: Although I am FMCR/Retired List eligible, I have
refused to request transfer to the FMCR/Retired List. I understand that, if
separation is approved, I may lose all retainer/retired pay and benefits).

3. In view of the above, I choose to execute the following rights:

   a. _____ I (have) (have not) consulted with counsel. I realize it is
in my best interests to do so before exercising or waiving any of my rights.
My counsel's name is: _____.

   b. _____ I (do) (do not) request a hearing before an Administrative
Separation Board.

   c. _____ In lieu of a hearing, I (have) (have not) included written
statements in rebuttal to this proposed separation.

   d. _____ I (do) (do not) desire to obtain copies of documents that
will be forwarded to the (Separation Authority) supporting this proposed
discharge.

4. If I requested a hearing before an Administrative Separation Board, I
realize I have the following rights:

   a. _____ To be present or represented by counsel if I am confined by
civil authorities.

   b. _____ To be represented by appointed military counsel, or counsel
of my choice, if available.

   c. _____ To be represented by civilian counsel if I desire and at my
own expense.

Figure 6-3. Sample Format for Notification <u>With</u> an Administrative
Separation Board - Continued

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-3.   Sample Format for Notification <u>With</u> an Administrative
Separation Board - Continued

Subj:  ACKNOWLEDGMENT OF MY RIGHTS TO BE EXERCISED OR WAIVED DURING
SEPARATION PROCEEDINGS

d. _____  To challenge voting members of the board or the legal
advisor, if any, for cause only.

e. _____  To testify in my own behalf, subject to the provisions of
article 31, UCMJ (Compulsory Self-Incrimination Prohibited).

f. _____  At any time during the proceedings I or my counsel may submit
recorded matter for consideration by the board.

g. _____  I or my counsel may call witnesses on my behalf.

h. _____  I or my counsel may question any witness who appears before
the board.

i. _____  I or my counsel may present argument before the board's
closing the hearing for deliberations on findings and recommendations.

j. _____  Upon written request to the (Convening Authority), to be
provided with a copy of the report of the board and the endorsement.

k. _____  Failure to appear without good cause at a hearing constitutes
waiver of my right to be present at the hearing.

*  l. _____  I have the right to make a sworn or unsworn statement.

*  m. _____  I have the right to examine evidence presented by the board
and to submit evidence before the board.

*  n. _____  That failure to respond after being afforded a reasonable
opportunity to consult with counsel constitutes waiver of the rights in
paragraph 6304.1d to 6304.1m of the reference.

5. _____  I understand that if I am separated before I complete an active
duty service requirement incurred because I received advance education
assistance, bonuses, or special pays, I may be required to reimburse the U.S.
government on a pro rata basis for the unserved portion of the active service
requirement.

*6. _____  I understand that if I am serving in the pay grade of E-4 or
above and I am administratively separated with an other than honorable
characterization of service, I will be administratively reduced to pay grade
E-3, such reduction to becoe effective upon separation.

Figure 6-3.   Sample Format for Notification <u>With</u> an Administrative
Separation Board - Continued

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

     Figure 6-3.  Sample Format for Notification <u>With</u> an Administrative
               Separation Board - Continued

Subj:  ACKNOWLEDGMENT OF MY RIGHTS TO BE EXERCISED OR WAIVED DURING
       SEPARATION PROCEEDINGS


*7.  _____  I have read and fully understand the Purpose and Scope of the
NDRB and BCNR.


_____          _____                         _____          ____
Witness            Date                          Respondent          Date

     Figure 6-3.  Sample Format for Notification <u>With</u> an Administrative
               Separation Board - Continued

000763

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

CHAPTER 6

ENLISTED ADMINISTRATIVE SEPARATIONS

SECTION 4:  VOLUNTARY ADMINISTRATIVE SEPARATIONS


6401.  <u>GUIDELINES</u>.  An enlisted Marine may request voluntarily separation from the Marine Corps subject to the procedures and criteria established within this chapter.

1.  <u>General Basis</u>.  The general basis for separation for all reasons listed in this chapter is the Convenience of the Government except as follows:

    a.  Paragraph 6402.  The general basis for separation is defective enlistment.

    b.  Paragraph 6403 and 6404.  The general basis for separation is change in service obligation.

2.  <u>Separation Authority</u>.  The separation authorities for voluntary separations are listed in table 6-3.  The separation authority receives the Marine's request after it has been forwarded and endorsed via the chain of command.  The separation authority then directs the discharge or release from active duty of the Marine, if either is warranted, or disapproves the Marine's request and directs retention.

3.  <u>Characterization</u>.  The following characterization of service will apply when the Marine's request for separation is:

    a.  <u>Defective Enlistment/Reenlistment</u>.  Honorable, unless an uncharacterized entry level separation or an order of release from the custody and control of the Marine Corps (by reason of void enlistment) is required under 6204.1.

    b.  <u>Convenience of the Government</u>.  Honorable, or general (under honorable conditions), unless an uncharacterized entry level separation is required under paragraph 6204.1.

4.  <u>Notification</u>.  Use the notification procedures in paragraph 6303 if the characterization of service is general (under honorable conditions) and the Marine is:

    a.  A sergeant or above; or

    b.  A corporal or below, when the characterization of service is not based on the average duty proficiency/conduct marks.

5.  <u>Transfer to the Individual Ready Reserve (IRR)</u>.  In considering any Marine's request for separation, the separation authority must consider the Marine's potential for future service in the Marine Corps Reserve.  To preclude the loss of potential mobilization assets, the separation authority will screen all Marines eligible for an honorable discharge and separating for the reasons contained in this paragraph before EAS/EOS.  The separation authority will direct discharge in those cases which clearly demonstrate a Marine has no mobilization potential.  The separation authority also directs discharge if the condition which resulted in the Marine's separation

6402                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

from active duty would preclude the Marine from worldwide assignability/
deployability as a member of the Reserves.  Use the procedures in chapter 1
when transferring Marines to the IRR.

   a.  Transfer to the IRR is prohibited if:

      (1) Separated by reason of homosexual conduct, drug use, defective
enlistment;

      (2) Characterization of discharge is under other than honorable;

      (3) Diagnosed as HIV-1 positive; or,

    *(4) Assigned a reenlistment code of RE-4 or RE-4B.

   b.  Transfer to the IRR vice discharge is appropriate for Convenience of
the Government separation by reason of:

      (1) Early release to further education (paragraph 6405);

      (2) Pregnancy (paragraph 6408);

      (3) Surviving family member (paragraph 6410); or,

      (4) Married to other service members (paragraph 6416).

