Exhibit B



UNITED STATES MARINE CORPS
MARINE CORPS RECRUIT DEPOT/WESTERN RECRUITING REGION
1600 HENDERSON AVENUE, SUITE 238
SAN DIEGO, CALIFORNIA 92140-5001

IN REPLY REFER
1910
6
2 2 APR 2012

SECOND ENDORSEMENT on President, Administrative Discharge Board ltr 1910 9B of 5 Apr 12

From: Commanding General, Marine Corps Recruit Depot/Western Recruiting Region, San Diego, California
To: Commandant of the Marine Corps (MMSB-20), Headquarters, U.S. Marine Corps, 2008 Elliot Road, Suite 200, Quantico, VA 22134-5002

Subj: ADMINISTRATIVE SEPARATION IN THE CASE OF SERGEANT GARY A. STEIN ███████████████ USMC

Ref: (b) MARADMIN 328/10

Encl: (2) Staff Judge Advocate's Review Memo 1910 9A of 20 Apr 12
(3) Legal Review Officer ltr 1910 9A of 17 Apr 12
(4) Respondent Counsel detailing ltr
(5) Debarment ltr
(6) PTSD/TBI Screening dtd 16 Apr 12

1. Readdressed and forwarded in compliance with paragraph 6311.5 of reference (a).

2. I have carefully reviewed and considered enclosures (1) through (3). I have personally reviewed the verbatim transcript of the administrative separation board hearing, all evidentiary exhibits, and all defense counsel submissions. I have also reviewed the written statements from BGEN Brahms, USMC (Ret.) LtCol Addicott, USA (Ret.), and Major Ringlee USMC (Ret.) that defense counsel sought to introduce at the subject hearing. I have considered the personal and professional opinions and legal arguments expressed within these documents, in conjunction with all other evidence related to this matter, prior to taking my final action.

3. Per reference (b), a medical officer's evaluation has been conducted and ████████████████████████████████████████████████████████████ The respondent shall be separated by reason of Misconduct, specifically, Commission of a Serious Offense, per paragraph 6210.6 of reference (a). The characterization of service shall be under Other Than Honorable Conditions.

4. The Commanding Officer, Weapons and Field Training Battalion, will:

a. Prior to effecting separation, ensure that the respondent has received the debarment letter from the Commanding General, Marine Corps Recruit Depot/Western Recruiting Region and ensure compliance with paragraphs 1101.4 and 1101.5b of reference (a).

b. Notify respondent that he is not entitled to separation pay per paragraph 1309(1) of reference (a).

c. In accordance with paragraph 6311.8 of reference (a), the respondent will be administratively reduced to Lance Corporal (E-3) upon separation.

d. Effect separation in this case as soon as possible with an Other Than Honorable Conditions characterization of service. If the respondent is not

Subj: ADMINISTRATIVE SEPARATION IN THE CASE OF SERGEANT GARY A. STEIN ███████████ USMC

discharged within 20 working days from the date of this endorsement, provide specific reasons for the delay and the anticipated separation date to the Commanding General, MCRD/WRR, San Diego.

    e.  Assign a reenlistment code of RE-4 and a separation code of GKQ1.

*[signature]*
D. D. YOO

Copy to:
CO, WFTBn
Respondent
CPAC
File



UNITED STATES MARINE CORPS
MARINE CORPS RECRUIT DEPOT/WESTERN RECRUITING REGION
OFFICE OF THE STAFF JUDGE ADVOCATE
3700 CHOSIN AVE, BLDG 12
SAN DIEGO, CALIFORNIA 92140-5001

IN REPLY REFER TO:
1910
9A
20 Apr 12

MEMORANDUM

From: Assistant Chief of Staff, Staff Judge Advocate
To:   Commanding General, MCRD/WRR, San Diego, California

Subj: STAFF JUDGE ADVOCATE'S REVIEW OF ADMINISTRATIVE SEPARATION REQUEST IN THE CASE OF SERGEANT GARY A. STEIN ███████████ USMC

1. <u>Staff Judge Advocate's Review</u>. I have reviewed the subject separation request, the verbatim transcript of the administrative separation board hearing, all evidentiary exhibits, and all defense counsel submissions.