6.  <u>Unique Requirements</u>.  Each request for voluntary separation has its own
procedures and criteria which should be followed for a proper determination.
These unique requirements are fully explained under the appropriate paragraph
in this section.

7.  <u>Submission of Request</u>.  All requests for voluntary early release requiring
either CMC or Secretary of the Navy discharge authority must be received by
CMC not less than 6 weeks before the requested separation date.  Submissions
received at CMC less than six weeks before the requested separation date will
not receive favorable consideration.

8.  <u>Withdrawals</u>.  Requests for voluntary separation may be withdrawn by the
Marine at any time before action on the request by the separation authority.
Requests must be made in writing to the separation authority and endorsed by
the chain of command.

9.  <u>Reimbursement Requirement</u>.  In those cases that may be subject to a
reimbursement requirement for recoupment of advance education assistance
costs, bonuses, or special pays, the Marine must be advised of such
requirement before submitting a request for voluntary separation.  Failure to
provide such advisement, however, shall not constitute grounds for avoiding a
reimbursement requirement unless otherwise expressly provided by law or
superior regulation.


6402.  <u>DEFECTIVE ENLISTMENT/REENLISTMENT AGREEMENTS</u>

1.  <u>General</u>.  A defective enlistment/reenlistment agreement exists in the
following circumstances.

a.  As a result of a material misrepresentation by recruiting/career planning personnel upon which the Marine reasonably relied, the Marine was induced to enlist/reenlist with a commitment for which the Marine was not qualified;

b.  The Marine received a written enlistment/reenlistment commitment from recruiting/career planning personnel for which the Marine was qualified, but which cannot be fulfilled by the Marine Corps; or

c.  The enlistment/reenlistment was involuntary; i.e., one that is induced by fraud, duress, or undue influence and not the product of a free and unconstrained choice, for example:

(1) Enlistment of an individual who lacks the capacity to understand the significance of enlisting in the military services; or

(2) Enlistment of an individual whose enlistment is involuntary by reason of coercion resulting from being presented with the option of either enlisting or being subjected to a sentence to confinement by a court of competent jurisdiction.

2.  Criteria.  This provision does not bar appropriate disciplinary action or other administrative separation proceedings regardless of when the defect was raised.  Separation is appropriate under this provision only in the following circumstances:

a.  The Marine did not knowingly participate in creation of the defective enlistment/reenlistment agreement.

b.  The Marine brings the defect to the attention of appropriate authorities within 30 days after the defect is discovered, or as soon as practical; and

c.  The Marine requests separation instead of other authorized corrective action.

3.  Application.  The Marine's request for separation should be a written statement addressing all pertinent issues.  To be thorough, the Marine should explain:

a.  What the actual defect is;

b.  The circumstances of how the defect occurred;

c.  How and when the defect was discovered; and

d.  Any other information considered appropriate to make a proper determination.

4.  Commander's Action.  Marines requesting separation as a result of a defective enlistment/reenlistment agreement will submit their request via the chain of command.  The Marine's immediate commanding officer will ensure that all criteria have been clearly met, that the information contained in the request is accurate, and by endorsement will provide:

a.  Any additional information considered appropriate, including clarifying statements and copies of pertinent portions of the Marine's service record.

Case 3:12-cv-00816-H-BGS Document 24-1 Filed 04/12/12 Page 133 of 204

6403             MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    b.  The Marine's status regarding any pending disciplinary action.

*5.  <u>Characterization and Separation Authority</u>.  The separation will be
honorable unless an uncharacterized entry level separation or an order of
release from the custody and control of the Marine Corps is required.  The
separation authority for all separations under this paragraph is the GCMCA.


6403.  <u>CHANGES IN SERVICE OBLIGATION FOR RESERVISTS ON INACTIVE DUTY</u>

1.  <u>Discharge for Enlistment or Appointment in the Regular Marine Corps or for
Appointment in the Marine Corps Reserve</u>.  The enlistment of a Reservist is
deemed to be automatically terminated upon enlistment in the Regular Marine
Corps or upon acceptance of appointment as an officer in the Marine Corps
Reserve.  Upon receipt of official notification of such enlistment or
appointment, commanders will close out the service record of the Reservist
concerned showing the date of discharge as of the day before enlistment in the
Regular Marine Corps or of acceptance of appointment.  The discharge
certificate will be prepared and forwarded to the Marine.

2.  <u>Discharge for Enlistment in the Regular Army, Air Force, or Coast Guard</u>.
Upon receipt of official notification of the enlistment of a Reservist in the
Regular Army, Navy, Air Force, or Coast Guard, commanders will effect the
discharge of the Reservist as of the day before such enlistment, and forward
the discharge certificate to the member's new organization, if known, or to
the CMC (MMSB-10) with a statement as to the reason for nondelivery.

3.  <u>Discharge for Enlistment in Another Reserve Component of the Armed Forces</u>.
See paragraph 3004.

4.  Reservists who do not have a military obligation who enlist or accept
appointment in a Reserve component of another Armed Force will be discharged
per the criteria and procedures stated in paragraph 6403.3, unless the
Reservist is eligible for discharge upon request.  The conditional release in
such cases will state that the Reservist has no obligated service under law.


6404.  <u>CHANGES IN SERVICE OBLIGATION FOR ACTIVE DUTY MARINES</u>

*1.  <u>To Accept a Commission or Appointment</u>.  An active duty Marine may be
separated for acceptance of an active duty commission, appointment, or
acceptance into a program leading to a commission or appointment in any branch
of the Armed Forces.  All applications for commission, appointment, or
acceptance into a program leading to such must be submitted via the CMC (MMSR)
with the exception of Marines selected for the Naval Reserve Officer Training
Corps (NROTC) Scholarship Program or Marines appointed midshipmen or cadets in
federal service academies or NROTC units (see MCO 1306.17 series for guidance
in these cases).  Applications shall include a statement acknowledging that,
should the Marine be accepted in the applied for program, the Marine agrees to
separation from the Marine Corps.  Only the CMC may direct separation after
receipt of certification from the gaining service that the Marine has been
selected to accept a commission or an appointment, or has been accepted into a
program leading to a commission or an appointment.

*2.  Commanding officers may separate an active duty Marine for immediate
reenlistment when the Marine has less than 3 months remaining to serve on the
enlistment (see MCO P1040.31 series, Enlisted Career Planning and Retention
Manual series)

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                6405

3.  Active duty Marines may be separated under the provisions of an announced
early release program authorized by the CMC.