2. I have also reviewed the alleged expert witness statements from BGEN Brahms, USMC (Ret.) LtCol Addicott, USA (Ret.), and Major Ringlee USMC (Ret.) that defense counsel sought to introduce at the subject hearing. I have considered the personal and professional opinions and arguments expressed within these documents and found that similar opinions and arguments were argued by defense counsel to the Board members at the hearing prior to Board issuing findings with regard to misconduct and recommendations with regard to separation with an other than honorable discharge.

3. I have reviewed all case law cited by the Recorder and defense counsel in their prehearing filings and arguments to the administrative separation board. I have reviewed defense counsel's letter of deficiency and legal review officer's response and I find that this separation request is clearly sufficient in both law and fact to support administrative separation.

4. Sgt Stein's administrative discharge board was held on 5 April 2012.

5. <u>Data of Respondent</u>.

Basis for Discharge:           6210.6/Commission of a Serious Offense

Age & Marital Status/:         ███████
Dependants

Current Enlistment:            ███████

MOS:                           ███████

Average Pro/Con Marks:         ███

Civilian Education:            ███████

Military Education:            Meteorology and Oceanography, ARB/MEU (SOC) Staff
                               planning, Aerographer's Mate, Meteorological and
                               Oceanography, Marine Corps Weather Observer

Awards:                        Marine Corps Good Conduct Medal (2)
                               Sea Service Deployment Ribbon
                               Iraq Campaign Medal
                               Global War on Terrorism Service Medal
                               National Defense Service Medal
                               Navy Unit Commendation

NJP's:                         ███

ENCLOSURE (2)

3
Exhibit B

Subj: STAFF JUDGE ADVOCATE'S REVIEW OF ADMINISTRATIVE SEPARATION REQUEST IN THE CASE OF SERGEANT GARY A. STEIN  USMC

Convictions:

Pre-Service Waivers:
(Not considered for
Characterization)

PTSD/TBI Evaluation:

6. Recommendations.

    a. CO, WFTBn:    Discharge - Under Other Than Honorable Conditions

    b. Admin Board:   Discharge - Under Other Than Honorable Conditions

    c. SJA:         Discharge - Under Other Than Honorable Conditions

S. M. SULLIVAN

2

4
Exhibit B



UNITED STATES MARINE CORPS
MARINE CORPS RECRUIT DEPOT/WESTERN RECRUITING REGION
OFFICE OF THE STAFF JUDGE ADVOCATE
3700 CHOSIN AVE, BLDG 12
SAN DIEGO, CALIFORNIA 92140-5001

IN REPLY REFER TO:
1910
9A
18 Apr 12

From: Legal Review Officer, MCRD/WRR, San Diego, California
To:   Commanding General, MCRD/WRR, San Diego, California

Subj: LETTER OF DEFICIENCY IN THE ADMINISTRATIVE SEPARATION PROCEEDING FOR SERGEANT GARY STEIN, ███████████ USMC

Ref: (a) MCO P1900.16F Ch2 (MARCORSEPMAN)
     (b) Notification ltr of 21 Mar 12
     (c) Transcript of Administrative Separation Board ICO Sergeant Stein
     (d) Findings Worksheet ICO Sergeant Stein Adsep Board

Encl: (1) Respondent Counsel ltr 1900 9D of 12 Apr 12
      (2) Statement of BGen David Brahms, USMC (ret) of 12 Apr 12
      (3) Statement of Maj Neil Ringlee, USMC (ret) of 3 Apr 12
      (4) Statement of LtCol Jeffery Addicott, USA (ret) of 5 Apr 12

1. I have reviewed enclosure (1) and determined all of the stated deficiencies are without merit. The Administrative Separation Board for Sergeant Stein was processed and conducted properly in accordance with reference (a). Each of Respondent's main claimed deficiencies are addressed in the below paragraphs.