4.  The GCMCA may separate an active duty Marine if the Marine is in a
temporary duty under full treatment status or has been found physically
qualified to resume full duty, regardless of duty status, with 3 months or
less active obligated service remaining and who does not desire to reenlist.

5.  The GCMCA may separate an active duty Marine assigned to sea duty who is
within 90 days of the date of expiration of active obligated service under the
following conditions:

    a.  When the member's ship is about to deploy with the possibility of not
returning to the United States before the expiration of the member's active
obligated service.  The member may be separated within 5 days of the
deployment date, when there would be insufficient time to complete separation
processing before the member's expiration of active obligated service if the
member returned to the CONUS from the first overseas port-of-call; or

    b.  When the home port of a member's ship or command changes, the member
may be separated within 5 days of the ship's/command's departure for the new
home port when there would be insufficient time to return the member to the
old home port for separation processing, or to complete separation processing
at the new home port before the member's expiration of active obligated
service.

6405.  EARLY RELEASE TO FURTHER EDUCATION

1.  General.  GCMCA's may authorize particularly deserving enlisted Marines to
be released from active duty before expiration of active service for the
purpose of pursuing their education via college or a vocational/technical
school.  A vocational school is to include any state or local police
department, fire department, or state, city, or county service agency that
would require the Marine to attend a full-time course of instruction lasting
3 months or more.  The educational institution  must be accredited as
specified in par 6405.3.  Marines who request early release for education will
be considered for promotion.  This program is applicable to all enlisted
personnel except:

    a.  Six-month trainees.

    *b.  Reservists ordered to active duty due to unsatisfactory participation
as provided in 10 U.S.C. 12303.  However, all other Reservists who are "set
back" in training at a recruit depot and cannot meet the last date for
entrance to college may be separated (MCO P1001R.1 series refers).

    c.  Aliens seeking to qualify for citizenship by completing 3 years of
active duty unless they are to be transferred to inactive duty in a Reserve
component.

    d.  Marines who acquired additional obligated service due to advanced
training.

2.  Criteria.  The following criteria applies:

    a.  The Marine must be eligible for an honorable discharge;

    b.  The Marine's services must not be essential to the command's mission;



6405          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    c.  The latest acceptable registration and class convening dates of the school term for which the Marine seeks release <u>must</u> fall within the last 3 months of the Marine's remaining service.

    d.  Applications will normally be denied if the Marine has:

        (1) Received fully funded education, or education for which the Marine incurred obligated service;

        (2) Completed advanced technical training;

        (3) Received special compensation during the current enlistment (e.g., reenlistment bonus);

        (4) A military occupational specialty which requires retention; or

        (5) Become indebted to the Government as a result of unearned leave (advance and excess leave), advance pay, reduction in grade, and fines and forfeitures.

    e.  Waiver of the criteria in the preceding paragraph will only be considered when the Marine makes a cash remittance before initiation of separation processing.

3.  <u>Application</u>.  An application format is provided in figure 6-5.

    a.  In their applications, all Marines must:

        (1) Clearly establish why the specific school term for which release is sought is academically the most opportune time to begin or resume education and why delay of enrollment until normal expiration of service would cause undue hardship;

        (2) State in the application, "I understand I am subject to possible recall to active duty and/or prosecution for fraudulent separation if I do not attend the school for which I am granted early release." and

        (3) Provide evidence that full tuition for the first school term has been paid or will be paid.

    b.  In addition to the requirements in paragraph 6405.3a, Marines applying for separation to attend <u>college</u> must present documentary evidence which establishes:

        (1) That the Marine has been accepted without qualification to a recognized institution of higher learning.

        (2) The school is accredited in the Education Directory for Postsecondary Education published yearly by the Department of Health, Education, and Welfare or has been determined by the United States Office of Education to be eligible for such listing.

        (3) That the Marine will be in a full-time course of instruction leading to an associate, baccalaureate, or higher degree; and

        (4) The latest date of registration and the class starting date for the specified school term <u>and</u> the next succeeding term.

c.  In addition to the requirements in paragraph 6405.3a, Marines applying for separation to attend a <u>vocational/technical school</u> must present documentary evidence which establishes:

(1) The school's specific accreditation status, the date such status was acquired, and the name of the accrediting agency or association.  A recognized school is one which is approved by a State Board of Vocational Education or is accredited by a nationally recognized accreditation agency or association listed by the U.S. Commissioner of Education.

(2) That the Marine has been accepted without qualification to a full-time course of instruction lasting 3 months or more; and

(3) The latest date of registration and the class starting date for the specified school term and the next succeeding term.

d.  The term "acceptance without qualification" means that the Marine must be accepted for admission without being subject to any further approval before entrance.  A statement that the Marine is admissible, subject to a review of the Marine's records, or subject to passing an entrance exam, qualifies the acceptance and prohibits the Marine's early release.  A Marine who is accepted on probation meets the requirements for early release.

e.  The term "full-time resident course of instruction" means the Marine must take the minimum number of credit hours for the semester, quarter, or the term considered by the school to be full-time (excluding night school).

4.  <u>Commander's Action</u>.  Marines who meet the criteria above and who have obtained the required substantiating documentation may submit an application via the chain of command to the GCMCA.

a.  The Marine's immediate commanding officer will ensure that all the criteria have been clearly met, that the information contained in the request is accurate, and by endorsement will provide:

(1) A definite recommendation for approval or disapproval;

(2) The applicant's normal EAS, PEBD, and current leave balance;

(3) Certification that the Marine is eligible for an honorable discharge;

(4) Certification that the Marine is not requesting early separation to avoid service; and

(5) Any other information deemed appropriate.

b.  The effective date of separation must be within 3 months of the Marine's normal release date (i.e., EAS, EOS, and extension).  It is not the "advanced" separation date established by any other early separation program which might be in effect.

c.  Applications should be submitted to the GCMCA at least 4 weeks before the requested date of separation.  Marines assigned to OCONUS commands should apply 6 weeks before the requested date of separation.

d.  The approved separation date will usually be 10 calendar days before the class starting date.  In no event will it exceed 30 days.

6406                    MARINE CORPS SEPARATION AND RETIREMENT MANUAL

    *e.  Commanders may grant leave while awaiting separation in conjunction
with this program as authorized by MCO P1050.3 series; however, it may not be
used in combination with the 90-day maximum period to meet a class convening
date not falling in the basic criteria.  In no event will an effective date of
release from active duty be authorized for a date earlier than 90 days in
advance of the normal expiration of active service.