2. <u>Adverse Position of the Convening Authority</u>.

   a. Respondent's counsel claims that Colonel Dowling, the Board's Convening Authority, revealed his bias against Respondent when he denied Respondent's request for a continuance. Specifically, Respondent's counsel argues that Colonel Dowling's denial of Respondent's continuance request demonstrated an improper prejudgment of the case because Colonel Dowling stated in his denial that any additional delay "serve[s] to further erode good order and discipline within [his] command."

   b. Colonel Dowling's statement with regards to avoiding any further delay is not an improper basis upon which to deny Respondent's continuance request. The statement makes no reference to the separation of respondent, nor does it attempt to persuade the testimony of witnesses. It is a statement of concern due in part to the involvement of outside media and political attention generated by this case.

   c. Respondent's counsel also appears to argue that by taking a position adverse to Respondent, Colonel Dowling demonstrated that he was committed to a specific result in Respondent's case. Respondent's counsel is mistaken. Paragraph 6305 of reference (a) specifically directs the commanding officer to forward to the separation authority a recommendation for separation and characterization of discharge, as well as an underlying rationale for each recommendation.

   e. No legal deficiency exists for this issue.

3. <u>Denial of Continuance Requests</u>.

   a. Respondent argues that it was unfair for the board to be conducted 15 days after the Respondent received notification that he was being processed for

5
Exhibit B

ENCLOSURE (3)

Subj: LETTER OF DEFICIENCY IN THE ADMINISTRATIVE SEPARATION PROCEEDING FOR SERGEANT GARY STEIN, ███████████ USMC

separation. Respondent was notified on 21 March 2012 that he was going to be processed for administrative separation. See reference (b).

b. Paragraph 6102 of reference (a), states that "[o]nce separation action has begun, prompt forwarding, review, and decision in each case is essential." If a respondent elects a hearing before an administrative board, he has a right to military counsel. Additionally, paragraph 6304.3 states that a respondent may be represented by civilian counsel provided this will not unduly delay the board proceedings.

c. Respondent's board was conducted on 5 April 2012 with two detailed military defense counsel and three civilian counsel. Previously, Respondent's counsel had requested a continuance and been granted a 10-day continuance (reference (c) transcript at 16).

e. Respondent had 15 days from notification to hearing. He was represented by five attorneys at his board proceedings. The transcript (reference (c)) contains various discussions regarding continuances; however, the primary rationale for the continuance request appears to center on Respondent counsel's ability to file an appeal with the 9th Circuit Court of Appeals of the federal district court's decision denying Respondent's request for injunctive relief. Respondent counsel's suggestion that he and his other four attorneys representing Respondent were somehow unable to "provide effective and meaningful representation" is belied by the record. Respondent's counsel conducted extensive voir dire of the legal advisors and the board members. Additionally, Respondent's counsel conducted rigorous cross-examination of the government witnesses, called various defense witnesses including Respondent, and gave a substantive closing argument. Respondent's counsel claims he and Respondent's other four attorneys needed more time to "secure . . . evidence" and "prepare [Respondent] to testify." Respondent's counsel, however, fails to articulate with any specificity what evidence counsel would have submitted to the board (with one exception) and how this evidence would have affected the proceedings.

f. No legal deficiency exists for this issue.

4. Composition of the Board.

a. Respondent's counsel argues that it was unfair for the board to be composed of members from outside his chain of command. He also argues that it was unfair to have members so senior to that of Respondent. Respondent also argues that the members should not have included a Battalion Commander, who also serves as a special court-martial convening authority.

b. Paragraph 6315.1g of reference (a) permits the membership to include "officers from higher headquarters in the chain of command of the convening authority and units of other services geographically co-located with the convening authority." Paragraph 6315.1a states that an administrative separation board should be composed of at least three members, two thirds of which will be commissioned officers. One of the members must be an O-4 or higher. The enlisted members must be E-7 or higher.

d. Membership of Respondent's board came from commands within the separation authority's command (higher headquarters) and geographically co-located with the Convening Authority's command. The board members' grades were O-5, O-4 and E-9. Nothing in reference (a) or other regulations prohibit a

2

Subj: LETTER OF DEFICIENCY IN THE ADMINISTRATIVE SEPARATION PROCEEDING FOR SERGEANT GARY STEIN, [REDACTED], USMC

special court-martial convening authority from being a member of an administrative board and Respondent cites no authority to the contrary.

   e. All members of the board were questioned at length by Respondent's counsel and Recorder. All members testified that they would be impartial, fair, and follow only the rules and evidence presented to them at the board as the basis for their findings and recommendations (reference (c), transcript at 22, 46, and 97). See reference (c), pages 22, 46, and 97.

   f. No legal deficiency exists for this issue.