5.  Exceptions and Waivers

    a.  The requirement for an applicant to be eligible for an honorable
separation and the maximum permissible early release of 90 days will not be
waived.

    b.  Leave must not be authorized to exceed this 90-day limit.

    c.  Address any other exceptions to the CMC (MMSR-3) for a final
determination.

    d.  Cases that fail to meet the above requirements may, in exceptional
circumstances, be submitted to the Secretary of the Navy under Secretarial
Plenary Authority/Best Interest of the Service (paragraph 6421) via the CMC
(MMSR-3).  These cases should be coordinated with the CMC (MMSR-3) before
submission.  This authority will be reserved exclusively for superior Marines
faced with a "once in a lifetime" opportunity.


6406.  EARLY RELEASE TO ACCEPT PUBLIC OFFICE.  A Marine may be released from
active duty, permitted to resign, or discharged as appropriate, for the
purpose of performing the duties of the President or Vice-President of the
United States, a Presidential appointee to a statutory office, a member of
either of the legislative bodies of the U.S.; a governor, any other state
official chosen by the voters of the entire state or states; and a judge of
courts of record of the U.S., the States, and the District of Columbia.

1.  In the case of a Reservist who is eligible for the Reserve Retired List or
is already on the Reserve Retired List, the Reservist will be relieved from
active duty.

2.  Applications will normally be denied if the Marine has:

    a.  Received fully funded education or education for which the Marine
incurred obligated service;

    b.  Completed advanced technical training;

    c.  Received special compensation during the current enlistment (e.g.,
reenlistment bonus);

    d.  A military occupational specialty which due to military exigencies
requires retention; or

    e.  Become indebted to the Government as a result of unearned leave
(advance and excess leave), advance pay, reductions in grade, and fines and
forfeitures.  However, an individual Marine may be considered eligible for
early separation provided the individual makes a cash remittance before the
initiation of separation processing.

6407.  DEPENDENCY OR HARDSHIP

*1.  General.  The CMC and the GCMCA may direct the separation of enlisted Marines for dependency or hardship.  Applications from Marines who have been granted temporary additional duty with a unit for the purpose of applying for this type of separation will be forwarded to the CMC (MMSR-3) for consideration.  Marines granted Permissive Temporary Additional Duty (PTAD) to a unit for humanitarian reasons and subsequently request a hardship discharge will continue to submit this request to the CMC (MMEA-86) for consideration per paragraph 1301 of MCO P1000.6 (ACTSMAN) series.  The CMC (MMEA-86 and MMSR-3) will determine if the request meets humanitarian/hardship discharge criteria. The GCMCA will consider applications from Marines at their parent command;  these applications are not reviewed or considered by CMC.

2.  Criteria.  Separation may be directed when genuine dependency or undue hardship exists under the following circumstances:

    a.  The hardship or dependency is not temporary;

    b.  Conditions have arisen, or have aggravated, to an excessive degree since entry into the Marine Corps and the Marine has made every effort to remedy the situation;

    c.  The administrative separation will eliminate or materially alleviate the condition; and

    d.  There are no other means of alleviation reasonably available.

3.  Undue hardship does not necessarily exist because of altered present or expected income, family separation, or other inconveniences normally incident to military service.

    a.  Separation will not be authorized for personal convenience alone; when the Marine requires medical treatment; or solely by reason of the Marine's wife being pregnant.

    b.  Separation will not be disapproved solely because the Marine's services are needed in the unit or because the Marine is indebted to the Government or to an individual.  All attempts should be made to collect the debt before separation, if this will not place further hardship on the Marine.

4.  Application.  The Marine's request consists of two parts, a statement of the circumstances and substantiating documentation, as explained below.

    a.  The Marine must submit a statement containing the following:

        (1) Reason for Request.  The clearer the "picture" of the situation the Marine provides, the greater the likelihood a proper decision will be made.  It would be helpful to address the criteria in paragraph 6407.2;

        (2) Complete home address of the family member and the Marine;

        (3) The Marine's marital status, date of marriage, and number of family members;

        (4) Names and addresses of persons familiar with the situation;

        (5) Names, ages, addresses, and occupations of all immediate family members and reasons why they cannot provide the necessary help (if deceased indicate date of death); and

    (6) If the request is based on the financial difficulties of a
Marine's family member(s), provide statements of both income and expenses, and
assets and liabilities of that (those) family member(s).  Assets will include
a listing of all property, securities, and funds owned except clothing and
household furnishings.  For this type of request, also provide a statement of
the Marine's own financial obligations including specific amounts and methods
of past and current contributions/allotments to the family member(s).

    b.  The Marine must submit substantiating documentation as enclosures to
the request.

    (1) Where practicable, statements must be submitted from the family
members concerned.  If applicable, indicate the status of parents (unmarried,
divorced or widowed).  The intent is on quality of information provided, not
quantity.

    (2) If dependency or hardship is the result of a family member's
death, provide a certificate or other proof.

    (3) If dependency or hardship is the result of a family member's
disability, provide a doctor's statement showing when the disability occurred,
the nature of the disability, probable duration, and the requirement for the
service member to medically assist the family member.

*5.  Commander's Action.  Marines who meet the criteria above, have completed
a statement, and gathered the substantiating documentation may submit an
application to their GCMCA via the chain of command, or, if on temporary
additional duty for the purpose of applying for separation, may submit the
application to the CMC (MMSR-3).  The Marine's immediate commanding officer
will ensure that all the criteria have been clearly met, that the information
contained in the request is accurate, and by endorsement will provide:

    a.  A definite recommendation for approval or disapproval with
justification.  If a Marine is requesting either an extension, PTAD,
humanitarian transfer, or hardship discharge, the command will make a definite
recommendation with justification;

    b.  The Marine's normal EAS, EOS, and date the Marine's current enlistment
began;

    c.  Status of any disciplinary action pending.  Disciplinary action must
be resolved before separation;

    d.  Effective date, amount, and purpose of all allotments (only if the
hardship/dependency is because of financial difficulties).  If the applicant
claims to be making cash contributions, substantiating evidence should be
furnished (e.g., money order receipts, copies of canceled checks);

    e.  Command endorsements will include a command point of contact with
telephone number; and

    f.  Any other information deemed appropriate.