5. <u>Legal advisor</u>.

   a. Respondent argues it was improper for the Legal Advisor to be present in the board's hearing. He also argues that it was improper for the Legal Advisor to be the deputy staff judge advocate, subordinate to the staff judge advocate. Respondent also argues that the Legal Advisor improperly inserted himself into the decision making process of the board.

   b. Paragraph 6316.4 of reference (a), states that the Convening Authority may appoint a judge advocate to the board as a nonvoting member. Reference (d) indicates that the Legal Advisor did not vote for any of the matters before the board. However, paragraph 6316.4, also states that "the legal advisor shall rule finally on all matters of procedure, evidence and challenges, except challenges to the legal advisor."

   c. It was proper for the Legal Advisor to rule on all matters of procedure, evidence, and challenges. Reference (c) indicates that the Legal Advisor complied with this rule. Additionally, as Respondent's counsel concedes, Respondent's case involved -- from his perspective -- complicated questions of constitutional law. From this perspective, the physical presence of a certified judge advocate acting as legal advisor would actually be of assistance to the Board and all parties and lead to less delay. Finally, the fact that the legal advisor is also the deputy to the staff judge advocate is not prohibited by reference (a) or any other regulations and Respondent's counsel does not cite any authority for why, given his current billet, Major Houtz was somehow precluded from being the legal advisor. The deputy to the staff judge advocate at MCRD is routinely assigned to serve as legal advisor to administrative separation boards for the Depot and the Western Recruiting Region and this assignment is a regular part of the deputy SJA duties and responsibilities. Respondent's counsel also cites to the legal advisor's sua sponte interruption of Respondent during his unsworn statement as evidence of his apparent impartiality. Respondent's counsel clearly is mistaken and mischaracterizes the legal advisor's action. According to reference (c), the legal advisor sought to protect the record at the conclusion of Respondent's unsworn statement when Respondent's counsel sought to have his client "take questions from the board." (Reference (c), transcript at 249). The legal advisor correctly advised the Board and all parties noting a respondent who makes an unsworn statement "may not be cross-examined on an unsworn statement." Finally, defense counsel alleged that the legal advisor was biased due to the fact that he allegedly failed to consult with the Senior Member regarding a continuance request. The record indicates that the legal advisor's failure to consult with the Senior Member of the Board with regard to a continuance request was based on a simple misunderstanding as the Convening Authority had denied any further continuances in this matter and this denial had been communicated to all parties. This misunderstanding does not reveal any bias on the part of the legal advisor. In any event, Respondent's counsel had an

3

Subj: LETTER OF DEFICIENCY IN THE ADMINISTRATIVE SEPARATION PROCEEDING FOR SERGEANT GARY STEIN, ████████, USMC

opportunity to request a continuance from the Senior Member of the Board on the date of the hearing and this request was denied.

    d. No legal deficiency exists for this issue.

5. **Improper basis**.

    a. Respondent's counsel argues that Respondent may not be separated when the board found at reference (d) that he violated Articles 92 and 134, UCMJ, because neither bases constitutes a serious offense under reference (a). He argues that the Article 92, UCMJ, violation of DoD Directive 1344.10 is not a serious offense because the DoD Directive rests on constitutionally shaky ground. On the Article 134, UCMJ, basis, Respondent's counsel argues that because the closely related offense of Article 88, UCMJ, does not contain within its maximum penalty scheme either a bad-conduct discharge or a dishonorable discharge, Respondent's violation of Article 134 was not a serious offense. Both arguments are without merit.

    b. At reference (b), Respondent was notified that he was being processed for administrative separation for his commission of serious offenses. Paragraph 6210.6 of reference (a) allows a Marine to be processed for separation when "(1) The specific circumstances of the offense warrant separation; and (2) A punitive discharge would be authorized for the same or a closely related offense under the UCMJ."

    c. A violation of Article 92, UCMJ, can result in an accused receiving a dishonorable discharge, a type of punitive discharge authorized by Rule for Court Martial 1003.

    d. Respondent's broad-based challenge to DoD Directive 1344.10 on First Amendment grounds appears to be a facial challenge to the DoD Directive. Respondent's counsel does not argue that his client's conduct did not violate the DoD Directive or that the Directive is unconstitutional as applied to him. Assuming Respondent's conduct was protected on First Amendment grounds, there was a substantial amount of evidence showing a direct connection between Respondent's speech and its impact on the military mission and environment. Such a decision is within the purview of the board members, who voted that misconduct had been established in reference (d).