6.  Dependency or Hardship Board.  In most cases, the separation authority
will approve or disapprove a Marine's request based solely upon the
documentation provided by the Marine.  However, in the event the separation
authority determines the circumstances of a particular case warrant its
referral to a board, the Marine commander exercising special court-martial

jurisdiction over the Marine will appoint a board, consisting of not less than three members that are senior to the applicant before whom the Marine will appear.  This board shall consist entirely of military personnel.  It will be the responsibility of the board to study and evaluate all available information, interview the Marine, and make recommendations concerning the ultimate disposition of the case.  The report of the board will include a brief summary of any factors considered in arriving at its recommendations which are not apparent in the application.  The authority to appoint a board may be limited by higher authority when such action is deemed desirable (e.g., when one board may conveniently consider all cases in a larger command). Marines who have been granted temporary additional duty with a unit for the purpose of applying for a hardship discharge will not be provided the opportunity to appear before a hardship board due to the time constraints in which the request must be resolved.

7.  Separation Authority.  Upon receipt of the Marine's request, the separation authority will take the following action:

   a.  Carefully and sympathetically review the request.

   b.  Request supplemental information if needed to make a proper determination.

   c.  If the case has not been considered by a board and one is considered vital, appoint a board to consider the case as outlined in paragraph 6407.6.

   *d.  If the Marine's discharge is warranted, take final action regardless of the board's recommendation.  If the Marine is discharged, place the hardship request and supporting papers on the document side of the service record, and forward it with the health and dental records per MCO P1070.12 series.

   e.  If the Marine's discharge is not warranted, the separation authority will officially inform the member in writing and include the specific reason or reasons for disapproval.  Some statement expressing sympathy and/or providing advice for the Marine to help alleviate the problem should be included.

   f.  At any time before final action, the Marine may submit a statement withdrawing the request for discharge.

8.  Separation.  If warranted, follow these procedures for separating the Marine.

   a.  If the Marine to be separated has a home of record in the CONUS, then

      (1) Commands located in the CONUS will effect the separation locally; or

      (2) Commands located outside the United States will transfer the Marine concerned to the Marine Corps activity nearest the point to which transportation is authorized.

   b.  If the Marine to be separated has a home of record outside the CONUS and is entitled to and elects transportation to a point outside the United States upon separation, the Marine will be transferred to the Marine Corps activity nearest the point to which transportation is authorized.  See paragraph 1006.

6408.  PREGNANCY

1.  An enlisted woman whose pregnancy has been certified by a medical officer must notify her commanding officer in writing if she desires separation.

2.  Requests for separation will not receive favorable consideration unless there are extenuating circumstances or the request otherwise complies with criteria in paragraph 6407 of this Manual.

3.  The following criteria will dictate retention except in the most extraordinary of circumstances:

    a.  Executed orders in the known pregnancy status;

    b.  Received fully funded education; or education for which she incurred obligated service;

    c.  Completed advanced technical training;

    d.  Received special compensation, during the current enlistment (e.g., reenlistment bonus);

    e.  Holds a military occupational specialty which requires retention; or

    f.  Indebted to the Government as a result of unearned leave (advance and excess leave), advance pay, reductions in grade, and fines and forfeitures. However, an individual Marine may be considered eligible for early separation provided the individual makes a cash remittance before the initiation of separation processing.

4.  Regardless of the limitations in paragraph 6408.3, a request for separation may be approved by the separation authority, on a case-by-case basis, when the request demonstrates overriding and compelling factors of personal need which justify separation for pregnancy, i.e., continuation on active duty would jeopardize the health of the Marine and/or the child.

5.  The forms in figure 6-4 will be used for informing female Marines of their eligibility for maternity care.

*6.  Female Marines should be notified that single or dual service parents are required to complete a family care plan per MCO 1740.13 series.

*7.  The prohibition of pregnancy discharges within 4 weeks of delivery, as mandated in MCO 5000.12 series, does not apply to voluntary requests for separation.  However, the Marine requesting voluntary separation must be advised of her rights and medical benefits available after discharge.  A page 11 entry relating these facts must be made in the SRB and signed by the Marine.

*6409.  CONSCIENTIOUS OBJECTION.  Process per MCO 1306.16 series.

6410.  SURVIVING FAMILY MEMBER.

*1.  General.  (Reference is DODDIR 1315.15 series).  The CMC may direct the separation of enlisted Marines for survivorsip.  Applications from Marines will be forwarded to the CMC (MMSR-3) via the chain of command for consideration.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          6410

2.  Definition.  Surviving Family Member refers to any son or daughter in a family in which the father or mother or one or more sons or daughters:

    a.  Have been killed in action or have died when serving in the U.S. Armed Forces from wounds, accident, or disease;

    b.  Are in a captured or missing-in-action status; or

    *c.  Have a permanent 100 percent Service-related disability (including 100 percent mental disability), as determined by the Veteran's Administration or one of the Military Services, and are not gainfully employed because of the disability.

3.  Eligibility.  Enlisted Marines who become surviving sons or daughters after having enlisted or after having been inducted may apply for and shall be promptly discharged or separated except:

    a.  When the Marine has court-martial charges pending, has been convicted by court-martial with appellate review in process, or is serving a sentence of confinement (or is otherwise undergoing punishment) imposed by court-martial.

    b.  When the Marine is pending involuntary administrative separation for cause.

    c.  During a war or national emergency declared by Congress.

4.  Application.  The Marine's request must contain a statement of the circumstances and substantiating documentation, as explained below.  The Marine must submit a written request containing the following:

    a.  An affirmative statement that he/she is a sole surviving son or daughter.

    b.  Full name, grade/rating, branch of service, service number/SSN, date of birth of each member of the Marine's family killed, captured, missing in action, or permanently disabled as a result of hazards incident to service in the Armed Forces together with documentation as to the date of such occurrence.  In the cases of persons other than those killed, the person's present status, e.g., where captured, VA hospital locations, etc., and in cases of natural death, a photostatic copy of proof of death will be required.

5.  Commander's Action.  Marines who meet the criteria above, have completed a statement, and gathered the substantiating documentation may submit an application via the chain of command to the CMC (MMSR-3).  The Marine's immediate commanding officer will ensure that all the criteria have been clearly met, that the information contained in the request is accurate, and by endorsement will provide:

    a.  A definite recommendation for approval or disapproval with justification;

    b.  The Marine's EAS, EOS, and date the Marine's current enlistment began;

    c.  Status of any disciplinary action pending.  Disciplinary action must be resolved before separation;

6410          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

        d.   Command endorsements will include a command point of contact with telephone number; and

        e.   Any other information deemed appropriate.