    f. Regarding the Article 134 offense, Respondent argues there is no closely-related offense that authorizes a punitive discharge in accordance with Rule for Court Martial 1003(c)(1)(B)(i). However, Article 88 specifically criminalizes contemptuous words towards the President of the United States (see Manual for Courts-Martial, Part IV, paragraph 12.a). While Respondent is correct that Article 88 is reserved for officers, the offense of contemptuous words towards the President of the United States is nonetheless firmly grounded in law.

    g. References (c) and (d) establish the elements of Article 134, to include an affirmative showing of prejudice to good order and discipline. However, Respondent further argues that reference (a), paragraph 1105.1, does not authorize a punitive discharge for the closely-related offense of Article 88 (as Article 88 authorizes a "dismissal" rather than a bad-conduct or dishonorable discharge). Respondent's reliance on reference (a), paragraph 1105.1, is misguided. Paragraph 1105.1 is entitled "Discharge Adjudged by Sentence of Court-Martial" and states that the definition of "discharge" applies to that paragraph only. Additionally, paragraph 1105.3 references the

4

Subj: LETTER OF DEFICIENCY IN THE ADMINISTRATIVE SEPARATION PROCEEDING FOR SERGEANT GARY STEIN, ▮▮▮▮▮, USMC

Manual for Courts-Martial on the "appropriateness of a punitive discharge." Rule for Court Martial 1003(b)(8) specifically states that a "dismissal" constitutes a "punitive separation", as does a bad-conduct and dishonorable discharge. Thus, a punitive discharge is authorized for the closely-related offense of Article 88, UCMJ, and Respondent's counsel does not take issue with whether Article 88, UMCJ, is in fact a closely related offense for purposes of whether it constituted a serious offense.

    j. Because the board found Sergeant Stein violated both Articles 134 and 92, Sergeant Stein may be separated for commission of a serious offense under reference (a), paragraph 6210.6.

    k. No legal deficiency exists for this issue.

6. <u>Improper argument</u>.

    a. Respondent argues that in the closing argument at reference (c), it was improper for the Recorder to comment on Respondent's pending federal lawsuit.

    b. Reference (a), paragraph 6316, states that the rules of evidence at a courts martial do not apply to a separation board. That paragraph gives the Senior Member of the board sole discretion to determine the admissibility of evidence before the board. That paragraph also states that the President of the board may decline to accept evidence whose probative value is outweighed by the risk of prejudice to the Respondent. Lastly, argument of either side is not evidence and cannot be used to establish a basis for separation.

    c. Based on reference (c), the context of the Recorder's statement raises no concern. The Recorder was attempting to contrast the Command's actions with Respondent's by pointing out that at no time did the Command make comments in the press or otherwise disparage Respondent within the Marine Corps. The Recorder also never claimed the lawsuit formed a basis for separation.

    d. Additionally, when Recorder made the statement at issue, Respondent's counsel did not object to it. If there was a valid concern, Respondent had the burden to challenge it, but he did not. Additionally, Respondent's counsel mentioned Respondent's federal suit several times in support of their motion for continuance, as well as on closing argument to support their argument in favor of retention. (Reference (c), pages 14, 50, 52, 65, 70-73, 259).

    e. No legal deficiency exists for this issue.

7. Although not raised in enclosure (1), Respondent's federal lawsuit claimed that specific testimonial evidence was not considered by the board, which resulted in prejudice to Respondent's case. Enclosures (2), (3) and (4) were offered in support of Respondent's request for a Preliminary Injunction and made part of the public record in this case. They are included herewith for the Separation Authority's consideration.