6.   The separation authority will approve or disapprove a Marine's request based solely upon the documentation provided by the Marine.

7.   At any time before final action, the Marine may submit a statement withdrawing the request for discharge.

8.   <u>Characterization and Separation Authority</u>.  The separation will be characterized according to standard procedures.  The Reenlistment code assigned will normally be RE-3C, "Directed by CMC", and a Service Record Book entry will be made stating the reason for assignment.  CMC authority is required for reenlistment.  The separation authority is CMC (MMSR-3).

*9.   Marines in the Individual Ready Reserve may request to be transferred to the Inactive Status List by submitting a written request to the CMC, MMSR-5, 3280 Russell Road, Quantico, VA 22134-5103 via the Commanding General, Marine Corps Mobilization Command, 15303 Andrews Road, Kansas City, MO 64147-1207.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                6413

**6411.  OFFICER CANDIDATE DISENROLLMENT.**  Officer candidates may submit a
written request to the CG, MCRC (MRO) for voluntary disenrollment from any of
the Marine Corps Officer Candidate Programs.  Discharge is authorized only if
the candidate did not incur, or does not have, any service obligation.

**6412.  NOT SELECTED FOR PROMOTION TO STAFF SERGEANT**

1.  Sergeants may request discharge before their EAS after their commander
verifies they have twice failed selection for promotion.  The Marine must
acknowledge in the request that the unearned portion of any reenlistment
bonuses will be recouped.  Commanders should advise Marines electing this
option that separation pay entitlements may be affected.  Separation pay
authority and entitlement resides with the CMC (MMEA-6).  Sergeants deleted
from the selection list for any reason, including misconduct, are considered
passed for promotion.

2.  Approval or disapproval of the request will be based on the needs of the
Marine Corps.  Marines serving a dependents restricted tour may not be
discharged under this provision.

3.  Assign an RE-1B reenlistment code to Marines discharged under this
provision unless another reenlistment code is directed by the CMC.

4.  Requests will not receive favorable consideration if the Marine has:

    a.  Received fully funded education, or education for which the Marine
incurred obligated service;

    b.  Completed advanced technical training;

    c.  Received special compensation during the current enlistment;

    d.  A military occupational specialty which, due to military exigencies,
requires retention; or

    e.  Become indebted to the Government as a result of unearned leave
(advance and excess leave), advance pay, reductions in grade, and fines and
forfeitures.  However, an individual Marine may be considered eligible for
early separation provided the individual makes a cash remittance before the
initiation of separation processing.

5.  Authority to grant separation pay (full, half, not entitled) and
eligibility to transfer to the IRR will be issued via a unit diary history
statement when the separation is approved.

**6413.  REDUCTION FROM SNCO TO SERGEANT OR BELOW**

1.  A Marine may request discharge after the commanding officer verifies he or
she has been reduced in grade from a staff noncommissioned officer to sergeant
or below.  The Marine must acknowledge in the request that all unearned
portions of any reenlistment bonuses will be recouped.

2.  Approval or disapproval of the request will be based on the needs of the
Marine Corps.

6414                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

3.  Assign an RE-3C reenlistment code to a Marine discharged under this
provision unless another reenlistment code is directed by the CMC (MMSR).

4.  Requests will normally be denied if the Marine has:

    a.  Received fully funded education, or education for which the Marine
incurred obligated service;

    b.  Completed advanced technical training;

    c.  Received special compensation during the current enlistment (e.g.,
reenlistment bonus);

    d.  A military occupational specialty which due to military exigencies
requires retention; or

    e.  Become indebted to the Government as a result of unearned leave
(advance and excess leave), advance pay, reductions in grade, and fines and
forfeitures.  However, an individual Marine may be considered eligible for
early separation provided the individual makes a cash remittance before the
initiation of separation processing.


6414.  RESERVIST BECOMES A MINISTER

1.  A Reserve Marine not on active duty who has become a regular or duly
ordained minister of religion or who desires to take final vows in a religious
order may submit a request for discharge via the chain of command to the CMC
(MMSR).  The following definitions apply.

    a.  Regular minister of religion.  A person whose customary vocation is
teaching and preaching the religious principles of the person's church or
religious organization without having been formally ordained as a minister of
religion, but who is recognized by such church, sect, or organization as a
regular minister.

    b.  Duly ordained minister of religion.  A person who has been ordained
in accordance with the ceremonial ritual or discipline of a church, religious
sect, or religious organization established on the basis of a community of
faith and belief, doctrines and practices of a religious character, to preach
and to teach the doctrines of such church, sect, or organization and to
administer the rites and ceremonies in public worship, and who as a regular
and customary vocation preaches and teaches the principles of religion and
administers the ordinances of public worship as embodied in the creed of
principles of such church, sect, or organization.

    c.  The above definitions do not include a person who irregularly or
incidentally preaches and teaches the principles of religion of a church,
religious sect, or religious organization even though the person may have been
duly ordained a minister in accordance with the ceremonial ritual or
discipline of a religious group.

2.  If the Reservist is a regular or duly ordained minister of religion as
defined above, the request for discharge must be accompanied by a statement or
certificate from an appropriate official of the religious order attesting to
that fact.

000779

MARINE CORPS SEPARATION AND RETIREMENT MANUAL          6415

3.  If the Reservist desires to take final vows in a religious order, the
request for discharge must be accompanied by a statement or certificate from
an appropriate official of the religious order showing that in order to
proceed further with the Reservist's acceptance into the religious order.
separation under this basis requires that the Reservist be discharged from the
Marine Corps.

6415.  TRANSFER TO THE NAVY HOSPITAL CORPS.  A Marine may request transfer to
the Navy Hospital Corps.  This program requires prior experience in the
medical field.  Applications should include proof of education and training.

6416.  MARINES MARRIED TO OTHER SERVICE MEMBERS

1.  A Marine may submit a request for separation provided all of the following
conditions are met:

    a.  Not stationed near enough to their service member spouse to permit the
maintenance of a joint residence;

    b.  A transfer request to the same or nearby duty station has been
submitted by the Marine to the CMC (MMEA) and the request has been denied.  If
both individuals are Marines, both must have requested and been denied
transfer to the same or nearby duty station;

    *c.  The spouse's separation has exceeded 18 months or, if one is serving
overseas, is assigned there on the shortest "all others" tour as specified in
MCO P1300.8 series;

    d.  The Marine is not serving on an extension of service entered into
after the marriage; and

    e.  The Marine has completed 24 months service following completion of a
service school if the length of the course was in excess of 20 weeks.