8. The undersigned, at (619) 524-0789, is the point of contact for this matter.



C. P. HUR

UNITED STATES MARINE CORPS
MARINE CORPS RECRUIT DEPOT SAN DIEGO DEFENSE SECTION
MARINE CORPS DEFENSE SERVICES ORGANIZATION
3700 CHOSIN AVE
SAN DIEGO, CALIFORNIA 92140

IN REPLY REFER TO:
5800
dam/DEF
23 Mar 2012

From: Captain D. A. Marquez, Senior Defense Counsel, MCRD San Diego
To: Captain N. R. Grey, Defense Counsel, MCRD San Diego

SUBJ: APPOINTMENT AS COUNSEL FOR THE RESPONDENT IN THE ADMINISTRATIVE SEPARATION OF SERGEANT GARY A. STEIN XXX XX ▇▇▇▇, USMC

1. You are hereby detailed as Counsel for the Respondent in the administrative separation of SERGEANT GARY A. STEIN XXX XX ▇▇▇▇, USMC. Sergeant Stein is facing administrative separation under paragraph 6210.6 of the MARCORSEPMAN due to commission of a serious offense.

DANIEL A. MARQUEZ
Captain, U.S. Marine Corps
Senior Defense Counsel

Copy to: (1) Respondent
(2) Counsel for Respondent

ENCLOSURE (4)

UNITED STATES MARINE CORPS
MARINE CORPS RECRUIT DEPOT/WESTERN RECRUITING REGION
1600 HENDERSON AVENUE, SUITE 238
SAN DIEGO, CALIFORNIA 92140-5001

IN REPLY REFER TO:
5800
6

22 APR 2012

ORDER AND NOTICE TO VACATE MARINE CORPS RECRUIT DEPOT, SAN DIEGO, CALIFORNIA 92140 AND ALL MARINE CORPS BASES, WESTERN AREA IN THE CASE OF GARY A. STEIN ███

You are ordered not to enter **Marine Corps Recruit Depot, San Diego, California; Marine Corps Base, Camp Pendleton, California; Marine Corps Air Station Miramar, San Diego, California; Marine Corps Air Ground Combat Center, 29 Palms, California; Marine Corps Logistics Base, Barstow, California; and Marine Corps Air Station, Yuma, Arizona** effective the date of this letter. This order has been issued as a result of your administrative separation for **Misconduct, specifically Commission of a Serious Offense.**

You are given notice that any reentry or attempt to reenter any of the above installations without the written permission of the Commanding General or Commanding Officer of that installation will constitute a violation of Section 1382 of Title 18, United States Code, which provides:

   Whoever, within the jurisdiction of the United States, goes upon any military, naval or Coast Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation; or

   Whoever reenters or is found within any such reservation, post, fort, arsenal, yard, station, or installation, after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof -

   Shall be fined not more than $5000.00 or imprisoned not more than six months, or both.

You will be prosecuted by the United States Government in U.S. District Court if you violate this order.

Should you desire to appeal this Order, you must submit a written appeal addressed to the Commanding General (Attention: Depot Inspector), postmarked within 20 calendar days of the date of this order.

D. D. YOO
Brigadier General
U.S. Marine Corps
Commanding General

Copy to:
MCRDSD, PMO
MCB, CAMPEN, PMO
MCAS, MIRAMAR, PMO
MCAGCC, 29 PALMS, PMO
MCLB, BARSTOW, PMO
MCAS, YUMA PMO

11
Exhibit B

NSN 7540-00-834-4176

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

1 6 APR 2012

In Compliance to MARADMIN 328/10 - Medical Evaluation before involuntary separation:



PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint)

RECORDS MAINTAINED AT:
PATIENT'S NAME (Last, First, Middle Initial)
STEIN, GARY ALAN
RELATIONSHIP TO SPONSOR: SELF
STATUS: AC
SEX: M
RANK/GRADE: E5
SPONSOR'S NAME
DEPART./SERVICE: USMC
CHRONOLOGICAL

Prescribed by GSA and ICMR
FIRMR (41 CFR) 201-45.505

ENCLOSURE (6)

12
Exhibit B

NSN 7540-00-834-4176

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|

DATE — SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each)

1 6 APR 2012

[redacted]

ASSESSMENT:

[redacted]

[redacted]

PATIENT'S IDENTIFIC[ATION]
(imprint)

MAINTAINED AT:

PATIENT'S NAME (Last, First, Middle Initial): STEIN, GARY A

SEX: M

RELATIONSHIP TO SPONSOR: SELF

STATUS: AC

RANK/GRADE: F S

SPONSOR'S NAME: [redacted]

CHRONOLOGICAL RECORD OF MEDICAL CARE

STANDARD FORM 600 (REV. 5-84)
Prescribed by GSA and ICMR
FIRMR (41 CFR) 201-45.505