2.  Requests will not receive favorable consideration if the Marine has:

    a.  Received fully funded education, or education for which the Marine
incurred obligated service;

    b.  Completed advanced technical training;

    c.  Received special compensation during the current enlistment (e.g.,
reenlistment bonus);

    d.  A military occupational specialty which due to military exigencies
requires retention; or

    e.  Become indebted to the Government as a result of unearned leave
(advance and excess leave), advance pay, reductions in grade, and fines and
forfeitures.  However, an individual Marine may be considered eligible for
early separation provided the individual makes a cash remittance before the
initiation of separation processing.

3.  Only one of the individuals may be separated under this provision.

6417                MARINE CORPS SEPARATION AND RETIREMENT MANUAL

6417.  <u>TRANSFER TO THE NAVY AS A RELIGIOUS PROGRAM SPECIALIST</u>.  A Marine may request transfer to the Navy as a religious program specialist.  This program requires prior experience as a chaplain's assistant and recommendations from a chaplain submitted directly to the Chief of Naval Personnel.

6418.  <u>SEPARATION OF SELECTED MARINE CORPS RESERVISTS IN THE DELAYED ENTRY PROGRAM (DEP)</u>

1.  Selected Marine Corps Reservists in the DEP may be voluntarily discharged if:

    a.  The discharge is requested by the member;

    b.  None of the provisions for entry level separation contained in section 2 of this chapter apply;

    c.  The reason for the requested discharge is:

        (1)  Permit return/or retention in school;

        (2)  Member moves to a location where participation in the Selected Marine Corps Reserve would be impractical; or

        (3)  Cogent personal reason determined to be legitimate by the district director.

2.  Discharge under this provision may be effected by the district director and will be uncharacterized.  The district director will notify the inspector-instructor or site commanding officer of the Reserve unit to which the enlistee is, or would have been, assigned of the discharge and cite this paragraph as authority for the separation.

6419.  <u>SEPARATION IN LIEU OF TRIAL BY COURT-MARTIAL</u>

1.  A Marine may be separated <u>upon his or her request</u> in lieu of trial by special or general court martial if charges have been preferred with respect to an offense for which a punitive discharge is authorized and it is determined that the Marine is unqualified for further military service.  This provision may not be used as a basis for separation when the current version of the Manual for Courts Martial provides the sole basis for a punitive discharge unless the charges have been referred to a court-martial authorized to adjudge a punitive discharge.

2.  Characterization of service normally shall be under other than honorable conditions, but characterization as general (under honorable conditions) may be warranted in some circumstances.  Characterization as honorable is not authorized for a Marine who has completed entry level status unless the Marine's record is otherwise so meritorious that any other characterization clearly would be inappropriate.  When characterization of service under other than honorable conditions is not warranted for a Marine in entry level status, the separation shall be described as uncharacterized.

3.  <u>Procedures</u>

    a.  The request for discharge shall be submitted in writing and signed by the Marine.

MARINE CORPS SEPARATION AND RETIREMENT MANUAL                6421

   b.  The Marine shall be afforded an opportunity to consult with qualified counsel.  If the member refuses to do so, the commanding officer shall prepare a statement to this effect which shall be attached to the file, and the member shall acknowledge the waiver of the right to consult with counsel.

   c.  Unless the Marine has waived the right to counsel, the request shall also be signed by counsel.

   d.  In the written request, the Marine shall state that the following is understood:

      (1) The elements of the offense(s) charged;

      (2) That characterization of service under other than honorable conditions is authorized; and

      (3) The adverse nature of such characterization and possible consequences.

   e.  The request shall also include:

      (1) An acknowledgment of guilt of one or more of the offenses charged, or of any lesser-included offense, for which a punitive discharge is authorized;

      (2) A summary of the evidence or list of documents (or copies) provided to the Marine pertaining to the offenses for which a punitive discharge is authorized; and

   f.  The separation authority is the GCMCA.

   g.  Statements by the Marine or the Marine's counsel submitted in connection with a request under this subsection are not admissible against the member in a court-martial except as provided by Military Rule of Evidence 410.

   h.  In cases where the separation in lieu of trial by court-martial is disapproved, there is no requirement to forward the request and supporting documents to the CMC (MMSB-20) for inclusion in the Marine's OMPF.

   i.  Conditional requests are not authorized.  While a Marine may request the separation authority to consider a higher characterization than "under other than honorable conditions" no request will be conditioned upon receipt of a higher characterization.  See paragraph 6419.3d(2).


6420.  EARLY RELEASE FROM OVERSEAS UNITS.  Marines scheduled to return from permanent overseas duty stations who are within 90 days of completing their active service obligation may request separation upon their return to CONUS or request separation overseas pursuant to guidelines set forth in paragraph 1006.4.


*6421.  SEPARATION VIA SECRETARIAL AUTHORITY ("BEST INTEREST OF THE SERVICE")

1.  The Secretary of the Navy, by use of secretarial plenary authority, may approve the voluntary separation of any Marine before the expiration of that Marine's term of service after determining that a separation is in the best interest of the Marine Corps.


000782

Case 3:12-cv-00816-H-BGS   Document 24-1   Filed 04/12/12   Page 199 of 204

6421          MARINE CORPS SEPARATION AND RETIREMENT MANUAL

2.  Use this paragraph for unusual cases not covered by any other provisions of this chapter.

3.  The procedures set forth in paragraph 6214 apply.

4.  Forward requests for separation under this paragraph to the Secretary of the Navy via the CMC (MMSR).  Include a statement explaining the circumstances of the case and why no other reason for separation under this Manual is considered appropriate.

*5.  HIV-1.  For voluntary separation for service members who test positive for the HIV-1 virus, refer to SECNAVINST 5300.30 series.

6.  Separation under this paragraph will be characterized as honorable or general (under honorable conditions) unless an uncharacterized entry level separation is required.

000783

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-4.  Notification of Eligibility for Maternity Care

(Letterhead)

From:  Commanding Officer
To:    (Individual Marine)

Subj:  ELIGIBILITY FOR MATERNITY CARE

1.  In view of the fact that you are being separated from the Marine Corps for
pregnancy, you are eligible for medical care and surgical care incident to
pregnancy.  This care includes prenatal, delivery, and postnatal care at Armed
Forces medical facilities subject to the availability of space and facilities.
CIVILIAN MEDICAL CARE AND HOSPITALIZATION IS NOT AUTHORIZED AT GOVERNMENT
EXPENSE.

2.  In making an application for maternity care, you should present your
original discharge certificate or a photostat of it and a copy of your DD Form
214.  You should register at a military medical activity where suitable
facilities are available at least 30 days before the anticipated date of
delivery.  In areas where more than one military facility providing maternity
care is available, you must apply to the Naval Medical Facility.

3.  The Department of the Navy assumes responsibility for care of the child
only during your hospitalization.  Further arrangements for the care of your
child must be made by you.  If you contemplate release of your child for
adoption, all arrangements must be made by you with local authorities in
advance of hospitalization.  Local Red Cross and public welfare activities are
available to advise you in such matters.

4.  The provisions of this document do not apply to family members.


                              (Signature)



                              (Letterhead)

From:  (Individual Marine)
To:    Commanding Officer

Subj:  ELIGIBILITY FOR MATERNITY CARE

1.  I understand that medical care after my discharge is available only at
Armed Forces medical facilities and that civilian medical care will not be
paid for by the Government for my pregnancy unless I am otherwise eligible.



                              (Signature)

Figure 6-4.  Notification of Eligibility for Maternity Care

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-5.  Sample Request for Early Release to Further Education

(Letterhead)

From:  (Marine's Grade, Name, SSN, and MOS)
To:    General Court-Martial Convening Authority
Via:   (Chain of Command)

Subj:  EARLY RELEASE TO FURTHER EDUCATION

*Ref:  (a) MCO P1900.16 series

Encl:  (1) Unqualified acceptance notification
       (2) Proof of necessary tuition funds

1.  Per the reference, I request an early release to further my education and provide the following information:

    a.  Enclosure (1) is my unqualified acceptance at _____.  (List school's name and complete mailing address.  Include telephone number if known.)

    b.  Tuition will be paid by _____ (list one of the following:  VEAP; New GI Bill; self; parents; student loan; other) as indicated in enclosure (2).  (Examples of proof may be:  LES; scholarship letter; savings statement; etc.)

    c.  Type of degree being sought is a(n) _____.  (List one of the following:  associate's; bachelor's; master's; technical/vocational; police/fireman certification.)

    d.  Latest possible date to register this term is _____.

    e.  Class convening date this term is _____.

    f.  Class convening date next term is _____.

    g.  Full-time status at this school is _____.  (List the school's minimum number of credit hours per semester, quarter or term considered to be a full-time student, excluding evening classes.  In the case of police/fire training academies, list the course length.)

    h.  (List marital status.)

    i.  I desire release on _____.  This is the most academically opportune time for me to attend school because _____ (list reason(s)).

2.  I understand that if I am granted an early release, failure to attend school may result in my recall to active duty and/or prosecution for fraudulent separation.


(Marine's signature)


Figure 6-5.  Sample Request for Early Release to Further Education

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Figure 6-5.  Sample Request for Early Release to Further Education - Continued

(Letterhead)

FIRST ENDORSEMENT ON (SNM'S LETTER/AA FORM) OF (DATE)

From:  (Unit)
To:    General Court-Martial Convening Authority
Via:   (Chain of Command)

Subj:  EARLY RELEASE TO FURTHER EDUCATION OF (SNM)

*Ref:  (a) MCO P1900.16 series, par. 6405

1.  Per the reference, the following is submitted:

    a.  SNM's EAS is _____.

    b.  SNM's PEBD is _____.

    c.  SNM's in service Pro/Con marks are ___/___.

    d.  SNM (is) (is not) command essential.

    e.  SNM does not have any obligation to the Marine Corps per paragraph 6405.2e.  (If SNM is obligated, list obligation(s) recommending approval or disapproval.)

    f.  SNM's leave balance:  current _____; anticipated at time of release.

    g.  SNM is eligible for an honorable discharge.

    h.  SNM is not seeking early release to avoid service.

2.  POC at this unit is _____ at DSN # _____.

3.  I (do) (do not) recommend SNM for early release on (See note).

4.  SNM is currently assigned to UDP.  (Give estimated date of return to CONUS.)


                         (Signature)


Note:  The CO may request a preferred date of release due to operational commitments and present any other information concerning SNM's request.




Figure 6-5.  Sample Request for Early Release to Further Education - Continued



MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Table 6-3.  Separation Authority for Voluntary Separations - Active Duty

| If the Marine is: | And the General Basis for Separation is: | And the Specific Basis for Separation is: | Then the Separation Authority is: |
|---|---|---|---|
| On Active Duty | Defective Enlistment/Reenlistment | Defective Enlistment/Reenlistment | *GCMCA |
| | Convenience of the Government | Early release to further education | GCMCA |
| | | Early release to accept public office; not selected for promotion to SSgt; reduction from SNCO to Sgt or below; Marine married to other service member; Change in service obligation (par. 6404.1) | CMC (MMSR) |
| | | Dependency/Hardship | *CMC (MMSR) and GCMCA |
| | | Conscientious Objector | CMC (MM) |
| | | Surviving Family Member | *CMC (MMSR) |
| | | Pregnancy | CMC (MMSR); GCMCA; recruiting district commanding officers; commanding officers of separate commands who have special court martial convening authority |

* Note:  GCMCA may delegate separation authority to SPCMCA.

Table 6-3.  Separation Authority for Voluntary Separations - Active Duty

MARINE CORPS SEPARATION AND RETIREMENT MANUAL

Table 6-3.  Separation Authority for Voluntary Separations - Continued
Reservist on Inactive Duty

| If the Marine is: | And the General Basis for Separation is: | And the Specific Basis for Separation is: | Then the Separation Authority is: |
|---|---|---|---|
| | Defective Enlistment/Reenlistment | Defective Enlistment/Reenlistment | CMC (MMSR) |
| | Convenience of the Government | Not selected for promotion to SSgt, reduction from SNCO to Sgt or below, Reservists becomes a minister, Marine married to other service member | CMC (MMSR) |
| | | Dependency/Hardship | CMC (MMSR); COMMARFORRES |
| A Reservist; on Inactive Duty | | Pregnancy | CMC (MMSR); GCMCA; recruiting district commanding officers; commanding officers of separate commands who have special court martial convening authority |
| | | Change in Service Obligation | *COMMARFORRES; recruiting district commanding officers; CG MOBCOM commanders of SMCR units |
| An Officer Candidate | Convenience of the Government | Officer Candidate Disenrolls | CG, MCRC (MRO) |

Table 6-3.  Separation Authority for Voluntary Separations - Continued
Reservist on Inactive Duty